# EXHIBIT Y

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/7/2025 5:01 PM
By: Narzralli Baksh , Deputy

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,<br><br>Respondents and Defendants,<br><br>and<br><br>SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation, | Case No. 25CV02244<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with supporting Declaration of Jeffrey Dintzer and [Proposed] Order]<br><br>Date: July 18, 2025<br>Time: 8:30 a.m. 10 AM<br>Dept: 4<br><br>Complaint Filed: April 15, 2025<br>Trial Date: None set |

1

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

Real Parties in Interest.

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD
B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 18, 2025 at 8:30 a.m., or on an advanced date pursuant to the concurrently filed *ex parte* application, in Department 4 of the California Superior Court for the County of Santa Barbara, Anacapa Division, located at 1100 Anacapa Street, Santa Barbara, CA 93121-1107, Real Parties in Interest Sable Offshore Corporation ("Sable") and Pacific Pipeline Company ("PPC" and collectively "Real Parties") will and hereby do move this Court for an order compelling Richard B. Kuprewicz to appear and testify at his deposition and for monetary sanctions to be assessed upon Plaintiffs and their counsel for refusing to allow Mr. Kuprewicz to appear at his deposition and for opposing this Motion without substantial justification. Plaintiffs' unfair gamesmanship has resulted in Real Parties' counsel incurring costs to bring this Motion and the accompanying *ex parte* application for shortened time to hear this Motion.

On June 2, 2025, Plaintiffs filed an *ex parte* application to stay, or in the alternative, an order to show cause and temporary restraining order against Defendants and Real Parties to stay the operation of the approval of State Waivers for CA-324 and CA-325A/B pending judgment of the Court. Plaintiffs filed the Declaration of their expert Mr. Kuprewicz in support of their OSC re preliminary injunction (the "Preliminary Injunction"). On June 3, 2025, the Court scheduled the Preliminary Injunction hearing for July 18, 2025 with Real Parties' opposition to be due July 7, 2025.

Consistent with their fundamental right to cross-examine Mr. Kuprewicz to oppose the Preliminary Injunction, on June 5, 2025, Real Parties personally served a deposition subpoena on Mr. Kuprewicz for June 24, 2025. On June 10, 2025, Plaintiffs' counsel agreed that Mr. Kuprewicz would appear for deposition but asked Real Parties to delay the deposition by one week and provide certain accommodations to assist with Mr. Kuprewicz's health restrictions. Real Parties agreed to these accommodations in good faith, including delaying the deposition by one week to July 1, 2025 and hosting the deposition at a hotel near Mr. Kuprewicz's residence. The record is clear that Plaintiffs and Mr. Kuprewicz's personal counsel agreed to a date, time, and location for Mr. Kuprewicz's deposition. Pursuant to that agreement, on June 20, 2025, Real Parties served the amended deposition subpoena on Mr. Kuprewicz's counsel and Plaintiffs. Mr. Kuprewicz's counsel has never objected or moved to quash the subpoena. But on June 23, 2025 – nearly two weeks after first agreeing to appear for his deposition

1

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

and a week before the scheduled deposition – Plaintiffs' counsel notified Real Parties that they were moving to quash the deposition subpoena.  Plaintiffs waited until roughly two business days before the deposition to file and serve the motion to quash.  There is no justification for the eleventh-hour motion to quash, particularly where Plaintiffs had already agreed on a date, time, and location for the deposition.  Plaintiffs' gamesmanship should not be rewarded.   Real Parties are entitled to cross-examine Mr. Kuprewicz and they should be afforded their right to due process.

By this Motion, Real Parties also seek sanctions against Plaintiffs and their counsel, jointly and severally, for costs incurred in bringing this Motion amounting to $22,000.00 pursuant to Code of Civil Procedure sections 1987.1 and 1987.2.  Counsel for the parties have met and conferred in an effort to resolve the issues raised by this Motion, but the meet and confer efforts were ultimately unsuccessful.

This Motion is made pursuant to Code of Civil Procedure sections 1987.1 and 1987.2, and is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities; the concurrently filed Declaration of Jeffrey Dintzer and the exhibits attached thereto; the Proposed Order; all pleadings, papers, and records on file in this action; all matters of which the Court may properly take judicial notice; such argument as the Court may permit; and any such other matters or evidence as the Court may consider at a hearing on this matter.

DATED:   June 27, 2025        Respectfully submitted,

**ALSTON & BIRD**
JEFFREY D. DINTZER
GARRETT B. STANTON

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE

_____
Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Plaintiffs' last-minute refusal to produce their key witness, Richard B. Kuprewicz, for deposition is a deliberate and improper attempt to obstruct Real Parties from their fundamental due process right to cross-examine opposing witnesses.  Mr. Kuprewicz serves as Plaintiffs' key witness supporting their preliminary injunction, offering in his declaration expert opinions regarding the effects of corrosion to the Pipelines and Real Parties are entitled to cross-examine his testimony.

The record is clear that Plaintiffs and Mr. Kuprewicz agreed that Mr. Kuprewicz would appear for his deposition.  The parties even agreed on a time, date, and location for his deposition.  But in an obvious game of delay, nearly two weeks after their agreement, Plaintiffs reneged on their agreement without any valid basis.  Plaintiffs masked their attempts to meet and confer about deposition logistics and delayed the deposition to gain additional time to file their belated motion quash and deprive Real Parties of their due process rights.  Plaintiffs' eleventh-hour refusal is unjustified and in bad faith. Notably, Mr. Kuprewicz's personal counsel never objected to or moved to quash his deposition.  Real Parties respectfully request this Court order Richard B. Kuprewicz to appear and testify at his deposition on an expedited basis (and before Real Parties' opposition to Plaintiffs' Preliminary Injunction is due on July 7, 2025).  Real Parties also respectfully request monetary sanctions to be assessed upon Plaintiffs and their counsel for opposing this Motion without substantial justification.

## II.    FACTUAL BACKGROUND

### A.    <u>Plaintiffs Filed the Declaration of Richard B. Kuprewicz in Support of Their Preliminary Injunction.</u>

On June 2, 2025, Plaintiffs filed an *ex parte* Application For Stay or Order to Show Cause and Temporary Restraining Order.  In support of their Application, Plaintiffs also filed the Declaration of Richard B. Kuprewicz, a purported pipeline safety expert, who opined that the pipelines cannot be safely operated and why the waivers will not ensure the integrity and safety of the pipelines or prevent another oil spill.  One June 3, 2025, the Court granted Plaintiffs' temporary restraining order and scheduled an Order to Show Cause why a preliminary injunction should not issue against Defendants and Real Parties

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

prohibiting them from proceeding with the restart and operation of the Las Flores Pipeline System on July 18, 2025 (the "Preliminary Injunction"). Real Parties' opposition to the Preliminary Injunction is due on July 7, 2025.

**B. Real Parties Personally Served Mr. Kuprewicz With a Deposition Subpoena for Personal Appearance and Mr. Kuprewicz Agreed to Appear.**

On June 5, 2025, Real Parties personally served a Deposition Subpoena for Personal Appearance and Production of Documents on Mr. Kuprewicz for June 24, 2025 and paid witness fees of $41.00. [*See* Declaration of Jeffrey Dintzer ("Dintzer Decl."), ¶ 1, Ex. A.] On June 10, 2025, counsel for Center for Biological Diversity agreed that Mr. Kuprewicz would appear for deposition but asked that the deposition be rescheduled to a later date, taken remotely, and split into two sessions due to Mr. Kuprewicz's health issues. [*Id*., ¶ 2, Ex. B.] The parties conferred about deposition logistics and Real Parties offered accommodations for Mr. Kuprewicz's stated health issues. [*Id*.] On June 12, 2025, all parties agreed (including Mr. Kuprewicz's personal counsel) to a July 1, 2025 deposition date, time, and location. [*Id*. , ¶ 3.] On June 20, 2025, Real Parties timely served an Amended Deposition Subpoena for Personal Appearance and Production of Documents on Mr. Kuprewicz for July 1, 2025 on Mr. Kuprewicz's counsel, who agreed to accept service of the subpoena. [*Id*. , ¶ 3, Ex. C.]

**C. Nearly Two Weeks After Agreeing to Appear For Deposition, Plaintiffs Suddenly Refuse to Produce Mr. Kuprewicz for Deposition.**

On June 23, 2025, nearly two weeks after agreeing to appear for deposition and after accepting service of the Amended Deposition Subpoena, counsel for Environmental Defense Center emailed Real Parties *for the first time* stating that "[a]fter further consideration," they would not produce Mr. Kuprewicz for deposition. Although they presented Mr. Kuprewicz's declaration in support of their preliminary injunction, they did not believe Real Parties were entitled to depose him, citing to irrelevant case law. [Dintzer Decl., ¶ 4, Ex. D.] Real Parties explained that during the meet and confer process in which all parties agreed to a date, time, and location for Mr. Kuprewicz's deposition, neither Plaintiffs, nor Mr. Kuprewicz ever objected to appearing for deposition. [*Id*.] Moreover, Real Parties explained why they are entitled to cross-examine witnesses in support of a preliminary injunction and that if Mr. Kuprewicz refused to appear, they would seek monetary sanctions. [*Id*.] On the evening of June 26,

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

2025, roughly two business days before Mr. Kuprewicz's deposition (and over two weeks after agreeing Mr. Kuprewicz would sit for deposition), Plaintiffs filed a motion to quash the subpoena. The timing of these motions are an attempt to preclude Plaintiffs from taking Mr. Kuprewicz's deposition before their opposition is due. Notably, Mr. Kuprewicz's own counsel has never objected or filed a motion to quash the subpoena.

**THE COURT SHOULD COMPEL MR. KUPREWICZ'S DEPOSITION**

**D.**    **Real Parties Duly and Timely Noticed Mr. Kuprewicz's Deposition.**

It is black-letter law in California that personal service of a deposition subpoena is effective to require any deponent who is a resident of California at the time of service to personally appear at deposition and give testimony. (Code Civ. Proc. § 2020.220(c)(1).) Where a non-party fails to appear for deposition after being served with a subpoena demanding his testimony, the Court may compel his attendance at deposition and impose sanctions. (*See* Code Civ. Proc. §§ 1987.1, 1987.2, and 2025.450; *Terry v. SLICO* (2009) 175 Cal.App.4th 352, 355 [affirming trial court's order compelling deposition and sanctioning non-party witness who failed to appear at deposition or properly object to subpoena].) Here, neither Plaintiffs nor Mr. Kuprewicz dispute that the parties agreed to a deposition date, time, and location, and Real Parties properly served a valid deposition subpoena on Mr. Kuprewicz, a resident of California.[1]

**E.**    **Real Parties Are Entitled to Depose Mr. Kuprewicz.**

The Code of Civil Procedure states that "a party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action . . . Discovery may relate to the claim or defense of the party seeking discovery . . . ." (Code Civ. Proc. § 2017.010.) California courts have construed the discovery statutes broadly in favor of permitting discovery, so as to uphold the right to discovery whenever possible. (*Lipton v. Super. Ct*. (1996) 48 Cal.App.4th 1599, 1612; *Greyhound Corp. v. Super. Ct*. (1961) 56 Cal.2d 355, 377-78; *Emerson Elec. Co. v. Super. Ct*. (1997) 16 Cal.4th 1101, 1108.)

---

[1] Plaintiffs and Mr. Kuprewicz waived their right to object to the deposition subpoena by agreeing on a time, date, and location for Mr. Kuprewicz's deposition and not raising any objection until almost two weeks after agreeing to appear.

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

The "confrontation of witnesses against him in noncriminal proceedings is a part of procedural due process guaranteed by the Fifth Amendment and the Fourteenth Amendment to the federal Constitution." (*August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 60 [finding hearing met requirements of due process where sworn statement was considered but there was no subsequent request to cross-examine the declarant]; *see also* Cal. Const. Art. I. § 7.)  In fact, "[b]ecause it relates to the fundamental fairness of the proceedings, cross-examination is said to represent an 'absolute right,' not merely a privilege," (*Fost v. Marin County Superior Court* (2000) 80 Cal.App.4th 724, 733 [noting the rule applies in "either a criminal or a civil case" and if "a witness refuses to submit to cross-examination, or is unavailable for that purpose, the conventional remedy is to exclude the witness's testimony"].)   Further, "[t]he lack of an opportunity to cross-examine the declarant deprives the opposing party of important evidence concerning the credibility of the declarant and the reliability of testimony in the declaration." (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 841-842 [relying on *Fost* and holding it was error for trial court to rely on declaration on motion for preliminary relief in family law case where declarant was not made available for cross-examination or live testimony].)

Moreover, a preliminary injunction hearing requires the court to carefully weigh the evidence and decide whether the facts require such relief.  (*Fleishman v. Superior Court* (2002) 102 Cal. App. 4th 350, 356.)  During a preliminary injunction hearing, the court evaluates the credibility of witnesses and makes factual findings on disputed evidence.  (*Id*.)  Parties are therefore entitled to cross-examine witnesses who submit statements in support of a preliminary injunction.  (*See In re Crystal J.* (1993) 12 Cal.App.4th 407, 413 ["A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses."]; 5 California Trial Guide § 100.20 [discussing depositions are appropriate for use in pretrial proceedings "such as a motion for a preliminary injunction"].)   Real Parties have a fundamental right to depose Mr. Kuprewicz.

**F.    Plaintiffs and Mr. Kuprewicz's Refusal to Appear at Deposition Is Unjustified.**

Plaintiffs and Mr. Kuprewicz's objection to Mr. Kuprewicz's deposition is unjustified.  They argue that Mr. Kuprewicz may not be deposed until he is designated as an expert pursuant to Code of Civil Procedure section 2034.210.  But this argument misses the mark.  Mr. Kuprewicz's deposition is not expert discovery – it is Real Parties exercising their due process right to cross-examine testimony

6

submitted in support of a preliminary injunction that if ordered will have significant financial consequences to Real Parties. (*St. Mary Med. Ctr. v. Sup.Ct.* (1996) 50 Cal.App.4th 1531, 1539 [holding § 2034.010 et seq. procedure for deposing expert witnesses does not bar earlier depositions of experts whose opinions are filed in support of or in opposition to a motion for summary judgment or summary adjudication]; *see also* Steve Rusch Declaration, ¶¶ 13-22 filed in opposition to the Ex-Parte Application for TRO.)  Plaintiffs' argument about expert discovery is inapplicable and nonsensical.  If Plaintiffs were to have it their way, they would be able to submit any evidence in support of their preliminary injunction without providing Real Parties any ability to challenge that evidence.  Not surprisingly, Plaintiffs fail to provide any legal support for this position.

As explained above, Parties are entitled to cross-examine witnesses who submit statements in support of a preliminary injunction and Plaintiffs have not provided any support to the contrary.  There is simply no basis in law to refuse to produce Mr. Kuprewicz for deposition.

## III.    PLAINTIFFS SHOULD BEAR THE COSTS AND FEES ASSOCIATED WITH THIS MOTION

Code of Civil Procedure section 1987.1 provides that "[i]f a subpoena requires the attendance of a witness … at the taking of a deposition, the court, upon motion reasonably made by [a party or a witness] … may make an order … directing compliance with it upon those terms or conditions as the court shall declare …." Within its discretion, the Court may also award the amount of the reasonable expenses incurred in making the motion, including reasonable attorney's fees, if the Court finds the motion was opposed in bad faith or without substantial justification. (Code Civ. Proc., § 1987.2, subd. (a).)

As described herein, there was no justification for Plaintiffs' refusal to produce Mr. Kuprewicz on the date agreed upon by the parties and timely and properly noticed by Real Parties.  Nor is there any justification to oppose this Motion and the relief sought herein. Plaintiffs' delay tactics clearly show unfair gamesmanship.  For nearly two weeks, Plaintiffs led Real Parties to believe Mr. Kuprewicz would appear for deposition by requesting a delay in the deposition date and conferring about certain health-related accommodations.  After Real Parties agreed to these accommodations in good faith, Plaintiff used that time to gain an advantage for their late filed motion to quash.  Plaintiffs unsubstantiated refusal

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

to produce Mr. Kuprewicz pursuant to the subpoena has necessitated the filing of this Motion and Plaintiffs' opposition (contained in their motion to quash) is without any substantial justification. In turn, Real Parties request that they be reimbursed by the amount of $22,000.00, representing the Plaintiffs' reasonable attorneys' fees incurred in bringing this Motion now required to compel compliance with the deposition subpoena. [Dintzer Decl., ¶ 6.]

## IV.    CONCLUSION

For the foregoing reasons, Real Parties respectfully request that the Court compel the deposition of Mr. Kuprewicz before Real Parties' opposition to Plaintiffs' preliminary injunction is due on July 7, 2025. Real Parties further respectfully request that the Court award sanctions in the amount of $22,000.00 representing the reimbursement of fees and costs associated with bringing this Motion.

DATED: June 27, 2025                Respectfully submitted,

**ALSTON & BIRD**
JEFFREY D. DINTZER
GARRETT B. STANTON

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE

_____
Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**

I, Josie Cisneros, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 27, 2025, I served the document **REAL PARTIES IN INTEREST NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RICHARD B. KUPREWICZ AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2025, at Los Angeles, California.

*/s/Josie Cisneros*
Josie Cisneros

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY and
WISHTOYO FOUNDATION

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
          dpettit@biologicaldiversity.org
          tnimmer@biologicaldiversity.org

Linda Krop, Esq.
Jeremy M. Frankel, Esq.
Tara C. Regnifo, Esq.
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

**ATTORNEYS FOR PETITIONERS**
ENVIRONMENTAL DEFENSE CENTER, a
California non-profit corporation; GET OIL
OUT!, a California non-profit corporation;
SANTA BARBARA COUNTY ACTION
NETWORK, a California non-profit corporation;
SIERRA CLUB, a national non-profit
corporation; and SANTA BARBARA
CHANNELKEEPER, a California non-profit
corporation

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: lkrop@environmentaldefensecenter.org
          jfrankel@environmentaldefensecenter.org
          trengifo@environmentaldefensecenter.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/
DEFENDANTS**
California Department of Forestry and Fire
Protection, Office of the State Fire Marshal;
Daniel Berlant, in his official capacity as State
Fire Marshal

Tel.:   (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN
INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:   (310) 620-5879
Email: djmoore@paulhastings.com
          benjaminhanelin@paulhastings.com
          natalierogers@paulhastings.com

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/4/2025 5:01 PM
By: Narzralli Baksh , Deputy

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,<br><br>Respondents and Defendants,<br><br>and<br><br>SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation, | Case No. 25CV02244<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**DECLARATION OF JEFFREY DINTZER IN SUPPORT OF REAL PARTIES' MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS**<br><br>[Filed concurrently with Notice of Motion and Motion, and [Proposed] Order]<br><br>Date:        July 18, 2025<br>Time:        8:30 a.m.<br>Dept:        4<br><br>Complaint Filed:    April 15, 2025<br>Trial Date:        None set |

1

Real Parties in Interest.

2

**DECLARATION OF JEFFREY DINTZER**

I, Jeffrey Dintzer, declare as follows:

1. I am an attorney at law at the law firm Alston & Bird LLP, counsel for Real Parties in Interest Sable Offshore Corp and Pacific Pipeline Company ("Real Parties"). I make this declaration in support of Real Parties' Motion to Compel Deposition and Request for Sanctions. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would competently testify to them.

1. On June 5, 2025 at 7:00 a.m., Real Parties personally served Mr. Richard B. Kuprewicz with a Deposition Subpoena for Personal Appearance and Production of Documents and Things for June 24, 2025 at 9:00 a.m. at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. At the time that Real Parties served Mr. Kuprewicz, his witness fees in the amount of $41.00 were also paid. A true and correct copy of the Deposition Subpoena for Personal Appearance and proof of service is attached hereto as **Exhibit A**.

2. On June 10, 2025, counsel for Center for Biological Diversity agreed that Mr. Kuprewicz would appear for deposition but asked that the deposition be rescheduled for a date during the week of June 30 through July 3, 2025. Counsel also requested that the deposition be taken remotely and split between two days due to certain health issues. On the same day, Real Parties agreed to reschedule the deposition to July 1, 2025. Between June 10 and June 11, the parties exchanged several emails related to deposition logistics. A true and correct copy of the email chain between the parties from June 5, 2025 through June 11, 2025 is attached hereto as **Exhibit B**.

3. On June 12, 2025, I participated in a telephone call with Plaintiffs' counsel and the parties agreed that Mr. Kuprewicz would appear for deposition on July 1, 2025 at 9:00 a.m. at a Courtyard hotel located at 1605 Calle Joaquin, San Luis Obispo, CA 93405, which is a short distance from Mr. Kuprewicz's residence. Mr. Kuprewicz's personal counsel, Mr. Stolpman, who was on the telephone call, agreed to accept service of the amended deposition subpoena. It was also agreed that the deposition would be in person at the Courtyard hotel and that we would take sufficient breaks to accommodate Mr. Kuprewicz's specified health concerns, but conclude the deposition on that day. On June 20, 2025, Real Parties served Mr. Stolpman with an Amended Deposition Subpoena for Personal Appearance and

1

Production of Documents and Things for July 1, 2025 at 9:00 a.m. at the agreed upon location.  A true and correct copy of the Amended Deposition Subpoena for Personal Appearance and proof of service is attached hereto as **Exhibit C**.

4.     On June 23, 2025, counsel for Environmental Defense Center emailed Real Parties for the first time stating that "[a]fter further consideration," they would not produce Mr. Kuprewicz for deposition.  We exchanged additional emails on June 23 and June 24, 2025, in which I noted that the parties already reached an agreement that the deposition would proceed on July 1, and that if Mr. Kuprewicz refused to appear, Real Parties would seek monetary sanctions.  On June 24, 2025, counsel for Environmental Defense Center served formal objections to the deposition.  A true and correct copy of the email chain between the parties from June 23, 2025 through June 24, 2025 is attached hereto as **Exhibit D**.

5.     Real Parties need to take Mr. Kuprewicz's deposition to, among other things, ascertain the scope and limitations of the opinions set forth in his declaration filed in support of the pending Motion for Preliminary Injunction and to test the veracity of his conclusions that the repairs to the existing pipeline are insufficient to warrant the State Fire Marshal from issuing a Plan Approval to restart the pipeline.

6.     My standard hourly billing rate is $1,470.00.  My colleague Lisa Garcia's standard billing rate is $1,120.  I anticipate that my firm will spend in excess of 20 hours, or approximately $22,400 researching the arguments, drafting papers, preparing for the hearing, and attending the hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of June 2025, at Los Angeles, California.



_____
                    Jeffrey Dintzer

DECLARATION OF JEFFREY DINTZER IN SUPPORT OF REAL PARTIES' MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS

**PROOF OF SERVICE**

I, Josie Cisneros, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 27, 2025, I served the document(s) **DECLARATION OF JEFFREY DINTZER IN SUPPORT OF REAL PARTIES' MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2025, at Los Angeles, California.

/s/Josie Cisneros
Josie Cisneros

# SERVICE LIST

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
dpettit@biologicaldiversity.org
tnimmer@biologicaldiversity.org

Linda Krop, Esq.
Jeremy M. Frankel, Esq.
Tara C. Regnifo, Esq.
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

**ATTORNEYS FOR PETITIONERS**
ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: lkrop@environmentaldefensecenter.org
jfrankel@environmentaldefensecenter.org
trengifo@environmentaldefensecenter.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com

# EXHIBIT A

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
MATTHEW C. WICKERSHAM, SBN 241733
matt.wickersham@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN (SBN 237595)
benjaminhanelin@paulhastings.com
NATALIE C. Rogers (SBN 301254)
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:    (310) 620-5879
Facsimile:    (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>Respondents/Defendants,<br><br>SABLE OFFSHORE CORP., a Delaware Corporation; PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>Real Parties in Interest. | Case No.<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ**<br><br>**Date**:    June 24, 2025<br>**Time**:    9:00 a.m.<br>**Place**:    1605 Calle Joaquin, San Luis Obispo, California 93405<br><br>Complaint Filed:    April 15, 2025<br>Trial Date:    None set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company ("Real Parties") have issued and served the Deposition Subpoena for Personal Appearance and Production of Documents and Things to Richard B. Kuprewicz (the "Deponent"), attached hereto as **Exhibit 1** (the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that the deposition of Deponent will take place on **June 24, 2025** at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. The deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, California 90017. The deposition will be taken before an officer authorized to administer the oath to the deponent and will be recorded by stenographic means by a court reporter certified to record depositions and authorized to administer the oath and serve as the deposition officer in the State of California.

Real Parties intend to (1) record the deposition utilizing audio and video technology; (2) use instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time; (3) use Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that, in lieu of a paper set, exhibits may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise of those who intend to appear via this remote participating means so that the necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the deposition.

///

///

///

REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND
DEPOSITION OF RICHARD B. KUPREWICZ

DATED: June 5, 2025

Respectfully submitted,

**ALSTON & BIRD**
JEFFREY D. DINTZER
GARRETT B. STANTON

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE

_____

Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

3

REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND
DEPOSITION OF RICHARD B. KUPREWICZ

# EXHIBIT 1

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey D. Dintzer (Cal. Bar No. 139056); Matthew C. Wickersham (Cal. Bar No. 241733); Garrett B. Stanton (Cal. Bar No. 324775) ALSTON & BIRD LLP 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071    TELEPHONE NO.: (213) 576-1000    FAX NO. *(Optional):* (213) 576-1100 E-MAIL ADDRESS *(Optional):* jeffrey.dintzer@alston.com; matt.wickersham@alston.com; garrett.stanton@alston.com    ATTORNEY FOR *(Name):* Real Parties in Interest | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
 STREET ADDRESS: 1100 Anacapa Street
 MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
 BRANCH NAME:

PLAINTIFF/ PETITIONER: Center for Biological Diversity and Wishtoyo Foundation

DEFENDANT/ RESPONDENT: California Department of Forestry and Fire Protection, et al.

| **DEPOSITION SUBPOENA** **FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER: 25CV02244 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Richard B. Kuprewicz, 1783 Trilogy Pkwy, Nipomo, CA 93444-6621

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| Date: June 24, 2025 | Time: 9:00 a.m. | Address: Marriott, 1605 Calle Joaquin, San Luis Obispo, CA 93405 |
|---|---|---|

   a. ☐  As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

   b. ☒  You are ordered to produce the documents and things described in item 3.

   c. ☒  This deposition will be recorded stenographically ☐ through the instant visual display of testimony
   and by ☐ audiotape ☒ videotape.

   d. ☒  This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
   See Attachment 3
   ☒  Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐  Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: June 4, 2025

▶

_____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Jeffrey D. Dintzer                                          Attorney for Real Parties in Interest
_____                    _____
(TYPE OR PRINT NAME)                                       (TITLE)

(Proof of service on reverse)                                          **Page 1 of 2**

| Form Adopted for Mandatory Use Judicial Council of California SUBP-020 [Rev. January 1, 2009] | **DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | Code of Civil Procedure §§ 2020.510, 2025.220, 2025.230, 2025.250, 2025.620; Government Code, § 68097.1 www.courts.ca.gov |
|---|---|---|

**SUBP-020**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Center for Biological Diversity and Wishtoyo Foundation<br><br>DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection, et al. | CASE NUMBER:<br>25CV02244 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*: Richard B. Kuprewicz

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

   (1) ☐ were paid. Amount: ....................$ _____

   (2) ☐ were not paid.

   (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*:................$ _____

   f. Fee for service: ..........................................$ _____

2. I received this subpoena for service on *(date):*

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

SUBP-020 [Rev. January 1, 2009]

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

**Page 2 of 2**

**ATTACHMENT 3**

**DEFINITIONS**

1.      "YOU" and "YOUR" mean to Richard B. Kuprewicz, his agents, attorneys, and other representatives acting on his behalf.

2.      "SABLE" shall mean Sable Offshore Corp.

3.      "PPC" shall mean Pacific Pipeline Company.

4.      "PETITIONERS" shall mean Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Santa Barbara Channelkeeper, Center for Biological Diversity, and Wishtoyo Foundation, as well as their agents, attorneys, and other representatives acting on their behalf

5.      "ACTION" shall mean the civil lawsuits filed by PETITIONERS entitled *Center for Biological Diversity et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02244, and the coordinated action entitled *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02247.

6.      "SYU PIPELINE" shall refer to the Santa Ynez Unit Pipelines located in waters offshore California.

7.      "LAS FLORES PIPELINE" shall refer to the Las Flores Pipelines located in waters offshore California.

8.      "DOCUMENTS" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize

Page **1** of **6**

oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English. DOCUMENTS does not include DOCUMENTS protected by the attorney-client and/or work product privileges.

9. "COMMUNICATION" means any attempt by one or more persons or entities to communicate, including but not limited to written communications, including memoranda, letters, notes, telegrams, telexes and any other documents; oral communications including face-to-face meetings and telephone conversations; and, electronic or computerized communications, including emails (electronic mailings), Internet postings, word processing systems, magnetic tapes, disks and diskettes.

10. "RELATE TO" or "RELATING TO" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## **INSTRUCTIONS**

1.      Produce all DOCUMENTS in your possession, custody, or control, as well as all DOCUMENTS in the possession, custody, or control of your agents, representatives, attorneys, investigators, consultants, independent contractors, or experts at least one (1) week before the deposition date reflected in the Subpoena. (As used herein, the term "DOCUMENT" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, computer files, e-mails, financial statements, and reports, calculations, diaries, appointment calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which you have knowledge, whether or not such documents are in YOUR possession, custody or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "DOCUMENTS" also means identical copies of original documents and copies of non-identical copies.)

2.      Produce each and every copy where such copy contains any commentary or notation that does not appear on the original. ESI should be produced in its Native Format, meaning the form that it is ordinarily maintained on your systems, including any metadata associated therewith. (As used herein, the term "ESI" means electronically stored information as defined in California Code of Civil Procedure section 2016.020(e), and shall include, but is not limited to, e-mails and text messages.) Should you choose to produce electronic images of paper DOCUMENTS instead of paper copies, you must product them in single-page TIFF FORMAT imaged at not less than 300 dpi resolution that shows all text and images that would be visible to

a user of the paper DOCUMENT. Color DOCUMENTS must be produced in color TIFF images. Each image should have a unique filename. If a paper DOCUMENT is more than one page, the unitization of the paper DOCUMENT and any attachments or affixed notes shall be maintained as it existed when collected, including, for example, emails or letters with their attachments.

3.      Produce all drafts, as well as the final version, of all responsive DOCUMENTS.

4.      Produce, where possible, originals of the DOCUMENTS requested, whether signed or unsigned, for inspection and copying.

5.      For each DOCUMENT requested which is sought to be withheld under a claim of privilege, provide the following information:

a.      The number of the request to which the DOCUMENT is responsive;

b.      A statement of the basis upon which the privilege is claimed and whether or not the subject matter of the contents of the DOCUMENT is limited to legal advice or information provided for the purpose of securing legal advice;

c.      The name and title of the sender and the name and title of the recipient of the DOCUMENT, if applicable;

d.      The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

e.      The name of each person or persons participating in the preparation of the DOCUMENT; and

f.      The name and title, if any, of each person to whom the contents of the DOCUMENT has been communicated by copy, exhibition, reading or substantial summarization.

**<u>DOCUMENTS TO BE PRODUCED</u>**

**<u>REQUEST FOR PRODUCTION NO. 1</u>**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**<u>REQUEST FOR PRODUCTION NO. 2</u>**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**<u>REQUEST FOR PRODUCTION NO. 3</u>**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**<u>REQUEST FOR PRODUCTION NO. 4</u>**:

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**<u>REQUEST FOR PRODUCTION NO. 5</u>**:

YOUR COMMUNICATIONS discussing SABLE.

**<u>REQUEST FOR PRODUCTION NO. 6</u>**:

YOUR COMMUNICATIONS discussing PPC.

**<u>REQUEST FOR PRODUCTION NO. 7</u>**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**<u>REQUEST FOR PRODUCTION NO. 8</u>**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**REQUEST FOR PRODUCTION NO. 9**:

All contracts and agreements YOU have with PETITIONERS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 11**:

All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 12**:

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 13**:

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 14**:

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

| | |
|---|---|
| **ALSTON & BIRD LLP**    (213) 576-1000<br>Jeffrey D. Dintzer (Cal. Bar 139056); Matthew C. Wickersham (Cal. Bar No 241733);<br>Garrett B. Stanton (Cal. Bar No. 327775)<br>**350 South Grand Avenue, Suite 5100 , Los Angeles, CA 90071**<br>ATTORNEY FOR *(Name):*  **Real Parties in Interest** | |
| **SUPERIOR COURT OF THE STATE OF CALIFORNIA**<br>**COUNTY OF SANTA BARBARA - ANACAPA DIVISON** | |
| PLAINTIFF/PETITIONER:    **Center for Biological Diversity and Wishtoyo Foundation**<br>DEFENDANT/RESPONDENT:  **California Department of Forestry and Fire Protection, et al.** | |

| **PROOF OF SERVICE** | HEARING DATE:<br>**June 24, 2025** | TIME:<br>**9:00 AM** | CASE NUMBER:<br>**25CV02244** |
|---|---|---|---|

1.    At the time of service I was 18 years of age and not a party to this action, and  **I served copies**  of the *(specify document(s)):*

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

2.    a. Party Served:          **Richard B. Kuprewicz**

     b. Person Served:          **Same as party in item 2a.**

     c. Address:          **1783 Trilogy Parkway**
                          **Nipomo, CA 934446621**

3.    I served the party in item 2

     a. **By personally delivering the copies.**

                                       (1) on *(date):*          **6/5/2025**
                                       (2) at *(time):*          **7:00 AM**

4.    **Witness fees were not demanded and were not paid.**

5.    Person Serving *(name, address, and telephone No.):*

**Joseph P. Stetz III**                                f. **Fee** for service: $
Ace Attorney Service, Inc.                     c. Registered California Process Server.
800 S. Figueroa Street, Suite 900            (1) Employee or independent contractor.
Los Angeles, CA 90017                      (2) Registration No.: **270**
(213) 623-3979                              (3) County : **SANTA BARBARA**

6.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:  **June 5, 2025**

                                                *(signature)*

**PROOF OF SERVICE**

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 5, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☒    (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by UPS for overnight delivery.

☒    BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2025, at Los Angeles, California.

Heather Thai
Heather Thai

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
         dpettit@biologicaldiversity.org
         tnimmer@biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
         benjaminhanelin@paulhastings.com
         natalierogers@paulhastings.com

# EXHIBIT B

| From: | Dintzer, Jeffrey |
|---|---|
| Sent: | Thursday, June 12, 2025 4:42 PM |
| To: | Jeremy Frankel; Stanton, Garrett |
| Cc: | djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt; Talia Nimmer; Thai, Heather; Julie Teel Simmonds; David Pettit; Michael.dorsi@doj.ca.gov; Linda Krop; Tara Rengifo; Bolender, Brooke; Niz, Kim; tom@stolpmanlawgroup.com |
| Subject: | Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247) |

Ok

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Thursday, June 12, 2025 1:40:10 PM
**To:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
**Cc:** djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>
**Subject:** RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

**EXTERNAL SENDER – Proceed with caution**

How does 3 pm sound?

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to

elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

-----Original Message-----
From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
Sent: Thursday, June 12, 2025 1:38 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com
Subject: Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Yes, that will work. Please send a teams or zoom link. Jeffrey.

_____
From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
Sent: Thursday, June 12, 2025 1:28:19 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution
_____

Hi Jeffrey,

Are you available for a phone call this afternoon with myself and Tom Stolpman, cc'ed here, who will be serving as counsel for Mr. Kuprewicz? Any time before 4:30 would work for us.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
Sent: Wednesday, June 11, 2025 5:07 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Thank you, I look forward to hearing from him/her tomorrow. Regards, Jeffrey.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 5:05 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

4

EXTERNAL SENDER - Proceed with caution

_____

We are working on obtaining outside counsel for Mr. Kuprewicz, which should be resolved some time tomorrow. Counsel for Mr. Kuprewicz will follow up with you about appropriate accommodations.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original

5

message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>
Sent: Wednesday, June 11, 2025 3:53 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Mr. Frankel you have not answered my question, which is very simple, can Mr. Kuperwicz travel the short distance to a local hotel to attend the deposition? You will have to answer this question if you intend to seek a protective order. Please advise. If he is truly housebound then we can discuss other accommodations, but a remote deposition is not one of them. Finally, please advise whether your offices are representing Mr. Kuperwicz as his personal counsel in this matter. Regards, Jeffrey Dintzer.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 3:43 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds

<jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)


EXTERNAL SENDER - Proceed with caution

_____


Hi Jeffrey,


It is my understanding that Mr. Kuprewicz is unable to travel. But he is able to participate remotely, so long as the sessions are limited to half-days.


Again, if you are not willing to make reasonable accommodations for Mr. Kuprewicz's health issues, we will seek appropriate relief.


Thanks,


[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

7

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>
Sent: Wednesday, June 11, 2025 3:09 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Mr. Frankel, we have agreed to move the deposition date and are going to travel to a location near Mr. Kuprewicz's home. We are prepared to take reasonable breaks to accommodate the witness so that he can rest between questioning sessions. We are not willing to conduct the deposition remotely. Is it your representation that he cannot leave his home and come to a local hotel and give live testimony? Please advise. Regards, Jeffrey Dintzer.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 2:53 PM
To: Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____

Hi Garrett,

Mr. Kuprewicz is experiencing severe health issues that, among other things, prevent him from traveling. If you want to proceed with his deposition, it will have to be conducted remotely, and it will have to be

split up between two, 3.5 hour sessions. Otherwise, we will be forced to seek a protective order and stay the deposition until the court can hear the issue.

We see these as very reasonable requests, and I'm sure the court would as well.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Sent: Tuesday, June 10, 2025 5:36 PM
To: Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Hi Talia,

We are agreeable rescheduling the deposition for July 1st to accommodate calendar conflicts. While the Code allows for remote depositions by agreement, the rules also permit "any party or attorney of record" to be "physically present at the deposition at the location of the deponent," as long as requisite notice is given. (Cal. Rules of Court, rule 3.1010(a)(3).)

As such, the deposition will be noticed to go forward in-person, and will need to take place in a single, 7-hour session as allowed by the Code since the deposition will require us to undertake substantial travel. We, of course, are agreeable to taking more frequent breaks during the deposition to accommodate the witness.

Thanks,

11

Garrett B. Stanton

Senior Associate

ALSTON & BIRD

350 South Grand Avenue, 51st Floor

Los Angeles, CA 90071

garrett.stanton@alston.com<mailto:garrett.stanton@alston.com> | t: 213.576.1151


From: Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>
Sent: Tuesday, June 10, 2025 4:54 PM
To: Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>; jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>; trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)


EXTERNAL SENDER - Proceed with caution

_____


Counsel,


Given scheduling conflicts, we would like to request that the deposition be rescheduled for the following

12

week (June 30-July 3). Additionally, because the witness is currently experiencing health issues, we would like to further request that the deposition take place remotely and that should the deposition run more than 3.5 hours, it be split into two morning sessions.

Please advise whether this is amenable. Thank you for your anticipated cooperation.

Talia Nimmer (she/her)

Staff Attorney

Climate Law Institute

Center for Biological Diversity

(213) 341-1426

[cbd.circle.tag.rgb]

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

_____

From: Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>
Sent: Thursday, June 5, 2025 12:32 PM
To: Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov> <Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>>; lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org> <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org> <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>

13

<trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>
<djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>>;
benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>
<benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>>;
natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>
<natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>>; Dintzer, Jeffrey
<Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt
<Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Stanton, Garrett
<Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>; Bolender, Brooke
<Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim
<Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Electronically Served:

Dear Counsel:

Please see the attached documents listed documents:

Center for Biological Diversity v. California Department of Forestry, et al.

· Real Parties in Interest's Notice of Issuance of Subpoena to and Deposition of Richard B. Kuprewicz

Environmental Defense Center v. California Department of Forestry, et al.

· Real Parties in Interest's Notice of Issuance of Subpoena to and Deposition of Richard B. Kuprewicz

Thank you,

Heather L. Thai
ABassist Specialist
ALSTON & BIRD
350 South Grand Avenue

51st Floor
Los Angeles, CA 90071
+1 213 576 1017 (O)
Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>

14

_____

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

15

# EXHIBIT C

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:     (213) 576-1000
Facsimile:     (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN (SBN 237595)
benjaminhanelin@paulhastings.com
NATALIE C. Rogers (SBN 301254)
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:     (310) 620-5879
Facsimile:     (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, | Case No. 25CV02244 Coordinated with Case No. 25CV02247 |
| Petitioners/Plaintiffs, | Assigned for all purposes to: Hon. Donna D. Geck |
| v. | **REAL PARTIES IN INTEREST'S AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ** |
| CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive, | **Date**: July 1, 2025 **Time**: 9:00 a.m. **Place**: 1605 Calle Joaquin, San Luis Obispo, California 93405 |
| Respondents/Defendants, | |
| SABLE OFFSHORE CORP., a Delaware Corporation; PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive, | Complaint Filed:       April 15, 2025 Trial Date:               None set |
| Real Parties in Interest. | |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Real Parties in Interest Sable Offshore Cop. and Pacific Pipeline Company ("Real Parties") have issued and served the Amended Deposition Subpoena for Personal Appearance and Production of Documents and Things to Richard B. Kuprewicz (the "Deponent"), attached hereto as **Exhibit 1** (the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that the deposition of Deponent will take place on **July 1, 2025** at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. The deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, California 90017. The deposition will be taken before an officer authorized to administer the oath to the deponent and will be recorded by stenographic means by a court reporter certified to record depositions and authorized to administer the oath and serve as the deposition officer in the State of California.

Real Parties intend to (1) record the deposition utilizing audio and video technology; (2) use instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time; (3) use Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that, in lieu of a paper set, exhibits may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise of those who intend to appear via this remote participating means so that the necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the deposition.

/ / /

/ / /

/ / /

REAL PARTIES IN INTEREST'S NOTICE OF
DEPOSITION OF RICHARD B. KUPREWICZ

DATED: June 20, 2025                    Respectfully submitted,

                                        **ALSTON & BIRD**
                                        JEFFREY D. DINTZER
                                        GARRETT B. STANTON

                                        **PAUL HASTINGS**
                                        DUNCAN JOSEPH MOORE

                                        _____
                                                Jeffrey D. Dintzer

                                        Attorneys for Real Parties in Interest
                                        **SABLE OFFSHORE CORP.**
                                        **PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST'S NOTICE OF
DEPOSITION OF RICHARD B. KUPREWICZ

# Exhibit 1

SUBP-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jeffrey D. Dintzer (SBN 139056); Garrett B. Stanton (SBN 324775)<br>ALSTON & BIRD LLP<br>350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071<br>　　TELEPHONE NO.: (213) 576-1000　　　FAX NO. *(Optional):* (213) 576-1100<br>E-MAIL ADDRESS *(Optional):* jeffrey.dintzer@alston.com; garrett.stanton@alston.com<br>　ATTORNEY FOR *(Name):* Real Parties in Interest | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**<br>　STREET ADDRESS: 1100 Anacapa Street<br>　MAILING ADDRESS: P.O. Box 21107<br>CITY AND ZIP CODE: Santa Barbara, CA 93121-1107<br>　BRANCH NAME: |

| |
|---|
| 　PLAINTIFF/ PETITIONER: Center for Biological Diversity and Wishtoyo Foundation<br>DEFENDANT/ RESPONDENT: California Department of Forestry and Fire Protection, et al. |

| | |
|---|---|
| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>25CV02244 |

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
Richard B. Kuprewicz, 1783 Trilogy Pkwy, Nipomo, CA 93444-6621

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| | | |
|---|---|---|
| 　Date: July 1, 2025 | Time: 9:00 a.m. | Address: 1605 Calle Joaquin, San Luis Obispo, California 93405 |

　　a. ☐　As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

　　b. ☒　You are ordered to produce the documents and things described in item 3.

　　c. ☒　This deposition will be recorded stenographically　☐　through the instant visual display of testimony
　　　　and by　☐　audiotape　☒　videotape.

　　d. ☒　This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
　See Attachment 3
　☒　Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

　　☐　Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| |
|---|
| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |

Date issued: June 20, 2025

▶

_____　　　　_____
Jeffrey D. Dintzer　　　　　　　　　　　　(SIGNATURE OF PERSON ISSUING SUBPOENA)
　　　(TYPE OR PRINT NAME)　　　　　　Attorney for Real Parties in Interest
　　　　　　　　　　　　　　　　　　　　　　　(TITLE)

*(Proof of service on reverse)*　　　　　　　　　　　　　　　　**Page 1 of 2**

# Attachment 3

ATTACHMENT 3

## DEFINITIONS

1.      "YOU" and "YOUR" mean to Richard B. Kuprewicz, his agents, attorneys, and other representatives acting on his behalf.

2.      "SABLE" shall mean Sable Offshore Corp.

3.      "PPC" shall mean Pacific Pipeline Company.

4.      "PETITIONERS" shall mean Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Santa Barbara Channelkeeper, Center for Biological Diversity, and Wishtoyo Foundation, as well as their agents, attorneys, and other representatives acting on their behalf

5.      "ACTION" shall mean the civil lawsuits filed by PETITIONERS entitled *Center for Biological Diversity et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02244, and the coordinated action entitled *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02247.

6.      "SYU PIPELINE" shall refer to the Santa Ynez Unit Pipelines located in waters offshore California.

7.      "LAS FLORES PIPELINE" shall refer to the Las Flores Pipelines located in waters offshore California.

8.       "DOCUMENTS" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize

oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English. DOCUMENTS does not include DOCUMENTS protected by the attorney-client and/or work product privileges.

9.      "COMMUNICATION" means any attempt by one or more persons or entities to communicate, including but not limited to written communications, including memoranda, letters, notes, telegrams, telexes and any other documents; oral communications including face-to-face meetings and telephone conversations; and, electronic or computerized communications, including emails (electronic mailings), Internet postings, word processing systems, magnetic tapes, disks and diskettes.

10.      "RELATE TO" or "RELATING TO" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## INSTRUCTIONS

1.       Produce all DOCUMENTS in your possession, custody, or control, as well as all DOCUMENTS in the possession, custody, or control of your agents, representatives, attorneys, investigators, consultants, independent contractors, or experts at least one (1) week before the deposition date reflected in the Subpoena. (As used herein, the term "DOCUMENT" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, computer files, e-mails, financial statements, and reports, calculations, diaries, appointment calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which you have knowledge, whether or not such documents are in YOUR possession, custody or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "DOCUMENTS" also means identical copies of original documents and copies of non-identical copies.)

2.       Produce each and every copy where such copy contains any commentary or notation that does not appear on the original. ESI should be produced in its Native Format, meaning the form that it is ordinarily maintained on your systems, including any metadata associated therewith. (As used herein, the term "ESI" means electronically stored information as defined in California Code of Civil Procedure section 2016.020(e), and shall include, but is not limited to, e-mails and text messages.) Should you choose to produce electronic images of paper DOCUMENTS instead of paper copies, you must product them in single-page TIFF FORMAT imaged at not less than 300 dpi resolution that shows all text and images that would be visible to

a user of the paper DOCUMENT. Color DOCUMENTS must be produced in color TIFF images. Each image should have a unique filename. If a paper DOCUMENT is more than one page, the unitization of the paper DOCUMENT and any attachments or affixed notes shall be maintained as it existed when collected, including, for example, emails or letters with their attachments.

3.      Produce all drafts, as well as the final version, of all responsive DOCUMENTS.

4.      Produce, where possible, originals of the DOCUMENTS requested, whether signed or unsigned, for inspection and copying.

5.      For each DOCUMENT requested which is sought to be withheld under a claim of privilege, provide the following information:

a.      The number of the request to which the DOCUMENT is responsive;

b.      A statement of the basis upon which the privilege is claimed and whether or not the subject matter of the contents of the DOCUMENT is limited to legal advice or information provided for the purpose of securing legal advice;

c.      The name and title of the sender and the name and title of the recipient of the DOCUMENT, if applicable;

d.      The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

e.      The name of each person or persons participating in the preparation of the DOCUMENT; and

f.      The name and title, if any, of each person to whom the contents of the DOCUMENT has been communicated by copy, exhibition, reading or substantial summarization.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 4**:

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**REQUEST FOR PRODUCTION NO. 5**:

YOUR COMMUNICATIONS discussing SABLE.

**REQUEST FOR PRODUCTION NO. 6**:

YOUR COMMUNICATIONS discussing PPC.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**REQUEST FOR PRODUCTION NO. 9**:

All contracts and agreements YOU have with PETITIONERS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 11**:

All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 12**:

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 13**:

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 14**:

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

**PROOF OF SERVICE**

I, Kim Niz, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 20, 2025, I served the document(s) AMENDED DEPOSITION SUBPOENA **FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS TO RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

☐    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐    (BY FACSIMILE) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐    (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒    BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

                                      */s/ Kim Niz*
                                          Kim Niz

**SERVICE LIST**

Tom Stolpman                                    **Counsel for Robert Kuperwicz**
Stolpman Law Group                              **tom@stolpmanlawgroup.com**

**PROOF OF SERVICE**

I, Kim Niz, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 20, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

_/s/ Kim Niz_
Kim Niz

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
        dpettit@biologicaldiversity.org
        tnimmer@biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
        benjaminhanelin@paulhastings.com
        natalierogers@paulhastings.com

# EXHIBIT D

| | |
|---|---|
| **From:** | Jeremy Frankel <jfrankel@environmentaldefensecenter.org> |
| **Sent:** | Tuesday, June 24, 2025 5:26 PM |
| **To:** | Dintzer, Jeffrey; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett; Daniel, Madeline; Seabolt, Dan; Vreeland, Shannon; Rusek, Vickie; Oberst, Brett; Brown, Frankie |
| **Cc:** | Linda Krop; Tara Rengifo; Julie Teel Simmonds; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov |
| **Subject:** | RE: Re Mr. Kuprewicz's Deposition |
| **Attachments:** | 2025_06_24_Objection to Deposition of Richard Kuprewicz.pdf |

**EXTERNAL SENDER – Proceed with caution**

Hi Jeffrey,

Again, our previous discussions were borne of an obvious and immediate need to reschedule the date of the proposed deposition, and to inform you of Mr. Kuprewicz's ongoing health issues. At no time did Petitioners waive their right to object to Mr. Kuprewicz's deposition on the grounds that it exceeds the scope of permissible discovery, which our ongoing research has since revealed.

We respectfully disagree with your below contentions, including that it is unreasonable or prejudicial to quash an improper deposition subpoena/notice. Our review of the law indicates that, under the circumstances, Real Parties are not entitled to take Mr. Kuprewicz's deposition at this time. Accordingly, should Real Parties' not withdraw their deposition subpoena/notices by 5:00 p.m. tomorrow, we will proceed with a motion to quash.

Attached please find the EDC Petitioners' formal objection to Real Parties deposition subpoena and cross-notice of deposition. A copy is also being served by mail.

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org



We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby

notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

**From:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
**Sent:** Tuesday, June 24, 2025 3:51 PM
**To:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; Daniel, Madeline <Madeline.Daniel@alston.com>; Seabolt, Dan <Dan.Seabolt@alston.com>; Vreeland, Shannon <Shannon.Vreeland@alston.com>; Rusek, Vickie <Vickie.Rusek@alston.com>; Oberst, Brett <Brett.Oberst@alston.com>; Brown, Frankie <Frankie.Brown@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov
**Subject:** Re Mr. Kuprewicz's Deposition

Mr. Frankel,

It is true that we noticed the deposition for June 24th, and we moved the deposition date to July 1st to accommodate the schedules of counsel, *at counsel's request*. In that request, there was no objection for the deposition going forward, and that would have been the appropriate time to raise such objection. Such would have afforded the Real Parties with an opportunity to have the court compel the deposition in due time before Real Parties' opposition will be due on July 7th. On June 12th, we discussed Real Parties' need to take the deposition in time for our July 7th opposition, which is why we agreed upon July 1st. *At no time did any counsel object to the deposition going forward during this discussion either*. On the call, we all reached an agreement regarding the date, time, and location of the deposition to accommodate the witness. Mr. Stolpman further agreed to accept service on behalf of his client. Why would we discuss all of these topics and agree on them only to "make any deposition less burdensome" for Mr. Kuprewicz but not agree on a deposition going forward? That logically makes no sense. And based on the parties' agreement, Real Parties have reasonably had to incur necessary costs to reserve space for the deposition and for travel.

Further, waiting to move to quash the deposition only just before Real Parties' opposition is due is highly prejudicial for obvious reasons. Such prejudice cannot simply ensue because "it has come to [y]our attention that Real Parties are not entitled to proceed with Mr. Kuprewicz's deposition at this time" – offering no basis to prevent necessary cross-examination of evidence offered in support of an application for preliminary injunction that will greatly impact Real Parties' rights. The parties reached a clear agreement on June 12th to proceed with the deposition, and the law does not support your newfound position. (See *In re Crystal J.* (1993) 12 Cal.App.4th 407, 413 ["A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses."]; 5 California Trial Guide § 100.20 [discussing depositions are appropriate for use in pretrial proceedings "such as a motion for a preliminary injunction"]; *Fleishman v. Superior Court* (2002)102 Cal. App. 4th 350, 356 ["Before issuing a preliminary injunction, the trial court must 'carefully weigh the evidence and decide whether the facts require . . . such relief. The court evaluates the credibility of witnesses and makes factual findings on disputed evidence."]; see also *St. Mary Med. Ctr. v. Sup.Ct. (Mennella)* (1996) 50 Cal.App.4th 1531, 1539 [holding § 2034.010 et seq. procedure for deposing expert witnesses does not bar earlier depositions of experts whose opinions are filed in support of or in opposition to a motion for summary judgment or summary adjudication].)

Preventing the deposition of Mr. Kuprewicz, without removing his declaration from the record, is highly unreasonable, highly prejudicial to Real Parties, violates their due process rights, and certainly serves as a strong basis for sanctions. We expect your declarant to appear at his deposition on July 1, 2025, as noticed. Regards, Jeffrey.

Jeffrey Dintzer

2

ALSTON & BIRD
350 S. Grand Avenue, 51st Floor
Los Angeles, CA 90071
Office:  213-576-1063
Cell: 213-393-8664

---

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Tuesday, June 24, 2025 10:20 AM
**To:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

**EXTERNAL SENDER – Proceed with caution**

---

Hi Jeffrey,

Thank you for your response.

We certainly appreciate your willingness to move the deposition date, but the only reason it was moved was because you unilaterally scheduled the deposition without consulting counsel for petitioners, and you noticed it for a date when counsel for CBD and Wishtoyo was unavailable. The only reason the date was moved was to accommodate counsel's schedule.

When we previously met and conferred, we did so to discuss a different issue: Mr. Kuprewicz's severe health issues, and possible accommodations for him to make any deposition less burdensome. Any "agreement" we reached at our previous meeting was strictly related to that issue. Notably, we are not seeking to quash the subpoena on the basis of Mr. Kuprewicz's health issues.

We are not proceeding in bad faith. This is an unusual situation, and based on our continuing research, it has come to our attention that Real Parties are not entitled to proceed with Mr. Kuprewicz's deposition at this time. Because, as explained in our previous email, the deposition exceeds the scope of permissible discovery, it remains reasonable for us to pursue a motion to quash, regardless of when the deposition was re-noticed for.

Moreover, it's not clear to us how pushing the deposition to July 1 – which, again, was necessary to accommodate counsel's schedule – resulted in any prejudice to Real Parties.  We ultimately reached out to meet and confer *before* the date Mr. Kuprewicz's deposition was initially noticed for (June 24), and our formal objections will be served imminently.

Please let us know what times you are available today for a call.

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org



We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

**From:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
**Sent:** Monday, June 23, 2025 5:29 PM
**To:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; michael.dorsi@doj.ca.gov; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

Mr. Frankel, we are happy to meet and confer with you tomorrow over the deposition of Mr. Kuprewicz.  But please know that if you file a motion to block the deposition from going forward, we will seek monetary sanctions against you. We agreed to move Mr. Kuprewicz's deposition to July 1 in good faith, with the understanding after *reaching an agreement with you and his independent counsel, Mr. Stolpman,* that deposition would proceed on July 1. The record reflects as much.

You never once mentioned any objection to the taking of his deposition before we agreed to move the deposition to July 1st, knowing our opposition is due on July 7th after a holiday weekend. The email below is the first we have heard of any objection to proceeding with this deposition as scheduled.  In fact, we met and conferred on June 12th, and all agreed that the deposition would proceed on July 1st at the location we selected near the witnesses' residence to accommodate his travel restrictions.  Had we been advised of such an objection, which could have been made at that time, we would not have moved the date to accommodate you and the witness.

Requesting a delay in the deposition of a declarant supporting an application for preliminary injunction so you can have additional time to file a motion for protective order or to quash the subpoena without advising opposing counsel of your intentions is bad faith and sanctionable.  Jeffrey

4

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Monday, June 23, 2025 4:57 PM
**To:** djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>; michael.dorsi@doj.ca.gov; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

**EXTERNAL SENDER – Proceed with caution**

Counsel,

After further consideration, we believe that Real Parties' attempt to depose Mr. Kuprewicz – Petitioners' retained expert consultant – exceeds the scope of permissible discovery. Generally, parties are not entitled to engage in expert discovery (including depositions) unless and until experts have been designated pursuant to CCP § 2034.210. (*See, e.g., County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation).) The only recognized exception to that rule is limited to summary judgment proceedings and is inapplicable here. (*See St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540-41.)

Accordingly, at this point, petitioners in both 25CV02244 and 25CV02247 intend to file motions to quash Mr. Kuprewicz's deposition subpoena and related notices of deposition. Filing the motions will automatically stay Mr. Kuprewicz's deposition until they can be heard. (CCP § 2025.410(b).)

That said, we welcome the opportunity to first attempt to resolve this informally. Please let us know your availability to meet and confer in the next few days.

(This effort to meet and confer is joined by counsel for petitioners in 25CV02244, cc'ed here.)

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org



We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

**From:** Niz, Kim <Kim.Niz@alston.com>
**Sent:** Friday, June 20, 2025 4:41 PM
**To:** Linda Krop <lkrop@environmentaldefensecenter.org>; Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; michael.dorsi@doj.ca.gov; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org; tnimmer@biologicaldiversity.or
**Cc:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
**Subject:** Service Docs - Case Nos.: 25CV02244 and 25CV02247

**Electronic Service:**

Dear Counsel,

Please find attached electronic service documents:

- EDC v. Sable - Real Party in Interest's Amended Cross-Notice of Deposition of Richard B. Kuprewicz
- CBD v. Sable - Real Party in Interest's Amended Cross-Notice of Deposition of Richard B. Kuprewicz

Thank you,


Kim S. Niz | Legal Administrative Assistant
**ALSTON & BIRD**
Jeffrey D. Dintzer | Brett Oberst | Krista Hernandez
Jeff Carlin | Matthew C. Wickersham | Garrett Stanton
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Direct:  213 576 1096 | Office:  213 576 1000
Kim.Niz@alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

LINDA KROP (Bar No. 118773)
lkrop@environmentaldefensecenter.org
JEREMY M. FRANKEL (Bar No. 344500)
jfrankel@environmentaldefensecenter.org
TARA C. RENGIFO (Bar No. 307670)
trengifo@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

*Attorneys for Petitioners/Plaintiffs*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SANTA BARBARA — ANACAPA DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation, <br><br> Petitioners and Plaintiffs, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive, <br><br> Respondents and Defendants, <br><br> and <br><br> SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation, <br><br> Real Parties in Interest. | Case No.: 25CV02247 <br><br><br> **PETITIONERS AND PLAINTIFFS' OBJECTION TO REAL PARTIES' DEPOSITION SUBPOENA OF RICHARD B. KUPREWICZ AND AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ** <br><br> Dept.:   4 <br> Judge:   Honorable Donna D. Geck <br><br> Petition Filed: April 15, 2025 <br> Trial: None Set |

Pursuant to California Code of Civil Procedure section 2025.010 et seq., Petitioner and Plaintiffs Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, and Santa Barbara Channelkeeper (collectively, "Petitioners") object to Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company's (collectively, "Real Parties") Deposition Subpoena of Richard B. Kuprewicz (the "Subpoena"), Petitioners' consultant in this matter, and Amended Cross-Notice of Deposition of Richard B. Kuprewicz (the "Notice") as follows:

## GENERAL OBJECTIONS

1. Petitioners object to the Subpoena and Notice on the grounds that they exceed the scope of permissible discovery. Mr. Kuprewicz is Petitioners' retained expert consultant in this matter. While Petitioners filed a declaration from Mr. Kuprewicz in support of their ex parte application for a stay, temporary restraining order, and order to show cause, Mr. Kuprewicz has not been designated as an expert pursuant to Code of Civil Procedure section 2034.210 *et seq*. Unless and until he is so designated, Real Parties are precluded from deposing Mr. Kuprewicz or subpoenaing his records. (*County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation and therefore reversing a trial court's order compelling expert testimony at a deposition).) Moreover, even assuming, arguendo, that Real Parties are not summarily precluded from deposing Mr. Kuprewicz in light of Petitioners' reliance on his declaration, his deposition would only be appropriate upon an affirmative showing by Real Parties of "objective facts . . . which create a significant question regarding the validity of [Mr. Kuprewicz's declaration] which, if successfully pursued, will impeach the foundational basis of the [declaration]." (*St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540-41.) Real Parties have not provided any such facts, and Petitioners are aware of none. Lastly, even if Real Parties were to make the requisite showing of such facts, any deposition of Mr. Kuprewicz must be limited to inquiring into the foundation of the opinions expressed in his declaration. (*See id.*) The Subpoena and Notice are not so limited.

2. Petitioners object to the Subpoena and Notice on the grounds that they seek to elicit information protected by the attorney-client privilege and/or information that constitutes attorney work

product. As noted, Mr. Kuprewicz is Petitioners' consultant in this matter, but he has not been designated as an expert pursuant to Code of Civil Procedure section 2034.210 *et seq*. Thus, all communications by and between Petitioners, their attorneys, and Mr. Kuprewicz remain privileged. (*DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 688 ("[T]he attorney-client privilege . . . clearly includes communications to a consulting expert.").) Likewise, any documents, opinions, or other information prepared by Mr. Kuprewicz at Petitioners' request and not already disclosed constitute attorney work product. (*See id.*) Moreover, save for Mr. Kuprewicz's declaration, all of Mr. Kuprewicz's services to date have been rendered purely in an advisory capacity; accordingly, even if Petitioners' *were* to designate Mr. Kuprewicz as an expert, communications with Mr. Kuprewicz and information developed by Mr. Kuprewicz at Petitioners' request would remain protected as attorney work product. (*National Steel Products Co. v. Superior Court* (1985) 164 Cal.App.3d 476, 542-43 (holding that any information or opinions rendered by an expert in an advisory capacity remain subject to the work product limitation on discovery even after expert designation).)

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. **REQUEST FOR PRODUCTION NO. 1:**

Request: All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

2. **REQUEST FOR PRODUCTION NO. 2:**

Request: All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

to YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

3. **REQUEST FOR PRODUCTION NO. 3:**

Request: All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

4. **REQUEST FOR PRODUCTION NO. 4:**

Request: YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

5. **REQUEST FOR PRODUCTION NO. 5:**

Request: YOUR COMMUNICATIONS discussing SABLE.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is not reasonably particularized.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

6. **REQUEST FOR PRODUCTION NO. 6:**

Request: YOUR COMMUNICATIONS discussing PPC.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is not reasonably particularized.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

7. **REQUEST FOR PRODUCTION NO. 7:**

Request: All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

8. **REQUEST FOR PRODUCTION NO. 8:**

Request: All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

9. **REQUEST FOR PRODUCTION NO. 9:**

Request: All contracts and agreements YOU have with PETITIONERS.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

10. **REQUEST FOR PRODUCTION NO. 10:**

Request: DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

11. **REQUEST FOR PRODUCTION NO. 11:**

Request: All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work

product, as set forth in General Objection 2 above.

12. **REQUEST FOR PRODUCTION NO. 12:**

Request: All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

13. **REQUEST FOR PRODUCTION NO. 13:**

Request: All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

14. **REQUEST FOR PRODUCTION NO. 14:**

Request: All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp. v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

Dated: June 24, 2025

Respectfully

Linda Krop
Jeremy M. Frankel
Tara C. Rengifo
ENVIRONMENTAL DEFENSE CENTER
Counsel for Petitioners

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

**PROOF OF SERVICE**

I, Jeremy M. Frankel, declare:

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to this action. My business address is 906 Garden Street, Santa Barbara, California 93101.

On June 24, 2025, I served the above document(s) described as **PETITIONERS AND PLAINTIFFS' OBJECTION TO REAL PARTIES' DEPOSITION SUBPOENA OF RICAHRD B. KUPREWICZ AND AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties in this action, stated below, by the following means of service:

**See Attached Service List**

☒    **By e-mail or electronic transmission.** On the date above, I caused a copy of the document(s) described above to be served electronically on the recipients designated in the attached Service List.

☒    **By United States mail.** On the date above, I enclosed a copy of the document(s) described above in a sealed envelope or package addressed to the recipients designated in the attached Service List, postage fully prepaid, with the United States Postal Service at Santa Barbara, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2025, at Santa Barbara, California.

_____
Jeremy M. Frankel

1
Proof of Service

**SERVICE LIST**

| | |
|---|---|
| Michael S. Dorsi<br>Michael.Dorsi@doj.ca.gov<br>California Attorney General's Office<br>55 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 | ATTORNEY FOR<br>RESPONDENTS/DEFENDANTS<br>California Department of Forestry and Fire<br>Protection, Office of the State Fire Marshal; and<br>Daniel Berlant, in his official capacity as State Fire<br>Marshal |
| Duncan Joseph Moore<br>djmoore@paulhastings.com<br>Benjamin J. Hanelin<br>benjaminhanelin@paulhastings.com<br>Natalie C. Rogers<br>natalierogers@paulhastings.com<br>PAUL HASTINGS, LLP<br>1999 Avenue of the Stars, 27th Floor<br>Century City, CA 90067 | ATTORNEYS FOR REAL PARTIES IN<br>INTEREST<br>Sable Offshore Corp. and Pacific Pipeline<br>Company |
| Jeffrey D. Dintzer<br>Jeffrey.dintzer@alston.com<br>Matthew C. Wickersham<br>Matt.wickersham@alston.com<br>Garrett B. Stanton<br>Garrett.stanton@alston.com<br>ALSTON & BIRD LLP<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071 | ATTORNEYS FOR REAL PARTIES IN<br>INTEREST<br>Sable Offshore Corp. and Pacific Pipeline<br>Company |

Pursuant to CRC 2.259 this document has been electronically filed by the
Superior Court of California, County of Santa Barbara, on 6/27/2025

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com

BENJAMIN J. HANELIN, SBN 237595

benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA BARBARA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, <br><br> Petitioners and Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive, <br><br> Respondents and Defendants, <br><br> and <br><br> SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation, | Case No. 25CV02244 <br> Coordinated with Case No. 25CV02247 <br><br> Assigned for all purposes to Hon. Donna D. Geck <br><br> **[PROPOSED] ORDER GRANTING REAL PARTIES IN INTEREST MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS** <br><br> Complaint Filed:    April 15, 2025 <br> Trial Date:         None set |

---

ORDER

Real Parties in Interest.

ORDER

LEGAL02/46285775v1

Before the Court is Real Parties in Interest Sable Offshore Corporation ("Sable") and Pacific Pipeline Company's ("PPC" and collectively "Real Parties") Motion to Compel Mr. Richard B. Kuprewicz to appear for deposition and Request for Sanctions.  Counsel for Plaintiffs, Defendants, and Real Parties made their appearances, and the Court heard oral argument. Based on the papers and arguments presented by counsel, and for **GOOD CAUSE APPEARING** the Court hereby **GRANTS** the Motion and further **ORDERS:**

1.    Mr. Richard B. Kuprewicz must appear for deposition by July __, 2025.

2.    Sanctions are ordered in the amount of $22,000.

**IT IS SO ORDERED.**

Dated: _____    _____

Hon. Donna D. Geck
Judge of the Superior Court of California

**PROOF OF SERVICE**

I, Josie Cisneros, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 27, 2025, I served the document **[PROPOSED] ORDER GRANTING REAL PARTIES IN INTEREST MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2025, at Los Angeles, California.

*/s/Josie Cisneros*
Josie Cisneros

SERVICE LIST

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
        dpettit@biologicaldiversity.org
        tnimmer@biologicaldiversity.org

Linda Krop, Esq.
Jeremy M. Frankel, Esq.
Tara C. Regnifo, Esq.
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

**ATTORNEYS FOR PETITIONERS**
ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: lkrop@environmentaldefensecenter.org
        jfrankel@environmentaldefensecenter.org
        trengifo@environmentaldefensecenter.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:   (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp. and Pacific Pipeline Company

Tel.:   (310) 620-5879
Email: djmoore@paulhastings.com
        benjaminhanelin@paulhastings.com
        natalierogers@paulhastings.com

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/2/2025 12:58 PM
By: Terri Chavez , Deputy

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,

Petitioners and Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,

Respondents and Defendants,

and

SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation,

Case No. 25CV02244
Coordinated with Case No. 25CV02247

Assigned for all purposes to:
Hon. Donna D. Geck

**REAL PARTIES IN INTEREST'S *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Filed concurrently with supporting Declaration of Jeffrey Dintzer and Exhibits, and [Proposed] Order]

Date:                 June 30 2025

---

1

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

|  |  |  |
| --- | --- | --- |
| Real Parties in Interest. | Time:<br>Dept: | 8:30 a.m.<br>4 |
|  | Complaint Filed:<br>Trial Date: | April 15, 2025<br>None set |

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

## ***EX PARTE* APPLICATION**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 30, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard in Department 4 of the California Superior Court for the County of Santa Barbara, Anacapa Division, located at 1100 Anacapa Street, Santa Barbara, CA 93121-1107, Real Parties in Interest Sable Offshore Corp. ("Sable") and Pacific Pipeline Company ("PPC" and collectively "Real Parties") will and hereby do apply *ex parte* for an order requiring Plaintiffs' expert Richard B. Kuprewicz ("Mr. Kuprewicz") to appear at his deposition on July 1, 2025 or, in the alternative, for an order shortening time for notice and advancing the hearing on Real Parties' Motion to Compel Mr. Kuprewicz's deposition or, in the alternative, for an order striking Plaintiffs' Declaration of Richard B. Kuprewicz submitted in support of Petitioners' *Ex parte* Application for Stay, Order to Show Cause and Temporary Restraining Order.

This Application is made pursuant to Rule 3.1200, *et seq.*, of the California Rules of Court, and is made on the grounds that good cause and exigent circumstances exist because Real Parties will suffer significant and irreparable harm if they are not afforded their due process right to cross-examine Plaintiff's expert and key declarant, Mr. Kuprewicz, on an expedited basis:

1.     On June 2, 2025, Plaintiffs filed an *ex parte* application to stay, or in the alternative, an order to show cause and temporary restraining order against Defendants and Real Parties to stay the operation of the approval of State Waivers for CA-324 and CA-325A/B pending judgment of the Court.

2.     Plaintiffs filed the Declaration of their expert Mr. Kuprewicz in support of their *ex parte* application, which also supports their OSC re preliminary injunction (the "Preliminary Injunction"). Mr. Kuprewicz serves as Plaintiffs' key witness supporting the Preliminary Injunction, offering in his declaration expert opinions regarding the effects of corrosion to the Pipelines.  The Court scheduled the hearing on the Preliminary Injunction for July 18, 2025 and Real Parties' opposition to the Preliminary Injunction is due July 7, 2025.

3.     Consistent with their right to cross-examine Mr. Kuprewicz to oppose the Preliminary Injunction, Real Parties served a deposition subpoena on Mr. Kuprewicz on June 5, 2025.  On June 10,

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

2025, Plaintiffs' counsel agreed that Mr. Kuprewicz would appear for deposition but asked that the deposition be moved one week later due to scheduling conflicts and sought certain accommodations due to Mr. Kuprewicz's health conditions. Real Parties met and conferred in good faith to accommodate Mr. Kuprewicz, agreeing to delay the deposition one week and travel to a hotel near Mr. Kuprewicz to minimize his own travel. On June 12, 2025, the parties finalized their agreement for the date, time, and location of Mr. Kuprewicz's deposition and Mr. Kuprewicz's personal counsel (who has never objected or moved to quash the deposition subpoena) accepted service of the amended deposition notice.

4. But Plaintiffs "meet and confer" efforts were merely a ruse to buy themselves more time to quash the subpoena and disadvantage Real Parties. Nearly two weeks after agreeing to produce Mr. Kuprewicz for deposition, Plaintiffs changed their mind (without legal support). Plaintiffs then waited until two business days before Mr. Kuprewicz's deposition to move to quash. This gamesmanship should not be tolerated.

5. Real Parties have a fundamental right to cross-examine Mr. Kuprewicz and will be severely prejudiced without an adequate and sufficient opportunity to depose Mr. Kuprewicz about his opinions and declaration before their opposition to the Preliminary Injunction is due on July 7, 2025. It would be extremely prejudicial to further extend the briefing and hearing schedule for the Preliminary Injunction while a TRO remains in place. Furthermore, Real Parties have no alternative means of obtaining the information sought by the deposition subpoena served on Mr. Kuprewicz. Because of Plaintiffs' purposeful delay and the upcoming holiday weekend, there is not enough time for a regularly noticed motion to compel the deposition of Mr. Kuprewicz to be heard before the opposition is due. *Ex parte* relief is warranted. Mr. Kuprewicz should be ordered to appear at his deposition, duly noticed for July 1, 2025. In the alternative, Real Parties' Motion to Compel Mr. Kuprewicz's Deposition currently set to be heard July 18, 2025 should be advanced to be heard by July 1, 2025 to allow time for Mr. Kuprewicz's deposition to take place during this shortened holiday week. In the alternative, if due to Plaintiffs' delay Mr. Kuprewicz's deposition cannot feasibly take place before July 7, 2025, his declaration should be stricken.

6. Pursuant to Rule 3.1202, subdivision (a) of the California Rules of Court, the contact information for known counsel in this matter is as follows:

Jeffrey D. Dintzer
jeffrey.dintzer@alston.com
Garrett B. Stanton
garrett.stanton@alston.com
 ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
(213) 576-1000

DJ Moore
djmoore@paulhastings.com
Benjamin J. Hanelin
benjaminhanelin@paulhastings.com
Natalie C. Rogers
natalierogers@paulhastings.com
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Century City, CA 90067
(310) 620-5700

Linda Krop
lkrop@environmentaldefensecenter.org
Jeremy M. Frankel
jfrankel@environmentaldefensecenter.org
Tara C. Rengifo
trengifo@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
(805) 963-1622, Ext. 100

Julie Teel Simmonds
jteelsimmonds@biologicaldiversity.org
David Pettit
dpettit@biologicaldiversity.org
Talia Nimmer
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
(510) 844-7100

Michael S. Dorsi
Michael.Dorsi@doj.ca.gov

5

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

California Attorney General's Office
455 Golden Gate Ave, Ste 11000
San Francisco, CA 94102
(415) 510-4400

7.     In accordance with California Rule of Court 3.1203, counsel for Real Parties provided notice of the nature of the relief to be requested and the date, time and place the Application will be made to counsel for Plaintiffs, Defendants, and Mr. Kuprewicz on June 27, 2025, by email at 6:45 a.m. Counsel for Plaintiffs intend to appear and oppose the application. Counsel for Defendants and counsel for Mr. Kuprewicz have not responded as to whether they intend to appear and oppose the application.

8.     No prior application has been made with respect to this matter.

This Application is made pursuant to California Rule of Court 3.1202 and is based on this Application and the accompanying Memorandum of Points and Authorities, the declaration of Jeffrey Dintzer filed concurrently herewith, and the Notice of Motion and Motion to Compel the Deposition of Richard B. Kuprewicz.

DATED:   June 27, 2025                    Respectfully submitted,

                                          **ALSTON & BIRD**
                                          JEFFREY D. DINTZER
                                          GARRETT B. STANTON

                                          **PAUL HASTINGS**
                                          DUNCAN JOSEPH MOORE

                                          _____
                                                Jeffrey D. Dintzer

                                          Attorneys for Real Parties in Interest
                                          **SABLE OFFSHORE CORP.**
                                          **PACIFIC PIPELINE COMPANY**

6

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Real Parties in Interest Sable Offshore Corp. ("Sable") and Pacific Pipeline Company ("PPC" and collectively "Real Parties") seek *ex parte* relief for: (1) an order requiring Plaintiffs' expert Mr. Kuprewicz to appear at deposition on July 1, 2025 or, (2) in the alternative an order shortening time for notice and advancing the hearing on Real Parties' Motion to Compel Mr. Kuprewicz to appear for deposition or, (3) if Mr. Kuprewicz's deposition cannot feasibly take place before Real Parties' opposition to the Preliminary Injunction is due, in the alternative an order striking the declaration of Mr. Kuprewicz submitted in support of Plaintiffs' Application for a TRO and Motion for Preliminary Injunction.

Plaintiffs submitted the declaration of Mr. Kuprewicz in support of their OSC re Preliminary Injunction, which is scheduled to be heard on July 18, 2025. Consistent with their fundamental due process right to cross-examine Mr. Kuprewicz, Real Parties immediately served a deposition subpoena on Mr. Kuprewicz. The parties, including Mr. Kuprewicz's attorney agreed to appear. Plaintiffs asked that the deposition be rescheduled one week later and the parties met and conferred about deposition logistics to accommodate Mr. Kuprewicz's health issues. Real Parties agreed to reschedule the deposition for July 1, 2025 and made arrangements for the deposition to be taken at a hotel next to Mr. Kuprewicz's residence. Mr. Kuprewicz's attorney agreed and accepted service of the amended deposition subpoena. But then Plaintiffs suddenly reneged on that agreement, stating that Mr. Kuprewicz would not appear for his deposition. Notably, Mr. Kuprewicz's own attorney has never objected or moved to quash the subpoena. Plaintiffs then waited until roughly two business days before Mr. Kuprewicz's deposition to file a motion to quash. In light of the shortened workweek due to the 4th of July holiday, Real Parties are now left with insufficient time to move to compel Mr. Kuprewicz's deposition. These actions are clearly intended to deprive Real Parties of their fundamental right to cross-examine and prepare their opposition to Plaintiffs' Preliminary Injunction. Plaintiffs' clear gamesmanship should not be tolerated and the witness should be ordered to appear at his deposition on the agreed upon date, time and location.

**A.** **Plaintiffs Filed the Declaration of Richard B. Kuprewicz in Support of Their Preliminary Injunction.**

On June 2, 2025, Plaintiffs filed an *ex parte* Application For Stay or Order to Show Cause and Temporary Restraining Order.  In support of their Application, Plaintiffs also filed the Declaration of Richard B. Kuprewicz, a purported pipeline safety expert, who opined that the pipelines cannot be safely operated and why the waivers will not ensure the integrity and safety of the pipelines or prevent another oil spill.  On June 3, 2025, the Court granted Plaintiffs' temporary restraining order and scheduled an Order to Show Cause why a preliminary injunction should not issue against Defendants and Real Parties prohibiting them from proceeding with the restart and operation of the Las Flores Pipeline System on July 18, 2025.  Real Parties' opposition to the Preliminary Injunction is currently due on July 7, 2025.

**B.** **Real Parties Personally Served Mr. Kuprewicz With a Deposition Subpoena for Personal Appearance and Mr. Kuprewicz Agreed to Appear.**

On June 5, 2025, Real Parties personally served a Deposition Subpoena for Personal Appearance and Production of Documents on Mr. Kuprewicz for June 24, 2025 and paid witness fees of $41.00. [*See* Declaration of Jeffrey Dintzer ("Dintzer Decl."), ¶ 1.]  On June 10, 2025, counsel for Center for Biological Diversity agreed that Mr. Kuprewicz would appear for deposition but asked that the deposition be rescheduled to a later date, taken remotely, and split into two sessions due to Mr. Kuprewicz's health issues.  [*Id*., ¶ 2.]  The parties conferred about deposition logistics and Real Parties worked in good faith to provide accommodations for Mr. Kuprewicz's stated health issues. [*Id*., ¶ 2.]  On June 12, 2025, all parties (including Mr. Kuprewicz's personal counsel) agreed to a July 1, 2025 deposition date, time, and location close to Mr. Kuprewicz.  [*Id*., ¶ 3.]  On June 20, 2025, Real Parties timely served an Amended Deposition Subpoena for Personal Appearance and Production of Documents on Mr. Kuprewicz for July 1, 2025 on Mr. Kuprewicz's counsel, who agreed to accept service of the subpoena.  [*Id*., ¶ 3.]

**C.** **Nearly Two Weeks After Agreeing to Appear For Deposition, Plaintiffs Suddenly Refuse to Produce Mr. Kuprewicz for Deposition.**

On June 23, 2025, nearly two weeks after agreeing to appear for deposition and after accepting

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

service of the Amended Deposition Subpoena for July 1, 2025, counsel for Environmental Defense Center emailed Real Parties for the first time stating that "[a]fter further consideration," they would not produce Mr. Kuprewicz for deposition – without any valid basis for their newfound position. [Dintzer Decl., ¶ 4.] Real Parties explained that during the meet and confer process in which all parties agreed to a date, time, and location for Mr. Kuprewicz's deposition, neither Plaintiffs, nor Mr. Kuprewicz ever objected to appearing for deposition. [*Id.*, ¶ 4.] Moreover, Real Parties explained why they are entitled to cross-examine witnesses in support of a Preliminary Injunction and that if Mr. Kuprewicz refused to appear, they would seek monetary sanctions. [*Id.*, ¶ 4.] On June 24, 2025, counsel for Environmental Defense Center confirmed Mr. Kuprewicz would not appear and served formal objections to the deposition. [*Id.*, ¶ 4.] On the evening of June 26, 2025, roughly two business days before Mr. Kuprewicz's deposition (and over two weeks after agreeing Mr. Kuprewicz would sit for deposition), Plaintiffs filed a motion to quash the subpoena. The timing of these motions will preclude Plaintiffs from taking Mr. Kuprewicz's deposition in time to use his testimony in opposition to the pending Motion for Preliminary Injunction. Notably, Mr. Kuprewicz's own counsel has never objected or filed a motion to quash the subpoena.

## II.   THE COURT IS AUTHORIZED TO SHORTEN TIME FOR NOTICE AND HEARING OF THE PROPOSED MOTION

Code Civ. Proc. § 1005(b) provides that "[t]he court, or a judge may prescribe a shorter time" than otherwise prescribed in § 1005 for written notice of a motion. California Rules of Court, rule 3.1300(b) states that the court "on application for an order shortening time supported by a declaration showing good cause, may prescribe shorter times for the filing and service of papers than the times specified in Code of Civil Procedure section 1005."

## III.   *EX PARTE* RELIEF IS WARRANTED

As stated in the *ex parte* application and the Declaration of Jeffrey Dintzer, good cause exists to order Mr. Kuprewicz to appear at his deposition on July 1, 2025 because Real Parties will be irreparably harmed if the Court does not grant the relief they seek. Due to Plaintiffs' intentional delay, Plaintiffs

have left insufficient time to brief and hear the Motion to Compel *and* take Mr. Kuprewicz's deposition during this shortened holiday week before Real Parties' opposition is due on Monday July 7.

Without the opportunity to cross-examine Mr. Kuprewicz, Real Parties are denied their due process right to cross-examine. Real Parties served a valid Deposition Subpoena on Mr. Kuprewicz. Mr. Kuprewicz's own attorney accepted service of the subpoena and has never objected or moved to quash it. Plaintiffs also agreed that Mr. Kuprewicz would appear for deposition. At Plaintiffs' request, Real Parties agreed to reschedule the deposition to a later date and move the location closer to his home to accommodate his health issues. During these meet and confer efforts, Plaintiffs never objected to the deposition going forward; to the contrary, they insisted that certain conditions be put in place to address Mr. Kuprewicz's deposition. Those conditions were fully vetted and addressed to the satisfaction of Plaintiffs and Mr. Kuprewicz's counsel during a video teleconference on June 12, 2025. Had Plaintiffs objected earlier, Real Parties would have been afforded an opportunity to move to compel Mr. Kuprewicz's deposition. Instead, Plaintiffs waited until weeks later (and only a few days before his deposition) to notify Real Parties that they intended to object to the taking of Mr. Kuprewicz's deposition and only filed their motions to quash his deposition subpoena. Plaintiffs have offered no valid legal basis for refusing to allow this deposition to proceed.

Given Real Parties' upcoming July 7, 2025 opposition deadline, if the requested relief is not provided, Real Parties will be denied their right to cross-examine evidence submitted in support of Plaintiffs' Preliminary Injunction. Additionally, it would be extremely prejudicial to further extend the briefing and hearing schedule for the Preliminary Injunction while a TRO remains in place. For these reasons, the Court should grant the requested relief and order Mr. Kuprewicz to appear for his deposition on July 1, 2025. In the alternative, Real Parties request an order shortening time for notice and advancing the hearing date on Real Parties' Motion to Compel Mr. Kuprewicz's Deposition to later today, and use Plaintiffs' motions for to quash as their oppositions to the motion to compel.

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

## IV.    MR. KUPREWICZ SHOULD BE COMPELLED TO APPEAR FOR DEPOSITION OR THE DELCARATION SHOULD BE STRICKEN

First, it is black-letter law in California that personal service of a deposition subpoena is effective to require any deponent who is a resident of California at the time of service to personally appear at deposition and give testimony. Cal. Code Civ. Proc. § 2020.220(c)(1). Where a non-party fails to appear for deposition after being served with a subpoena demanding his testimony, the Court may compel his attendance at deposition and impose sanctions. (*See* Cal. Code Civ. Proc. §§ 1987.1, 1987.2, and 2025.450; *Terry v. SLICO* (2009) 175 Cal.App.4th 352, 355 [affirming trial court's order compelling deposition and sanctioning non-party witness who failed to appear at deposition or properly object to subpoena]). Here, neither Plaintiffs nor Mr. Kuprewicz dispute that Real Parties properly served a valid deposition subpoena on Mr. Kuprewicz or that Mr. Kuprewicz is a resident of California.

Next, the California Code of Civil Procedure states that "a party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action . . . Discovery may relate to the claim or defense of the party seeking discovery . . . ." (Code Civ. Proc. § 2017.010.) California courts have construed the discovery statutes broadly in favor of permitting discovery, so as to uphold the right to discovery whenever possible. (*Lipton v. Super. Ct.* (1996) 48 Cal.App.4th 1599, 1612; *Greyhound Corp. v. Super. Ct.* (1961) 56 Cal.2d 355, 377-78; *Emerson Elec. Co. v. Super. Ct.* (1997) 16 Cal.4th 1101, 1108.)

Finally, parties are entitled to cross-examine witnesses who submit testimony in support of a preliminary injunction. (*See In re Crystal J.* (1993) 12 Cal.App.4th 407, 413 ["A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses."]; 5 California Trial Guide § 100.20 [discussing depositions are appropriate for use in pretrial proceedings "such as a motion for a preliminary injunction"]; *Fleishman v. Superior Court* (2002) 102 Cal.App.4th 350, 356 ["Before issuing a preliminary injunction, the trial court must 'carefully weigh the evidence and decide whether the facts require . . . such relief. The court evaluates the credibility of witnesses and makes factual findings on disputed evidence."]; *see also St. Mary Med. Ctr. v. Sup.Ct.* (1996) 50 Cal.App.4th 1531, 1539 [holding § 2034.010 et seq. procedure for deposing expert witnesses does not bar earlier

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

depositions of experts whose opinions are filed in support of or in opposition to a motion for summary judgment or summary adjudication].)  The "confrontation of witnesses against him in noncriminal proceedings is a part of procedural due process guaranteed by the Fifth Amendment and the Fourteenth Amendment to the federal Constitution." (*August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 60 [finding hearing met requirements of due process where sworn statement was considered but there was no subsequent request to cross-examine the declarant]; *see also* Cal. Const. Art. I. § 7.)  In fact, "[b]ecause it relates to the fundamental fairness of the proceedings, cross-examination is said to represent an 'absolute right,' not merely a privilege," (*Fost v. Marin County Superior Court* (2000) 80 Cal.App.4th 724, 733 [noting the rule applies in "either a criminal or a civil case" and if "a witness refuses to submit to cross-examination, or is unavailable for that purpose, the conventional remedy is to exclude the witness's testimony"].)  Further, "[t]he lack of an opportunity to cross-examine the declarant deprives the opposing party of important evidence concerning the credibility of the declarant and the reliability of testimony in the declaration." (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 841-842 [relying on *Fost* and holding it was error for trial court to rely on declaration on motion for preliminary relief in family law case where declarant was not made available for cross-examination or live testimony].)

Because Real Parties have a fundamental right to cross-examine Mr. Kuprewicz.  Therefore, either he must appear for deposition or his declaration must be stricken.

## V.    PLAINTIFFS' ARGUMENTS HAVE NO MERIT

On the evening of June 26, 2025, Plaintiffs served a motion to quash the deposition subpoena outlining their position opposing Mr. Kupewicz's deposition.  Plaintiffs argue that Mr. Kuprewicz may not be deposed until he is designated as an expert pursuant to Code of Civil Procedure section 2034.210. But this argument misses the mark.  Mr. Kuprewicz's deposition is not expert discovery – it is Real Parties exercising their due process right to cross-examine testimony submitted in support of a preliminary injunction that if ordered will have significant financial consequences to Real Parties.  (*St. Mary Med. Ctr. v. Sup.Ct.* (1996) 50 Cal.App.4th 1531, 1539 [holding § 2034.010 et seq. procedure for deposing expert witnesses does not bar earlier depositions of experts whose opinions are filed in support

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

of or in opposition to a motion for summary judgment or summary adjudication]; *see also* Steve Rusch Declaration, ¶¶ 13-22 filed in opposition to the Ex-Parte Application for TRO.)  Plaintiffs' argument about expert discovery is inapplicable, nonsensical, and should be disregarded.  If Plaintiffs were to have it their way, they would be able to submit any evidence in support of their Preliminary Injunction without providing Real Parties any ability to challenge that evidence.  Not surprisingly, Plaintiffs fail to provide any applicable legal support for this position.

As explained above, parties have a fundamental right to cross-examine witnesses who submit statements in support of a preliminary injunction and Plaintiffs have not provided any support to the contrary.  There is simply no basis in law to refuse to produce Mr. Kuprewicz for deposition.

## VI.    CONCLUSION

Based on the foregoing facts and authorities, good cause exists for an *ex parte* order requiring Mr. Kuprewicz to appear at his deposition on July 1, 2025.  In the alternative, good cause exists to advance the hearing on Real Parties' Motion to Compel Mr. Kuprewicz to appear for deposition.  If none of the above relief is granted, in the alternative, Real Parties seek an order striking Plaintiffs' Declaration of Richard B. Kuprewicz submitted in support of Petitioners' Preliminary Injunction.

DATED:   June 27, 2025                    Respectfully submitted,

**ALSTON & BIRD**
JEFFREY D. DINTZER
GARRETT B. STANTON

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE

_____
Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION; OR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ

**PROOF OF SERVICE**

I, Josie Cisneros, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 27, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2025, at Los Angeles, California.

/s/*Josie Cisneros*
_____
Josie Cisneros

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
           dpettit@biologicaldiversity.org
           tnimmer@biologicaldiversity.org

Linda Krop, Esq.
Jeremy M. Frankel, Esq.
Tara C. Regnifo, Esq.
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

**ATTORNEYS FOR PETITIONERS**
ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: lkrop@environmentaldefensecenter.org
           jfrankel@environmentaldefensecenter.org
           trengifo@environmentaldefensecenter.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
           benjaminhanelin@paulhastings.com
           natalierogers@paulhastings.com

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/20/2025 12:58 PM
By: Terri Chavez , Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA BARBARA

CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,

Petitioners and Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,

Respondents and Defendants,

and

SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation,

Real Parties in Interest.

Case No. 25CV02244
Coordinated with Case No. 25CV02247

Assigned for all purposes to:
Hon. Donna D. Geck

**DECLARATION OF JEFFREY DINTZER IN SUPPORT OF REAL PARTIES' EX PARTE APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, FOR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ**

[Filed concurrently with Ex Parte Application, and [Proposed] Order]

Date:        June 30, 2025
Time:        8:30 a.m.
Dept:        4

1

DECLARATION OF JEFFREY DINTZER IN SUPPORT OF EX PARTE APPLICATION

Complaint Filed:     April 15, 2025
Trial Date:          None set

DECLARATION OF JEFFREY DINTZER IN SUPPORT OF EX PARTE APPLICATION

**<u>DECLARATION OF JEFFREY DINTZER</u>**

I, Jeffrey Dintzer, declare as follows:

1.      I am an attorney at law at the law firm Alston & Bird LLP, counsel for Real Parties in Interest Sable Offshore Corp and Pacific Pipeline Company ("Real Parties").  I make this declaration in support of Real Parties' Ex Parte Application for an Order Requiring Mr. Kuprewicz to Appear at Deposition or, in the Alternative, for an Order Shortening Time to Hear Motion to Compel Deposition and Request for Sanctions or, in the Alternative, to Strike the Declaration of Mr. Kuprewicz.  I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would competently testify to them.

1.      On June 5, 2025 at 7:00 a.m., Real Parties personally served Mr. Richard B. Kuprewicz with a Deposition Subpoena for Personal Appearance and Production of Documents and Things for June 24, 2025 at 9:00 a.m. at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405.  At the time that Real Parties served Mr. Kuprewicz, his witness fees in the amount of $41.00 were also paid.  A true and correct copy of the Deposition Subpoena for Personal Appearance and proof of service is attached hereto as **<u>Exhibit A</u>**.

2.      On June 10, 2025, counsel for Center for Biological Diversity agreed that Mr. Kuprewicz would appear for deposition but asked that the deposition be rescheduled for a date during the week of June 30 through July 3, 2025.  Counsel also requested that the deposition be taken remotely and split between two days due to certain health issues.  On the same day, Real Parties agreed to reschedule the deposition to July 1, 2025.  Between June 10 and June 11, the parties exchanged several emails related to deposition logistics.  A true and correct copy of the email chain between the parties from June 5, 2025 through June 11, 2025 is attached hereto as **<u>Exhibit B</u>**.

3.      On June 12, 2025, I participated in a telephone call with Plaintiffs' counsel and the parties agreed that Mr. Kuprewicz would appear for deposition on July 1, 2025 at 9:00 a.m. at a Courtyard hotel located at 1605 Calle Joaquin, San Luis Obispo, CA 93405, which is a short distance from Mr. Kuprewicz's residence.  Mr. Kuprewicz's personal counsel, Mr. Tom Stolpman, who was on the telephone call, agreed to accept service of the amended deposition subpoena.  It was also agreed that the deposition would be in person at the Courtyard hotel and that we would take sufficient breaks to

DECLARATION OF JEFFREY DINTZER IN SUPPORT OF EX PARTE APPLICATION

accommodate Mr. Kuprewicz's specified health concerns, but conclude the deposition on that day. On June 20, 2025, Real Parties served Mr. Stolpman with an Amended Deposition Subpoena for Personal Appearance and Production of Documents and Things for July 1, 2025 at 9:00 a.m. at the agreed upon location. A true and correct copy of the Amended Deposition Subpoena for Personal Appearance and proof of service is attached hereto as **Exhibit C**.

4. On June 23, 2025, counsel for Environmental Defense Center emailed Real Parties for the first time stating that "[a]fter further consideration," they would not produce Mr. Kuprewicz for deposition. We exchanged additional emails on June 23 and June 24, 2025, in which I noted that the parties already reached an agreement that the deposition would proceed on July 1, and that if Mr. Kuprewicz refused to appear, Real Parties would seek monetary sanctions. On June 24, 2025, counsel for Environmental Defense Center served formal objections to the deposition. A true and correct copy of the email chain between the parties from June 23, 2025 through June 24, 2025 is attached hereto as **Exhibit D**.

5. Mr. Kuprewicz's attorney, Mr. Stolpman has never objected or moved to quash the deposition subpoena.

6. Real Parties need to take Mr. Kuprewicz's deposition to, among other things, ascertain the scope and limitations of the opinions set forth in his declaration filed in support of the pending Motion for Preliminary Injunction and to test the veracity of his conclusions that the repairs to the existing pipeline are insufficient to warrant the State Fire Marshal from issuing a Plan Approval to restart the pipeline.

7. On June 27, 2025 at approximately 6:45 a.m., my office gave notice of the *ex parte* application to counsel for Plaintiffs, Defendants, and Mr. Kuprewicz via email including the relief sought. Counsel for Plaintiffs responded that they intend to appear and oppose the application. Counsel for Defendants and Mr. Kuprewicz did not respond as to whether they intend to appear and oppose the application. A true and correct copy of the email correspondence giving notice of the *ex parte* application, dated June 27, 2025, is attached hereto as **Exhibit E**.

DECLARATION OF JEFFREY DINTZER IN SUPPORT OF EX PARTE APPLICATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of June 2025, at Los Angeles, California.


_____
                    Jeffrey Dintzer

DECLARATION OF JEFFREY DINTZER IN SUPPORT OF EX PARTE APPLICATION

# EXHIBIT A

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
MATTHEW C. WICKERSHAM, SBN 241733
matt.wickersham@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN (SBN 237595)
benjaminhanelin@paulhastings.com
NATALIE C. Rogers (SBN 301254)
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:    (310) 620-5879
Facsimile:    (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>Respondents/Defendants,<br><br>SABLE OFFSHORE CORP., a Delaware Corporation; PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>Real Parties in Interest. | Case No.<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ**<br><br>**Date**:  June 24, 2025<br>**Time**:  9:00 a.m.<br>**Place**:  1605 Calle Joaquin, San Luis Obispo, California 93405<br><br>Complaint Filed:    April 15, 2025<br>Trial Date:          None set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company ("Real Parties") have issued and served the Deposition Subpoena for Personal Appearance and Production of Documents and Things to Richard B. Kuprewicz (the "Deponent"), attached hereto as **Exhibit 1** (the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that the deposition of Deponent will take place on **June 24, 2025** at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. The deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, California 90017. The deposition will be taken before an officer authorized to administer the oath to the deponent and will be recorded by stenographic means by a court reporter certified to record depositions and authorized to administer the oath and serve as the deposition officer in the State of California.

Real Parties intend to (1) record the deposition utilizing audio and video technology; (2) use instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time; (3) use Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that, in lieu of a paper set, exhibits may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise of those who intend to appear via this remote participating means so that the necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the deposition.

///

///

///

DATED: June 5, 2025                    Respectfully submitted,

                                       **ALSTON & BIRD**
                                       JEFFREY D. DINTZER
                                       GARRETT B. STANTON

                                       **PAUL HASTINGS**
                                       DUNCAN JOSEPH MOORE

                                       _____
                                            Jeffrey D. Dintzer

                                       Attorneys for Real Parties in Interest
                                       **SABLE OFFSHORE CORP.**
                                       **PACIFIC PIPELINE COMPANY**

3

REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND
DEPOSITION OF RICHARD B. KUPREWICZ

# EXHIBIT 1

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey D. Dintzer (Cal. Bar No. 139056); Matthew C. Wickersham (Cal. Bar No. 241733); Garrett B. Stanton (Cal. Bar No. 324775) ALSTON & BIRD LLP 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071 TELEPHONE NO.: (213) 576-1000      FAX NO. *(Optional):* (213) 576-1100 E-MAIL ADDRESS *(Optional):* jeffrey.dintzer@alston.com; matt.wickersham@alston.com; garrett.stanton@alston.com ATTORNEY FOR *(Name):* Real Parties in Interest | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
 STREET ADDRESS: 1100 Anacapa Street
 MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
 BRANCH NAME:

PLAINTIFF/ PETITIONER: Center for Biological Diversity and Wishtoyo Foundation

DEFENDANT/ RESPONDENT: California Department of Forestry and Fire Protection, et al.

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>25CV02244 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
Richard B. Kuprewicz, 1783 Trilogy Pkwy, Nipomo, CA 93444-6621

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| Date: June 24, 2025 | Time: 9:00 a.m. | Address: Marriott, 1605 Calle Joaquin, San Luis Obispo, CA 93405 |
|---|---|---|

   a. ☐  As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

   b. ☒  You are ordered to produce the documents and things described in item 3.

   c. ☒  This deposition will be recorded stenographically  ☐  through the instant visual display of testimony and by  ☐  audiotape  ☒  videotape.

   d. ☒  This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
   See Attachment 3
   ☒  Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐  Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: June 4, 2025

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Jeffrey D. Dintzer
_____
(TYPE OR PRINT NAME)

Attorney for Real Parties in Interest
_____
(TITLE)

(Proof of service on reverse)                                      **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-020 [Rev. January 1, 2009] | **DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | Code of Civil Procedure §§ 2020.510,<br>2025.220, 2025.230, 2025.250, 2025.620;<br>Government Code, § 68097.1<br>*www.courts.ca.gov* |
|---|---|---|

SUBP-020

| | |
|---|---|
| PLAINTIFF/PETITIONER: Center for Biological Diversity and Wishtoyo Foundation <br><br> DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection, et al. | CASE NUMBER: <br> 25CV02244 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*: Richard B. Kuprewicz

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

   (1) ☐ were paid. Amount: ....................$ _____

   (2) ☐ were not paid.

   (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*:................$ _____

   f. Fee for service: ..........................................$ _____

2. I received this subpoena for service on *(date):*

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

| | |
|---|---|
| **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | **(For California sheriff or marshal use only)** <br> **I certify** that the foregoing is true and correct. |
| Date: | Date: |
| ▶ | ▶ |
| _____ <br> (SIGNATURE) | _____ <br> (SIGNATURE) |

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

**ATTACHMENT 3**

## DEFINITIONS

1.      "YOU" and "YOUR" mean to Richard B. Kuprewicz, his agents, attorneys, and other representatives acting on his behalf.

2.      "SABLE" shall mean Sable Offshore Corp.

3.      "PPC" shall mean Pacific Pipeline Company.

4.      "PETITIONERS" shall mean Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Santa Barbara Channelkeeper, Center for Biological Diversity, and Wishtoyo Foundation, as well as their agents, attorneys, and other representatives acting on their behalf

5.      "ACTION" shall mean the civil lawsuits filed by PETITIONERS entitled *Center for Biological Diversity et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02244, and the coordinated action entitled *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02247.

6.      "SYU PIPELINE" shall refer to the Santa Ynez Unit Pipelines located in waters offshore California.

7.      "LAS FLORES PIPELINE" shall refer to the Las Flores Pipelines located in waters offshore California.

8.       "DOCUMENTS" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize

oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English. DOCUMENTS does not include DOCUMENTS protected by the attorney-client and/or work product privileges.

9.     "COMMUNICATION" means any attempt by one or more persons or entities to communicate, including but not limited to written communications, including memoranda, letters, notes, telegrams, telexes and any other documents; oral communications including face-to-face meetings and telephone conversations; and, electronic or computerized communications, including emails (electronic mailings), Internet postings, word processing systems, magnetic tapes, disks and diskettes.

10.    "RELATE TO" or "RELATING TO" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## **INSTRUCTIONS**

1.      Produce all DOCUMENTS in your possession, custody, or control, as well as all DOCUMENTS in the possession, custody, or control of your agents, representatives, attorneys, investigators, consultants, independent contractors, or experts at least one (1) week before the deposition date reflected in the Subpoena. (As used herein, the term "DOCUMENT" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, computer files, e-mails, financial statements, and reports, calculations, diaries, appointment calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which you have knowledge, whether or not such documents are in YOUR possession, custody or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "DOCUMENTS" also means identical copies of original documents and copies of non-identical copies.)

2.      Produce each and every copy where such copy contains any commentary or notation that does not appear on the original. ESI should be produced in its Native Format, meaning the form that it is ordinarily maintained on your systems, including any metadata associated therewith. (As used herein, the term "ESI" means electronically stored information as defined in California Code of Civil Procedure section 2016.020(e), and shall include, but is not limited to, e-mails and text messages.) Should you choose to produce electronic images of paper DOCUMENTS instead of paper copies, you must product them in single-page TIFF FORMAT imaged at not less than 300 dpi resolution that shows all text and images that would be visible to

a user of the paper DOCUMENT. Color DOCUMENTS must be produced in color TIFF images. Each image should have a unique filename. If a paper DOCUMENT is more than one page, the unitization of the paper DOCUMENT and any attachments or affixed notes shall be maintained as it existed when collected, including, for example, emails or letters with their attachments.

3.      Produce all drafts, as well as the final version, of all responsive DOCUMENTS.

4.      Produce, where possible, originals of the DOCUMENTS requested, whether signed or unsigned, for inspection and copying.

5.      For each DOCUMENT requested which is sought to be withheld under a claim of privilege, provide the following information:

a.      The number of the request to which the DOCUMENT is responsive;

b.      A statement of the basis upon which the privilege is claimed and whether or not the subject matter of the contents of the DOCUMENT is limited to legal advice or information provided for the purpose of securing legal advice;

c.      The name and title of the sender and the name and title of the recipient of the DOCUMENT, if applicable;

d.      The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

e.      The name of each person or persons participating in the preparation of the DOCUMENT; and

f.      The name and title, if any, of each person to whom the contents of the DOCUMENT has been communicated by copy, exhibition, reading or substantial summarization.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 4**:

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**REQUEST FOR PRODUCTION NO. 5**:

YOUR COMMUNICATIONS discussing SABLE.

**REQUEST FOR PRODUCTION NO. 6**:

YOUR COMMUNICATIONS discussing PPC.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**REQUEST FOR PRODUCTION NO. 9**:

All contracts and agreements YOU have with PETITIONERS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 11**:

All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 12**:

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 13**:

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 14**:

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

**ALSTON & BIRD LLP**           **(213) 576-1000**

Jeffrey D. Dintzer (Cal. Bar 139056); Matthew C. Wickersham (Cal. Bar No 241733);
Garrett B. Stanton (Cal. Bar No. 327775)
**350 South Grand Avenue, Suite 5100 , Los Angeles, CA 90071**
ATTORNEY FOR *(Name):* **Real Parties in Interest**

| | |
|---|---|
| **SUPERIOR COURT OF THE STATE OF CALIFORNIA** **COUNTY OF SANTA BARBARA - ANACAPA DIVISON** | |
| PLAINTIFF/PETITIONER:    **Center for Biological Diversity and Wishtoyo Foundation** DEFENDANT/RESPONDENT: **California Department of Forestry and Fire Protection, et al.** | |

| **PROOF OF SERVICE** | HEARING DATE: **June 24, 2025** | TIME: **9:00 AM** | CASE NUMBER: **25CV02244** |
|---|---|---|---|

1.    At the time of service I was 18 years of age and not a party to this action, and   **I served copies**  of the *(specify document(s)):*

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

2.    a. Party Served:        **Richard B. Kuprewicz**

b. Person Served:        **Same as party in item 2a.**

c. Address:            **1783 Trilogy Parkway**
                **Nipomo, CA 934446621**

3.    I served the party in item 2

a. **By personally delivering the copies.**

(1) on *(date):*        **6/5/2025**
(2) at *(time):*        **7:00 AM**

4.    **Witness fees were not demanded and were not paid.**

5.    Person Serving *(name, address, and telephone No.):*

**Joseph P. Stetz III**                f. **Fee** for service: $
Ace Attorney Service, Inc.            c. Registered California Process Server.
800 S. Figueroa Street, Suite 900        (1) Employee or independent contractor.
Los Angeles, CA 90017            (2) Registration No.: **270**
(213) 623-3979                (3) County : **SANTA BARBARA**

6.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:  **June 5, 2025**

*(signature)*

SUBP-020 [Rev. January 1,2009]                            Order#: 2455263/POS2

**PROOF OF SERVICE**

**PROOF OF SERVICE**

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 5, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☒   (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by UPS for overnight delivery.

☒   BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2025, at Los Angeles, California.

_____
Heather Thai
Heather Thai

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:   (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
        dpettit@biologicaldiversity.org
        tnimmer@biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/
DEFENDANTS**
California Department of Forestry and Fire
Protection, Office of the State Fire Marshal;
Daniel Berlant, in his official capacity as State
Fire Marshal

Tel.:   (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN
INTEREST**
Sable Offshore Corp.; Pacific Pipeline
Company

Tel.:   (310) 620-5879
Email: djmoore@paulhastings.com
        benjaminhanelin@paulhastings.com
        natalierogers@paulhastings.com

# EXHIBIT B

| | |
|---|---|
| **From:** | Dintzer, Jeffrey |
| **Sent:** | Thursday, June 12, 2025 4:42 PM |
| **To:** | Jeremy Frankel; Stanton, Garrett |
| **Cc:** | djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt; Talia Nimmer; Thai, Heather; Julie Teel Simmonds; David Pettit; Michael.dorsi@doj.ca.gov; Linda Krop; Tara Rengifo; Bolender, Brooke; Niz, Kim; tom@stolpmanlawgroup.com |
| **Subject:** | Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247) |

Ok

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Thursday, June 12, 2025 1:40:10 PM
**To:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
**Cc:** djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>
**Subject:** RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

**EXTERNAL SENDER – Proceed with caution**

How does 3 pm sound?

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to

1

elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

-----Original Message-----
From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
Sent: Thursday, June 12, 2025 1:38 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com
Subject: Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Yes, that will work. Please send a teams or zoom link. Jeffrey.

_____
From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
Sent: Thursday, June 12, 2025 1:28:19 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution
_____

2

Hi Jeffrey,

Are you available for a phone call this afternoon with myself and Tom Stolpman, cc'ed here, who will be serving as counsel for Mr. Kuprewicz? Any time before 4:30 would work for us.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
Sent: Wednesday, June 11, 2025 5:07 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Thank you, I look forward to hearing from him/her tomorrow. Regards, Jeffrey.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 5:05 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

4

EXTERNAL SENDER - Proceed with caution

_____

We are working on obtaining outside counsel for Mr. Kuprewicz, which should be resolved some time tomorrow. Counsel for Mr. Kuprewicz will follow up with you about appropriate accommodations.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original

message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>
Sent: Wednesday, June 11, 2025 3:53 PM
To: Jeremy Frankel
<jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>;
Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>;
benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>;
natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt
<Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer
<tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather
<Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds
<jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit
<dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>;
Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop
<lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara
Rengifo
<trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>;
Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim
<Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No.
25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No.
25CV02247)

Mr. Frankel you have not answered my question, which is very simple, can Mr. Kuperwicz travel the short distance to a local hotel to attend the deposition? You will have to answer this question if you intend to seek a protective order. Please advise. If he is truly housebound then we can discuss other accommodations, but a remote deposition is not one of them. Finally, please advise whether your offices are representing Mr. Kuperwicz as his personal counsel in this matter. Regards, Jeffrey Dintzer.

From: Jeremy Frankel
<jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 3:43 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Stanton, Garrett
<Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>;
benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>;
natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt
<Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer
<tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather
<Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds

6

<jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>

Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)


EXTERNAL SENDER - Proceed with caution

_____


Hi Jeffrey,


It is my understanding that Mr. Kuprewicz is unable to travel. But he is able to participate remotely, so long as the sessions are limited to half-days.


Again, if you are not willing to make reasonable accommodations for Mr. Kuprewicz's health issues, we will seek appropriate relief.


Thanks,


[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>
Sent: Wednesday, June 11, 2025 3:09 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Mr. Frankel, we have agreed to move the deposition date and are going to travel to a location near Mr. Kuprewicz's home. We are prepared to take reasonable breaks to accommodate the witness so that he can rest between questioning sessions. We are not willing to conduct the deposition remotely. Is it your representation that he cannot leave his home and come to a local hotel and give live testimony? Please advise. Regards, Jeffrey Dintzer.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 2:53 PM
To: Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____

Hi Garrett,

Mr. Kuprewicz is experiencing severe health issues that, among other things, prevent him from traveling. If you want to proceed with his deposition, it will have to be conducted remotely, and it will have to be

split up between two, 3.5 hour sessions. Otherwise, we will be forced to seek a protective order and stay the deposition until the court can hear the issue.

We see these as very reasonable requests, and I'm sure the court would as well.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.environmentaldefensecenter.org>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Sent: Tuesday, June 10, 2025 5:36 PM
To: Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Hi Talia,

We are agreeable rescheduling the deposition for July 1st to accommodate calendar conflicts. While the Code allows for remote depositions by agreement, the rules also permit "any party or attorney of record" to be "physically present at the deposition at the location of the deponent," as long as requisite notice is given. (Cal. Rules of Court, rule 3.1010(a)(3).)

As such, the deposition will be noticed to go forward in-person, and will need to take place in a single, 7-hour session as allowed by the Code since the deposition will require us to undertake substantial travel. We, of course, are agreeable to taking more frequent breaks during the deposition to accommodate the witness.

Thanks,

Garrett B. Stanton

Senior Associate

ALSTON & BIRD

350 South Grand Avenue, 51st Floor

Los Angeles, CA 90071

garrett.stanton@alston.com<mailto:garrett.stanton@alston.com> | t: 213.576.1151


From: Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>
Sent: Tuesday, June 10, 2025 4:54 PM
To: Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>; jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>; trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)


EXTERNAL SENDER - Proceed with caution

_____


Counsel,


Given scheduling conflicts, we would like to request that the deposition be rescheduled for the following

12

week (June 30-July 3). Additionally, because the witness is currently experiencing health issues, we would like to further request that the deposition take place remotely and that should the deposition run more than 3.5 hours, it be split into two morning sessions.

Please advise whether this is amenable. Thank you for your anticipated cooperation.

Talia Nimmer (she/her)

Staff Attorney

Climate Law Institute

Center for Biological Diversity

(213) 341-1426

[cbd.circle.tag.rgb]

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

_____

From: Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>
Sent: Thursday, June 5, 2025 12:32 PM
To: Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov> <Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>>; lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org> <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org> <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>

13

<trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>
<djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>>;
benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>
<benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>>;
natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>
<natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>>; Dintzer, Jeffrey
<Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt
<Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Stanton, Garrett
<Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>; Bolender, Brooke
<Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim
<Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: Center for Biological Diversity v. California Department of Forestry, et al. (Case No.
25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No.
25CV02247)

Electronically Served:

Dear Counsel:

Please see the attached documents listed documents:

Center for Biological Diversity v. California Department of Forestry, et al.

· Real Parties in Interest's Notice of Issuance of Subpoena to and Deposition of Richard B. Kuprewicz

Environmental Defense Center v. California Department of Forestry, et al.

· Real Parties in Interest's Notice of Issuance of Subpoena to and Deposition of Richard B. Kuprewicz

Thank you,

Heather L. Thai
ABassist Specialist
ALSTON & BIRD
350 South Grand Avenue

51st Floor
Los Angeles, CA 90071
+1 213 576 1017 (O)
Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>

_____

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# EXHIBIT C

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN (SBN 237595)
benjaminhanelin@paulhastings.com
NATALIE C. Rogers (SBN 301254)
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:    (310) 620-5879
Facsimile:    (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>     Petitioners/Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>     Respondents/Defendants,<br>_____<br>SABLE OFFSHORE CORP., a Delaware Corporation; PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>     Real Parties in Interest. | Case No. 25CV02244<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**REAL PARTIES IN INTEREST'S AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ**<br><br>**Date**: July 1, 2025<br>**Time**: 9:00 a.m.<br>**Place**: 1605 Calle Joaquin, San Luis Obispo, California 93405<br><br><br>Complaint Filed: April 15, 2025<br>Trial Date:   None set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Real Parties in Interest Sable Offshore Cop. and Pacific Pipeline Company ("Real Parties") have issued and served the Amended Deposition Subpoena for Personal Appearance and Production of Documents and Things to Richard B. Kuprewicz (the "Deponent"), attached hereto as **Exhibit 1** (the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that the deposition of Deponent will take place on **July 1, 2025** at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. The deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, California 90017. The deposition will be taken before an officer authorized to administer the oath to the deponent and will be recorded by stenographic means by a court reporter certified to record depositions and authorized to administer the oath and serve as the deposition officer in the State of California.

Real Parties intend to (1) record the deposition utilizing audio and video technology; (2) use instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time; (3) use Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that, in lieu of a paper set, exhibits may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise of those who intend to appear via this remote participating means so that the necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the deposition.

/ / /

/ / /

/ / /

DATED: June 20, 2025                    Respectfully submitted,

                                        **ALSTON & BIRD**
                                        JEFFREY D. DINTZER
                                        GARRETT B. STANTON

                                        **PAUL HASTINGS**
                                        DUNCAN JOSEPH MOORE

                                        _____
                                                Jeffrey D. Dintzer

                                        Attorneys for Real Parties in Interest
                                        **SABLE OFFSHORE CORP.**
                                        **PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST'S NOTICE OF
DEPOSITION OF RICHARD B. KUPREWICZ

# Exhibit 1

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Jeffrey D. Dintzer (SBN 139056); Garrett B. Stanton (SBN 324775) ALSTON & BIRD LLP 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071 TELEPHONE NO.: (213) 576-1000    FAX NO. *(Optional):* (213) 576-1100 E-MAIL ADDRESS *(Optional):* jeffrey.dintzer@alston.com; garrett.stanton@alston.com ATTORNEY FOR *(Name):* Real Parties in Interest | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
 STREET ADDRESS: 1100 Anacapa Street
 MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
 BRANCH NAME:

PLAINTIFF/ PETITIONER: Center for Biological Diversity and Wishtoyo Foundation

DEFENDANT/ RESPONDENT: California Department of Forestry and Fire Protection, et al.

| **DEPOSITION SUBPOENA** FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS | CASE NUMBER: 25CV02244 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Richard B. Kuprewicz, 1783 Trilogy Pkwy, Nipomo, CA 93444-6621

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| Date: July 1, 2025 | Time: 9:00 a.m. | Address: 1605 Calle Joaquin, San Luis Obispo, California 93405 |
|---|---|---|

   a. ☐   As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

   b. ☒   You are ordered to produce the documents and things described in item 3.

   c. ☒   This deposition will be recorded stenographically    ☐   through the instant visual display of testimony and by   ☐   audiotape   ☒   videotape.

   d. ☒   This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
 See Attachment 3
   ☒   Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐   Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: June 20, 2025

▶

_____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Jeffrey D. Dintzer
_____
(TYPE OR PRINT NAME)

Attorney for Real Parties in Interest
_____
(TITLE)

(Proof of service on reverse)    Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510, 2025.220, 2025.230, 2025.250, 2025.620; Government Code, § 68097.1 www.courts.ca.gov

# Attachment 3

ATTACHMENT 3

## DEFINITIONS

1.      "YOU" and "YOUR" mean to Richard B. Kuprewicz, his agents, attorneys, and other representatives acting on his behalf.

2.      "SABLE" shall mean Sable Offshore Corp.

3.      "PPC" shall mean Pacific Pipeline Company.

4.      "PETITIONERS" shall mean Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Santa Barbara Channelkeeper, Center for Biological Diversity, and Wishtoyo Foundation, as well as their agents, attorneys, and other representatives acting on their behalf

5.      "ACTION" shall mean the civil lawsuits filed by PETITIONERS entitled *Center for Biological Diversity et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02244, and the coordinated action entitled *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02247.

6.      "SYU PIPELINE" shall refer to the Santa Ynez Unit Pipelines located in waters offshore California.

7.      "LAS FLORES PIPELINE" shall refer to the Las Flores Pipelines located in waters offshore California.

8.       "DOCUMENTS" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize

Page **1** of **6**

oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English. DOCUMENTS does not include DOCUMENTS protected by the attorney-client and/or work product privileges.

9.    "COMMUNICATION" means any attempt by one or more persons or entities to communicate, including but not limited to written communications, including memoranda, letters, notes, telegrams, telexes and any other documents; oral communications including face-to-face meetings and telephone conversations; and, electronic or computerized communications, including emails (electronic mailings), Internet postings, word processing systems, magnetic tapes, disks and diskettes.

10.    "RELATE TO" or "RELATING TO" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## INSTRUCTIONS

1.      Produce all DOCUMENTS in your possession, custody, or control, as well as all DOCUMENTS in the possession, custody, or control of your agents, representatives, attorneys, investigators, consultants, independent contractors, or experts at least one (1) week before the deposition date reflected in the Subpoena. (As used herein, the term "DOCUMENT" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, computer files, e-mails, financial statements, and reports, calculations, diaries, appointment calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which you have knowledge, whether or not such documents are in YOUR possession, custody or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "DOCUMENTS" also means identical copies of original documents and copies of non-identical copies.)

2.      Produce each and every copy where such copy contains any commentary or notation that does not appear on the original. ESI should be produced in its Native Format, meaning the form that it is ordinarily maintained on your systems, including any metadata associated therewith. (As used herein, the term "ESI" means electronically stored information as defined in California Code of Civil Procedure section 2016.020(e), and shall include, but is not limited to, e-mails and text messages.) Should you choose to produce electronic images of paper DOCUMENTS instead of paper copies, you must product them in single-page TIFF FORMAT imaged at not less than 300 dpi resolution that shows all text and images that would be visible to

a user of the paper DOCUMENT. Color DOCUMENTS must be produced in color TIFF images. Each image should have a unique filename. If a paper DOCUMENT is more than one page, the unitization of the paper DOCUMENT and any attachments or affixed notes shall be maintained as it existed when collected, including, for example, emails or letters with their attachments.

3.      Produce all drafts, as well as the final version, of all responsive DOCUMENTS.

4.      Produce, where possible, originals of the DOCUMENTS requested, whether signed or unsigned, for inspection and copying.

5.      For each DOCUMENT requested which is sought to be withheld under a claim of privilege, provide the following information:

a.      The number of the request to which the DOCUMENT is responsive;

b.      A statement of the basis upon which the privilege is claimed and whether or not the subject matter of the contents of the DOCUMENT is limited to legal advice or information provided for the purpose of securing legal advice;

c.      The name and title of the sender and the name and title of the recipient of the DOCUMENT, if applicable;

d.      The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

e.      The name of each person or persons participating in the preparation of the DOCUMENT; and

f.      The name and title, if any, of each person to whom the contents of the DOCUMENT has been communicated by copy, exhibition, reading or substantial summarization.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 4**:

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**REQUEST FOR PRODUCTION NO. 5**:

YOUR COMMUNICATIONS discussing SABLE.

**REQUEST FOR PRODUCTION NO. 6**:

YOUR COMMUNICATIONS discussing PPC.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**REQUEST FOR PRODUCTION NO. 9**:

All contracts and agreements YOU have with PETITIONERS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 11**:

All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 12**:

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 13**:

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 14**:

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

**PROOF OF SERVICE**

I, Kim Niz, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 20, 2025, I served the document(s) AMENDED DEPOSITION SUBPOENA **FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS TO RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

_/s/ Kim Niz_

Kim Niz

**SERVICE LIST**

Tom Stolpman                                    **Counsel for Robert Kuperwicz**
Stolpman Law Group                              **tom@stolpmanlawgroup.com**

**PROOF OF SERVICE**

I, Kim Niz, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 20, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

*/s/ Kim Niz*
_____
Kim Niz

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
        dpettit@biologicaldiversity.org
        tnimmer@biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/
DEFENDANTS**
California Department of Forestry and Fire
Protection, Office of the State Fire Marshal;
Daniel Berlant, in his official capacity as State
Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN
INTEREST**
Sable Offshore Corp.; Pacific Pipeline
Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
        benjaminhanelin@paulhastings.com
        natalierogers@paulhastings.com

# EXHIBIT D

| | |
|---|---|
| **From:** | Jeremy Frankel <jfrankel@environmentaldefensecenter.org> |
| **Sent:** | Tuesday, June 24, 2025 5:26 PM |
| **To:** | Dintzer, Jeffrey; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett; Daniel, Madeline; Seabolt, Dan; Vreeland, Shannon; Rusek, Vickie; Oberst, Brett; Brown, Frankie |
| **Cc:** | Linda Krop; Tara Rengifo; Julie Teel Simmonds; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov |
| **Subject:** | RE: Re Mr. Kuprewicz's Deposition |
| **Attachments:** | 2025_06_24_Objection to Deposition of Richard Kuprewicz.pdf |

**EXTERNAL SENDER – Proceed with caution**

Hi Jeffrey,

Again, our previous discussions were borne of an obvious and immediate need to reschedule the date of the proposed deposition, and to inform you of Mr. Kuprewicz's ongoing health issues. At no time did Petitioners waive their right to object to Mr. Kuprewicz's deposition on the grounds that it exceeds the scope of permissible discovery, which our ongoing research has since revealed.

We respectfully disagree with your below contentions, including that it is unreasonable or prejudicial to quash an improper deposition subpoena/notice. Our review of the law indicates that, under the circumstances, Real Parties are not entitled to take Mr. Kuprewicz's deposition at this time. Accordingly, should Real Parties' not withdraw their deposition subpoena/notices by 5:00 p.m. tomorrow, we will proceed with a motion to quash.

Attached please find the EDC Petitioners' formal objection to Real Parties deposition subpoena and cross-notice of deposition. A copy is also being served by mail.

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org



We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby

notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

---

**From:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
**Sent:** Tuesday, June 24, 2025 3:51 PM
**To:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; Daniel, Madeline <Madeline.Daniel@alston.com>; Seabolt, Dan <Dan.Seabolt@alston.com>; Vreeland, Shannon <Shannon.Vreeland@alston.com>; Rusek, Vickie <Vickie.Rusek@alston.com>; Oberst, Brett <Brett.Oberst@alston.com>; Brown, Frankie <Frankie.Brown@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov
**Subject:** Re Mr. Kuprewicz's Deposition

Mr. Frankel,

It is true that we noticed the deposition for June 24th, and we moved the deposition date to July 1st to accommodate the schedules of counsel, *at counsel's request*. In that request, there was no objection for the deposition going forward, and that would have been the appropriate time to raise such objection. Such would have afforded the Real Parties with an opportunity to have the court compel the deposition in due time before Real Parties' opposition will be due on July 7th. On June 12th, we discussed Real Parties' need to take the deposition in time for our July 7th opposition, which is why we agreed upon July 1st. *At no time did any counsel object to the deposition going forward during this discussion either*. On the call, we all reached an agreement regarding the date, time, and location of the deposition to accommodate the witness. Mr. Stolpman further agreed to accept service on behalf of his client. Why would we discuss all of these topics and agree on them only to "make any deposition less burdensome" for Mr. Kuprewicz but not agree on a deposition going forward? That logically makes no sense. And based on the parties' agreement, Real Parties have reasonably had to incur necessary costs to reserve space for the deposition and for travel.

Further, waiting to move to quash the deposition only just before Real Parties' opposition is due is highly prejudicial for obvious reasons. Such prejudice cannot simply ensue because "it has come to [y]our attention that Real Parties are not entitled to proceed with Mr. Kuprewicz's deposition at this time" – offering no basis to prevent necessary cross-examination of evidence offered in support of an application for preliminary injunction that will greatly impact Real Parties' rights. The parties reached a clear agreement on June 12th to proceed with the deposition, and the law does not support your newfound position. (See *In re Crystal J.* (1993) 12 Cal.App.4th 407, 413 ["A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses."]; 5 California Trial Guide § 100.20 [discussing depositions are appropriate for use in pretrial proceedings "such as a motion for a preliminary injunction"]; *Fleishman v. Superior Court* (2002)102 Cal. App. 4th 350, 356 ["Before issuing a preliminary injunction, the trial court must 'carefully weigh the evidence and decide whether the facts require . . . such relief. The court evaluates the credibility of witnesses and makes factual findings on disputed evidence."]; see also *St. Mary Med. Ctr. v. Sup.Ct. (Mennella)* (1996) 50 Cal.App.4th 1531, 1539 [holding § 2034.010 et seq. procedure for deposing expert witnesses does not bar earlier depositions of experts whose opinions are filed in support of or in opposition to a motion for summary judgment or summary adjudication].)

Preventing the deposition of Mr. Kuprewicz, without removing his declaration from the record, is highly unreasonable, highly prejudicial to Real Parties, violates their due process rights, and certainly serves as a strong basis for sanctions. We expect your declarant to appear at his deposition on July 1, 2025, as noticed. Regards, Jeffrey.

Jeffrey Dintzer

2

ALSTON & BIRD
350 S. Grand Avenue, 51st Floor
Los Angeles, CA 90071
Office:  213-576-1063
Cell: 213-393-8664

---

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Tuesday, June 24, 2025 10:20 AM
**To:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

**EXTERNAL SENDER – Proceed with caution**

---

Hi Jeffrey,

Thank you for your response.

We certainly appreciate your willingness to move the deposition date, but the only reason it was moved was because you unilaterally scheduled the deposition without consulting counsel for petitioners, and you noticed it for a date when counsel for CBD and Wishtoyo was unavailable. The only reason the date was moved was to accommodate counsel's schedule.

When we previously met and conferred, we did so to discuss a different issue: Mr. Kuprewicz's severe health issues, and possible accommodations for him to make any deposition less burdensome. Any "agreement" we reached at our previous meeting was strictly related to that issue. Notably, we are not seeking to quash the subpoena on the basis of Mr. Kuprewicz's health issues.

We are not proceeding in bad faith. This is an unusual situation, and based on our continuing research, it has come to our attention that Real Parties are not entitled to proceed with Mr. Kuprewicz's deposition at this time. Because, as explained in our previous email, the deposition exceeds the scope of permissible discovery, it remains reasonable for us to pursue a motion to quash, regardless of when the deposition was re-noticed for.

Moreover, it's not clear to us how pushing the deposition to July 1 – which, again, was necessary to accommodate counsel's schedule – resulted in any prejudice to Real Parties.  We ultimately reached out to meet and confer *before* the date Mr. Kuprewicz's deposition was initially noticed for (June 24), and our formal objections will be served imminently.

Please let us know what times you are available today for a call.

Thanks,

3



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org



We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

**From:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
**Sent:** Monday, June 23, 2025 5:29 PM
**To:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; michael.dorsi@doj.ca.gov; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

Mr. Frankel, we are happy to meet and confer with you tomorrow over the deposition of Mr. Kuprewicz.  But please know that if you file a motion to block the deposition from going forward, we will seek monetary sanctions against you. We agreed to move Mr. Kuprewicz's deposition to July 1 in good faith, with the understanding after *reaching an agreement with you and his independent counsel, Mr. Stolpman,* that deposition would proceed on July 1. The record reflects as much.

You never once mentioned any objection to the taking of his deposition before we agreed to move the deposition to July 1st, knowing our opposition is due on July 7th after a holiday weekend. The email below is the first we have heard of any objection to proceeding with this deposition as scheduled.  In fact, we met and conferred on June 12th, and all agreed that the deposition would proceed on July 1st at the location we selected near the witnesses' residence to accommodate his travel restrictions.  Had we been advised of such an objection, which could have been made at that time, we would not have moved the date to accommodate you and the witness.

Requesting a delay in the deposition of a declarant supporting an application for preliminary injunction so you can have additional time to file a motion for protective order or to quash the subpoena without advising opposing counsel of your intentions is bad faith and sanctionable.  Jeffrey

4

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Monday, June 23, 2025 4:57 PM
**To:** djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>; michael.dorsi@doj.ca.gov; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

**EXTERNAL SENDER – Proceed with caution**

Counsel,

After further consideration, we believe that Real Parties' attempt to depose Mr. Kuprewicz – Petitioners' retained expert consultant – exceeds the scope of permissible discovery. Generally, parties are not entitled to engage in expert discovery (including depositions) unless and until experts have been designated pursuant to CCP § 2034.210. (*See, e.g., County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation).) The only recognized exception to that rule is limited to summary judgment proceedings and is inapplicable here. (*See St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540-41.)

Accordingly, at this point, petitioners in both 25CV02244 and 25CV02247 intend to file motions to quash Mr. Kuprewicz's deposition subpoena and related notices of deposition. Filing the motions will automatically stay Mr. Kuprewicz's deposition until they can be heard. (CCP § 2025.410(b).)

That said, we welcome the opportunity to first attempt to resolve this informally. Please let us know your availability to meet and confer in the next few days.

(This effort to meet and confer is joined by counsel for petitioners in 25CV02244, cc'ed here.)

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org



We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

**From:** Niz, Kim <Kim.Niz@alston.com>
**Sent:** Friday, June 20, 2025 4:41 PM
**To:** Linda Krop <lkrop@environmentaldefensecenter.org>; Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; michael.dorsi@doj.ca.gov; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org; tnimmer@biologicaldiversity.or
**Cc:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
**Subject:** Service Docs - Case Nos.: 25CV02244 and 25CV02247

**Electronic Service:**

Dear Counsel,

Please find attached electronic service documents:

- EDC v. Sable - Real Party in Interest's Amended Cross-Notice of Deposition of Richard B. Kuprewicz
- CBD v. Sable - Real Party in Interest's Amended Cross-Notice of Deposition of Richard B. Kuprewicz

Thank you,


Kim S. Niz | Legal Administrative Assistant
**ALSTON & BIRD**
Jeffrey D. Dintzer | Brett Oberst | Krista Hernandez
Jeff Carlin | Matthew C. Wickersham | Garrett Stanton
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Direct:  213 576 1096 | Office:  213 576 1000
Kim.Niz@alston.com


NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

LINDA KROP (Bar No. 118773)
lkrop@environmentaldefensecenter.org
JEREMY M. FRANKEL (Bar No. 344500)
jfrankel@environmentaldefensecenter.org
TARA C. RENGIFO (Bar No. 307670)
trengifo@environmentaldefensecenter.org
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

*Attorneys for Petitioners/Plaintiffs*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SANTA BARBARA — ANACAPA DIVISION**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation, <br><br> Petitioners and Plaintiffs, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive, <br><br> Respondents and Defendants, <br><br> and <br><br> SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation, <br><br> Real Parties in Interest. | Case No.: 25CV02247 <br><br> **PETITIONERS AND PLAINTIFFS' OBJECTION TO REAL PARTIES' DEPOSITION SUBPOENA OF RICHARD B. KUPREWICZ AND AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ** <br><br> Dept.:    4 <br> Judge:    Honorable Donna D. Geck <br><br> Petition Filed: April 15, 2025 <br> Trial: None Set |

Pursuant to California Code of Civil Procedure section 2025.010 et seq., Petitioner and Plaintiffs Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, and Santa Barbara Channelkeeper (collectively, "Petitioners") object to Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company's (collectively, "Real Parties") Deposition Subpoena of Richard B. Kuprewicz (the "Subpoena"), Petitioners' consultant in this matter, and Amended Cross-Notice of Deposition of Richard B. Kuprewicz (the "Notice") as follows:

**GENERAL OBJECTIONS**

1. Petitioners object to the Subpoena and Notice on the grounds that they exceed the scope of permissible discovery. Mr. Kuprewicz is Petitioners' retained expert consultant in this matter. While Petitioners filed a declaration from Mr. Kuprewicz in support of their ex parte application for a stay, temporary restraining order, and order to show cause, Mr. Kuprewicz has not been designated as an expert pursuant to Code of Civil Procedure section 2034.210 *et seq*. Unless and until he is so designated, Real Parties are precluded from deposing Mr. Kuprewicz or subpoenaing his records. (*County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation and therefore reversing a trial court's order compelling expert testimony at a deposition).) Moreover, even assuming, arguendo, that Real Parties are not summarily precluded from deposing Mr. Kuprewicz in light of Petitioners' reliance on his declaration, his deposition would only be appropriate upon an affirmative showing by Real Parties of "objective facts . . . which create a significant question regarding the validity of [Mr. Kuprewicz's declaration] which, if successfully pursued, will impeach the foundational basis of the [declaration]." (*St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540-41.) Real Parties have not provided any such facts, and Petitioners are aware of none. Lastly, even if Real Parties were to make the requisite showing of such facts, any deposition of Mr. Kuprewicz must be limited to inquiring into the foundation of the opinions expressed in his declaration. (*See id.*) The Subpoena and Notice are not so limited.

2. Petitioners object to the Subpoena and Notice on the grounds that they seek to elicit information protected by the attorney-client privilege and/or information that constitutes attorney work

product. As noted, Mr. Kuprewicz is Petitioners' consultant in this matter, but he has not been designated as an expert pursuant to Code of Civil Procedure section 2034.210 *et seq*. Thus, all communications by and between Petitioners, their attorneys, and Mr. Kuprewicz remain privileged. (*DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 688 ("[T]he attorney-client privilege . . . clearly includes communications to a consulting expert.").) Likewise, any documents, opinions, or other information prepared by Mr. Kuprewicz at Petitioners' request and not already disclosed constitute attorney work product. (*See id.*) Moreover, save for Mr. Kuprewicz's declaration, all of Mr. Kuprewicz's services to date have been rendered purely in an advisory capacity; accordingly, even if Petitioners' *were* to designate Mr. Kuprewicz as an expert, communications with Mr. Kuprewicz and information developed by Mr. Kuprewicz at Petitioners' request would remain protected as attorney work product. (*National Steel Products Co. v. Superior Court* (1985) 164 Cal.App.3d 476, 542-43 (holding that any information or opinions rendered by an expert in an advisory capacity remain subject to the work product limitation on discovery even after expert designation).)

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. **REQUEST FOR PRODUCTION NO. 1:**

Request: All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

2. **REQUEST FOR PRODUCTION NO. 2:**

Request: All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

to YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

3. **REQUEST FOR PRODUCTION NO. 3:**

Request: All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

4. **REQUEST FOR PRODUCTION NO. 4:**

Request: YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

5. **REQUEST FOR PRODUCTION NO. 5:**

Request: YOUR COMMUNICATIONS discussing SABLE.

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

- Petitioners object to this request on the grounds that it is not reasonably particularized.

- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.

- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

6. **REQUEST FOR PRODUCTION NO. 6:**

Request: YOUR COMMUNICATIONS discussing PPC.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

- Petitioners object to this request on the grounds that it is not reasonably particularized.

- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.

- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

7. **REQUEST FOR PRODUCTION NO. 7:**

Request: All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

Response:

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

8. **REQUEST FOR PRODUCTION NO. 8:**

Request: All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

9. **REQUEST FOR PRODUCTION NO. 9:**

Request: All contracts and agreements YOU have with PETITIONERS.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

10. **REQUEST FOR PRODUCTION NO. 10:**

Request: DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it is so broad as to be unjustly burdensome.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

11. **REQUEST FOR PRODUCTION NO. 11:**

Request: All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.
- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work

product, as set forth in General Objection 2 above.

12. **REQUEST FOR PRODUCTION NO. 12:**

Request: All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

13. **REQUEST FOR PRODUCTION NO. 13:**

Request: All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

14. **REQUEST FOR PRODUCTION NO. 14:**

Request: All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp. v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

Response:

- Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above.

- Petitioners object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.
- Petitioners object to this request on the grounds that it seeks documents not relevant to the issues in this case.

Dated: June 24, 2025                    Respectfully

_____

Linda Krop
Jeremy M. Frankel
Tara C. Rengifo
ENVIRONMENTAL DEFENSE CENTER
Counsel for Petitioners

Petitioners and Plaintiffs' Objection to Deposition of Richard B. Kuprewicz

**PROOF OF SERVICE**

I, Jeremy M. Frankel, declare:

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to this action. My business address is 906 Garden Street, Santa Barbara, California 93101.

On June 24, 2025, I served the above document(s) described as **PETITIONERS AND PLAINTIFFS' OBJECTION TO REAL PARTIES' DEPOSITION SUBPOENA OF RICAHRD B. KUPREWICZ AND AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties in this action, stated below, by the following means of service:

**See Attached Service List**

☒    **By e-mail or electronic transmission.** On the date above, I caused a copy of the document(s) described above to be served electronically on the recipients designated in the attached Service List.

☒    **By United States mail.** On the date above, I enclosed a copy of the document(s) described above in a sealed envelope or package addressed to the recipients designated in the attached Service List, postage fully prepaid, with the United States Postal Service at Santa Barbara, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2025, at Santa Barbara, California.

_____
Jeremy M. Frankel

1
Proof of Service

**SERVICE LIST**

| | |
|---|---|
| Michael S. Dorsi<br>Michael.Dorsi@doj.ca.gov<br>California Attorney General's Office<br>55 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 | ATTORNEY FOR<br>RESPONDENTS/DEFENDANTS<br>California Department of Forestry and Fire Protection, Office of the State Fire Marshal; and Daniel Berlant, in his official capacity as State Fire Marshal |
| Duncan Joseph Moore<br>djmoore@paulhastings.com<br>Benjamin J. Hanelin<br>benjaminhanelin@paulhastings.com<br>Natalie C. Rogers<br>natalierogers@paulhastings.com<br>PAUL HASTINGS, LLP<br>1999 Avenue of the Stars, 27th Floor<br>Century City, CA 90067 | ATTORNEYS FOR REAL PARTIES IN INTEREST<br>Sable Offshore Corp. and Pacific Pipeline Company |
| Jeffrey D. Dintzer<br>Jeffrey.dintzer@alston.com<br>Matthew C. Wickersham<br>Matt.wickersham@alston.com<br>Garrett B. Stanton<br>Garrett.stanton@alston.com<br>ALSTON & BIRD LLP<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071 | ATTORNEYS FOR REAL PARTIES IN INTEREST<br>Sable Offshore Corp. and Pacific Pipeline Company |

# EXHIBIT E

| | |
|---|---|
| **From:** | Stanton, Garrett |
| **Sent:** | Friday, June 27, 2025 9:46 AM |
| **To:** | jfrankel@environmentaldefensecenter.org; Linda Krop; Tara Rengifo; Julie Teel Simmonds; dpettit@biologicaldiversity.org; Talia Nimmer; Michael S Dorsi; tom@stolpmanlawgroup.com |
| **Cc:** | Dintzer, Jeffrey; Rusek, Vickie; Oberst, Brett; Daniel, Madeline; Moore, DJ; Hanelin, Benjamin J.; Rogers, Natalie C. |
| **Subject:** | Case Nos. 25CV02244 and 25CV02247 |

Dear Counsel,

**PLEASE TAKE NOTICE THAT** on June 30, 2025 at 8:30 a.m., in Department 4 of the California Superior Court for the County of Santa Barbara, Anacapa Division, located at 1100 Anacapa Street, Santa Barbara, California 93121-1107, before the honorable Donna D. Geck, Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company will apply to the Court *ex parte* for an order compelling the deposition of Robert Kuprewicz, or in the alternative, shortening time to hear Real Parties' motion to compel deposition of Robert Kuprewicz, or in the further alternative, striking the declaration of Robert Kuprewicz in support of Plaintiffs' pending application for preliminary injunction.

**Please let us know whether any of the parties intend to oppose this application so we can advise the court.**

Thank you for your attention to this matter.

Garrett B. Stanton
Senior Associate
**ALSTON & BIRD**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
garrett.stanton@alston.com | t: 213.576.1151

1

**PROOF OF SERVICE**

I, Josie Cisneros, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 27, 2025, I served the document(s) **DECLARATION OF JEFFREY DINTZER IN SUPPORT OF REAL PARTIES' EX PARTE APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, FOR AN ORDER TO STRIKE THE DECLARATION OF MR. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐ (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐ (BY FACSIMILE)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2025, at Los Angeles, California.

/s/*Josie Cisneros*
Josie Cisneros

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY and
WISHTOYO FOUNDATION

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
           dpettit@biologicaldiversity.org
           tnimmer@biologicaldiversity.org

Linda Krop, Esq.
Jeremy M. Frankel, Esq.
Tara C. Regnifo, Esq.
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

**ATTORNEYS FOR PETITIONERS**
ENVIRONMENTAL DEFENSE CENTER, a
California non-profit corporation; GET OIL
OUT!, a California non-profit corporation;
SANTA BARBARA COUNTY ACTION
NETWORK, a California non-profit corporation;
SIERRA CLUB, a national non-profit
corporation; and SANTA BARBARA
CHANNELKEEPER, a California non-profit
corporation

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: lkrop@environmentaldefensecenter.org
           jfrankel@environmentaldefensecenter.org
           trengifo@environmentaldefensecenter.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/
DEFENDANTS**
California Department of Forestry and Fire
Protection, Office of the State Fire Marshal;
Daniel Berlant, in his official capacity as State
Fire Marshal

Tel.:   (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN
INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:   (310) 620-5879
Email: djmoore@paulhastings.com
           benjaminhanelin@paulhastings.com
           natalierogers@paulhastings.com

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/2/2025 8:00 AM
By: Narzralli Baksh , Deputy

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>    Petitioners/Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>    Respondents/Defendants.<br><br>SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>    Real Parties in Interest. | Case No.: 25CV02244<br><br>**PETITIONERS' OPPOSITION TO REAL PARTIES IN INTEREST'S *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ**<br><br>[*Filed concurrently with Declarations of Talia Nimmer and Richard B. Kuprewicz*]<br><br>Date:    June 30, 2025<br>Time:    8:30 a.m.<br>Dept.:    4<br>Judge:    Honorable Donna D. Geck<br><br>Action Filed: April 15, 2025<br>Trial: None Set |

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................ 4

II.   FACTUAL AND PROCEDURAL BACKGROUND......................................... 5

    A.    Real Parties' Efforts to Restart the Defective Las Flores
         Pipeline System ............................................................................. 5

    B.    Petitioners' *Ex Parte* Application for Preliminary Relief and
         Order to Show Cause ...................................................................... 6

    C.    Real Parties' Discovery Attempts and Petitioners' Efforts to
         Meet and Confer ............................................................................ 6

III.  ARGUMENT .............................................................................................. 8

    A.    Expert Discovery Is Generally Prohibited Before Experts Are
         Formally Designated and No Pertinent Exception Applies .................... 8

    B.    Real Parties' Assertion That They Are Entitled to "Cross-
         Examine" Mr. Kuprewicz or Have his Deposition Stricken Is
         Unsupportable ............................................................................. 10

    C.    Real Parties' *Ex Parte* Application Should Be Denied Under
         the Principles of Equity ................................................................. 12

    D.    Further Developments Concerning Mr. Kuprewicz's Health
         Preclude His Deposition ................................................................ 13

IV.   CONCLUSION.......................................................................................... 13

Petitioners' Opposition to Real Parties' *Ex Parte* Application

**TABLE OF AUTHORITIES**

**Cases**

*August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52 ...................................................... 12

*County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446 .................................................... 5

*DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 67 ........................................................ 10

*Fleishman v. Superior Court* (2002) 102 Cal.App.4th 350 ...................................................... 12

*Fost v. Marin County Superior Court* (2000) 80 Cal.App.4th 724............................................................. 12

*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285........................................................... 13

*In re Crystal J.* (1993) 12 Cal.App.4th 407 ........................................................................ 12

*In re Marriage of Swain* (2018) 21 Cal.App.5th 830 ........................................................... 12

*Kalaba v. Gray* (2002) 95 Cal.App.4th 1416.......................................................................... 14

*People v Landlords Professional Services, Inc.* (1986) 178 Cal.App.3d 68 ........................................... 13

*St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531 .................................... 5, 13, 15

*Terry v. SLICO* (2009) 175 Cal.App.4th 352,........................................................................... 11


**Statutes**

Code Civ. Proc. § 2025.290 ..................................................................................... 14

Code Civ. Proc., § 2025.410, subd. (a) .......................................................................... 8

Code Civ. Proc., § 2034.210, *et seq.*........................................................................ 8

Code of Civ. Proc. § 2034.010, *et seq.* ...................................................................... 4

Petitioners' Opposition to Real Parties' *Ex Parte* Application

## I.  INTRODUCTION

While Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Real Parties") *Ex Parte* Application to compel levies all manner of accusations against Petitioners, calling their efforts to meet and confer a "ruse" (*Ex Parte* App. at 4), their timely objections to the deposition subpoena a "reneg[]" of an agreement (*id.* at 7), and their motion to quash intentionally delayed "gamesmanship" (*id.* at 7, 9), they were nothing of the sort. As explained in Petitioners' motion to quash and reiterated here, Petitioners have proceeded reasonably, Real Parties' proposed deposition exceeds the scope of permissible discovery, and Real Parties are not entitled to depose or "cross-examine" (*id.* at 10) Plaintiffs' retained expert consultant. Moreover, the deposition of Mr. Kuprewicz would be unnecessary, manifestly unjust to Petitioners, and potentially set the stage for the upcoming July 18, 2025, hearing to devolve into a "mini-trial" of the ultimate issues in this case.

While Petitioners filed a declaration from Mr. Kuprewicz in support of their *ex parte* application for a stay, temporary restraining order, and order to show cause, Mr. Kuprewicz has not been designated as an expert in this matter pursuant to Code of Civil Procedure section 2034.010, *et seq.* Unless and until he is so designated, Real Parties are precluded from deposing him. (*County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57 (recognizing that expert discovery is generally "not appropriate until and unless there is such a designation," and therefore reversing a trial court's order compelling expert testimony at a deposition).)

The *only* recognized exception to this standard prohibition is limited to summary judgment proceedings. (*See St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531.) However, even assuming, arguendo, that Real Parties could invoke that exception here, Mr. Kuprewicz's deposition would only be appropriate upon an affirmative showing by Real Parties of "objective facts . . . which create a significant question regarding the validity of [Mr. Kuprewicz's declaration] which, if successfully pursued, will impeach the foundational basis of the [declaration]." (*Id.* at 1540-41.) Real Parties have not provided any such facts, and Petitioners are aware of none.

Lastly, aside from unnecessarily burdening Petitioners and Mr. Kuprewicz, who is currently experiencing severe health issues, Real Parties' attempt to depose Mr. Kuprewicz seeks to impermissibly tip the scales in Real Parties' favor. In the likely event that Real Parties submit expert

declarations in support of their opposition to Petitioners' *Ex Parte* Application, Petitioners, under the current briefing schedule, will not have an equal opportunity to depose Real Parties' experts.

Accordingly, Petitioners respectfully request that this Court deny Real Parties' *Ex Parte* Application and, further, quash the Mr. Kuprewicz's deposition subpoena and notice, as requested by Petitioners' June 26, 2025, Motion to Quash. Alternatively, should the Court find that the limited exception in *St. Mary* applies here, and that Mr. Kuprewicz's deposition is otherwise appropriate, Petitioners request that the Court issue an order appropriately limiting the scope of Mr. Kuprewicz's deposition subject to Mr. Kuprewicz's ongoing health conditions permitting him to participate in a deposition, and continuing the July 18, 2025, hearing to allow time for Petitioners to depose Real Parties' experts.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Real Parties' Efforts to Restart the Defective Las Flores Pipeline System

This case arises from Real Parties' efforts to restart the Las Flores Pipeline System—a defective pipeline system that ruptured in 2015 at Refugio State Beach, causing one of the worst oil disasters in California history.

As was discovered after the spill, the pipeline system suffers from a critical design defect that leaves it vulnerable to pervasive corrosion and, consequently, another catastrophic rupture. Importantly, the pipeline system does not just threaten coastal resources; it passes through major sources of water supply; renowned parks and ecological reserves; and a populated suburban neighborhood in Buellton, California, complete with schools, parks, and dozens of residential homes.

Rather than replacing the pipeline system or retrofitting it with an effective means of corrosion prevention, Real Parties intend to simply restart the existing pipeline system under State Waivers issued by the Office of the State Fire Marshal ("OSFM"). The State Waivers, which excuse Real Parties from complying with critical corrosion prevention requirements, were approved without a public process, environmental review, or any analysis as to why the pipeline system can be safely restarted. The Petition and Complaint on file in this action challenges these State Waivers.

Petitioners' Opposition to Real Parties' *Ex Parte* Application

**B. Petitioners' *Ex Parte* Application for Preliminary Relief and Order to Show Cause**

When Real Parties began publicly claiming that they were on the precipice of restarting the defective Las Flores Pipeline System, Petitioners applied *ex parte* for an administrative stay, a temporary restraining order, and a preliminary injunction (the "*Ex Parte* Application") to prevent Real Parties from doing so. In support of Petitioners' *Ex Parte* Application, Petitioners submitted a declaration from Mr. Kuprewicz, Petitioners' retained expert consultant in this matter. Mr. Kuprewicz's declaration and two reports attached thereto explain the systemic issues with the defective pipeline system, why the State Waivers do not ensure that the pipeline system is safe to operate, and why the pipeline system continues to pose a significant threat of rupturing.

On June 3, 2025, the Court granted Petitioners' request for a temporary restraining order, and it issued an order to show cause why a preliminary injunction and/or stay should not issue (the "OSC"). The hearing on the OSC is set for July 18, 2025. The Court ordered that briefing be completed per code, meaning that Real Parties' opposition is due by July 7, 2025, and Petitioners' reply by July 11, 2025.

**C. Real Parties' Discovery Attempts and Petitioners' Efforts to Meet and Confer**

On June 5, 2025, counsel for Real Parties served Mr. Kuprewicz with a deposition subpoena for personal appearance and production of documents and things. That same day, counsel for Real Parties served Petitioners with a notice of deposition, noticing Mr. Kuprewicz's deposition for June 24, 2025 and attaching Mr. Kuprewicz's deposition subpoena. (Declaration of Talia Nimmer ("Nimmer Decl."), ¶ 6, Exh. A.) Real Parties also served Petitioners in the related case, *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, 25CV0247 ("EDC Petitioners") with a "cross-notice" of deposition. (Nimmer Decl., ¶ 7.)

Because counsel for Real Parties had unilaterally scheduled the deposition without discerning availability and were also seemingly unaware of Mr. Kuprewicz's substantial health issues, there was an immediate need to meet and confer regarding the deposition date and reasonable accommodations for Mr. Kuprewicz. (Nimmer Decl., ¶ 8.) Thus, on June 10, 2025, Petitioners' counsel requested that the deposition be moved to July 1, 2025 to accommodate their schedule and requested reasonable accommodations for Mr. Kuprewicz, including that the deposition take place remotely, and that it be

Petitioners' Opposition to Real Parties' *Ex Parte* Application

split into two, 3.5-hour sessions. (Nimmer Decl., ¶ 8, Exh. B; see also Declaration of Richard B. Kuprewicz ("Kuprewicz Decl."), ¶ 5.)

Counsel for Real Parties agreed to move the deposition to July 1, 2025, but refused the requests to accommodate Mr. Kuprewicz's health issues. (*Id*.) When EDC Petitioners' counsel clarified that Mr. Kuprewicz was unable to travel, counsel for Real Parties continued to demand that the deposition proceed in-person. (Nimmer Decl., ¶ 8.)

Counsel for EDC Petitioners then secured outside counsel for Mr. Kuprewicz, Mr. Thomas Stolpman, and set up a teleconference meeting with counsel for Real Parties to discuss Mr. Kuprewicz's health issues and possible accommodations for him. (Nimmer Decl., ¶ 9.) At the June 12, 2025, meeting, Mr. Stolpman volunteered to drive Mr. Kuprewicz to the deposition but warned that his various health conditions could prevent him from meaningfully participating. (Nimmer Decl., ¶ 9; *see also* Kuprewicz Declaration, ¶¶ 5, 6.) Mr. Stolpman also informed Real Parties that, in response to some concerning neurological symptoms (including double vision), Mr. Kuprewicz's doctor had ordered imaging for his brain, and an MRI was scheduled for June 23, 2025. Nimmer Decl., ¶ 9; *see also* Kuprewicz Declaration, ¶ 6.) Importantly, while the parties negotiated the terms of a deposition should one proceed, at no point did counsel for Petitioners agree to produce Mr. Kuprewicz. Nor did counsel waive any right to contest the propriety of his potential deposition. (Nimmer Declaration, ¶ 9.)

On June 20, 2025, counsel for Real Parties issued Mr. Kuprewicz a new deposition subpoena for personal appearance and production of documents and things (the Subpoena). (Nimmer Decl., ¶ 10, Exh. C.) Also on June 20, 2025, counsel for Real Parties served Petitioners with an amended notice of deposition, noticing Mr. Kuprewicz's deposition for July 1, 2025 (the "Notice"). (*Id*.)

The next business day, EDC Petitioners' counsel reached out to counsel for Real Parties to explain that their continuing research revealed Real Parties are not currently entitled to depose Mr. Kuprewicz, and offered to meet and confer regarding Petitioners' motion to quash. (Nimmer Decl., ¶ 12.) Opposing counsel accused Petitioners of acting in bad faith and in a sanctionable fashion, and asserted they would not have moved the deposition date if they had been aware of Petitioners' objection. (*Id*.) EDC Petitioners' counsel explained that (1) the only reason the deposition was moved was because Real Parties had unilaterally noticed it for a time when Petitioners' counsel was unavailable; (2) while

7

Petitioners' Opposition to Real Parties' *Ex Parte* Application

the parties had discussed accommodations for Mr. Kuprewicz's health issues, at no time did Petitioners wave their right to object to his deposition; (3) Petitioners ultimately raised the objection before the date Mr. Kuprewicz's deposition was initially noticed for; and (4) this is an unusual situation involving premature expert discovery and, based on counsels' continuing research, it had become apparent that the proposed deposition exceeded the scope of permissible discovery. (*Id*., Exh. D.)

Petitioners also properly served a formal objection to the deposition, in the time required by the code. (*See* Code Civ. Proc., § 2025.410, subd. (a); Nimmer Decl., ¶ 13, Exh. E.)  The parties were unable to resolve the issue informally, necessitating Petitioners on June 26, 2025 to bring a Motion to Quash the Deposition Subpoena, Quash the Deposition Notice, and Stay Taking of the Deposition. (*Id*., ¶ 13, Exh. E.) The next day, on June 27, 2025 at 1:18 p.m., Real Parties belatedly filed and served upon Petitioners the instant *Ex Parte* Application seeking to compel Richard B. Kuprewicz's deposition or to strike his declaration.[1] (*Id*., ¶ 14, Exh. F.)

**III.    ARGUMENT**

**A. Expert Discovery Is Generally Prohibited Before Experts Are Formally Designated and No Pertinent Exception Applies**

*Ex parte* relief is not warranted to compel Mr. Kuprewicz to appear at a deposition before the Court's July 18 OSC hearing. Civil Code of Procedure, Section 2034.210 *et seq*. provides that the door to expert discovery opens only when a party formally makes a demand to exchange expert witness information, and the parties subsequently designate expert witnesses for trial. (*See* Code Civ. Proc., § 2034.210, subds. (a), (b).) Expert discovery is generally "not appropriate until and unless there is such a designation." (*County of Los Angeles*, *supra*, 224 Cal.App.3d at p. 1456; *see also id.* at 1456–57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation and therefore reversing a trial court's order compelling expert testimony at a deposition).)

---

[1] Pursuant to Santa Barabra Superior Court Local Rules, Rule 1009, "[t]o the extent practicable, papers in support of an ex parte application should be filed and served by 10:00 a.m. on the court day before the scheduled hearing; later-filed papers may not be timely available to the court and may require a continuance of the hearing."

Petitioners' Opposition to Real Parties' *Ex Parte* Application

This limitation on expert discovery—of which Real Parties' deposition notice and subpoena runs afoul—exists for good reason. As the court in *County of Los Angeles* explained, there are at least four substantial justifications for strictly controlling pretrial expert discovery:

> In the first place, access to the conclusions of an adversary's experts often provides strong clues to the theories, thoughts, and tactics of opposing counsel, . . . [para] Second, a limitless right to ascertain and probe the views of opposing experts could easily lead to an expensive and delay-producing round of discovery that would tend to feed on itself: . . . [para] Third, unrestricted discovery as to an adversary's experts enables "the stupid or lazy practitioners" to sit back secure in the knowledge that at the appropriate time they will be able "to 'ride free' on the opponent's industry." Since 1963, recognition of this "free ride" as a discovery evil has been articulated in the Discovery Act itself: "It is the policy of the state . . . to prevent attorneys from taking undue advantage of their adversary's industry and efforts." Finally, . . . discovery as of right with respect to an adversary's experts is bound to have the dreaded "chilling effect" on the willingness of attorneys to use objective, fairminded consultants who will honestly and frankly point out the weaknesses and deficiencies of their side.

(*Id.* at 1457 (quoting 2 Hogan, Modern California Discovery (4th ed. 1988), § 13.12, pp. 250–51).)

On top of that, premature expert discovery would appear to be in direct tension with protections afforded by the attorney-client privilege and attorney work product doctrine. (*See DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 688 (a party's communications with their *consulting* expert, and any information prepared by the expert at the party's request, is protected by attorney-client privilege and/or the attorney work product doctrine).) That the parties here have not designated experts pursuant to Section 2034.210 is undisputed.

There is only one recognized exception to the above-described prohibition on premature expert discovery, which originates from *St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531. However, this limited exception has only been held to apply in the context of summary judgment proceedings, as opposed to the preliminary injunction hearing at issue, and is otherwise inapplicable here. The court in *St. Mary* suggested that the exception should be used sparingly so as not to turn proceedings into "mini-trials." (*St. Mary*, at p. 1540.) Hence, it is limited to cases where "*objective facts* [are] presented which create a *significant question* regarding the validity of [a] declaration which, if successfully pursued, *will* impeach the foundational basis of the . . . declaration in question." (*Id.* at p. 1540–41 (emphasis added).) Real Parties have not presented any such facts as to Mr. Kuprewicz's declaration. Nor are Petitioners aware of any.

Finally, the exception, where applicable, only permits a party to inquire into the factual underpinnings of the opinion(s) expressed in the expert's declaration. (*St. Mary*, at p. 1540 (permitting a deposition that "would cover no more than the opinions rendered in the declaration of [the expert]").) Neither Real Parties' Notice nor Subpoena so limit the scope of Mr. Kuprewicz's proposed deposition. Additionally, Real Parties' production demands are incredibly broad, encompassing a host of documents that have no bearing on the foundation of the opinions expressed in Mr. Kuprewicz's declaration.

Real Parties' improper attempt to depose Petitioners' expert consultant prior to the designation of expert witnesses and absent any applicable exception justifying such deposition should be rejected. Instead, as indicated in *St Mary*, an expert declaration in pre-trial law and motion practice can be challenged by submitting a reply declaration challenging the factual foundation of the expert's opinion. (*See St. Mary*, at p. 1540.) That option remains available to Real Parties.

**B.   Real Parties' Assertion That They Are Entitled to "Cross-Examine" Mr. Kuprewicz or Have his Deposition Stricken Is Unsupportable**

Real Parties' *Ex Parte* Application rests upon the flawed contention that they "have a fundamental right to cross-examine witnesses who submit statements in support of a preliminary injunction." (*Ex Parte* App. at p. 13.) Not so.

Real Parties cite to general principles of discovery and subpoena procedures (*Ex Parte* App. at 11), none of which compel the outcomes they are seeking here. Further, the cases Real Parties cite are inapposite and do not relate to the instant case's posture and circumstances. To begin with, Real Parties cite to *Terry v. SLICO* (2009) 175 Cal.App.4th 352, 355 for the proposition that the court can compel the deposition of and sanction a non-party witness who failed to appear at deposition or properly object to subpoena. (*Ex Parte* App. at 11). In that case, a percipient non-party witness did not object to a subpoena and also failed to appear. Here, although Real Parties try to argue that Petitioners somehow waived their objections to the deposition notice and subpoena by agreeing to meet and confer in good faith, Petitioners' properly and timely objected to the subpoena (Nimmer Decl., Exh. E) and no witness has failed to appear.

Real Parties proceed to assert they are "entitled to cross-examine witnesses who submit testimony in support of a preliminary injunction" (*Ex Parte* App. at 11), citing to cases bearing no

resemblance to the pending proceeding and that do not address the propriety of discovery. In *In re Crystal J.* (1993) 12 Cal.App.4th 407 the court affirmed a decision to permanently terminate a mother's parental rights after notice and a hearing, finding no due process violation where a social worker's report was provided to the parties before the hearing. *August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 54, upheld a judgment as consistent with due process that suspended an individual's driver's license after he refused to submit to a chemical test, regardless of the fact that the complainant officer was not present at the hearing.

Real Parties other citations fare no better and are also irrelevant to the instant case. *Fost v. Marin County Superior Court* (2000) 80 Cal.App.4th 724 addresses the general importance *direct and cross-examination of witnesses at a criminal trial*, citing other criminal cases (and one civil case where the defendant took the stand but "refused to respond to proper cross-examination"). Real Parties contend that *Fost* stands for the proposition that if "a witness refuses to submit to cross-examination, or is unavailable for that purpose, the conventional remedy is to exclude the witness's testimony." (*Ex Parte* App. at 12.) Real Parties omit the full sentence, which reads: "[w]here a witness refuses to submit to cross-examination, or is unavailable for that purpose, the conventional remedy is to exclude the witness's testimony **on direct**." (*Fost,* 80 Cal. App.4th at 735 (emphasis added).) Similarly, *In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 841-842 ruled that the trial court should not have considered a supported spouse's "income and expense declaration" submitted to the court but not made available to the paying spouse until the hearing, at which the supporting spouse did not appear. To the extent this case is at all analogous, Real Parties were duly provided with a copy of the declaration at issue more than a month before the forthcoming preliminary injunction hearing. *Fost* and *In re Marriage of Swan,* like the other cited cases cited by Real Parties, are decidedly not about the deposition of experts whose declarations are submitted in support of preliminary relief.

*Fleishman* and *St. Mary* (*Ex Parte* App. at 11) are similarly unhelpful to Real Parties' arguments (and better align with Petitioners'). Indeed, as *Fleishman* explains, before ruling on a motion for a preliminary injunction, *the court*, not the parties, carefully weighs the evidence and, if relevant, weighs the credibility of witnesses that appear at the hearing. (*Fleishman v. Superior Court* (2002) 102 Cal.App.4th 350, 356 (citing *People v Landlords Professional Services, Inc.* (1986) 178 Cal.App.3d 68,

71).) Similarly, as discussed above, *St. Mary,* 50 Cal.App.4th at 1539-40 carved out a narrow exception to the general rule against deposing experts prematurely for instances where expert opinions are filed in support of or in opposition to a motion for summary judgment or adjudication, not preliminary relief. In sum, the cases Real Parties rely on are inapplicable to the situation at hand and fail to support their positions and arguments.

### C. Real Parties' *Ex Parte* Application Should Be Denied Under the Principles of Equity

As separate and further grounds to deny Real Parties' *Ex Parte* Application, the proposed deposition of Mr. Kuprewicz would be unnecessary, manifestly unjust to Petitioners, and potentially lead to exactly the type of "mini-trial" that the *St. Mary* court warned about. Thus, in the interest of equity and efficient case management, the Court should deny the *Ex Parte* Application and exercise its broad discretion over discovery matters to quash the Notice and Subpoena.

First, contrary to Real Parties' claims, the deposition of Mr. Kuprewicz is not necessary for Real Parties to challenge his opinion. As noted above, they may, and likely will, submit a reply declaration from an opposing expert challenging Mr. Kuprewicz's opinions, contrary to their assertion that "[i]f Plaintiffs were to have it their way, they would be able to submit any evidence in support of their Preliminary Injunction without providing Real Parties any ability to challenge that evidence." (*Ex Parte* App. at 13.)

Second, aside from unnecessarily burdening Petitioners and Mr. Kuprewicz, in the likely event that Real Parties submit expert declarations of their own in support of their opposition to Petitioners' *Ex Parte* Application, Petitioners, under the current briefing schedule, will not be afforded the same opportunity to depose Real Parties' experts in advance of the July 18, 2025 hearing given that Petitioners will only have at most five days to prepare their reply brief. Petitioners would be put on unequal footing with Real Parties, further underscoring the importance of sticking to the carefully crafted discovery procedures in the code. (*See Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 297 ("In general, fairness demands adherence to the statutory procedures, since they were designed to place the parties 'on roughly equal footing.'" (quoting *Kalaba v. Gray* (2002) 95 Cal.App.4th 1416, 1422).)

Third, and relatedly, permitting the deposition to proceed at this stage "could easily lead to an expensive and delay-producing round of discovery that would tend to feed on itself." (*County of Los Angeles*, *supra*, 224 Cal.App.3d at p. 1457.) Petitioners would, in the interest of equity, seek to continue the OSC hearing to depose Real Parties' experts—an effort that may be challenged by Real Parties and cause additional discovery motions to be brought before the Court. And extensive expert discovery would all but set the stage for the OSC hearing to become a "mini-trial" on the safety of the Las Flores Pipeline System and the ultimate merits of this case, complete with live expert testimony, which is entirely inappropriate at the preliminary relief stage of these proceedings.

Accordingly, even if the deposition of Mr. Kuprewicz was not prohibited at this stage in the proceedings — which it *is* — the Court should nonetheless deny Real Parties' *Ex Parte* Application in the interest of equity and efficiency.

**D.  Further Developments Concerning Mr. Kuprewicz's Health Preclude His Deposition**

As was made clear to counsel for Real Parties, Mr. Kuprewicz recently began experiencing concerning neurological symptoms, including double vision. (Nimmer Decl., ¶ 9). On June 23, 2025, Mr. Kuprewicz had an MRI of his head — an appointment Real Parties were made aware of.

The results of the scan revealed that Mr. Kuprewicz has a mass in his head, pressing on his optic nerve that will require immediate surgery, assuming it is operable. (Kuprewicz Decl., ¶ 7.)  On the advice of his doctor, Mr. Kuprewicz immediately sought the consultation of neurological surgeon. He scheduled an appointment with a neurological surgeon for July 1, 2025, which was the earliest date available. (*Id*. at ¶ 8.)

According to Mr. Kuprewicz, in light of his ongoing health conditions, his scheduled consultation, and the urgent need to operate on the mass found in his head, he is not able to participate in a deposition on July 1, 2025, and until he is medically cleared to do so. (*Id*. at ¶ 9.)

Undersigned counsel only became aware of these scan results *after* attempts to meet and confer with Real Parties regarding Petitioners' Motion to Quash.

**IV.  CONCLUSION**

For the above reasons, Petitioners respectfully request that this Court deny Real Parties' *Ex Parte* Application and quash the Subpoena and Notice. However, should the Court find the exception from *St.*

*Mary* applies here, and that Mr. Kuprewicz's deposition is otherwise appropriate, Petitioners request that the Court issue an order limiting and conditioning his deposition. Specifically, subject to Mr. Kuprewicz's ongoing health conditions permitting him to participate in a deposition, Petitioners request that the Court: (1) restrict Real Parties from deposing Mr. Kuprewicz for more than seven hours, and from noticing any further depositions of Mr. Kuprewicz during these proceedings (*see* Code Civ. Proc. § 2025.290(a)); (2) limit the scope of Mr. Kuprewicz's deposition to testing the factual foundation of the opinions expressed in his declaration (*see St. Mary*, 50 Cal.App.4th at 1540); and (3) continuing the July 18, 2025, OSC hearing, as well as Petitioners' reply brief deadline, to allow Petitioners sufficient opportunity to depose any experts on whom Real Parties rely in their opposition.

Dated: June 29, 2025                    Respectfully submitted,

*/s/ Julie Teel Simmonds*
Julie Teel Simmonds
David Pettit
Talia Nimmer
CENTER FOR BIOLOGICAL DIVERSITY

*Counsel for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

Petitioners' Opposition to Real Parties' *Ex Parte* Application

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/20/25 8:00 AM
By: Narzralli Baksh , Deputy

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>Respondents/Defendants.<br>――――――――――――――――<br>SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>Real Parties in Interest. | Case No.: 25CV02244<br><br>**DECLARATION OF TALIA NIMMER IN SUPPORT OF PETITIONERS' OPPOSITION TO REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ**<br><br>[Filed concurrently with Petitioners' Opposition and Declaration of Richard B. Kuprewicz]<br><br>Date:     June 30, 2025<br>Time:     8:00 a.m.<br>Dept.:    4<br>Judge:    Honorable Donna D. Geck<br><br>Action Filed: April 15, 2025<br>Trial: None Set |

Declaration of Talia Nimmer ISO of Petitioners' Opposition to Real Parties' *Ex Parte* Application

**DECLARATION OF TALIA NIMMER**

I, Talia Nimmer, hereby declare as follows:

1. I am a staff attorney at Center for Biological Diversity and am counsel for Petitioners in this action. I am duly licensed to practice law before this Court. I have personal knowledge of the following and, if called as a witness, would and could testify competently thereto.

2. Richard Kuprewicz is one of the nation's leading pipeline safety experts. Petitioners retained Mr. Kuprewicz as an expert consultant to advise them during their advocacy to the various state and federal agencies overseeing Sable Offshore Corp.'s ("Sable") proposed restart of the Santa Ynez Unit and attendant infrastructure, including the Las Flores Pipeline System. As relevant here, Mr. Kuprewicz's contractual scope of work included evaluating the Las Flores Pipeline System's defects and systemic issues, and reviewing Sable's applications for State Waivers for the limited effectiveness of cathodic protection on the pipeline system.

3. At Petitioners' request, Mr. Kuprewicz prepared two reports: (1) a report generally outlining the dangers of restarting the Las Flores Pipeline System, and (2) a report addressing the deficiencies of the State Waivers that the Office of the State Fire Marshal ("OSFM") ultimately issued to Sable. Both reports were submitted to OSFM during the administrative stage of these proceedings. Together, the reports explain the systemic issues with the pipeline system, why the State Waivers will not ensure that the pipeline system is safe to operate, and why the pipeline system continues to pose a significant threat of rupturing.

4. After Petitioners filed this action, Sable and Pacific Pipeline Company (together, "Real Parties") began publicly claiming that they were on the precipice of restarting the Las Flores Pipeline System. Accordingly, Petitioners applied *ex parte* for an administrative stay, a temporary restraining order, and a preliminary injunction (the "Ex Parte Application") to prevent them from doing so. In support of Petitioners' Ex Parte Application, Petitioners submitted a declaration from Richard Kuprewicz, with his two reports attached thereto.

5. On June 3, 2025, the Court granted Petitioners' request for a temporary restraining order, and it issued an order to show cause why a preliminary injunction should not issue (the "OSC"). The hearing on the OSC is set for July 18, 2025. The Court ordered that briefing be completed per code,

Declaration of Talia Nimmer ISO of Petitioners' Opposition to Real Parties' *Ex Parte* Application

meaning that Real Parties' opposition is due by July 7, 2025, and Petitioners' reply by July 11, 2025.

6. On June 5, 2025, Real Parties served Mr. Kuprewicz with a deposition subpoena for personal appearance and production of documents and things and a notice of deposition, noticing Mr. Kuprewicz's deposition for June 24, 2025. A true and accurate copy of the subpoena and notice of deposition is attached hereto as **Exhibit A**.

7. That same day, Real Parties served a "cross-notice" of deposition and deposition subpoena on Petitioners in the related case *Environmental Defense Center, et al. v. California Department of Forestry and Fire Protection, et al.*, 25CV02247 ("EDC Petitioners").

8. Because counsel for Real Parties had unilaterally scheduled the deposition and were seemingly unaware of Mr. Kuprewicz's substantial health issues, there was an immediate need to meet and confer regarding the deposition date and reasonable accommodations for Mr. Kuprewicz. Thus, on June 10, 2025, I requested via email that the deposition be moved to July 1, 2025 to accommodate Petitioners' counsel's schedule and that reasonable accommodations be made for Mr. Kuprewicz, including that the deposition take place remotely, and that it be split into two, 3.5-hour sessions. Counsel for Real Parties agreed to move the deposition to July 1, 2025, but refused the requests to accommodate Mr. Kuprewicz's health issues. When EDC Petitioners' counsel then shared that Mr. Kuprewicz was unable to travel, counsel for Real Parties continued to demand that the deposition proceed in-person. A true and accurate copy of this email exchange is attached hereto as **Exhibit B**.

9. EDC Petitioners then secured outside counsel for Mr. Kuprewicz, Mr. Tom Stolpman, and set up a teleconference meeting with counsel for Real Parties to discuss Mr. Kuprewicz's health issues and possible accommodations for him. At the June 12, 2025, meeting, Mr. Stolpman volunteered to drive Mr. Kuprewicz to the deposition, but warned that his various health conditions could prevent him from meaningfully participating. Mr. Stolpman also informed Real Parties that, in response to some concerning symptoms (including double vision), Mr. Kuprewicz's doctor had ordered imaging for his brain, and an MRI was scheduled for June 23, 2025. While the parties negotiated the terms of a deposition should one proceed at the meet and confer conference, at no point did counsel for Petitioners agree to produce Mr. Kuprewicz. Nor did counsel waive any right to contest the propriety of his potential deposition

10.     On June 20, 2025, counsel for Real Parties issued Mr. Kuprewicz a new deposition subpoena for personal appearance and production of documents and things, the subpoena at issue, and an amended notice of deposition noticing Mr. Kuprewicz's deposition for July 1, 2025, the notice at issue. A true and accurate copy of the amended subpoena and notice of deposition is attached hereto as **Exhibit C**.

11.     That same day, Real Parties served an amended "cross-notice" of deposition and deposition subpoena on EDC Petitioners.

12.     The next business day, EDC Petitioners' counsel reached out to counsel for Real Parties via email to explain that continuing research had revealed Real Parties were not entitled to depose Mr. Kuprewicz, and to meet and confer regarding a motion to quash. Opposing counsel accused Petitioners of acting in bad faith, and claimed they would not have moved the deposition date if they were aware of Petitioners' objection. In response, EDC Petitioners' counsel explained that (1) the only reason the deposition was moved was because Real Parties had unilaterally noticed it for a time when counsel for Petitioners was unavailable; (2) while the parties had discussed accommodations for Mr. Kuprewicz's health issues, at no time did Petitioners wave their right to object to his deposition; (3) Petitioners ultimately raised the objection before the date Mr. Kuprewicz's deposition was initially noticed for; and (4) this is an unusual situation involving premature expert discovery and, based on counsels' continuing research, it had become apparent that the proposed deposition exceeded the scope of permissible discovery. A true and accurate copy of this email exchange is attached hereto as **Exhibit D**.

13.     Petitioners properly served a formal objection to Mr. Kuprewicz's deposition on all interested parties on June 25, 2025. A true and accurate copy of Petitioners' objection is attached as **Exhibit E**.

14.     As the parties were unable to informally resolve the issues associated with the deposition, Petitioners filed a Motion a Quash the deposition subpoena, quash the deposition notice, and stay the taking of the deposition on June 26, 2025. A true and accurate copy of the Motion attached hereto as **Exhibit F.**

15.     The next day, on June 27, 2025, Real Parties served Petitioners with the instant Ex Parte Application at 1:18 p.m. A true and correct copy of the service email is attached hereto as **Exhibit G.**

Declaration of Talia Nimmer ISO of Petitioners' Opposition to Real Parties' *Ex Parte* Application

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of June, 2025, in Los Angeles, California.

_____

Talia Nimmer

Declaration of Talia Nimmer ISO of Petitioners' Opposition to Real Parties' *Ex Parte* Application

# Exhibit A

Declaration of Talia Nimmer

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
MATTHEW C. WICKERSHAM, SBN 241733
matt.wickersham@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN (SBN 237595)
benjaminhanelin@paulhastings.com
NATALIE C. Rogers (SBN 301254)
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:    (310) 620-5879
Facsimile:    (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>Respondents/Defendants,<br><hr>SABLE OFFSHORE CORP., a Delaware Corporation; PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>Real Parties in Interest. | Case No.<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ**<br><br>**Date**:  June 24, 2025<br>**Time**:  9:00 a.m.<br>**Place**:  1605 Calle Joaquin, San Luis Obispo, California 93405<br><br>Complaint Filed:    April 15, 2025<br>Trial Date:    None set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company ("Real Parties") have issued and served the Deposition Subpoena for Personal Appearance and Production of Documents and Things to Richard B. Kuprewicz (the "Deponent"), attached hereto as **Exhibit 1** (the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that the deposition of Deponent will take place on **June 24, 2025** at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. The deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, California 90017. The deposition will be taken before an officer authorized to administer the oath to the deponent and will be recorded by stenographic means by a court reporter certified to record depositions and authorized to administer the oath and serve as the deposition officer in the State of California.

Real Parties intend to (1) record the deposition utilizing audio and video technology; (2) use instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time; (3) use Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that, in lieu of a paper set, exhibits may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise of those who intend to appear via this remote participating means so that the necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the deposition.

///

///

///

REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND
DEPOSITION OF RICHARD B. KUPREWICZ

DATED: June 5, 2025          Respectfully submitted,

**ALSTON & BIRD**
JEFFREY D. DINTZER
GARRETT B. STANTON

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE

_____
          Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND
DEPOSITION OF RICHARD B. KUPREWICZ

# EXHIBIT 1

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Jeffrey D. Dintzer (Cal. Bar No. 139056); Matthew C. Wickersham (Cal. Bar No. 241733); Garrett B. Stanton (Cal. Bar No. 324775)<br>ALSTON & BIRD LLP<br>350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071<br>    TELEPHONE NO.: (213) 576-1000        FAX NO. *(Optional):* (213) 576-1100<br>E-MAIL ADDRESS *(Optional):* jeffrey.dintzer@alston.com; matt.wickersham@alston.com; garrett.stanton@alston.com<br>    ATTORNEY FOR *(Name):* Real Parties in Interest | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
 STREET ADDRESS: 1100 Anacapa Street
 MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
 BRANCH NAME:

   PLAINTIFF/ PETITIONER: Center for Biological Diversity and Wishtoyo Foundation

DEFENDANT/ RESPONDENT: California Department of Forestry and Fire Protection, et al.

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>25CV02244 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
Richard B. Kuprewicz, 1783 Trilogy Pkwy, Nipomo, CA 93444-6621

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| Date: June 24, 2025 | Time: 9:00 a.m. | Address: Marriott, 1605 Calle Joaquin, San Luis Obispo, CA 93405 |
|---|---|---|

 a. ☐   As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

 b. ☒   You are ordered to produce the documents and things described in item 3.

 c. ☒   This deposition will be recorded stenographically   ☐   through the instant visual display of testimony
     and by   ☐   audiotape   ☒   videotape.

 d. ☒   This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
 See Attachment 3
 ☒   Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

 ☐   Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: June 4, 2025

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Jeffrey D. Dintzer
_____
        (TYPE OR PRINT NAME)

Attorney for Real Parties in Interest
_____
        (TITLE)

(Proof of service on reverse)

**Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510, 2025.220, 2025.230, 2025.250, 2025.620; Government Code, § 68097.1
www.courts.ca.gov

**SUBP-020**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Center for Biological Diversity and Wishtoyo Foundation<br><br>DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection, et al. | CASE NUMBER:<br>25CV02244 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

1.  I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

    a.  Person served *(name)*: Richard B. Kuprewicz

    b.  Address where served:

    c.  Date of delivery:

    d.  Time of delivery:

    e.  Witness fees and mileage both ways *(check one)*:

    (1) ☐    were paid. Amount: ....................$ _____

    (2) ☐    were not paid.

    (3) ☐    were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*:................$ _____

    f.  Fee for service: .........................................$ _____

2.  I received this subpoena for service on *(date)*:

3.  Person serving:

    a. ☐    Not a registered California process server

    b. ☐    California sheriff or marshal

    c. ☐    Registered California process server.

    d. ☐    Employee or independent contractor of a registered California process server

    e. ☐    Exempt from registration under Business and Professions Code section 22350(b)

    f. ☐    Registered professional photocopier

    g. ☐    Exempt from registration under Business and Professions Code section 22451

    h.    Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

| | | |
|---|---|---|
| SUBP-020 [Rev. January 1, 2009] | **PROOF OF SERVICE**<br>**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**<br>**AND PRODUCTION OF DOCUMENTS AND THINGS** | **Page 2 of 2** |

**ATTACHMENT 3**

**DEFINITIONS**

1.      "YOU" and "YOUR" mean to Richard B. Kuprewicz, his agents, attorneys, and other representatives acting on his behalf.

2.      "SABLE" shall mean Sable Offshore Corp.

3.      "PPC" shall mean Pacific Pipeline Company.

4.      "PETITIONERS" shall mean Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Santa Barbara Channelkeeper, Center for Biological Diversity, and Wishtoyo Foundation, as well as their agents, attorneys, and other representatives acting on their behalf

5.      "ACTION" shall mean the civil lawsuits filed by PETITIONERS entitled *Center for Biological Diversity et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02244, and the coordinated action entitled *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02247.

6.      "SYU PIPELINE" shall refer to the Santa Ynez Unit Pipelines located in waters offshore California.

7.      "LAS FLORES PIPELINE" shall refer to the Las Flores Pipelines located in waters offshore California.

8.      "DOCUMENTS" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize

oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English. DOCUMENTS does not include DOCUMENTS protected by the attorney-client and/or work product privileges.

9.     "COMMUNICATION" means any attempt by one or more persons or entities to communicate, including but not limited to written communications, including memoranda, letters, notes, telegrams, telexes and any other documents; oral communications including face-to-face meetings and telephone conversations; and, electronic or computerized communications, including emails (electronic mailings), Internet postings, word processing systems, magnetic tapes, disks and diskettes.

10.     "RELATE TO" or "RELATING TO" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## **INSTRUCTIONS**

1.      Produce all DOCUMENTS in your possession, custody, or control, as well as all DOCUMENTS in the possession, custody, or control of your agents, representatives, attorneys, investigators, consultants, independent contractors, or experts at least one (1) week before the deposition date reflected in the Subpoena. (As used herein, the term "DOCUMENT" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, computer files, e-mails, financial statements, and reports, calculations, diaries, appointment calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which you have knowledge, whether or not such documents are in YOUR possession, custody or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "DOCUMENTS" also means identical copies of original documents and copies of non-identical copies.)

2.      Produce each and every copy where such copy contains any commentary or notation that does not appear on the original. ESI should be produced in its Native Format, meaning the form that it is ordinarily maintained on your systems, including any metadata associated therewith. (As used herein, the term "ESI" means electronically stored information as defined in California Code of Civil Procedure section 2016.020(e), and shall include, but is not limited to, e-mails and text messages.) Should you choose to produce electronic images of paper DOCUMENTS instead of paper copies, you must product them in single-page TIFF FORMAT imaged at not less than 300 dpi resolution that shows all text and images that would be visible to

a user of the paper DOCUMENT. Color DOCUMENTS must be produced in color TIFF images. Each image should have a unique filename. If a paper DOCUMENT is more than one page, the unitization of the paper DOCUMENT and any attachments or affixed notes shall be maintained as it existed when collected, including, for example, emails or letters with their attachments.

3.    Produce all drafts, as well as the final version, of all responsive DOCUMENTS.

4.    Produce, where possible, originals of the DOCUMENTS requested, whether signed or unsigned, for inspection and copying.

5.    For each DOCUMENT requested which is sought to be withheld under a claim of privilege, provide the following information:

a.    The number of the request to which the DOCUMENT is responsive;

b.    A statement of the basis upon which the privilege is claimed and whether or not the subject matter of the contents of the DOCUMENT is limited to legal advice or information provided for the purpose of securing legal advice;

c.    The name and title of the sender and the name and title of the recipient of the DOCUMENT, if applicable;

d.    The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

e.    The name of each person or persons participating in the preparation of the DOCUMENT; and

f.    The name and title, if any, of each person to whom the contents of the DOCUMENT has been communicated by copy, exhibition, reading or substantial summarization.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 4**:

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**REQUEST FOR PRODUCTION NO. 5**:

YOUR COMMUNICATIONS discussing SABLE.

**REQUEST FOR PRODUCTION NO. 6**:

YOUR COMMUNICATIONS discussing PPC.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**REQUEST FOR PRODUCTION NO. 9**:

All contracts and agreements YOU have with PETITIONERS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 11**:

All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 12**:

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 13**:

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 14**:

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

| **ALSTON & BIRD LLP**  (213) 576-1000 | |
| --- | --- |
| Jeffrey D. Dintzer (Cal. Bar 139056); Matthew C. Wickersham (Cal. Bar No 241733); Garrett B. Stanton (Cal. Bar No. 327775) **350 South Grand Avenue, Suite 5100 , Los Angeles, CA 90071** ATTORNEY FOR *(Name):* **Real Parties in Interest** | |
| **SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SANTA BARBARA - ANACAPA DIVISON** | |
| PLAINTIFF/PETITIONER:   **Center for Biological Diversity and Wishtoyo Foundation** DEFENDANT/RESPONDENT: **California Department of Forestry and Fire Protection, et al.** | |

| **PROOF OF SERVICE** | HEARING DATE: **June 24, 2025** | TIME: **9:00 AM** | CASE NUMBER: **25CV02244** |
| --- | --- | --- | --- |

1.  At the time of service I was 18 years of age and not a party to this action, and  **I served copies**  of the *(specify document(s)):*

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

2.  a. Party Served:          **Richard B. Kuprewicz**

    b. Person Served:        **Same as party in item 2a.**

    c. Address:                  **1783 Trilogy Parkway**
                                      **Nipomo, CA 934446621**

3.  I served the party in item 2

    a. **By personally delivering the copies.**

    |  | (1) on *(date):* | **6/5/2025** |
    | --- | --- | --- |
    |  | (2) at *(time):* | **7:00 AM** |

4.  **Witness fees were not demanded and were not paid.**

5.  Person Serving *(name, address, and telephone No.):*

| **Joseph P. Stetz III** | f. **Fee** for service: $ |
| --- | --- |
| Ace Attorney Service, Inc. | c. Registered California Process Server. |
| 800 S. Figueroa Street, Suite 900 | (1) Employee or independent contractor. |
| Los Angeles, CA 90017 | (2) Registration No.: **270** |
| (213) 623-3979 | (3) County : **SANTA BARBARA** |

6.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:  **June 5, 2025**

_____
*(signature)*

SUBP-020 [Rev. January 1,2009]                                                                          Order#: 2455263/POS2

**PROOF OF SERVICE**

**PROOF OF SERVICE**

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 5, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☒ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by UPS for overnight delivery.

☒ BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2025, at Los Angeles, California.

Heather Thai
Heather Thai

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
          dpettit@biologicaldiversity.org
          tnimmer@biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/
DEFENDANTS**
California Department of Forestry and Fire
Protection, Office of the State Fire Marshal;
Daniel Berlant, in his official capacity as State
Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN
INTEREST**
Sable Offshore Corp.; Pacific Pipeline
Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
          benjaminhanelin@paulhastings.com
          natalierogers@paulhastings.com

# Exhibit B

Declaration of Talia Nimmer

| | |
|---|---|
| **From:** | Dintzer, Jeffrey |
| **To:** | Jeremy Frankel; Stanton, Garrett |
| **Cc:** | djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt; Talia Nimmer; Thai, Heather; Julie Teel Simmonds; David Pettit; Michael.dorsi@doj.ca.gov; Linda Krop; Tara Rengifo; Bolender, Brooke; Niz, Kim; tom@stolpmanlawgroup.com |
| **Subject:** | Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247) |
| **Date:** | Thursday, June 12, 2025 1:44:48 PM |

Ok

_____

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
Sent: Thursday, June 12, 2025 1:40:10 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER – Proceed with caution

_____

How does 3 pm sound?

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.EnvironmentalDefenseCenter.org>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

-----Original Message-----
From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>

Sent: Thursday, June 12, 2025 1:38 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com
Subject: Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Yes, that will work. Please send a teams or zoom link. Jeffrey.

_____

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
Sent: Thursday, June 12, 2025 1:28:19 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____


Hi Jeffrey,


Are you available for a phone call this afternoon with myself and Tom Stolpman, cc'ed here, who will be serving as counsel for Mr. Kuprewicz? Any time before 4:30 would work for us.


Thanks,


[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.EnvironmentalDefenseCenter.org>
<http://www.environmentaldefensecenter.org>>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter>> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter>> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center>> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
Sent: Wednesday, June 11, 2025 5:07 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Stanton, Garrett <Garrett.Stanton@alston.com>
Cc: djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Wickersham, Matt <Matt.Wickersham@alston.com>; Talia Nimmer <tnimmer@biologicaldiversity.org>; Thai, Heather <Heather.Thai@alston.com>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Michael.dorsi@doj.ca.gov; Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Bolender, Brooke <Brooke.Bolender@alston.com>; Niz, Kim <Kim.Niz@alston.com>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Thank you, I look forward to hearing from him/her tomorrow. Regards, Jeffrey.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 5:05 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop

<lkrop@environmentaldefensecenter.org<[mailto:lkrop@environmentaldefensecenter.org](mailto:lkrop@environmentaldefensecenter.org)>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<[mailto:trengifo@environmentaldefensecenter.org](mailto:trengifo@environmentaldefensecenter.org)>>; Bolender, Brooke <Brooke.Bolender@alston.com<[mailto:Brooke.Bolender@alston.com](mailto:Brooke.Bolender@alston.com)>>; Niz, Kim <Kim.Niz@alston.com<[mailto:Kim.Niz@alston.com](mailto:Kim.Niz@alston.com)>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____

We are working on obtaining outside counsel for Mr. Kuprewicz, which should be resolved some time tomorrow. Counsel for Mr. Kuprewicz will follow up with you about appropriate accommodations.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<[http://www.EnvironmentalDefenseCenter.org](http://www.EnvironmentalDefenseCenter.org)> <[http://www.environmentaldefensecenter.org>>](http://www.environmentaldefensecenter.org)

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter>> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter>> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center>> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>
Sent: Wednesday, June 11, 2025 3:53 PM
To: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Mr. Frankel you have not answered my question, which is very simple, can Mr. Kuperwicz travel the short distance to a local hotel to attend the deposition? You will have to answer this question if you intend to seek a protective order. Please advise. If he is truly housebound then we can discuss other accommodations, but a remote deposition is not one of them. Finally, please advise whether your offices are representing Mr. Kuperwicz as his personal counsel in this matter. Regards, Jeffrey Dintzer.

From: Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 3:43 PM
To: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____

Hi Jeffrey,

It is my understanding that Mr. Kuprewicz is unable to travel. But he is able to participate remotely, so long as the sessions are limited to half-days.

Again, if you are not willing to make reasonable accommodations for Mr. Kuprewicz's health issues, we will seek appropriate relief.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.EnvironmentalDefenseCenter.org>
<http://www.environmentaldefensecenter.org>>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter>> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter>> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center>> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>
Sent: Wednesday, June 11, 2025 3:09 PM
To: Jeremy Frankel
<jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Stanton, Garrett
<Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>;
benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>;
natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Wickersham, Matt
<Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer
<tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather
<Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds
<jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit
<dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>;
Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop
<lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo
<trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke
<Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim
<Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No.
25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Mr. Frankel, we have agreed to move the deposition date and are going to travel to a location near Mr. Kuprewicz's home. We are prepared to take reasonable breaks to accommodate the witness so that he can rest between questioning sessions. We are not willing to conduct the deposition remotely. Is it your representation that he cannot leave his home and come to a local hotel and give live testimony? Please advise. Regards, Jeffrey Dintzer.

From: Jeremy Frankel
<jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>
Sent: Wednesday, June 11, 2025 2:53 PM
To: Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>;
benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>;
natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey
<Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt
<Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Talia Nimmer
<tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather
<Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds
<jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit
<dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>;
Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop
<lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Tara Rengifo
<trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>; Bolender, Brooke
<Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim
<Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No.
25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____

Hi Garrett,

Mr. Kuprewicz is experiencing severe health issues that, among other things, prevent him from traveling. If you want to proceed with his deposition, it will have to be conducted remotely, and it will have to be split up between two, 3.5 hour sessions. Otherwise, we will be forced to seek a protective order and stay the deposition until the court can hear the issue.

We see these as very reasonable requests, and I'm sure the court would as well.

Thanks,

[cid:image001.jpg@01DBDB9D.DA252F20]

JEREMY FRANKEL (he/him/his)
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org<http://www.EnvironmentalDefenseCenter.org>
<http://www.environmentaldefensecenter.org>>

[Facebook icon] <https://www.facebook.com/EnvironmentalDefenseCenter>> [Instagram icon] <https://www.instagram.com/environmentaldefensecenter>> [LinkedIn icon] <https://www.linkedin.com/company/environmental-defense-center>> [Youtube icon] <https://www.youtube.com/user/EnviroDefenseCenter>>

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

From: Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>
Sent: Tuesday, June 10, 2025 5:36 PM
To: Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; Linda Krop <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; Jeremy Frankel <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; Tara Rengifo <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: RE: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Hi Talia,

We are agreeable rescheduling the deposition for July 1st to accommodate calendar conflicts. While the Code allows for remote depositions by agreement, the rules also permit "any party or attorney of record" to be "physically present at the deposition at the location of the deponent," as long as requisite notice is given. (Cal. Rules of Court, rule 3.1010(a)(3).)

As such, the deposition will be noticed to go forward in-person, and will need to take place in a single, 7-hour session as allowed by the Code since the deposition will require us to undertake substantial travel. We, of course, are agreeable to taking more frequent breaks during the deposition to accommodate the witness.

Thanks,

Garrett B. Stanton

Senior Associate

ALSTON & BIRD

350 South Grand Avenue, 51st Floor

Los Angeles, CA 90071

garrett.stanton@alston.com<mailto:garrett.stanton@alston.com> | t: 213.576.1151

From: Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>
Sent: Tuesday, June 10, 2025 4:54 PM
To: Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>; lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>; jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>; trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: Re: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

EXTERNAL SENDER - Proceed with caution

_____

Counsel,

Given scheduling conflicts, we would like to request that the deposition be rescheduled for the following week (June 30-July 3). Additionally, because the witness is currently experiencing health issues, we would like to further request that the deposition take place remotely and that should the deposition run more than 3.5 hours, it be split into two morning sessions.

Please advise whether this is amenable. Thank you for your anticipated cooperation.

Talia Nimmer (she/her)

Staff Attorney

Climate Law Institute

Center for Biological Diversity

(213) 341-1426

[cbd.circle.tag.rgb]

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

_____

From: Thai, Heather <Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>>
Sent: Thursday, June 5, 2025 12:32 PM
To: Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org<mailto:jteelsimmonds@biologicaldiversity.org>>; David Pettit <dpettit@biologicaldiversity.org<mailto:dpettit@biologicaldiversity.org>>; Talia Nimmer <tnimmer@biologicaldiversity.org<mailto:tnimmer@biologicaldiversity.org>>; Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov> <Michael.dorsi@doj.ca.gov<mailto:Michael.dorsi@doj.ca.gov>>; lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org> <lkrop@environmentaldefensecenter.org<mailto:lkrop@environmentaldefensecenter.org>>; jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org> <jfrankel@environmentaldefensecenter.org<mailto:jfrankel@environmentaldefensecenter.org>>; trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org> <trengifo@environmentaldefensecenter.org<mailto:trengifo@environmentaldefensecenter.org>>
Cc: djmoore@paulhastings.com<mailto:djmoore@paulhastings.com> <djmoore@paulhastings.com<mailto:djmoore@paulhastings.com>>; benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com> <benjaminhanelin@paulhastings.com<mailto:benjaminhanelin@paulhastings.com>>; natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com> <natalierogers@paulhastings.com<mailto:natalierogers@paulhastings.com>>; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com<mailto:Jeffrey.Dintzer@alston.com>>; Wickersham, Matt <Matt.Wickersham@alston.com<mailto:Matt.Wickersham@alston.com>>; Stanton, Garrett <Garrett.Stanton@alston.com<mailto:Garrett.Stanton@alston.com>>; Bolender, Brooke <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>; Niz, Kim <Kim.Niz@alston.com<mailto:Kim.Niz@alston.com>>
Subject: Center for Biological Diversity v. California Department of Forestry, et al. (Case No. 25CV02244)/Environmental Defense Center v. California Department of Forestry, et al. (Case No. 25CV02247)

Electronically Served:

Dear Counsel:

Please see the attached documents listed documents:

Center for Biological Diversity v. California Department of Forestry, et al.

· Real Parties in Interest's Notice of Issuance of Subpoena to and Deposition of Richard B. Kuprewicz

Environmental Defense Center v. California Department of Forestry, et al.

· Real Parties in Interest's Notice of Issuance of Subpoena to and Deposition of Richard B. Kuprewicz

Thank you,

Heather L. Thai
ABassist Specialist
ALSTON & BIRD
350 South Grand Avenue

51st Floor
Los Angeles, CA 90071
+1 213 576 1017 (O)
Heather.Thai@alston.com<mailto:Heather.Thai@alston.com>

_____

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# Exhibit C

Declaration of Talia Nimmer

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN (SBN 237595)
benjaminhanelin@paulhastings.com
NATALIE C. Rogers (SBN 301254)
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:    (310) 620-5879
Facsimile:    (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>Respondents/Defendants,<br><br>SABLE OFFSHORE CORP., a Delaware Corporation; PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>Real Parties in Interest. | Case No. 25CV02244<br>Coordinated with Case No. 25CV02247<br><br>Assigned for all purposes to:<br>Hon. Donna D. Geck<br><br>**REAL PARTIES IN INTEREST'S AMENDED CROSS-NOTICE OF DEPOSITION OF RICHARD B. KUPREWICZ**<br><br>**Date**: July 1, 2025<br>**Time**: 9:00 a.m.<br>**Place**: 1605 Calle Joaquin, San Luis Obispo, California 93405<br><br>Complaint Filed:    April 15, 2025<br>Trial Date:    None set |

REAL PARTIES IN INTEREST'S NOTICE OF
DEPOSITION OF RICHARD B. KUPREWICZ

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Real Parties in Interest Sable Offshore Cop. and Pacific Pipeline Company ("Real Parties") have issued and served the Amended Deposition Subpoena for Personal Appearance and Production of Documents and Things to Richard B. Kuprewicz (the "Deponent"), attached hereto as **Exhibit 1** (the "Deposition Subpoena").

**PLEASE TAKE FURTHER NOTICE** that the deposition of Deponent will take place on **July 1, 2025** at the Marriott, 1605 Calle Joaquin, San Luis Obispo, California 93405. The deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, California 90017. The deposition will be taken before an officer authorized to administer the oath to the deponent and will be recorded by stenographic means by a court reporter certified to record depositions and authorized to administer the oath and serve as the deposition officer in the State of California.

Real Parties intend to (1) record the deposition utilizing audio and video technology; (2) use instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real time; (3) use Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that, in lieu of a paper set, exhibits may be provided and displayed digitally to the deposition officer, deponent, parties, and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise of those who intend to appear via this remote participating means so that the necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the deposition.

/ / /

/ / /

/ / /

REAL PARTIES IN INTEREST'S NOTICE OF
DEPOSITION OF RICHARD B. KUPREWICZ

DATED: June 20, 2025          Respectfully submitted,

                              **ALSTON & BIRD**
                              JEFFREY D. DINTZER
                              GARRETT B. STANTON

                              **PAUL HASTINGS**
                              DUNCAN JOSEPH MOORE


                              _____
                                   Jeffrey D. Dintzer

                              Attorneys for Real Parties in Interest
                              **SABLE OFFSHORE CORP.**
                              **PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST'S NOTICE OF
DEPOSITION OF RICHARD B. KUPREWICZ

# Exhibit 1

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeffrey D. Dintzer (SBN 139056); Garrett B. Stanton (SBN 324775) ALSTON & BIRD LLP 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071 TELEPHONE NO.: (213) 576-1000    FAX NO. (Optional): (213) 576-1100 E-MAIL ADDRESS (Optional): jeffrey.dintzer@alston.com; garrett.stanton@alston.com ATTORNEY FOR (Name): Real Parties in Interest | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, CA 93121-1107
BRANCH NAME:

PLAINTIFF/ PETITIONER: Center for Biological Diversity and Wishtoyo Foundation

DEFENDANT/ RESPONDENT: California Department of Forestry and Fire Protection, et al.

| DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS | CASE NUMBER: 25CV02244 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
Richard B. Kuprewicz, 1783 Trilogy Pkwy, Nipomo, CA 93444-6621

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

| Date: July 1, 2025 | Time: 9:00 a.m. | Address: 1605 Calle Joaquin, San Luis Obispo, California 93405 |
|---|---|---|

a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc, § 2025.230.)

b. ☒ You are ordered to produce the documents and things described in item 3.

c. ☒ This deposition will be recorded stenographically ☐ through the instant visual display of testimony
and by ☐ audiotape ☒ videotape.

d. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:
See Attachment 3
☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: June 20, 2025

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Jeffrey D. Dintzer
_____
(TYPE OR PRINT NAME)

Attorney for Real Parties in Interest
_____
(TITLE)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020.510, 2025.220, 2025.230, 2025.250, 2025.620; Government Code, § 68097.1
www.courts.ca.gov

# Attachment 3

**ATTACHMENT 3**

**DEFINITIONS**

1.      "YOU" and "YOUR" mean to Richard B. Kuprewicz, his agents, attorneys, and other representatives acting on his behalf.

2.      "SABLE" shall mean Sable Offshore Corp.

3.      "PPC" shall mean Pacific Pipeline Company.

4.      "PETITIONERS" shall mean Environmental Defense Center, Get Oil Out!, Santa Barbara County Action Network, Sierra Club, Santa Barbara Channelkeeper, Center for Biological Diversity, and Wishtoyo Foundation, as well as their agents, attorneys, and other representatives acting on their behalf

5.      "ACTION" shall mean the civil lawsuits filed by PETITIONERS entitled *Center for Biological Diversity et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02244, and the coordinated action entitled *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV02247.

6.      "SYU PIPELINE" shall refer to the Santa Ynez Unit Pipelines located in waters offshore California.

7.      "LAS FLORES PIPELINE" shall refer to the Las Flores Pipelines located in waters offshore California.

8.      "DOCUMENTS" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize

oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English. DOCUMENTS does not include DOCUMENTS protected by the attorney-client and/or work product privileges.

9.    "COMMUNICATION" means any attempt by one or more persons or entities to communicate, including but not limited to written communications, including memoranda, letters, notes, telegrams, telexes and any other documents; oral communications including face-to-face meetings and telephone conversations; and, electronic or computerized communications, including emails (electronic mailings), Internet postings, word processing systems, magnetic tapes, disks and diskettes.

10.    "RELATE TO" or "RELATING TO" means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

## **INSTRUCTIONS**

1.      Produce all DOCUMENTS in your possession, custody, or control, as well as all DOCUMENTS in the possession, custody, or control of your agents, representatives, attorneys, investigators, consultants, independent contractors, or experts at least one (1) week before the deposition date reflected in the Subpoena. (As used herein, the term "DOCUMENT" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever (including, but not limited to, reports, studies, charts, statistical compilations, letters, correspondence, telegrams, memoranda, ledgers, books of accounts, bookkeeping and accounting records, minutes, contracts, leases, notes, electronic transcriptions or tapings of conversations conducted by any means, work papers, schedules, computer printouts, computer files, e-mails, financial statements, and reports, calculations, diaries, appointment calendars or records, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls) of which you have knowledge, whether or not such documents are in YOUR possession, custody or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "DOCUMENTS" also means identical copies of original documents and copies of non-identical copies.)

2.      Produce each and every copy where such copy contains any commentary or notation that does not appear on the original. ESI should be produced in its Native Format, meaning the form that it is ordinarily maintained on your systems, including any metadata associated therewith. (As used herein, the term "ESI" means electronically stored information as defined in California Code of Civil Procedure section 2016.020(e), and shall include, but is not limited to, e-mails and text messages.) Should you choose to produce electronic images of paper DOCUMENTS instead of paper copies, you must product them in single-page TIFF FORMAT imaged at not less than 300 dpi resolution that shows all text and images that would be visible to

a user of the paper DOCUMENT. Color DOCUMENTS must be produced in color TIFF images. Each image should have a unique filename. If a paper DOCUMENT is more than one page, the unitization of the paper DOCUMENT and any attachments or affixed notes shall be maintained as it existed when collected, including, for example, emails or letters with their attachments.

3.      Produce all drafts, as well as the final version, of all responsive DOCUMENTS.

4.      Produce, where possible, originals of the DOCUMENTS requested, whether signed or unsigned, for inspection and copying.

5.      For each DOCUMENT requested which is sought to be withheld under a claim of privilege, provide the following information:

a.      The number of the request to which the DOCUMENT is responsive;

b.      A statement of the basis upon which the privilege is claimed and whether or not the subject matter of the contents of the DOCUMENT is limited to legal advice or information provided for the purpose of securing legal advice;

c.      The name and title of the sender and the name and title of the recipient of the DOCUMENT, if applicable;

d.      The place, approximate date, and manner of recording or otherwise preparing the DOCUMENT;

e.      The name of each person or persons participating in the preparation of the DOCUMENT; and

f.      The name and title, if any, of each person to whom the contents of the DOCUMENT has been communicated by copy, exhibition, reading or substantial summarization.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 4**:

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**REQUEST FOR PRODUCTION NO. 5**:

YOUR COMMUNICATIONS discussing SABLE.

**REQUEST FOR PRODUCTION NO. 6**:

YOUR COMMUNICATIONS discussing PPC.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**REQUEST FOR PRODUCTION NO. 8**:

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**REQUEST FOR PRODUCTION NO. 9**:

All contracts and agreements YOU have with PETITIONERS.

**REQUEST FOR PRODUCTION NO. 10**:

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 11**:

All drafts and versions of YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 12**:

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 13**:

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's *ex parte* application for a stay, order to show cause and temporary restraining order in the ACTION.

**REQUEST FOR PRODUCTION NO. 14**:

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled *Sable Offshore Corp v. California Coastal Commission et al.*, Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

**PROOF OF SERVICE**

I, Kim Niz, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 20, 2025, I served the document(s) AMENDED DEPOSITION SUBPOENA **FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS TO RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

☐  (BY U.S. MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐  (BY FACSIMILE) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐  (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒  BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

_/s/ Kim Niz_
Kim Niz

**SERVICE LIST**

Tom Stolpman                                    **Counsel for Robert Kuperwicz**
Stolpman Law Group                              **tom@stolpmanlawgroup.com**

**PROOF OF SERVICE**

I, Kim Niz, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

On June 20, 2025, I served the document(s) **REAL PARTIES IN INTEREST'S NOTICE OF ISSUANCE OF SUBPOENA TO AND DEPOSITION OF RICHARD B. KUPREWICZ** on the interested parties stated below, by the following means of service:

**See Attached Service List**

☐    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐    (BY FACSIMILE) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐    (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒    BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 20, 2025, at Los Angeles, California.

/s/ Kim Niz
Kim Niz

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:   (510) 844-7100
Fax:   (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
           dpettit@biologicaldiversity.org
           tnimmer@biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/
DEFENDANTS**
California Department of Forestry and Fire
Protection, Office of the State Fire Marshal;
Daniel Berlant, in his official capacity as State
Fire Marshal

Tel.:   (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN
INTEREST**
Sable Offshore Corp.; Pacific Pipeline
Company

Tel.:   (310) 620-5879
Email: djmoore@paulhastings.com
           benjaminhanelin@paulhastings.com
           natalierogers@paulhastings.com

# Exhibit D

Declaration of Talia Nimmer

| **From:** | Jeremy Frankel |
|---|---|
| **To:** | Dintzer, Jeffrey; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett; Daniel, Madeline; Seabolt, Dan; Vreeland, Shannon; Rusek, Vickie; Oberst, Brett; Brown, Frankie |
| **Cc:** | Linda Krop; Tara Rengifo; Julie Teel Simmonds; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov |
| **Subject:** | RE: Re Mr. Kuprewicz"s Deposition |
| **Date:** | Tuesday, June 24, 2025 5:25:00 PM |
| **Attachments:** | 2025_06_24_Objection to Deposition of Richard Kuprewicz.pdf |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Hi Jeffrey,

Again, our previous discussions were borne of an obvious and immediate need to reschedule the date of the proposed deposition, and to inform you of Mr. Kuprewicz's ongoing health issues. At no time did Petitioners waive their right to object to Mr. Kuprewicz's deposition on the grounds that it exceeds the scope of permissible discovery, which our ongoing research has since revealed.

We respectfully disagree with your below contentions, including that it is unreasonable or prejudicial to quash an improper deposition subpoena/notice. Our review of the law indicates that, under the circumstances, Real Parties are not entitled to take Mr. Kuprewicz's deposition at this time. Accordingly, should Real Parties' not withdraw their deposition subpoena/notices by 5:00 p.m. tomorrow, we will proceed with a motion to quash.

Attached please find the EDC Petitioners' formal objection to Real Parties deposition subpoena and cross-notice of deposition. A copy is also being served by mail.

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org

  

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

---

**From:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
**Sent:** Tuesday, June 24, 2025 3:51 PM
**To:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; Daniel, Madeline <Madeline.Daniel@alston.com>; Seabolt, Dan <Dan.Seabolt@alston.com>; Vreeland, Shannon <Shannon.Vreeland@alston.com>; Rusek, Vickie <Vickie.Rusek@alston.com>; Oberst, Brett <Brett.Oberst@alston.com>; Brown, Frankie <Frankie.Brown@alston.com>

**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov
**Subject:** Re Mr. Kuprewicz's Deposition

Mr. Frankel,

It is true that we noticed the deposition for June 24th, and we moved the deposition date to July 1st to accommodate the schedules of counsel, *at counsel's request*.  In that request, there was no objection for the deposition going forward, and that would have been the appropriate time to raise such objection.  Such would have afforded the Real Parties with an opportunity to have the court compel the deposition in due time before Real Parties' opposition will be due on July 7th.  On June 12th, we discussed Real Parties' need to take the deposition in time for our July 7th opposition, which is why we agreed upon July 1st.  *At no time did any counsel object to the deposition going forward during this discussion either*.  On the call, we all reached an agreement regarding the date, time, and location of the deposition to accommodate the witness.  Mr. Stolpman further agreed to accept service on behalf of his client.  Why would we discuss all of these topics and agree on them only to "make any deposition less burdensome" for Mr. Kuprewicz but not agree on a deposition going forward?  That logically makes no sense.  And based on the parties' agreement, Real Parties have reasonably had to incur necessary costs to reserve space for the deposition and for travel.

Further, waiting to move to quash the deposition only just before Real Parties' opposition is due is highly prejudicial for obvious reasons.  Such prejudice cannot simply ensue because  "it has come to [y]our attention that Real Parties are not entitled to proceed with Mr. Kuprewicz's deposition at this time" – offering no basis to prevent necessary cross-examination of evidence offered in support of an application for preliminary injunction that will greatly impact Real Parties' rights.  The parties reached a clear agreement on June 12th to proceed with the deposition, and the law does not support your newfound position. (See *In re Crystal J.* (1993) 12 Cal.App.4th 407, 413 ["A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses."]; 5 California Trial Guide § 100.20 [discussing depositions are appropriate for use in pretrial proceedings "such as a motion for a preliminary injunction"]; *Fleishman v. Superior Court* (2002)102 Cal. App. 4th 350, 356 ["Before issuing a preliminary injunction, the trial court must 'carefully weigh the evidence and decide whether the facts require . . . such relief. The court evaluates the credibility of witnesses and makes factual findings on disputed evidence."]; see also *St. Mary Med. Ctr. v. Sup.Ct. (Mennella)* (1996) 50 Cal.App.4th 1531, 1539 [holding  § 2034.010 et seq. procedure for deposing expert witnesses does not bar earlier depositions of experts whose opinions are filed in support of or in opposition to a motion for summary judgment or summary adjudication].)

Preventing the deposition of Mr. Kuprewicz, without removing his declaration from the record, is highly unreasonable, highly prejudicial to Real Parties, violates their due process rights, and certainly serves as a strong basis for sanctions. We expect your declarant to appear at his deposition on July 1, 2025, as noticed.  Regards, Jeffrey.

Jeffrey Dintzer
ALSTON & BIRD
350 S. Grand Avenue, 51st Floor
Los Angeles, CA 90071
Office:  213-576-1063
Cell: 213-393-8664

---

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Tuesday, June 24, 2025 10:20 AM

**To:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org; michael.dorsi@doj.ca.gov
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

**EXTERNAL SENDER – Proceed with caution**

Hi Jeffrey,

Thank you for your response.

We certainly appreciate your willingness to move the deposition date, but the only reason it was moved was because you unilaterally scheduled the deposition without consulting counsel for petitioners, and you noticed it for a date when counsel for CBD and Wishtoyo was unavailable. The only reason the date was moved was to accommodate counsel's schedule.

When we previously met and conferred, we did so to discuss a different issue: Mr. Kuprewicz's severe health issues, and possible accommodations for him to make any deposition less burdensome. Any "agreement" we reached at our previous meeting was strictly related to that issue. Notably, we are not seeking to quash the subpoena on the basis of Mr. Kuprewicz's health issues.

We are not proceeding in bad faith. This is an unusual situation, and based on our continuing research, it has come to our attention that Real Parties are not entitled to proceed with Mr. Kuprewicz's deposition at this time. Because, as explained in our previous email, the deposition exceeds the scope of permissible discovery, it remains reasonable for us to pursue a motion to quash, regardless of when the deposition was re-noticed for.

Moreover, it's not clear to us how pushing the deposition to July 1 – which, again, was necessary to accommodate counsel's schedule – resulted in any prejudice to Real Parties.  We ultimately reached out to meet and confer *before* the date Mr. Kuprewicz's deposition was initially noticed for (June 24), and our formal objections will be served imminently.

Please let us know what times you are available today for a call.

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org

  

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

---

**From:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>
**Sent:** Monday, June 23, 2025 5:29 PM
**To:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Stanton, Garrett <Garrett.Stanton@alston.com>; michael.dorsi@doj.ca.gov; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org
**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

Mr. Frankel, we are happy to meet and confer with you tomorrow over the deposition of Mr. Kuprewicz.  But please know that if you file a motion to block the deposition from going forward, we will seek monetary sanctions against you. We agreed to move Mr. Kuprewicz's deposition to July 1 in good faith, with the understanding after *reaching an agreement with you and his independent counsel, Mr. Stolpman,* that deposition would proceed on July 1. The record reflects as much.

You never once mentioned any objection to the taking of his deposition before we agreed to move the deposition to July 1st, knowing our opposition is due on July 7th after a holiday weekend. The email below is the first we have heard of any objection to proceeding with this deposition as scheduled.  In fact, we met and conferred on June 12th, and all agreed that the deposition would proceed on July 1st at the location we selected near the witnesses' residence to accommodate his travel restrictions.  Had we been advised of such an objection, which could have been made at that time, we would not have moved the date to accommodate you and the witness.

Requesting a delay in the deposition of a declarant supporting an application for preliminary injunction so you can have additional time to file a motion for protective order or to quash the subpoena without advising opposing counsel of your intentions is bad faith and sanctionable.  Jeffrey

---

**From:** Jeremy Frankel <jfrankel@environmentaldefensecenter.org>
**Sent:** Monday, June 23, 2025 4:57 PM
**To:** djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>; michael.dorsi@doj.ca.gov; Niz, Kim <Kim.Niz@alston.com>
**Cc:** Linda Krop <lkrop@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; tnimmer@biologicaldiversity.or;

jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org

**Subject:** RE: Service Docs - Case Nos.: 25CV02244 and 25CV02247

**EXTERNAL SENDER – Proceed with caution**

---

Counsel,

After further consideration, we believe that Real Parties' attempt to depose Mr. Kuprewicz – Petitioners' retained expert consultant – exceeds the scope of permissible discovery. Generally, parties are not entitled to engage in expert discovery (including depositions) unless and until experts have been designated pursuant to CCP § 2034.210. (*See, e.g., County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation).) The only recognized exception to that rule is limited to summary judgment proceedings and is inapplicable here. (*See St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540-41.)

Accordingly, at this point, petitioners in both 25CV02244 and 25CV02247 intend to file motions to quash Mr. Kuprewicz's deposition subpoena and related notices of deposition. Filing the motions will automatically stay Mr. Kuprewicz's deposition until they can be heard. (CCP § 2025.410(b).)

That said, we welcome the opportunity to first attempt to resolve this informally. Please let us know your availability to meet and confer in the next few days.

(This effort to meet and confer is joined by counsel for petitioners in 25CV02244, cc'ed here.)

Thanks,



**JEREMY FRANKEL (he/him/his)**
STAFF ATTORNEY
906 Garden Street
Santa Barbara, CA 93101
805.963.1622 x100
www.EnvironmentalDefenseCenter.org

  

We recognize that EDC sits on occupied, unceded, stolen lands of the Chumash Peoples, on Shmuwich Territory, who have called this area home for time immemorial. We commit today to make space to elevate indigenous voices and support our local Chumash and indigenous communities in our work to protect our environment.

CONFIDENTIALITY NOTE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.

---

**From:** Niz, Kim <Kim.Niz@alston.com>
**Sent:** Friday, June 20, 2025 4:41 PM
**To:** Linda Krop <lkrop@environmentaldefensecenter.org>; Jeremy Frankel <jfrankel@environmentaldefensecenter.org>; Tara Rengifo <trengifo@environmentaldefensecenter.org>; michael.dorsi@doj.ca.gov; djmoore@paulhastings.com; benjaminhanelin@paulhastings.com; natalierogers@paulhastings.com; jteelsimmonds@biologicaldiversity.or; dpettit@biologicaldiversity.org; tnimmer@biologicaldiversity.or

**Cc:** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>
**Subject:** Service Docs - Case Nos.: 25CV02244 and 25CV02247

**Electronic Service:**

Dear Counsel,

Please find attached electronic service documents:

- EDC v. Sable - Real Party in Interest's Amended Cross-Notice of Deposition of Richard B. Kuprewicz
- CBD v. Sable - Real Party in Interest's Amended Cross-Notice of Deposition of Richard B. Kuprewicz

Thank you,

Kim S. Niz | Legal Administrative Assistant
**ALSTON & BIRD**
Jeffrey D. Dintzer | Brett Oberst | Krista Hernandez
Jeff Carlin | Matthew C. Wickersham | Garrett Stanton

350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Direct:  213 576 1096 | Office:  213 576 1000
Kim.Niz@alston.com

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

# Exhibit E

Declaration of Talia Nimmer

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological
Diversity and Wishtoyo Foundation*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA BARBARA
SOUTH COUNTY REGION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, | Case No.: 25CV02244 |
| Petitioners/Plaintiffs, | **PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF RICHARD B. KUPREWICZ** |
| v. | |
| CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive, | Date: July 1, 2025 Time: 9:00 a.m. Location: 1605 Calle Joaquin, San Luis Obispo, CA 93405 |
| Respondents/Defendants. | Judge: Hon. Donna D. Geck Dept: 4 |
| SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive, | Complaint Filed: April 15, 2025 Trial Date: None set |
| Real Parties in Interest. | |

1

PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF KUPREWICZ

Petitioners Center for Biological Diversity and Wishtoyo Foundation ("Petitioners") object to Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company's (collectively, "Real Parties") Notice of Deposition and Deposition Subpoena of Richard B. Kuprewicz, Petitioners' consultant in this matter, as follows:

**GENERAL OBJECTIONS**

1.    Petitioners object to the Subpoena and Notice on the grounds that they are inconsistent with, enlarge upon, and exceed the scope of permissible discovery. Mr. Kuprewicz is Petitioners' retained expert consultant in this matter. While Petitioners filed a declaration from Mr. Kuprewicz in support of their ex parte application for a stay, temporary restraining order, and order to show cause, Mr. Kuprewicz has not been designated as an expert pursuant to Code of Civil Procedure section 2034.210. Unless and until he is so designated, Real Parties are precluded from deposing Mr. Kuprewicz or subpoenaing his records. (*County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456–57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation and therefore reversing a trial court's order compelling expert testimony at a deposition).) Moreover, even assuming, arguendo, that Real Parties are not summarily precluded from deposing Mr. Kuprewicz in light of Petitioners' reliance on his declaration, his deposition would only be appropriate upon an affirmative showing by Real Parties of "objective facts . . . which create a significant question regarding the validity of [Mr. Kuprewicz's declaration] which, if successfully pursued, will impeach the foundational basis of the . . . declaration." (*St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540–41.) Real Parties have not provided any such facts, and Petitioners are aware of none. Lastly, even if Real Parties were to make the requisite showing of such facts, any deposition of Mr. Kuprewicz must be limited to inquiring into the foundation of the opinions expressed in his declaration. (*See id.*) The Subpoena and Notice are not so limited.

2.    Petitioners object to the Subpoena and Notice on the grounds that they seek to elicit information protected by attorney-client privilege and/or that is information that constitutes attorney work product. As noted, Mr. Kuprewicz is Petitioners' consultant in this matter, but he has not been designated as an expert pursuant to Code of Civil Procedure section 2034.210. Thus, all communications by and between Petitioners, their attorneys, and Mr. Kuprewicz remain privileged. (*DeLuca v. State Fish*

PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF KUPREWICZ

*Co., Inc.* (2013) 217 Cal.App.4th 671, 688 ("[T]he attorney-client privilege . . . clearly includes communications to a consulting expert.").) Likewise, any documents, opinions, or other information prepared by Mr. Kuprewicz at Petitioners' request and not already disclosed constitute attorney work product. (*See id.*) Moreover, save for Mr. Kuprewicz's declaration, all of Mr. Kuprewicz's services to date have been rendered purely in an advisory capacity. Accordingly, even if Petitioners' *were* to designate Mr. Kuprewicz as an expert, communications with Mr. Kuprewicz and information he developed at Petitioners' request as a consulting expert would remain protected as attorney work product. (*National Steel Products Co. v. Superior Court* (1985) 164 Cal.App.3d 476, 488–89 (holding that any information or opinions rendered by an expert in an advisory capacity remain subject to the work product limitation on discovery even after expert designation).)

3. The assertion of any objection to a request below is neither intended as, nor shall in any way be deemed, a waiver of Petitioners' right to assert that or any other objection at a later date.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing YOUR declaration in support of PETITIONERS' ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit B to YOUR declaration in support of PETITIONER's ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible

PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF KUPREWICZ

discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS YOU relied on in preparing Exhibit C to YOUR declaration in support of PETITIONER's ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 4:**

YOUR COMMUNICATIONS with PETITIONERS RELATED TO the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 5:**

YOUR COMMUNICATIONS discussing SABLE.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above. Petitioners further object to this request on the grounds that it is not reasonably particularized, vague, ambiguous, and overbroad as, for example, "discussing" is not defined. Petitioners object to this request on the grounds that it is not

4

relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 6:**

YOUR COMMUNICATIONS discussing PPC.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above. Petitioners further object to this request on the grounds that it is not reasonably particularized, vague, and ambiguous, and overbroad as, for example, "discussing" in not defined. Petitioners object to this request on the grounds that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case because it seeks materials beyond those that are relevant to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting any work YOU have performed RELATED TO the SYU PIPELINE.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above. Petitioners object to this request on the grounds that it is overbroad and unduly burdensome to the extent it seeks documents reflecting *any* work. Petitioners object to this request on the grounds that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case because it seeks materials beyond those that are relevant to the claims or defenses at issue in this litigation.

PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF KUPREWICZ

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting any work YOU have performed RELATED TO the LAS FLORES PIPELINE.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above. Petitioners object to this request on the grounds that it is overbroad and unduly burdensome to the extent it seeks documents reflecting *any* work. Petitioners object to this request on the grounds that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case because it seeks materials beyond those that are relevant to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts and agreements YOU have with PETITIONERS.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above. Petitioners object to this request on the grounds that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case because it seeks materials beyond those that are relevant to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show YOUR work in "consult[ing] for various local, state, and federal agencies, nonprofit organizations, and members of the public on pipeline regulation, operation, and design," as stated in paragraph 3 of YOUR declaration in support of PETITIONER's ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF KUPREWICZ

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners object to this request on the grounds that it is vague, ambiguous, and overbroad because "work" is undefined. Petitioners object to this request on the grounds that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case because it seeks materials beyond those that are relevant to the claims or defenses at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 11:**

All drafts and versions of YOUR declaration in support of PETITIONER's ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 12:**

All drafts and versions of Exhibit B to YOUR declaration in support of PETITIONER's ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 13:**

All drafts and versions of Exhibit C to YOUR declaration in support of PETITIONER's ex parte application for a stay, order to show cause and temporary restraining order in the ACTION.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible

7

discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above.

**REQUEST FOR PRODUCTION NO. 14:**

All of YOUR COMMUNICATIONS RELATED TO the civil action entitled Sable Offshore Corp v. California Coastal Commission et al., Superior Court for the State of California, Santa Barbara County Case No. 25CV00974.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:**

Petitioners object to this request on the grounds that it exceeds the scope of permissible discovery, as set forth in General Objection 1 above. Petitioners further object to this request on the grounds that it calls for documents and information protected by the attorney-client privilege and/or constitutes attorney work product, as set forth in General Objection 2 above. Petitioners object to this request on the grounds that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case because it seeks materials beyond those that are relevant to the claims or defenses at issue in this litigation.

Dated: June 25, 2025

/s/ *Julie Teel Simmonds*
Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

8

## PROOF OF SERVICE

I, Cynthia Elkins, state as follows:

I am employed in Humboldt County, California. I am over the age of 18 and not a party to the foregoing action. My business address is Center for Biological Diversity, PO Box 220, Whitethorn, CA 95589. My email address is celkins@biologicaldiversity.org.

On June 25, 2025, I served a true and correct copy of

**PETITIONERS' OBJECTIONS TO NOTICE OF DEPOSITION AND DEPOSITION SUBPOENA OF RICHARD B. KUPREWICZ**

[X] BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy to the email addresses shown below.

[X] BY MAIL SERVICE: By depositing a true and correct copy of the document for mail delivery at the addresses shown below.

Jeffrey Dintzer
Matthew C. Wickersham
Garrett Stanton
ALSTON & BIRD
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
jeffrey.dintzer@alston.com
garrett.stanton@alston.com
matt.wickersham@alston.com
*Attorneys for Real Parties in Interest*

DJ Moore
Benjamin Hanelin
Natalie Rogers
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, CA 90067
djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com
*Attorneys for Real Parties in Interest*

Michael S. Dorsi
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102
Michael.Dorsi@doj.ca.gov
*Attorney for Respondents/Defendants*

I declare under penalty of perjury under the law of California that the foregoing is true and correct.

Executed on June 25, 2025, in Whitethorn, California.

_____
Cynthia Elkins

# Exhibit F

Declaration of Talia Nimmer

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/6/2025 6:31 PM
By: Terri Chavez , Deputy

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive, <br><br> Respondents/Defendants. | Case No.: 25CV02244 <br><br><br> **PETITIONERS' NOTICE OF MOTION AND MOTION TO QUASH REAL PARTIES' DEPOSITION SUBPOENA, QUASH REAL PARTIES' NOTICE OF DEPOSITION, AND STAY THE TAKING OF RICHARD B. KUPREWICZ'S DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive, <br><br> Real Parties in Interest. | [*Filed concurrently with Declaration of Talia Nimmer and [Proposed] Order*] <br><br><br> Date:     October 24, 2025 <br> Time:     10:00 a.m. <br> Dept.:     4 <br> Judge:    Honorable Donna G. Geck <br><br> Action Filed: April 15, 2025 <br> Trial: None Set |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................ 4

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 5

    I.     INTRODUCTION ................................................................................. 5

    II.    FACTUAL AND PROCEDURAL BACKGROUND.............................. 6

         A.    Real Parties' Efforts to Restart the Defective Las Flores Pipeline System................................................................. 6

         B.    Petitioners' *Ex Parte* Application for Preliminary Relief and Order to Show Cause ...................................................... 6

         C.    Real Parties' Discovery Attempts and Petitioners' Efforts to Meet and Confer ........................................................... 7

    III.   APPLICABLE LAW .............................................................................. 8

    IV.   ARGUMENT......................................................................................... 9

         A.    Expert Discovery Is Generally Prohibited Before Experts Are Formally Designated.......................................................... 9

         B.    The Limited Exception in Summary Judgment Proceedings Is Inapplicable Here ................................................................ 10

            1.    The *St. Mary* Exception ............................................ 10

            2.    *St. Mary* Is Plainly Inapplicable Here ....................... 12

         C.    Additional, Equitable Factors Require That the Subpoena Be Quashed ................................................................... 13

    V.    CONCLUSION..................................................................................... 14

2

# TABLE OF AUTHORITIES

**Cases**

*County of Los Angeles v. Superior Court*
    (1990) 224 Cal.App.3d 1446 ................................................................................ 9, 10, 14

*DeLuca v. State Fish Co., Inc.*
    (2013) 217 Cal.App.4th 671 ...................................................................................... 10

*Greyhound Corp. v. Superior Court*
    (1961) 56 Cal.2d 355 [superseded by statute] ............................................................ 9

*Hernandez v. Superior Court*
    (2003) 112 Cal.App.4th 285 ...................................................................................... 14

*Kalaba v. Gray*
    (2002) 95 Cal.App.4th 1416 ...................................................................................... 14

*St. Mary Medical Center v. Superior Court*
    (1996) 50 Cal.App.4th 1531 ................................................ 5, 9, 10, 11, 12, 13, 14

**Statutes**

Code Civ. Proc., § 437c, subds. (c), (g) ...................................................................... 11

Code Civ. Proc., § 1987.1 ............................................................................................... 4

Code Civ. Proc., § 1987.1, subd. (a) ............................................................................. 9

Code Civ. Proc., § 1987.1, subd. (b)(1) ........................................................................ 9

Code Civ. Proc., § 2025.290, subd. (a) ........................................................................ 14

Code Civ. Proc., § 2025.410 ......................................................................................... 4

Code Civ. Proc., § 2025.410, subd. (a) .......................................................................... 8

Code Civ. Proc., § 2034.010 *et seq.* ........................................................................ 4, 5

Code Civ. Proc., § 2034.210 *et seq.* ........................................................................... 9

Code Civ. Proc., § 2034.210, subds. (a), (b) ................................................................. 9

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 24, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Department 4 of the California Superior Court for the County of Santa Barbara, Anacapa Division, located at 1100 Anacapa Street, Santa Barbra, CA 93101, Petitioners and Plaintiffs Center for Biological Diversity and Wishtoyo Foundation (collectively, "Petitioners") will and hereby do move this Court for an order quashing Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company's (collectively, "Real Parties") deposition subpoena, quashing Real Parties' notice of deposition, and staying the taking of Richard B. Kuprewicz's deposition.

Mr. Kuprewicz is Petitioners' retained expert consultant in this matter, but he has not been designated as an expert pursuant to Code of Civil Procedure section 2034.010 *et seq*. Unless and until he is so designated, Real Parties are precluded from deposing Mr. Kuprewicz. Moreover, the deposition of Mr. Kuprewicz would be unnecessary, manifestly unjust to Petitioners, and potentially set the stage for the upcoming July 18, 2025, hearing to devolve into a "mini-trial" of the ultimate issues in this case.

Petitioners bring this motion pursuant to Code of Civil Procedure sections 1987.1 and 2025.410. Petitioners' request is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Talia Nimmer filed concurrently herewith, the pleadings and papers on file in this action, and such other and further evidence as the Court may consider at the hearing on this Motion.

This Motion is made following the meeting and conferring of counsel. (Declaration of Talia Nimmer, ¶ 12.)

Dated: June 26, 2025                           Respectfully Submitted,

*/s/ Julie Teel Simmonds*
Julie Teel Simmonds
David Pettit
Talia Nimmer
CENTER FOR BIOLOGICAL DIVERSITY

*Counsel for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Real Parties") served a deposition subpoena for personal appearance and production of documents and things (the "Subpoena") on Richard B. Kuprewicz, Petitioners' retained expert consultant in this matter. They also served Petitioners with a notice of deposition, noticing Mr. Kuprewicz's deposition for July 1, 2025 (the "Notice").

While Petitioners filed a declaration from Mr. Kuprewicz in support of their *ex parte* application for a stay, temporary restraining order, and order to show cause, Mr. Kuprewicz has not been designated as an expert in this matter pursuant to Code of Civil Procedure section 2034.010 *et seq*. Unless and until he is so designated, Real Parties are precluded from deposing him.

The *only* recognized exception to this standard prohibition is limited to summary judgment proceedings. (*See St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531.) However, even assuming, arguendo, that Real Parties could invoke that exception here, Mr. Kuprewicz's deposition would only be appropriate upon an affirmative showing by Real Parties of "objective facts . . . which create a significant question regarding the validity of [Mr. Kuprewicz's declaration] which, if successfully pursued, will impeach the foundational basis of the . . . declaration." (*Id.* at 1540–41.) Real Parties have provided no such facts, and Petitioners are aware of none. .

Lastly, aside from unnecessarily burdening Petitioners and Mr. Kuprewicz, who is currently experiencing severe health issues, Real Parties' attempt to depose Mr. Kuprewicz seeks to impermissibly tip the scales in Real Parties' favor. In the likely event that Real Parties submit expert declarations in support of their opposition to Petitioners' *ex parte* application, Petitioners, under the current briefing schedule, will not have an equal opportunity to depose Real Parties' experts.

Accordingly, Petitioners respectfully request that this Court quash the Notice and Subpoena. Alternatively, should the Court rule otherwise, Petitioners request that the Court issue an order appropriately limiting the scope of Mr. Kuprewicz's deposition and, if it has not yet occurred, continuing the July 18, 2025, hearing to allow time for Petitioners to depose Real Parties' experts.

Petitioners' Notice of Motion and Motion to Quash Deposition Subpoena,<br>Quash Notice of Deposition, and Stay Deposition

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Real Parties' Efforts to Restart the Defective Las Flores Pipeline System

This case arises from Real Parties' efforts to restart the Las Flores Pipeline System—a defective pipeline system that ruptured in 2015 at Refugio State Beach, causing one of the worst oil disasters in California history.

As was discovered after the spill, the pipeline system suffers from a critical design defect that leaves it vulnerable to pervasive corrosion and, consequently, another catastrophic rupture. Importantly, the pipeline system does not just threaten coastal resources; it passes through major sources of water supply; renowned parks and ecological reserves; and a populated suburban neighborhood in Buellton, California, complete with schools, parks, and dozens of residential homes.

Rather than replacing the pipeline system or retrofitting it with an effective means of corrosion prevention, Real Parties intend to simply restart the existing pipeline system under State Waivers issued by the Office of the State Fire Marshal ("OSFM"). The State Waivers, which excuse Real Parties from complying with critical corrosion prevention requirements, were approved without a public process, environmental review, or any analysis as to why the pipeline system can be safely restarted. The Petition and Complaint on file in this action challenges these State Waivers.

### B.      Petitioners' *Ex Parte* Application for Preliminary Relief and Order to Show Cause

When Real Parties began publicly claiming that they were on the precipice of restarting the defective Las Flores Pipeline System, Petitioners applied *ex parte* for an administrative stay, a temporary restraining order, and a preliminary injunction (the "*Ex Parte* Application") to prevent Real Parties from doing so. In support of Petitioners' *Ex Parte* Application, Petitioners submitted a declaration from Richard B. Kuprewicz, Petitioners' retained expert consultant in this matter. Mr. Kuprewicz's declaration and two reports attached thereto explain the systemic issues with the defective pipeline system, why the State Waivers do not ensure that the pipeline system is safe to operate, and why the pipeline system continues to pose a significant threat of rupturing.

On June 3, 2025, the Court granted Petitioners' request for a temporary restraining order, and it issued an order to show cause why a preliminary injunction and/or stay should not issue (the "OSC").

The hearing on the OSC is set for July 18, 2025. The Court ordered that briefing be completed per code, meaning that Real Parties' opposition is due by July 7, 2025, and Petitioners' reply by July 11, 2025.

### C.    Real Parties' Discovery Attempts and Petitioners' Efforts to Meet and Confer

On June 5, 2025, counsel for Real Parties served Mr. Kuprewicz with a deposition subpoena for personal appearance and production of documents and things. (Declaration of Talia Nimmer ("Nimmer Decl."), ¶ 6, Exh. A.) That same day, counsel for Real Parties served Petitioners with a notice of deposition, noticing Mr. Kuprewicz's deposition for June 24, 2025. (*Id.*) Real Parties also served Petitioners in the related case, *Environmental Defense Center et al. v. California Department of Forestry and Fire Protection et al.*, 25CV0247 ("EDC Petitioners") with a "cross-notice" of deposition. (Nimmer Decl., ¶ 7.)

Because counsel for Real Parties had unilaterally scheduled the deposition without discerning availability and were also seemingly unaware of Mr. Kuprewicz's substantial health issues, there was an immediate need to meet and confer regarding the deposition date and reasonable accommodations for Mr. Kuprewicz. (Nimmer Decl., ¶ 8.) Thus, on June 10, 2025, Petitioners' counsel requested that the deposition be moved to July 1, 2025 to accommodate their schedule and requested reasonable accommodations for Mr. Kuprewicz, including that the deposition take place remotely, and that it be split into two, 3.5-hour sessions. (Nimmer Decl., ¶ 8, Exh. B.)

Counsel for Real Parties agreed to move the deposition to July 1, 2025, but refused the requests to accommodate Mr. Kuprewicz's health issues. (*Id.*) When EDC Petitioners' counsel clarified that Mr. Kuprewicz was unable to travel, counsel for Real Parties continued to demand that the deposition proceed in-person. (*Id.*)

Counsel for EDC Petitioners then secured outside counsel for Mr. Kuprewicz, Mr. Tom Stolpman, and set up a teleconference meeting with counsel for Real Parties to discuss Mr. Kuprewicz's health issues and possible accommodations for him. (Nimmer Decl., ¶ 9.) At the June 12, 2025, meeting, Mr. Stolpman volunteered to drive Mr. Kuprewicz to the deposition but warned that his various health conditions could prevent him from meaningfully participating. (Nimmer Decl., ¶ 9.) Mr. Stolpman also informed Real Parties that, in response to some concerning symptoms (including double vision), Mr.

Petitioners' Notice of Motion and Motion to Quash Deposition Subpoena,
Quash Notice of Deposition, and Stay Deposition

Kuprewicz's doctor had ordered imaging for his brain, and an MRI was scheduled for June 23, 2025. (*Id*.)

On June 20, 2025, counsel for Real Parties issued Mr. Kuprewicz a new deposition subpoena for personal appearance and production of documents and things—the Subpoena at issue. (Nimmer Decl., ¶ 10, Exh. C.) Also on June 20, 2025, counsel for Real Parties served Petitioners with an amended notice of deposition, noticing Mr. Kuprewicz's deposition for July 1, 2025—the Notice at issue. (*Id*.)

The next business day, EDC Petitioners' counsel reached out to counsel for Real Parties to explain that their continuing research revealed Real Parties are not currently entitled to depose Mr. Kuprewicz, and offered to meet and confer regarding the instant Motion. (Nimmer Decl., ¶ 12.) Opposing counsel accused Petitioners of acting in bad faith and in a sanctionable fashion, and asserted they would not have moved the deposition date if they had been aware of Petitioners' objection. (*Id*.) EDC Petitioners' counsel explained that (1) the only reason the deposition was moved was because Real Parties had unilaterally noticed it for a time when Petitioners' counsel was unavailable; (2) while the parties had discussed accommodations for Mr. Kuprewicz's health issues, at no time did Petitioners wave their right to object to his deposition; (3) Petitioners ultimately raised the objection before the date Mr. Kuprewicz's deposition was initially noticed for; and (4) this is an unusual situation involving premature expert discovery and, based on counsels' continuing research, it had become apparent that the proposed deposition exceeded the scope of permissible discovery. (*Id*., Exh. D.)

The parties were unable to resolve the issue informally, necessitating that Petitioners bring this Motion. Petitioners also properly served a formal objection to the deposition, in the time required by the code. (*See* Code Civ. Proc., § 2025.410, subd. (a); Nimmer Decl., ¶ 13, Exh. E.)

## III.    APPLICABLE LAW

Code of Civil Procedure[1] section 1987.1 provides as follows:

> If a subpoena requires the attendance of a witness or the production of books, documents, electronically stored information, or other things . . . at the taking of a deposition, the court, upon motion reasonably made by. . . [any party], may make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon those terms or conditions as the court shall declare, including protective orders.

---

[1] All references are to the Code of Civil Procedure unless otherwise specified.

(Code Civ. Proc., § 1987.1, subd. (a); *see also id.* at 1987.1, subd. (b)(1) (any party can bring a motion to quash under Section 1987.1.) "In addition, the court may make any other order as may be appropriate to protect the person from unreasonable and oppressive demands . . . ." (Code Civ. Proc., § 1987.1, subd. (a).)

Similarly, any party served with an improper deposition notice "may . . . move for an order staying the taking of the deposition and quashing the deposition notice." (Code Civ. Proc., § 2025.410, subd. (c).) Notably, "[t]he taking of the deposition is stayed pending the determination of this motion." (*Id.*)

"Whether to grant discovery in a given case falls within the sound discretion of the trial court based upon all of the facts presented." (*St Mary*, *supra*, 50 Cal.App.4th at p. 1540; *see also Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 378 [superseded by statute] ("Undoubtedly the discovery statutes vest a wide discretion in the trial court in granting or denying discovery.").)

## IV.    ARGUMENT

### A.    Expert Discovery Is Generally Prohibited Before Experts Are Formally Designated

Section 2034.210 *et seq*. provides "a carefully crafted legislative scheme for the regulation of discovery of the identity, qualifications and opinions of expert witnesses," including "the times and conditions for such discovery." (*County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456–57.)

As set forth in Section 2034.210, the door to expert discovery opens only when a party formally makes a demand to exchange expert witness information, and the parties subsequently designate expert witnesses for trial. (*See* Code Civ. Proc., § 2034.210, subds. (a), (b).) Expert discovery is generally "not appropriate until and unless there is such a designation." (*County of Los Angeles*, *supra*, 224 Cal.App.3d at p. 1456; *see also id.* at 1456–57 (recognizing that information related to an expert's identity, qualifications, or opinion(s) is not discoverable before designation and therefore reversing a trial court's order compelling expert testimony at a deposition).)

This limitation on expert discovery—of which Real Parties' run afoul—exists for good reason. As the court in *County of Los Angeles* explained, there are at least four substantial justifications for strictly controlling pretrial expert discovery:

9

> In the first place, access to the conclusions of an adversary's experts often provides strong clues to the theories, thoughts, and tactics of opposing counsel, . . . [para] Second, a limitless right to ascertain and probe the views of opposing experts could easily lead to an expensive and delay-producing round of discovery that would tend to feed on itself: . . . [para] Third, unrestricted discovery as to an adversary's experts enables "the stupid or lazy practitioners" to sit back secure in the knowledge that at the appropriate time they will be able "to 'ride free' on the opponent's industry." Since 1963, recognition of this "free ride" as a discovery evil has been articulated in the Discovery Act itself: "It is the policy of the state . . . to prevent attorneys from taking undue advantage of their adversary's industry and efforts." Finally, . . . discovery as of right with respect to an adversary's experts is bound to have the dreaded "chilling effect" on the willingness of attorneys to use objective, fairminded consultants who will honestly and frankly point out the weaknesses and deficiencies of their side.

(*Id.* at 1457 (quoting 2 Hogan, Modern California Discovery (4th ed. 1988), § 13.12, pp. 250–51).) On top of that, premature expert discovery would appear to be in direct tension with protections afforded by the attorney-client privilege and attorney work product doctrine. (*See DeLuca v. State Fish Co., Inc.* (2013) 217 Cal.App.4th 671, 688 (a party's communications with their *consulting* expert, and any information prepared by the expert at the party's request, is protected by attorney-client privilege and/or the attorney work product doctrine).)

That the parties here have not designated experts pursuant to Section 2034.210 is undisputed. Accordingly, Real Parties' Subpoena and Notice exceed the scope of permissible discovery, and they expose Petitioners to the potential abuses of premature expert discovery described above.

**B.        The Limited Exception in Summary Judgment Proceedings Is Inapplicable Here**

There is only one recognized exception to the above-described prohibition on premature expert discovery, which originates from *St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531. However, this limited exception has only been held to apply in the context of summary judgment proceedings and, as explained below, is otherwise inapplicable here.

1.        The *St. Mary* Exception

*St. Mary* involved a medical malpractice action that defendants sought to resolve on summary judgment. In response to defendants' summary judgment motion, plaintiffs produced a declaration from a medical expert whom they had retained but not yet designated as an expert pursuant to the discovery code. (*St. Mary*, at p. 1534–35.) The expert's declaration and opinion were based on the premise that defendants—two medical doctors—had improperly performed a particular procedure. (*Id.* at p. 1534.)

10

However, according to defendants, one of the doctors was not actually involved in that procedure, raising "a serious question . . . about whether or not [the expert's] declaration may have been factually incorrect." (*Id.* at 1540.)

When defendants took their motion off calendar and attempted to depose plaintiffs' expert, plaintiffs objected, arguing that the expert could not be deposed until the parties exchanged expert witness lists. (*St. Mary*, at pp. 1534–1535.) Defendants, in turn, moved to compel the expert's deposition, arguing that the deposition was necessary to "establish that the [expert's] opinions are not based on the facts which are the basis of this lawsuit" and prepare "an adequate reply to [plaintiffs'] opposition." (*Id.* at p. 1535.) They also represented that it was "defendants' intention to limit the deposition solely to [the expert's] opinions as they are reflected in his declaration." (*Ibid.*) The trial court denied defendants' motion, concluding that "you're not entitled to depose an expert until there's an expert designation done right before the first trial date" as "there is no provision in the law to depose somebody who *might* be an expert." (*Id.* at p. 1536 (emphasis added).) Defendants appealed. (*Id.* at p. 1537.)

The appellate court acknowledged that, generally, the standard way for defendants to proceed would not be by deposing plaintiffs' expert, but by presenting a reply declaration challenging the factual foundation of the expert's opinion. (*See St. Mary*, at p. 1540.) However, the court recognized the unique shortcomings of that approach in the summary judgment context. (*Id.*) As the court pointed out, "[w]hile counsel could have presented a reply declaration . . . it would have been contradictory to the declaration of [plaintiffs' expert] and the trial court would have been required to conclude that a triable issue of fact existed." (*Id.*) In other words, by submitting a reply declaration, defendants would create a factual ambiguity that would actually preclude the court from granting their summary judgment motion. (*See id.*; *see also* Code Civ. Proc., § 437c, subds. (c), (g) (summary judgment is only appropriate where there is no triable issue of material fact).) The court was uncomfortable with that result given that "[i]t [was] possible that upon deposition of [plaintiffs' expert], confronted with proof that he may have been mistaken in his belief that [both defendants were] involved in the procedure, he may concede his mistake." (*St. Mary*, 50 Cal.App.4th at p. 1540.)

Petitioners' Notice of Motion and Motion to Quash Deposition Subpoena,
Quash Notice of Deposition, and Stay Deposition

Persuaded that some sort of limited discovery was justified under the circumstances, the court grappled with where to draw the line: on the one hand, "it would defeat the purpose of the summary procedure were we to recognize an absolute right of party involved in the process to depose any person who provides evidence in support of or opposition to the proceedings" but on the other, "it would defeat the concept of a summary procedure if the opposition party were to be allowed to defeat the motion by less than candid declarations or affidavits in opposition." (*St. Mary*, at p. 1538.) Ultimately, the court held that, "under the proper circumstances, the parties should be allowed to depose an expert who supplies a declaration or affidavit in support of or in opposition to summary judgment or summary adjudication where there is a legitimate question regarding the foundation of the opinion of the expert." (*Id.* at p. 1540.) Specifically, **"[t]here must be objective facts presented which create a significant question regarding the validity of the affidavit or declaration which, if successfully pursued, will impeach the foundational basis of the affidavit or declaration in question."** (*Id.* at p. 1540–41 (emphasis added).) The court concluded that because defendants had presented such information, the court abused its discretion by not allowing defendants to conduct a deposition that "would cover no more than the opinions rendered in the declaration of [plaintiffs' expert]." (*Id.* at p. 1540.)

2.      *St. Mary* Is Plainly Inapplicable Here

Of course, we are not dealing with summary proceedings here; the only hearing on calendar concerns the Court's OSC. No court has applied the exception from *St. Mary* outside of summary judgment proceedings. Nor would it be appropriate do so: the underlying reasoning for the exception—that it would be unjust to force a party moving for summary judgment to create a triable issue of fact to challenge a suspect declaration—only applies in the summary judgment context.

In any event, even if the exception could be invoked outside of the summary judgment context, it nonetheless would not apply here. The court in *St. Mary* suggested that the exception should be used sparingly so as not to turn proceedings into "mini-trials." (*St. Mary*, at p. 1540.) Hence, it is limited to cases where "*objective facts* [are] presented which create a *significant question* regarding the validity of [a] declaration which, if successfully pursued, *will* impeach the foundational basis of the . . . declaration in question." (*Id.* at p. 1540–41 (emphasis added).) Real Parties have not presented any such facts as to Mr. Kuprewicz's declaration. Nor are Petitioners aware of any.

12

Finally, the exception, where applicable, only permits a party to inquire into the factual underpinnings of the opinion(s) expressed in the expert's declaration. (*St. Mary*, at p. 1540 (permitting a deposition that "would cover no more than the opinions rendered in the declaration of [the expert]").) Neither Real Parties' Notice nor Subpoena so limit the scope of Mr. Kuprewicz's proposed deposition. Additionally, Real Parties' production demands are incredibly broad, encompassing a host of documents that have no bearing on the foundation of the opinions expressed in Mr. Kuprewicz's declaration.

In sum, the exception from *St. Mary* is patently inapplicable here. Plus, even assuming (1) the exception could be invoked outside of summary judgment proceedings, and (2) Real Parties presented the "objective facts" required thereunder, Real Parties' Notice and Subpoena, which are not properly limited to the foundation of Mr. Kuprewicz's opinion, would still exceed the scope of permissible discovery.

### C.    Additional, Equitable Factors Require That the Subpoena Be Quashed

As separate and further grounds for this Motion, the proposed deposition of Mr. Kuprewicz would be unnecessary, manifestly unjust to Petitioners, and potentially lead to exactly the type of "mini-trial" that the *St. Mary* court warned about. Thus, in the interest of equity and efficient case management, the Court should exercise its broad discretion over discovery matters to quash the Subpoena and Notice.

First, the deposition of Mr. Kuprewicz is not necessary for Real Parties to challenge his opinion. As suggested in *St Mary*, the standard way to challenge an expert declaration in pre-trial law and motion practice is by submitting a reply declaration from an opposing expert. That option remains available to them.

Second, aside from unnecessarily burdening Petitioners and Mr. Kuprewicz, Real Parties' attempt to depose Mr. Kuprewicz seeks to improperly tip the scales in Real Parties' favor. In the likely event that Real Parties submit expert declarations of their own in support of their opposition to Petitioners' *Ex Parte* Application, Petitioners, under the current briefing schedule, will not be afforded the same opportunity to depose Real Parties' experts in advance of the July 18, 2025, hearing given that Petitioners will only have five days to prepare their reply brief. Petitioners would be put on unequal footing with Real Parties, further underscoring the importance of sticking to the carefully crafted

13

discovery procedures in the code. (*See Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 297 ("In general, fairness demands adherence to the statutory procedures, since they were designed to place the parties 'on roughly equal footing.'" (quoting *Kalaba v. Gray* (2002) 95 Cal.App.4th 1416, 1422).)

Third, and relatedly, permitting the deposition to proceed at this stage "could easily lead to an expensive and delay-producing round of discovery that would tend to feed on itself." (*County of Los Angeles*, *supra*, 224 Cal.App.3d at p. 1457.) Petitioners would, in the interest of equity, seek to continue the OSC hearing to depose Real Parties' experts—an effort that may be challenged by Real Parties and cause additional discovery motions to be brought before the Court. And extensive expert discovery would all but set the stage for the OSC hearing to become a "mini-trial" on the safety of the Las Flores Pipeline System and the ultimate merits of this case, complete with live expert testimony, which is entirely inappropriate at the preliminary relief stage of these proceedings.

Accordingly, even if the deposition of Mr. Kuprewicz was not prohibited at this stage in the proceedings—which it *is*—the Court should nonetheless grant Petitioners' request in the interest of equity and efficiency.

**V.    CONCLUSION**

For the above reasons, Petitioners respectfully request that this Court issue an order quashing Real Parties' Subpoena and Notice. However, should the Court find the exception from *St. Mary* applies here, and that Mr. Kuprewicz's deposition is otherwise appropriate, Petitioners request that the Court issue an order limiting and conditioning his deposition. Specifically, subject to Mr. Kuprewicz's ongoing health conditions permitting him to participate in a deposition, Petitioners request that the Court: (1) restrict Real Parties from deposing Mr. Kuprewicz for more than seven hours, and from noticing any further depositions of Mr. Kuprewicz during these proceedings (*see* Code Civ. Proc., § 2025.290, subd. (a)); (2) limit the scope of Mr. Kuprewicz's deposition to testing the factual foundation of the opinions expressed in his declaration (*see St. Mary*, *supra*, 50 Cal.App.4th at p. 1540); and (3) if it has not yet occurred, continuing the July 18, 2025, OSC hearing, as well as Petitioners' reply brief deadline, to allow Petitioners sufficient opportunity to depose any experts on whom Real Parties rely in their opposition.

Dated: June 26, 2025                    Respectfully submitted,

                                        */s/ Julie Teel Simmonds*
                                        Julie Teel Simmonds
                                        David Pettit
                                        Talia Nimmer
                                        CENTER FOR BIOLOGICAL DIVERSITY

                                        *Counsel for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

15

# Exhibit G

Declaration of Talia Nimmer

Outlook

## Case Nos. 25CV0244 and 25CV02247

**From** Cisneros, Josie <Josie.Cisneros@alston.com>

**Date** Fri 6/27/2025 1:18 PM

**To** Julie Teel Simmonds <jteelsimmonds@biologicaldiversity.org>; David Pettit <dpettit@biologicaldiversity.org>; Talia Nimmer <tnimmer@biologicaldiversity.org>; lkrop@environmentaldefensecenter.org <lkrop@environmentaldefensecenter.org>; jfrankel@environmentaldefensecenter.org <jfrankel@environmentaldefensecenter.org>; trengifo@environmentaldefensecenter.org <trengifo@environmentaldefensecenter.org>; Michael.dorsi@doj.ca.gov <Michael.dorsi@doj.ca.gov>; tom@stolpmanlawgroup.com <tom@stolpmanlawgroup.com>

**Cc** Dintzer, Jeffrey <Jeffrey.Dintzer@alston.com>; Rusek, Vickie <Vickie.Rusek@alston.com>; Oberst, Brett <Brett.Oberst@alston.com>; Daniel, Madeline <Madeline.Daniel@alston.com>; Stanton, Garrett <Garrett.Stanton@alston.com>; djmoore@paulhastings.com <djmoore@paulhastings.com>; benjaminhanelin@paulhastings.com <benjaminhanelin@paulhastings.com>; natalierogers@paulhastings.com <natalierogers@paulhastings.com>

🖇 6 attachments (18 MB)

(CBD) Dintzer Declaration iso Ex Parte.pdf; (CBD) Ex Parte to Shorten Time re MTC Kuprewicz.pdf; (CBD) Proposed Order on Ex Parte.pdf; (EDC) [Proposed] Order on Ex Parte.pdf; (EDC) Dintzer Declaration iso Ex Parte re Kuperwicz - with exhibits.pdf; (EDC) Ex Parte to Shorten Time re MTC Kuperwicz Depo.pdf;

Counsel,

Please see the attached documents filed today in the above-named matters.  Thank you.

Josie Cisneros
Paralegal
**ALSTON & BIRD**
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
+1 213 576 2631 (O)
Josie.Cisneros@alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/20/25 8:00 AM
By: Narzralli Baksh , Deputy

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA BARBARA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>        Petitioners/Plaintiffs,<br>    v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>        Respondents/Defendants.<br><br>SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>        Real Parties in Interest. | Case No.: 25CV02244<br><br>**DECLARATION OF RICHARD B. KUPREWICZ IN SUPPORT OF PETITIONERS' OPPOSITION TO REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ**<br><br>[Filed concurrently with Petitioners' Opposition and Declaration of Talia Nimmer]<br><br>Date:    June 30, 2025<br>Time:    8:00 a.m.<br>Dept.:    4<br>Judge:   Honorable Donna D. Geck<br><br>Action Filed: April 15, 2025<br>Trial: None Set |

1

Declaration of Richard B. Kuprewicz ISO of Petitioners' Opposition to Real Parties' *Ex Parte* Application

**DECLARATION OF RICHARD B. KUPREWICZ**

I, Richard B. Kuprewicz, hereby declare as follows:

1.      I have personal knowledge of the matters set forth in this declaration and, if called as a witness, would and could testify competently thereto.

2.      I am an expert in oil and gas pipeline safety and risk management analysis based on my training, education, and experience.

3.      I was retained by the Environmental Defense Center (EDC) and Center for Biological Diversity (CBD) to evaluate safety and integrity issues regarding the proposal to restart the Las Flores Pipeline System, which includes CA-324 and CA-325A/B ("the Pipelines"). Pursuant to my retention agreements with EDC and CBD, I prepared two reports: (1) a report generally outlining the dangers of restarting the Pipelines dated December 20, 2024 and titled *Evaluation of Las Flores Pipeline System Startup Proposal*, and (2) a report addressing the deficiencies of the State Waivers that the Office of the State Fire Marshal (OSFM) issued for the Pipelines dated February 21, 2025, and titled *Observations on OSFM Letters of Decision for State Waiver Requests on Line CA-324 and CA-325A/B Related to Possible Restart*.

4.      On May 28, 2025, I executed a declaration explaining the findings in my reports and concluding, among other things, that the Pipelines are not safe to operate, even if the conditions of the State Waivers are fulfilled. EDC and CBD filed my declaration in support of their respective ex parte applications for an administrative stay, temporary restraining order, and preliminary injunction.

5.      On June 5, 2025, I was served with a deposition subpoena by Sable Offshore Corp. and Pacific Pipeline Company. Shortly thereafter, I spoke with counsel for EDC and CBD and explained that I had various health conditions that would prevent me from traveling and could prevent me from meaningfully participating in a deposition. These health conditions stem, in part, from an open-heart surgery that I underwent in November 2024 and from which I am still in the process of recovering. Because of these conditions — which include, among other things, becoming easily fatigued, dizziness, and, just recently, double vision — I expressed to counsel for EDC and CBD that I would not be able to travel to the deposition, and that it would be in Real Parties' interest to divide the deposition into two 3.5-hour sessions to ensure I remain alert and able to participate.

2

6.      On June 12, 2025, Thomas Stolpman notified me that he had agreed to specially represent me for purposes of Real Parties' attempt to depose me. I explained my various health conditions to him and the recent onset of double vision I was experiencing — a particularly concerning symptom. I also told him that, in light of my double vision, my doctor had ordered imaging for my brain, and an MRI was scheduled for June 23, 2025.

7.      On June 23, 2025, I had an MRI scan of my brain with contrast. The results showed that I have a mass in my head, which is pressing on my optic nerve.

8.      My doctor advised that I immediately seek the consultation of a neurological surgeon to assess whether the mass is operable. I scheduled an appointment with a neurological surgeon for July 1, 2025, which was his earliest available date for an appointment.

9.      In light of my ongoing health conditions, my July 1, 2025, consultation, and the urgent need to operate on the mass that was found in my head, I am not able to participate in a deposition on July 1, 2025, and until I am medically cleared to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of June, 2025, in Nipomo, California.

_____

Richard B. Kuprewicz

3

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/2025 8:00 AM
By: Narzralli Baksh , Deputy

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive,<br><br>Respondents/Defendants.<br><br>―――――――――――<br><br>SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,<br><br>Real Parties in Interest. | Case No.: 25CV02244<br><br>**PROOF OF SERVICE RE: PETITIONERS' OPPOSITION TO REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ**<br><br>Date:    June 30, 2025<br>Time:    8:00 a.m.<br>Dept.:    4<br>Judge:   Honorable Donna D. Geck<br><br>Action Filed: April 15, 2025<br>Trial: None Set |

1

I, Talia Nimmer, state:

I am over the age of 18 and not a party to the foregoing action. My business address is Center for Biological Diversity, 2100 Franklin St., Ste. 375, Oakland CA 94612. On June 29, 2025, I served a true and correct copy of:

1. **PETITIONERS' OPPOSITION TO REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER  REQUIRING MR. KUPREWICZ TO  APPEAR AT DEPOSITION OR, IN THE  ALTERNATIVE, FOR AN ORDER  SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ**

2. **DECLARATION OF TALIA NIMMER IN SUPPORT OF PETITIONERS' OPPOSITION TO REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ; and**

3. **DECLARATION OF RICHARD B. KUPREWICZ IN SUPPORT OF PETITIONERS' OPPOSITION TO REAL PARTIES' *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MR. KUPREWICZ TO APPEAR AT DEPOSITION OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL DEPOSITION AND REQUEST FOR SANCTIONS OR, IN THE ALTERNATIVE, TO STRIKE THE DECLARATION OF MR. KUPREWICZ**

[X] BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy to the email addresses shown below pursuant to California Rule of Court Section 2.251(c)(3) and Local Rule 1012.

Michael S. Dorsi
California Attorney General's Office
55 Golden Gate Ave, Ste 11000
San Francisco, CA 94102
Michael.Dorsi@doj.ca.gov
*Attorney for Respondents/Defendants*

Jeffrey Dintzer
Matthew C. Wickersham
Garrett Stanton
ALSTON & BIRD
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Jeffrey.dintzer@alston.com
Matt.wickersham@alston.com
Garrett.stanton@alston.com

2

Proof of Service re: Petitioners' Opposition to Real Parties' *Ex Parte* Application

*Attorneys for Real Parties in Interest*

DJ Moore
Benjamin Hanelin
Natalie Rogers
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, CA 90067
djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com
*Attorneys for Real Parties in Interest*

I declare under penalty of perjury under the law of California that the foregoing is true and correct. Executed on June 29, 2025, in Los Angeles, California.

_____
Talia Nimmer

3

Proof of Service re: Petitioners' Opposition to Real Parties' *Ex Parte* Application

Trevor D. Large (SBN: 214886)
Victoria C. Diffenderfer (SBN: 350018)
**FAUVER LARGE ARCHBALD & SPRAY**
820 State Street, 4th Floor
Santa Barbara, CA 93101
Tel: (805) 966-7000
Fax: (805) 966-7227
*tlarge@flasllp.com*
*vdiffenderfer@flasllp.com*

Jeffrey D. Dintzer (SBN: 139056)
Lisa L. Garcia (SBN: 301362)
Garrett B. Stanton (SBN: 324775)
**ALSTON & BIRD, LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000; Fax: (213) 576-1100
Jeffrey.Dintzer@alston.com
Lisa.Garcia@alston.com
Garrett.Stanton@alston.com

Duncan Joseph Moore (SBN: 233955)
Benjamin J. Hanelin (SBN: 237595)
Natalie C. Rogers (SBN: 301254)
**PAUL HASTINGS**
1999 Avenue of Stars, 27th Floor
Century City, CA 90067
Telephone: (310) 620-5879; Fax: (310) 620-5899
djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com

Attorneys for Real Party in Interest, SABLE OFFSHORE CORP.

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/2025 5:41 PM
By: Monica Buenrostro , Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SANTA BARBARA**
**ANACAPA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10; inclusive,<br><br>Respondents/Defendants. | Case No.: 25CV02244<br>Coordinated with Case No. 25CV02247<br><br>**NOTICE OF ASSOCIATION OF COUNSEL**<br><br>Initial Complaint Filed:  April 15, 2025<br><br>[Assigned for Purposes to the Honorable Donna D. Geck, Dept. 4] |



**1**
**NOTICE OF ASSOCIATION OF COUNSEL**

SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,

Real Parties in Interest.

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that the firm Fauver Large Archbald & Spray, has become associated with **ALSTON & BIRD, LLP**, and **PAUL HASTINGS**, as co-counsel for Real Pary in Interest SABLE OFFSHORE CORP.

All correspondence, filing, notices, pleadings and/or briefs pertaining to this action should be served upon Alston & Bird, LLP, Paul Hastings, and Fauver Large Archbald & Spray as follows:

Trevor D. Large (SBN: 214886)
Victoria C. Diffenderfer (SBN: 350018)
**FAUVER LARGE ARCHBALD & SPRAY**
820 State Street, 4th Floor
Santa Barbara, CA 93101
Telephone: (805) 966-7000; Fax: (805) 966-7227
Email: *tlarge@flasllp.com*
*vdiffenderfer@flasllp.com*

Jeffrey D. Dintzer (SBN: 139056)
Matthew C. Wickersham (SBN: 241733)
Garrett B. Stanton (SBN: 324775)
**ALSTON & BIRD, LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000; Fax: (213) 576-1100
Jeffrey.Dintzer@alston.com
Matt.Wickersham@alston.com
Garrett.Stanton@alston.com

//

//

//

//



FAUVER · LARGE · ARCHBALD · SPRAY

---

**2**
**NOTICE OF ASSOCIATION OF COUNSEL**

Duncan Joseph Moore (SBN: 233955)
Benjamin J. Hanelin (SBN: 237595)
Natalie C. Rogers (SBN: 301254)
**PAUL HASTINGS**
1999 Avenue of Stars, 27th Floor
Century City, CA 90067
Telephone: (310) 620-5879; Fax: (310) 620-5899
djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com

DATED: June 30, 2025          FAUVER, LARGE, ARCHBALD & SPRAY, LLP

By: _____
Trevor D. Large
Victoria C. Diffenderfer
Attorneys for Real Party in Interest
SABLE OFFSHORE CORP.

**FAUVER · LARGE · ARCHBALD · SPRAY**

**3**
**NOTICE OF ASSOCIATION OF COUNSEL**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen, and not a party to the within action.  My business address is 820 State Street, 4th Floor, Santa Barbara, CA 93101.  On June 30, 2025, I served the within document:

**NOTICE OF ASSOCIATION OF COUNSEL**

By Mail:  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Barbara, addressed as set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

By Hand Delivery:  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

By Overnight Delivery:  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) set forth below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

X   By Electronic Mail: I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated below.

**SEE ATTACHED SERVED LIST**

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on June 30, 2025, at Santa Barbara, California.

_____
Rachel N. Miles

**SERVICE LIST**

| | |
|---|---|
| Jeffrey D. Dintzer<br>Lisa L. Garcia<br>Garrett B. Stanton<br>**ALSTON & BIRD, LLP**<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 576-1000; Fax: (213) 576-1100<br>Jeffrey.Dintzer@alston.com<br>Lisa.Garcia@alston.com<br>Garrett.Stanton@alston.com | *Attorneys for Real Parties in Interest: Sable Offshore Corp. and Pacific Pipeline Company* |
| Julie Teel Simmons, Esq.<br>David Pettit, Esq.<br>Talia Nimmer, Esq.<br>Center for Biological Diversity<br>2011 Franklin Street, Suite 375<br>Oakland, CA 94612<br>Tel.: (510) 844-7100<br>Fax: (510) 844-7150<br>Email:<br>jteelsimmonds@biologicaldiversity.org<br>dpettit@biologicaldiversity.org<br>tnimmer@biologicaldiversity.org | *Attorneys for Petitioners: Center for Biological Diversity and Wishtoyo Foundation* |
| Duncan Joseph Moore<br>Benjamin J. Hanelin<br>Natalie C. Rogers<br>**PAUL HASTINGS**<br>1999 Avenue of Stars, 27th Floor<br>Century City, CA 90067<br>Telephone: (310) 620-5879; Fax: (310) 620-5899<br>djmoore@paulhastings.com<br>benjaminhanelin@paulhastings.com<br>natalierogers@paulhastings.com | *Attorneys for Real Parties in Interest: Sable Offshore Corp. and Pacific Pipeline Company* |
| Linda Krop, Esq.<br>Jeremy M. Frankel, Esq.<br>Tara C. Regnifo, Esq.<br>ENVIRONMENTAL DEFENSE CENTER<br>906 Garden Street<br>Santa Barbara, CA 93101<br>Telephone: (805) 963-1622; (510) 844-7100; Fax: (805) 962-3152; (510) 844-7150<br>Email:<br>lkrop@environmentaldefensecenter.org<br>jfrankel@environmentaldefensecenter.org<br>trengifo@environmentaldefensecenter.org | *Attorneys for Petitioners: Environmental Defense Center, a California non-profit corporation; Get Oil Out!, a California non-profit corporation, Santa Barbara County Action Network, a California non-profit corporation, Sierra Club, a national non-profit corporation, and Santa Barbara Channelkeeper, a California non-profit corporation* |

**5**
**PROOF OF SERVICE**

| Michael S. Dorsi, Esq.<br>California Attorney General's Office<br>55 Golden Gate Ave, Ste 11000<br>San Francisco, CA 94102<br>Tel.: (415) 510-3802<br>Email: Michael.dorsi@doj.ca.gov | *Attorneys for Respondents/Defendants: California Department of Forestry and Fire Protection, Office of the State Fire Marshal, Daniel Berlant (in his official capacity as State Fire Marshal)* |

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA**

Dated and Entered:    06/30/2025                    Time:   8:30 AM
Judicial Officer:      Donna D Geck
Deputy Clerk:          Maria Vidal                  Dept:   SB Dept 4
Bailiff/Court Officer: Vincenzo Peluso              Case No: 25CV02244
Court Reporter:        FTR

---

**Center for Biological Diversity  et al vs California Department of Forestry and Fire Protection  et al**

Parties Present:

Julie Simmonds        Petitioner's Attorney (via Zoom)
Talia Nimmer          Petitioner's Attorney (via Zoom)
Michael Dorsi         Respondent's Attorney (via Zoom)
Jeffrey Dintzer       Attorney for Real Party in Interest
Lisa Garcia           Attorney for Real Party in Interest
Trevor Large          Attorney for Real Party in Interest
Jeremy Frankel        Attorney for Non-Party

---

**NATURE OF PROCEEDINGS*: Real Parties In Interest Ex Parte Application For An Order Requiring Mr. Kuprewicz To Appear At Deposition Or, In The Alternative, For An Order Shortening Time To Hear Motion To Compel Deposition And Request For Sanctions Or, In The Alternative To Strike the Declaration of Mr. Kuprewicz**

Counsel presented oral argument.

The Court reserved the ruling on continuing the OSC re Preliminary Injunction to Wednesday, July 2, 2025 at 8:30 AM in Dept 4.

DARREL E. PARKER, EXECUTIVE OFFICER            Minutes Prepared by:

_____ , Deputy
                    Maria Vidal

SC-2411 (Revised July 1, 2013)            **MINUTE ORDER**

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/2025 7:38 PM
By: Narzralli Baksh , Deputy

Julie Teel Simmonds (Bar No. 208282)
jteelsimmonds@biologicaldiversity.org
David Pettit (Bar No. 67128)
dpettit@biologicaldiversity.org
Talia Nimmer (Bar No. 331002)
tnimmer@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel. (510) 844-7100 / Fax: (510) 844-7150

*Attorneys for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10, inclusive, <br><br> Respondents/Defendants. <br> ———————————————— <br> SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive, <br><br> Real Parties in Interest. | Case No.: 25CV02244 <br><br><br> **NOTICE OF UPDATE REGARDING RICHARD B. KUPREWICZ; DECLARATION OF RICHARD B. KUPREWICZ** <br><br><br> Date: July 2, 2025 <br> Time: 8:30 a.m. <br> Dept.: 4 <br> Judge: Donna D. Geck <br><br> Action Filed: April 15, 2025 <br> Trial: None Set |

**NOTICE OF UPDATE REGARDING RICHARD B. KUPREWICZ**

On June 30, 2025, Real Parties Sable Offshore Corp. and Pacific Pipeline Company's ("Real Parties") applied *ex parte* to compel the deposition of Richard B. Kuprewicz, Petitioners' retained expert consultant in this matter. The Court continued the matter to July 2, 2025, so it could consider the results of a medical examination Mr. Kuprewicz had scheduled for July 1, 2025. To assist the Court in resolving Real Parties' application, Petitioners provide the following update on Mr. Kuprewicz's July 1, 2025, examination and his current condition.

*Mr. Kuprewicz's July 1, 2025 Examination*

As was previously disclosed, on June 23, 2025, Mr. Kuprewicz had an MRI scan of his brain after reporting concerning neurological symptoms to his physician, including double vision. (Declaration of Richard B. Kuprewicz, ¶¶ 2, 3 [hereinafter "Kuprewicz Declaration"].) The scan revealed that he has a mass in his head, which, among other things, is pressing on his optic nerve. (*Id.* at ¶ 3.) The results of the scan are attached as **Exhibit A** to Mr. Kuprewicz's declaration, filed herewith.

Today, July 1, 2025, Mr. Kuprewicz was examined by Dr. Muhammad Asif Taqi, a neurovascular specialist, who assessed the results of the scan. (*Id.* at ¶¶ 4-6.) Dr. Taqi informed Mr. Kuprewicz that his condition is incredibly serious, and that urgent surgery is needed to remove the mass. (*Id.* at ¶ 5.) Accordingly, Dr. Taqi referred Mr. Kuprewicz to a neurosurgeon for additional tests and surgical consultation. (*Id.* at ¶ 6.) An initial appointment is scheduled for July 8, 2025, and it is expected that Mr. Kuprewicz will thereafter undergo a series of urgent, further testing to determine the extent of surgery required and how quickly it must be scheduled. (*Id.* at ¶¶ 6-7.)

At his July 1, 2025, appointment with Dr. Taqi, Mr. Kuprewicz specifically asked Dr. Taqi if he could participate in a deposition. Dr. Taqi told him that he was not able to do so in his current condition. (*Id.* at ¶ 5.)

*Proposal for July 18, 2025, OSC Hearing*

Mr. Kuprewicz's diagnosis came as a shock to Petitioners, and it will leave Petitioners materially disadvantaged unless and until they can retain a new pipeline safety expert.

Petitioners understand that the Court wants to ensure that the upcoming July 18, 2025, OSC hearing is conducted equitably and fairly, and that Real Parties' have an adequate opportunity to

challenge Mr. Kuprewicz's opinions. As acknowledged in the cases previously cited by Petitioners, the standard way to challenge an expert declarant's opinion at this stage of the proceedings is not by deposition, but by filing a responsive expert declaration. (*See St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1540; *County of Los Angeles v. Superior Court* (1990) 224 Cal.App.3d 1446, 1456-57.) That option remains available to Real Parties.

However, Petitioners additionally offer the following to ensure Petitioners are not somehow advantaged by Mr. Kuprewicz's unavailability, and that the parties will be on equal footing for the July 18, 2025, OSC hearing:

1. Petitioners will not seek to depose the expert declarants on whom Real Parties rely in advance of the July 18, 2025, OSC hearing; and

2. Petitioners will not submit a reply declaration from Mr. Kuprewicz in response to Real Parties' opposition papers.

Dated: July 1, 2025                    Respectfully submitted,

*/s/ Julie Teel Simmonds*
Julie Teel Simmonds
David Pettit
Talia Nimmer
CENTER FOR BIOLOGICAL DIVERSITY

*Counsel for Petitioners Center for Biological Diversity and Wishtoyo Foundation*

# DECLARATION OF RICHARD B. KUPREWICZ

I, Richard B. Kuprewicz, hereby declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, would and could testify competently thereto.

2. Several weeks ago, I began experiencing some concercing neurological symptoms, including, most notably, double vision. When I informed my physician about my symptoms, he immediately ordered imaging for my brain, and an MRI was scheduled for June 23, 2025.

3. On June 23, 2025, I had an MRI scan of my brain with contrast. The results showed that I have a mass in my head, which is pressing on my optic nerve. A true and accurate copy of the result of the MRI scan is attached hereto as **Exhibit A**.

4. After seeing the results of the MRI, my physician advised that I immediately seek the consultation of a neurovascular specialist to assess the mass and whether it is operable. On the recommendation of my physician, I scheduled an appointment with Dr. Muhammad Asif Taqi, a neurovascular specialist, for July 1, 2025 at 1:30 p.m., which was his earliest available date for an appointment.

5. At my July 1, 2025, appointment, Dr. Taqi informed me that my condition is incredibly serious and that urgent surgery is required to remove the mass. When I specifically asked Dr. Taqi if I could participate in a deposition, he told me that I was not able to do so in my current condition, and, if asked, he could not grant authorization for me to participate in a deposition.

6. Dr. Taqi referred me to Dr. Arnau Benet, a neurosurgeon based in Thousand Oaks, for additional tests and consultation for surgery. My first appointment with Dr. Benet is next Tuesday, July 8, 2025.

7. After my initial appointment next Tuesday, it is expected that I will need to conduct additional and extensive testing to determine the extent of surgery required and how quickly it must be scheduled.

8. In light of my ongoing health conditions, the advice of my doctor at my July 1, 2025, consultation, the need for me to conduct additional extensive testing, and the urgent need to operate on the mass in my head, I am not able to participate in a deposition at this time.

2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of July, 2025, in Solvang, California.

Richard B. Kuprewicz

# EXHIBIT A

6/24/2025 16:51   ☏18009380031   chwcarrd14   RRD→18056171743   26/27

KUPREWICZ, RICHARD BERNARD
4/8/1950                                                  1000159889(AMB); 3000651386(AGC); 3000651386(MMC); 3000651386(FHM)
                                                                                                          1426177

* Auth (Verified) *
From ANA CRISTINA MERIDA      18058763052              6/24/2025 11:39:22 PDT       Page 4 of 5
                              To: SEDEEK MD, RAGUI W.  From: (805) 876-3052



## Dignity Health.
Arroyo Grande
Community Hospital

345 South Halcyon Road - Arroyo Grande, CA 93420
Tel: 805-473-7670  Fax: 805-473-7682

| | | | |
|---|---|---|---|
| **PATIENT:** | KUPREWICZ, RICHARD BERNARD | **DOB:** | 04/08/1950 Age: 75 |
| **Sex:** | M | **Location:** | IMAG |
| **Account:** | 76008230799 | **Exam Date:** | 06/23/2025 |
| **MRN:** | 3000651386 | **Accession#:** | 37-MR-25-038530 |
| **Referred by:** | RAGUI W. SEDEEK MD | | |

**PROCEDURE:**   MRI OF THE BRAIN WITHOUT AND WITH CONTRAST

**COMPARISON:**   Arroyo Grande Community Hospital, XR, XR CHEST 2 VIEWS, 12/15/2024, 14:33.

**INDICATIONS:**   Sixth [abducent] nerve palsy, right eye, Ataxia, unspecified

**CLINICAL:**   Ataxia.
**PRIORS:**   No.
**INJURY:**   No.
**CANCER:**   No.
**SURGERY:**   No.

**TECHNIQUE:**   Multisequence, multiplanar MRI was performed on a 1.5T magnet.
**CONTRAST:**   Images obtained before and after contrast. Vueway 7.5 mL vial 5 mL administered IV. 2.5 mL of wasted contrast from the single dose vial.
**SEDATION:**   None.
**MEDICATION GIVEN:**   None.

**FINDINGS:**
**VENTRICLES/SULCI:**   Mild ventriculomegaly.
Poorly defined irregular enhancing mass centered on the left tentorial leaflet. This measures approximately 7.7 x 2.6 x 1.7 cm. Anteriorly this approaches the orbital apex and contacts the left anterior clinoid process. The mass appears to nearly completely involve the left cavernous sinus. The mass straddles the medial left middle cranial fossa and lateral left posterior cranial fossa. Minimal involvement of the sella. Enhancement extends into the left internal auditory canal. Superiorly, the mass extends nearly to the tentorial incisura. Inferiorly, the mass overlies the left dorsal clivus.

**CEREBRUM:**   No evidence of parenchymal hemorrhage, mass, or acute infarction.
Small remote microhemorrhage in the posterior paramedian left frontal lobe.
**CEREBELLUM:**   No mass or mass effect. No tonsillar ectopia.
Small remote cerebellar infarcts.
**BRAINSTEM:**   Unremarkable.
**BASAL CISTERNS:**   Unremarkable.
**SKULL:**   Large left mastoid effusion.

DICOM format may or may not available to non-affiliated external healthcare facilities or entities on a secure, ad-to-fee, reciprocally searchable basis with proper authorization for at least a 12-month period after the study.

In an effort to expedite delivery, this document was created using voice recognition software. Errors in syntax, grammar, and word selection may be present. Should there be questions regarding the content of this document, please contact us for clarification.

This document is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this document is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to the address of the facility listed above via U.S. Postal Service. Thank you.

✔ 6/24/2025 16:51          ☎18009380031          chwcarrd14          RRD → 18056171743          27/27

KUPREWICZ, RICHARD BERNARD
4/8/1950

1000169889(AMB); 3000651386(AGC); 3000651386(MMC); 3000651386(FHM)
1426177

* Auth (Verified) *

From ANA CRISTINA MERIDA          18058763052          6/24/2025 11:39:22 PDT          Page 5 of 5
To: SEDEEK MD, RAGUI W.  From: (805) 876-3052

**PATIENT:**    KUPREWICZ, RICHARD BERNARD    **DOB:**    04/08/1950 Age: 75
**Sex:**    M                                                   **Location:**    IMAG
**Account:**    76008230799                              **Exam Date:**    06/23/2025
**MRN:**    3000651386                                    **Accession#:**    37-MR-25-038530
**Referred by:** RAGUI W. SEDEEK MD

**OTHER:**          Negative.

**CONCLUSION:**
1. Large enhancing mass centered on the left tentorial leaflet involving the left cavernous sinus and surrounding structures. Differential considerations include an atypical meningioma, solitary fibrous tumor of the dura, metastasis, and sarcoma.
2. Mild ventriculomegaly without clear cause of obstruction. This may be ex vacuo dilation.

Dictated by: D. Kenneth Jamison, M.D. on 06/23/2025 at 16:53
Approved by: D. Kenneth Jamison, M.D. on 06/23/2025 at 16:09

cc's to VISHAL GOYAL MD and DR. NANCY KITSON

Electronically Signed By: Kitson, Nancy
Date 06/24/2025 13:34

In accordance with practice delivery, this document was created using voice recognition software. Errors in syntax, grammar, and word selection may be present. Should there be questions regarding the content of this document, please contact us for clarification.

This document is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this document is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to the address of the facility listed above via U.S. Postal Service. Thank you.

**Added on 06/25/2025 3:07 pm**
**Signed electronically by Asif Taqi, MD, FAHA on 06/25/2025 3:07 pm in ☀ElationHealth**



**Your procedure will take place at Cottage Hospital,** please check in at the **Main Entrance:** 400 West Pueblo Street, Santa Barbara, CA, 93105 • 805-682-7111

Your angiogram is scheduled on _____

.The check in time is between 6-730am cottage will cl you with exact check in time 24 hours in advance.

## PROCEDURE PREPARATION GUIDELINES:

• **No eating or drinking** after midnight the night before your procedure.

• Please continue medications as instructed.

• Please notify the Office if you are currently on any **diabetic, blood thinning or blood pressure medications.**

• Please **do not stop taking any medications** unless instructed.

• Medications which have been cleared by the Office may be taken with small sips of water the morning of the procedure.

• Please notify the Office if you are **allergic to iodine, shellfish or have had a previous reaction with contrast media.**

• You will need **someone to drive you** home from the procedure if you don't need the other procedure.

I, Talia Nimmer, state:

I am over the age of 18 and not a party to the foregoing action. My business address is Center for Biological Diversity, 2100 Franklin St., Ste. 375, Oakland CA 94612. On July 1, 2025, I served a true and correct copy of:

**NOTICE OF UPDATE REGARDING RICHARD B. KUPREWICZ; DECLARATION OF RICHARD B. KUPREWICZ**

[X] BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy to the email addresses shown below pursuant to California Rule of Court Section 2.251(c)(3) and Local Rule 1012.

Michael S. Dorsi
California Attorney General's Office
55 Golden Gate Ave, Ste 11000
San Francisco, CA 94102
Michael.Dorsi@doj.ca.gov
*Attorney for Respondents/Defendants*

Jeffrey Dintzer
Matthew C. Wickersham
Garrett Stanton
ALSTON & BIRD
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Jeffrey.dintzer@alston.com
Matt.wickersham@alston.com
Garrett.stanton@alston.com
*Attorneys for Real Parties in Interest*

DJ Moore
Benjamin Hanelin
Natalie Rogers
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, CA 90067
djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com
*Attorneys for Real Parties in Interest*

1

Trevor D. Large
Victoria C. Diffenderfer
FAUVER LARGE ARCHBALD & SPRAY
820 State Street, 4th Floor
Santa Barbara, CA 93101
tlarge@flasllp.com
vdiffenderfer@flasllp.com
*Attorneys for Real Parties in Interest*

I declare under penalty of perjury under the law of California that the foregoing is true and correct. Executed on July 1, 2025, in Los Angeles, California.

_____
Talia Nimmer

2

Proof of Service re: Notice of Update

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA**

Dated and Entered:  07/02/2025                    Time:  8:30 AM
Judicial Officer:      Donna D Geck
Deputy Clerk:         Maria Vidal                      Dept:  SB Dept 4
Bailiff/Court Officer:  Kenneth Toste                Case No: 25CV02244
Court Reporter:       Marie Castro

---

**Center for Biological Diversity  et al vs California Department of Forestry and Fire Protection  et al**

Parties Present:

| | |
|---|---|
| Julie Simmonds | Petitioner's Attorney (via Zoom) |
| Talia Nimmer | Petitioner's Attorney (via Zoom) |
| Michael Dorsi | Respondent's Attorney (via Zoom) |
| Jeffrey Dintzer | Attorney for Real Party in Interest |
| Garrett Stanton | Attorney for Real Party in Interest |
| Trevor Large | Attorney for Real Party in Interest |
| Jeremy Frankel | Attorney for Non-Party |

---

**NATURE OF PROCEEDINGS***:*  **Real Parties In Interest Ex Parte Application For An Order Requiring Mr. Kuprewicz To Appear At Deposition Or, In The Alternative, For An Order Shortening Time To Hear Motion To Compel Deposition And Request For Sanctions Or, In The Alternative To Strike the Declaration of Mr. Kuprewicz**

Counsel presented argument.

The Court made the following order:

The Court stated that Mr. Kuprewicz is unable to go forward with his deposition. Petitioners can file a responsive expert declaration. Petitioners have agreed not to take the depositions of Real Party in Interests' experts. Petitioners will not submit a reply declaration for Mr. Kuprewicz.

DARREL E. PARKER, EXECUTIVE OFFICER              Minutes Prepared by:

                                    _____Maria Vidal_____ , Deputy

SC-2411 (Revised July 1, 2013)              **MINUTE ORDER**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 331002 | FOR COURT USE ONLY |
|---|---|---|

NAME: Talia Nimmer

FIRM NAME: CENTER FOR BIOLOGICAL DIVERSITY

STREET ADDRESS: 2100 Franklin St.. Ste. 375

CITY: Oakland    STATE: CA    ZIP CODE: 94612

TELEPHONE NO.: (510) 844-7100    FAX NO.:

EMAIL ADDRESS: tnimmer@biologicaldiversity.org

ATTORNEY FOR (name): Petitioners and Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara**

STREET ADDRESS: 1100 Anacapa St.

MAILING ADDRESS: Same

CITY AND ZIP CODE: Santa Barbara 93101

BRANCH NAME: Anacapa Division

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/2/2025 11:17 AM
By: Laura Kenny , Deputy

PLAINTIFF/PETITIONER: Center for Biological Diversity et al.

DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):**  [�×] **UNLIMITED CASE**  (Amount demanded exceeds $35,000)   [ ] **LIMITED CASE**  (Amount demanded is $35,000 or less) | 25CV02244 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: July 18, 2025    Time: 8:30 a.m.    Dept.: 4    Div.:    Room:

Address of court (if different from the address above):

[ ]  **Notice of Intent to Appear by Telephone, by (name):**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [�×] This statement is submitted by party (name): Center for Biological Diversity and Wishtoyo Foundation
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): April 15, 2025
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [�×] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  [✕] complaint   [ ] cross-complaint   (Describe, including causes of action):

   Petitioners challenge the California Department of Forestry and Fire Protection and its Office of the State Fire Marshal's ("Cal Fire'") issuance of State Waivers from certain pipeline safety regulations to Sable Offshore Corp. for the restart of the Las Flores Pipeline System for failure to comply with CEQA and federal and state pipeline safety law requirements.

**Page 1 of 5**

| Form Adopted for Mandatory Use | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, |
|---|---|---|
| Judicial Council of California | | rules 3.720–3.730 |
| CM-110 [Rev. January 1, 2024] | | www.courts.ca.gov |

**CM-110**

| PLAINTIFF/PETITIONER: Center for Biological Diversity et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection et al. | 25CV02244 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

See Attachment 4b

[ **✖** ]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  [ ] a jury trial  [ **✖** ] a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  [ ]  The trial has been set for  *(date):*

b.  [ **✖** ]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  [ **✖** ]  days  *(specify number):*  1-2

b.  [ ]  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  [ **✖** ] by the attorney or party listed in the caption  [ ] by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:          f.  Fax number:

e.  Email address:            g.  Party represented:

[ ]  Additional representation is described in Attachment 8.

9.  **Preference**

[ **✖** ]  This case is entitled to preference *(specify code section):*  PRC § 21167.1(a)

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  [ **✖** ] has  [ ] has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party  [ ] has  [ ] has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Center for BIological Diversity et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection et al. | 25CV02244 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☒ Settlement conference completed on *(date)*: June 12, 2025 |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. January 1, 2024]     **CASE MANAGEMENT STATEMENT**     **Page 3 of 5**

CM-110

| PLAINTIFF/PETITIONER: Center for Biological Diversity et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection et al. | 25CV02244 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☒ There are companion, underlying, or related cases.

(1) Name of case: Envrional Defense Center et al. v. California Department of Forestry and Fire Protection et al.

(2) Name of court: Santa Barbara Superior Court

(3) Case number: 25CV02247

(4) Status: Pending

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

Petitioners intend to bifurcate the trial into two phases: the first phase for procedural pipeline safety and CEQA claims and the second phase for substantive pipeline safety claims.

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Real Parties in Interest have informed Petitioners that they intend to file a demurrer to the Petition and Complaint.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☑ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

On June 20, 2025, Real Parties in Interest served an amended Notice of Deposition and Deposition Subpoena to depose Petitioners' consulting expert, Richard B. Kuprewicz. It is Petitioners' position that discovery is not appropriate for the first phase of trial.

---

CM-110 [Rev. January 1, 2024]  **CASE MANAGEMENT STATEMENT**  **Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER: Center for Biological Diversity et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Department of Forestry and Fire Protection et al. | 25CV02244 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

On April 23, 2025, Cal Fire denied Petitioners' request to prepare the administrative record. Counsel for Cal Fire has told Petitioners that an index will be shared with Petitioners shortly. Additionally, pursuant to the Court's June 3, 2025 Minute Order, Petitioners in both this case and the similar case brought by Environmental Defense Center et al. (25CV02247) request that the Court consolidate the cases on its own motion for judicial efficiency.

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

On June 12, 2025, the Parties participated in a CEQA settlement conference and met and conferred about a number of issues, including Real Parties in Interests' anticipated Demurrer, the administrative record, and case consolidation. The Parties will continue to meet and confer about case management issues as needed.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 3, 2025

| Talia Nimmer | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2024]  **CASE MANAGEMENT STATEMENT**  **Page 5 of 5**

**Attachment 4b**

### I.      Brief Statement of the Case

Petitioners and Plaintiffs Center for Biological Diversity and Wishtoyo Foundation (Petitioners) filed this case on April 15, 2025 challenging the California Department of Forestry and Fire Protection, Office of the State Fire Marshall's (Cal Fire) issuance of State Waivers from pipeline safety regulations (State Waivers) that enable Real Parties Sable Offshore Corp. and Pacific Pipeline Company (Sable) to restart the Las Flores Pipeline System and its connected oil and gas production and transport infrastructure ten years after a catastrophic oil spill from the pipeline system shut down operations. Cal Fire approved the State Waivers without any environmental review of the restart project, public notice, hearing, opportunity for public comment, or required findings in violation of the California Environmental Quality Act ("CEQA"). Further, Cal Fire's State Waivers violate procedural California and federal pipeline safety laws in that they were issued absent notice and an opportunity for a hearing, absent environmental review, absent a discussion of significant factors, and absent a statement of reasons for granting the State Waivers. Finally, Cal Fire's State Waivers violate substantive California and federal pipeline safety laws because CalFire failed to establish that the risk to public safety is slight and the probability of injury or damage remote and that the State Waivers are not inconsistent with pipeline safety, as required by the governing laws.

### II.      Other Issues

Petitioners intend to bifurcate the trial into two phases - the first for the procedural pipeline safety law and CEQA claims and the second for the substantive pipeline safety law claims. It is Petitioners' position that discovery is not appropriate for the first phase, which will be based on an administrative record prepared by Cal Fire. On April 23, 2025, Cal Fire denied Petitioners' request to prepare the administrative record. Counsel for Cal Fire has told Petitioners that an index of the draft record will be shared with Petitioners shortly.

Pursuant to the Court's June 3, 2025 Minute Order, Petitioners in both this case and the similar case, *Environmental Defense Center, et al. v. California Department of Forestry and Fire Protection, et al.* (25CV02247) request that the Court consolidate the cases on its own motion for judicial efficiency.

1

I, Talia Nimmer, state:

I am over the age of 18 and not a party to the foregoing action. My business address is Center for Biological Diversity, 2100 Franklin St., Ste. 375, Oakland CA 94612. On July 3, 2025, I served a true and correct copy of: **PETITIONERS' CASE MANAGEMENT STATEMENT**

[X] BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy to the email addresses shown below pursuant to California Rule of Court Section 2.251(c)(3) and Local Rule 1012.

| | |
|---|---|
| Michael S. Dorsi<br>California Attorney General's Office<br>55 Golden Gate Ave, Ste 11000<br>San Francisco, CA 94102<br>Michael.Dorsi@doj.ca.gov<br>*Attorney for Respondents/Defendants* | Jeffrey Dintzer<br>Matthew C. Wickersham<br>Garrett Stanton<br>ALSTON & BIRD<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071<br>Jeffrey.dintzer@alston.com<br>Matt.wickersham@alston.com<br>Garrett.stanton@alston.com<br>*Attorneys for Real Parties in Interest* |
| Trevor D. Large Victoria C. Diffenderfer FAUVER LARGE ARCHBALD & SPRAY 820 State Street, 4th Floor Santa Barbara, CA 93101<br>tlarge@flasllp.com<br>vdiffenderfer@flasllp.com<br>*Attorneys for Real Parties in Interest* | DJ Moore<br>Benjamin Hanelin<br>Natalie Rogers<br>PAUL HASTINGS<br>1999 Avenue of the Stars, 27th Floor<br>Century City, CA 90067<br>djmoore@paulhastings.com<br>benjaminhanelin@paulhastings.com<br>natalierogers@paulhastings.com<br>*Attorneys for Real Parties in Interest* |

I declare under penalty of perjury under the law of California that the foregoing is true and correct. Executed on July 3, 2025, in Los Angeles, California.

_____
Talia Nimmer

1

Proof of Service re: Petitioners' Case Management Statement

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/2025 11:10 AM
By: Terri Chavez , Deputy

ROB BONTA
Attorney General of California
MYUNG PARK
Supervising Deputy Attorney General
MATTHEW BULLOCK (SBN 243377)
MICHAEL S. DORSI (SBN 281865)
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3802
  Fax:  (415) 703-5480
  E-mail:  Michael.Dorsi@doj.ca.gov
*Attorneys for Respondents and Defendants*
*Department of Forestry and Fire Protection, by and*
*through the Office of the State Fire Marshal, an*
*agency of the State of California; Daniel Berlant, in*
*his official capacity as State Fire Marshal*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBARA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,**<br><br>        **Petitioners and Plaintiffs,**<br><br>        v.<br><br>**CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, by and through the OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,**<br><br>        **Respondents and Defendants,**<br><br>**SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,**<br><br>        **Real Parties in Interest.**<br><br>        ***<br><br>**ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL** | Case Nos.   25CV02244<br>              25CV02247<br><br><br>**STIPULATION ADDRESSING BRIEFING ON ORDERS TO SHOW CAUSE RE: PRELIMINARY INJUNCTIONS AND/OR STAY**<br><br>Date:      July 18, 2025<br>Time:     8:30 a.m.<br>Dept:     4<br>Judge:    Hon. Donna Geck<br><br>Trial Date:  Not Set<br>Action Filed: April 15, 2025 |

1

OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation,

Petitioners and Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,

Respondents and Defendants

SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,

Real Parties in Interest.

## STIPULATION

Petitioners Center for Biological Diversity, et al. (CBD) and Environmental Defense Center, et al (EDC), Respondents California Department of Forestry and Fire Protection, et al. (CAL FIRE), and Real Parties in Interest Sable Offshore Corp., et al. (Sable) conferred and agree that, in these related cases, *CBD v. CAL FIRE*, Case No. 25CV02244, and *EDC v. CAL FIRE*, Case No. 25CV02247, the Orders to Show Cause re: Preliminary Injunction and/or Stay, entered June 3, 2025, set for hearing on July 18, 2025, should be briefed jointly. Specifically, the parties stipulate:

1. CAL FIRE will prepare one responding brief, with one set of supporting papers. CAL FIRE will file this brief, along with supporting documents, in both cases.

2. Like CAL FIRE, Sable will prepare one responding brief, with one set of supporting papers. Sable will file this brief, along with supporting documents, in both cases.

2

3. CBD and EDC will each file one reply brief, to be filed in their respective cases, which may address matters raised in either case.

Dated: July 7, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG PARK
Supervising Deputy Attorney General

/s/ Michael S. Dorsi
Deputy Attorney General
*Attorneys for Respondents and Defendants Department of Forestry and Fire Protection, by and through the Office of the State Fire Marshal, an agency of the State of California; Daniel Berlant, in his official capacity as State Fire Marshal*

CENTER FOR BIOLOGICAL DIVERSITY

/s/ Julie Teel Simmonds
*Attorneys for Petitioners and Plaintiffs Center for Biological Diversity and Wishtoyo Foundation*

ENVIRONMENTAL DEFENSE CENTER

/s/ Linda Krop
*Environmental Defense Center, a California non-profit corporation; Get Oil Out!, a California non-profit corporation; Santa Barbara County Action Network, a California non-profit corporation; Sierra Club, a national non-profit corporation; and Santa Barbara Channelkeeper, a California non-profit corporation*

PAUL HASTINGS LLP

/s/ Duncan Joseph Moore
*Attorneys for Real Parties in Interest Sable Offshore Corp., a Delaware Corporation, Pacific Pipeline Company, a Delaware Corporation*

As the attorney responsible for the filing of this Declaration, I, Michael S. Dorsi, attest that all signatories to this Stipulation authorized me to affix their electronic signatures to this Declaration. /s/ Michael S. Dorsi

LA2025400847
44685576.docx

3

**DECLARATION OF SERVICE**

Case Names: **CENTER FOR BIOLOGICAL DIVERSITY, et al. v. CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al. / ENVIRONMENTAL DEFENSE CENTER, et al. v. CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.**

Case Nos.: **25CV02244 / 25CV02247**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On July 7, 2025, I served the attached:

- **STIPULATION ADDRESSING BRIEFING ON ORDERS TO SHOW CAUSE RE: PRELIMINARY INJUNCTIONS AND/OR STAY**

by transmitting a true copy via electronic mail addressed as follows:

| | |
|---|---|
| Linda Krop lkrop@environmentaldefensecenter.org Jeremy M. Frankel jfrankel@environmentaldefensecenter.org Tara C. Rengifo trengifo@environmentaldefensecenter.org ENVIRONMENTAL DEFENSE CENTER | Julie Teel Simmonds jteelsimmonds@biologicaldiversity.org David Pettit dpettit@biologicaldiversity.org Talia Nimmer tnimmer@biologicaldiversity.org CENTER FOR BIOLOGICAL DIVERSITY |
| Moore, DJ djmoore@paulhastings.com Hanelin, Benjamin J. benjaminhanelin@paulhastings.com Rogers, Natalie C. natalierogers@paulhastings.com PAUL HASTINGS LLP | Bolender, Brooke Brooke.Bolender@alston.com Jeffrey Dintzer jeffrey.dintzer@alston.com ALSTON & BIRD |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 7, 2025 at Concord, California.

| C. Murphy | /s/ C. Murphy |
|---|---|
| Declarant | Signature |

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/2/2025 5:53 PM
By: Terri Chavez , Deputy

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS LLP**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP. and PACIFIC PIPELINE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION,

      Petitioners and Plaintiffs,

      v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive,

      Respondents and Defendants,

      and

SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation,

Case No. 25CV02244
Coordinated with Case No. 25CV02247

Assigned for all purposes to:
Hon. Donna D. Geck

**REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed concurrently with Request for Judicial Notice and Stanton Declaration; Proposed Order]*

Date:        September 19, 2025
Time:       10:00 a.m.
Dept:       4

i

| Real Parties in Interest. | Complaint Filed:    April 15, 2025<br>Trial Date:          None set |
|---|---|

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 19, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Department 4 of the above-entitled Court, located at 1100 Anacapa Street, Santa Barbara, CA 93101, Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") will and hereby do demur to the Verified Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief ("Petition") filed by Petitioners and Plaintiffs Center for Biological Diversity and Wishtoyo Foundation ("Petitioners"). This Demurrer is made pursuant to Code of Civil Procedure section 430.10, subsection (e) on the grounds that the Petition's First, Second, and Third Causes of Action fail to state facts sufficient to constitute a cause of action.

This Motion is based upon this Notice, the following Demurrer, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Garrett B. Stanton, Request for Judicial Notice, all pleadings, papers and records in this action, and/or such further oral and documentary evidence presented before or at the hearing on this Motion.

<u>**DEMURRER**</u>

Sable demurs to the Petition's First, Second, and Third Causes of Action on the following bases:

1. Sable demurs to the First Cause of Action on the basis the claims made therein, made pursuant to 49 U.S.C. sections 60118 (c) and (d), fail to allege facts sufficient to constitute a cause of action. (See Code Civ. Proc. § 430.10(e); 49 U.S.C. §§ 60118 (c) and (d); Petition at ¶¶114–120.) Specifically, the First Cause of Action for "Violations of Federal Pipeline Safety Laws" pursuant to 49 U.S.C. section 60118 fail because that statute does not impose requirements for "public process" or for publication of a "statement of reasons" matter of law. (See Code Civ. Proc. § 430.10(e); 49 U.S.C. §§ 60118 (c) and (d); Petition at ¶¶ 114–120.)

2. Sable demurs to the Second Cause of Action on the basis that it fails to allege facts sufficient to constitute a cause of action. (See Code Civ. Proc. § 430.10(e); Petition at ¶¶ 121–125.) Specifically, the Second Cause of Action for "failure to provide a discussion of significant factors" pursuant to Government Code section 51011(c) fails as a matter of law because the

State Waivers each contain 15 pages of information and factors OSFM considered in issuing the waivers. (See Code Civ. Proc. § 430.10(e); Gov. Code § 51011(C); Petition at ¶¶75–77 and 121–125; and RJN Exs. 1 and 2.)

3. Sable demurs to the Third Cause of Action on the basis that it fails to allege facts sufficient to constitute a cause of action. (See Code Civ. Proc. § 430.10(e); Petition at ¶¶ 126–131.) Specifically, the Third Cause of Action for "failure to prepare a subsequent EIR" fails because the "State Waivers" were issued pursuant to delegated federal authority, not subject to CEQA as a matter of law, and otherwise not a "project" requiring an EIR as a matter of law. (See Code Civ. Proc. § 430.10(e); 49 U.S.C. § 60105; Petition at ¶¶ 126–131.)

4. Sable demurs to the Petition to the extent that it alleges a claim for declaratory relief on the basis that it fails to allege facts sufficient to constitute a cause of action. (See Code Civ. Proc. §§ 1060, 1061.)

Based on the foregoing, Sable respectfully requests that (i) the Court sustain this Demurrer in its entirety and (ii) dismiss the Petition in its entirety with prejudice.

DATED:  July 3, 2025          Respectfully submitted,

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER
GARRETT B. STANTON

**PAUL HASTINGS LLP**
DUNCAN JOSEPH MOORE

_____
Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

iv

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION .................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND.........................................2

        A.      The Las Flores Pipeline ...........................................................................2

        B.      The Petition and Meet and Confer Efforts ..............................................5

III.    LEGAL STANDARD..........................................................................................5

IV.     ARGUMENT .......................................................................................................5

        A.      First Cause of Action:  OSFM Provided Public Notice and Was Not Required

                to Hold a Public Hearing..........................................................................5

        B.      Second Cause of Action: OSFM Provided a Written Justification

                and Discussion of Factors Considered in its Approval of the State Waivers. ..............7

        C.      Third Cause of Action: State Waivers Do Not Constitute a Project Under

                CEQA.........................................................................................................8

        D.      Any Claims for Declaratory Relief. .......................................................11

V.       CONCLUSION..................................................................................................12

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

LEGAL02/46305086v3

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. San Diego Convention Center Corp., Inc.*
(2022) 86 Cal.App.5th 589 ...............................................................................23

*Bautista v. State of California*
(2011) 201 Cal.App.4th 716 ...................................................................4, 16, 25

*Blank v. Kirwan*
(1985) 39 Cal.3d 311 ........................................................................................16

*Boyle v. City of Redondo Beach*
(1999) 70 Cal.App.4th 1109 .............................................................................15

*City of Lancaster v. Netflix, Inc.*
(2024) 99 Cal.App.5th 1093 ......................................................4, 16, 22, 25

*City of Morgan Hill v. Bay Area Air Quality Management District*
(2004) 118 Cal.App.4th 861 .....................................................................19, 20

*Cohan v. City of Thousand Oaks*
(1994) 30 Cal.App.4th 547 ...............................................................................17

*Fowler v. City of Lafayette*
(2020) 46 Cal.App.5th 360 ...............................................................................17

*Fox Paine & Co., LLC v. Twin City Fire Ins. Co.*
(2024) 104 Cal.App.5th 1034 ....................................................................19, 22

*Friends of Juana Briones House v. City of Palo Alto*
(2010) 190 Cal.App.4th 286 .............................................................................21

*Galbiso v. Orosi Pub. Util. Dist.*
(2010) 182 Cal.App.4th 652 .............................................................................17

*IBP, Inc. v. Alvarez*
(2005) 546 U.S. 21............................................................................................18

*Kilgore v. Younger*
(1982) 30 Cal. 3d 770 .......................................................................................16

*Monterey Coastkeeper v. California Regional Water Quality Control Bd., etc.*
(2022) 76 Cal.App.5th 1 ...................................................................................16

*Muzzy Ranch Co. v. Solano County Airport Land Use Com.*
(2007) 41 Cal.4th 372 .......................................................................................20

vi

*Olympic Pipe Line Co. v. City of Seattle*
  (9th Cir. 2006) 437 F.3d 872 ...........................................................13

*San Diego Navy Broadway Complex Coalition v. City of San Diego*
  (2010) 185 Cal.App.4th 924 ...........................................................22

*Serrano v. Priest*
  (1971) 5 Cal.3d 584 ...........................................................16

*Sierra Club v. County of Sonoma*
  (2017) 11 Cal.App.5th 11 ...........................................................21

*Zetterberg v. State Dept. of Public Health*
  (1974) 43 Cal.App.3d 657 ...........................................................25

**STATUTES**

49 U.S.C. § 60102...........................................................13

49 U.S.C. § 60105...........................................................13, 20

49 U.S.C. § 60112, subd. (a)...........................................................17

49 U.S.C. §§ 60112, subd. (a)(1) ...........................................................17

49 U.S.C. § 60112, subd. (m) ...........................................................17

49 U.S.C. § 60117...........................................................17

49 U.S.C. Section 60117, subd. (b)(2)...........................................................17

49 U.S.C. § 60118...........................................................passim

49 U.S.C. § 60118 (c) ...........................................................3, 4, 15

49 U.S.C. § 60118 (d) ...........................................................3, 4, 15, 20

49 U.S.C. § 60118, subd. (c)(1)(a)...........................................................13

49 U.S.C. § 60118, subsection (d) ...........................................................3

49 U.S.C. § 60122...........................................................17

49 USC § 60118, subd. (c)...........................................................13

49 USC § 60118, subd. (d)...........................................................13

Code Civ. Proc. § 430.10(e)...........................................................3, 4

Code Civ. Proc. § 430.10, subd. (e) ...........................................................16

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

Code Civ. Proc., § 430.41 ............................................................................................15

Code of Civil Procedure section 430.10, subsection (e) ................................................3

federal Hazardous Liquid Pipeline Safety Act (codified at 49 U.S.C. §§ 60101 et seq.)..............13

Gov. Code, § 51010 ..............................................................................................13, 20

Government Code section 51011 ..................................................................................25

Government Code section 51011(b) ..............................................................................24

Government Code section 51011(c) ...................................................................... passim

Pipeline Safety Act ....................................................................................... passim

Pub. Resources Code, § 21065 .....................................................................................20

Pub. Resources Code, § 21080(b)..................................................................................21

Public Resources Code § 21166 ..............................................................................19, 22

**OTHER AUTHORITIES**

49 C.F.R. Part 195..........................................................................................................13

49 C.F.R. § 190.3 ..........................................................................................................18

49 C.F.R. Sections 190.233(c) ......................................................................................17

49 C.F.R. § 190.341(d)(1)..............................................................................................17

49 C.F.R. § 190.341(d)(2)..............................................................................................18

74 Fed. Reg. 2889, 2892, Jan. 16, 2009........................................................................18

74 Fed. Reg. 2893 (Jan. 2009) ......................................................................................18

CEQA Guidelines, § 15125(a)(1) ..................................................................................22

CEQA Guidelines, § 15162 ...........................................................................................22

CEQA Guidelines section 15162(a)...............................................................................19

CEQA Guidelines, § 15268 ...........................................................................................21

CEQA Guidelines, § 15301 ...........................................................................................21

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Petition rests on a fundamental misunderstanding of the approvals Sable needs from OSFM to restart pipeline operations.[1] Petitioners' lawsuits challenge OSFM's December 17, 2024, issuance of two waivers of certain pipeline safety regulatory requirements (the "State Waivers"). But the State Waivers do not allow oil to flow through the pipelines. Even if they did, Petitioners' claims each fail to state a claim as a matter of law and should be dismissed with prejudice.

*First*, Petitioners' First Cause of Action fails to state a claim that OSFM's approval of the State Waivers violated 49 U.S.C. section 60118, or that the approval was an abuse of discretion. Petitioners allege that section 60118 imposed public process and disclosure requirements on OSFM, but it does not. (Petition, ¶¶ 114 – 120.)

*Second*, Petitioners' Second Cause of Action fails to state a claim that OSFM's approval of the State Waivers violated Government Code section 51011(c), or that the approval was an abuse of discretion. (*Id.*, ¶¶ 121 – 125.) Petitioners allege that OSFM's State Waivers "did not include any analysis or justifications for their issuance" (*Id.*, ¶ 123), however, the Petition cites in part (but does not attach) the State Waivers, which include the factors OSFM considered across the 15 pages and over 60 conditions and requirements for the waivers. (See *id.*; RJN, Exs. 1 and 2 [the State Waivers].) The inclusion of these factors in the documents referenced by the Petition override Petitioners' conclusory allegations to the contrary.

*Third*, Petitioners' Third cause of action fails to state a claim that OSFM failed to comply with CEQA when it approved the State Waivers without preparing an EIR because the waivers implement federal law and thus are not subject to CEQA, are not a "project" requiring CEQA review, and otherwise are exempt from CEQA. (Petition, ¶¶ 126 – 131.)

---

[1]   The Petition seeks "temporary, preliminary, and permanent injunctive relief prohibiting Cal Fire and the Real Parties in Interest from conducting any further activity in furtherance of the Project" (Petition, Prayer for Relief, ¶ 2), however, the State Waivers at issue in this litigation do not permit restart of the pipeline. A Restart Plan must be approved prior to restart, and none has been approved at this time. Accordingly, the Petition's prayer for injunctive relief "preventing restart" is unripe and should be stricken, as set forth in the Motion to Strike filed concurrently with this Demurrer.

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

*Finally*, the Petition fails to state a claim for declaratory relief as it fails to allege the existence of an actual controversy. (Petition, Prayer for Relief, ¶ 1.)

Accordingly, Sable respectfully requests that the Court sustain this Demurrer in its entirety and dismiss the Petition in its entirety with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Las Flores Pipeline

In January 1985, the California State Lands Commission and federal Bureau of Land Management certified a joint Environmental Impact Report and Environmental Impact Statement ("EIR/EIS") for what was then known as the "Celeron Pipeline Project," which included the construction of what are now called the Las Flores Pipelines.[2] The EIR/EIS explains that its impact analysis extends through the pipelines' entire lifetime, including both "operation" and "maintenance."[3] After certification of the EIR/EIS, "all necessary approvals for construction and operation of the Las Flores Pipeline" were received, the pipeline was constructed, and it "went into service in or around 1992." (Petition, ¶ 67.)

Because the Las Flores Pipelines transport crude oil, a petroleum product, they are subject to the federal Hazardous Liquid Pipeline Safety Act ("Pipeline Safety Act") (codified at 49 U.S.C. §§ 60101 et seq.), which is administered by the Pipeline and Hazardous Materials Safety Administration ("Safety Administration"). The Pipeline Safety Act's singular purpose is to ensure the safe operation of hazardous liquid pipelines. (49 U.S.C. § 60102; *Olympic Pipe Line Co. v. City of Seattle* (9th Cir. 2006) 437 F.3d 872, 877.) The Safety Administration has adopted detailed regulations governing the design, construction, pressure testing, operation, and maintenance of hazardous liquid pipelines. (See

---

[2]    Two pipelines make up the Las Flores Pipelines. One is the Las Flores Pipeline CA-324 ("Line CA-324") (previously known as Line 901), which transports crude oil approximately 10.9 miles from the Las Flores Pump Station in Las Flores Canyon to the existing Gaviota Pump Station. The other is Las Flores Pipeline CA-325 ("Line CA-325") (previously known as Line 903), which transports crude oil approximately 113.5 miles north from the Gaviota Pump Station to the existing Pentland Delivery Point in Kern County.

[3]    For background information purposes, the Draft and Final EIR/EIS referenced by the Petition are publicly available: The Draft EIR/EIS is available on the County's website, at *https://cosantabarbara.app.box.com/s/gc3vhh8ns8aiwketnq35vwbehnhre672*. The Final EIR/EIS is available at: *https://cosantabarbara.app.box.com/s/lkl9oo9xdsaangevdp6pasfo0cmimvlt*.

2

49 C.F.R. Part 195.) The Act also grants the Safety Administration the authority to "waive compliance with any part of an applicable standard … on terms [the Safety Administration] considers appropriate if [it] determines that the waiver is not inconsistent with pipeline safety." (49 U.S.C. § 60118, subd. (c)(1)(a).)

The Pipeline Safety Act also allows state agencies to apply and become certified to enforce equivalent or more stringent regulations with respect to intrastate pipelines. (See 49 U.S.C. § 60105.) In California, the State Legislature vested OSFM with the "exclusive safety[,] regulatory and enforcement authority over intrastate hazardous liquid pipelines and … to implement the [Pipeline Safety Act] and federal pipeline safety regulations as to those portions of interstate pipelines located within [California] as necessary to obtain annual federal certification." (Gov't Code, § 51010.) OSFM adopted the Safety Administration's regulations, and the Safety Administration certified OSFM to implement the Pipeline Safety Act. (Cal. Code Regs., tit. 19, § 2000.)

Like the Safety Administration, OSFM may "waive compliance with a safety standard" if the requested modification is not inconsistent with pipeline safety. (49 USC § 60118, subd. (c), (d).) Any such "State Waiver" may become effective only after OSFM provides the Safety Administration with 60 days' notice and the opportunity to make a written objection to its issuance. (See *ibid*.)

On March 13, 2020, the prior owner and operator of the Las Flores Pipelines entered into a Consent Decree with the United States and the State of California on behalf of several federal and state regulatory agencies—including OSFM and the Safety Administration—in the United States District Court, Central District of California (Civil Action No. 2:20-cv-02415) to resolve issues related to the 2015 Refugio oil spill that resulted from a leak in Line CA-324. (Petition, ¶ 59.)[4]

The Consent Decree imposes a series of prerequisites that the pipelines' operator must satisfy before restarting either of the Las Flores Pipelines. In particular, the Consent Decree requires that the operator must, with respect to both Lines CA-324 and CA-325, "apply for a State Waiver through the

---

[4]    For background information purposes, the Consent Decree is referenced by the Petition and is publicly available at the same website identified in the Petition as where Cal Fire posted the State Waivers: "Cal Fire posted the State Waivers on its website *Pathways for Restarting CA-324 and CA-325,* https://osfm.fire.ca.gov/what-we-do/pipeline-safety-and-cupa/pathways-for-restarting-pipelines." (Petition, ¶ 8 [Consent Decree is available under "#2 Consent Decree"].)

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

OSFM for the limited effectiveness of cathodic protection" "prior to restarting" the pipelines. (Petition, ¶ 61.) In other words, the Consent Decree required Sable to apply for the waivers that Petitioners now challenge as a condition precedent to restart.

After Sable acquired the Las Flores Pipelines in February 2024, Sable submitted State Waiver applications to OSFM with respect to both Lines CA-324 and CA-325, as required under the Consent Decree. (See Petition, ¶ 70.) In May 2024, Sable began repair and maintenance work on the pipelines as required under the Consent Decree and consistent with Sable's understanding that such work was authorized by the Pipeline's existing approvals and permits.

Following several months of consideration of Sable's State Waiver applications, OSFM granted both State Waivers on December 17, 2024, and imposed over sixty separate conditions on Sable's operation of the Las Flores Pipelines to reflect the modified regulatory standards required under the Consent Decree. (RJN, Exs. 1 and 2 [State Waivers].) This grant was conditioned on the Safety Administration either issuing an Order approving the State Waivers or taking no action within 60 days after receiving the OSFM's Letter of Decision on the State Waivers.  (Petition, ¶ 72.) On February 11, 2025, the Safety Administration notified OSFM that it had no objection to its issuance of the State Waivers, and the State Waivers became effective. (Petition, ¶ 79.)  The Safety Administration's notice did not identify any procedural deficiencies with OSFM's grant of the State Waivers.  Petitioners filed suit challenging OSFM's approval of the State Waivers over two months later, on April 15, 2025.

The Consent Decree separately requires Sable to submit and obtain OSFM's approval of a written "Restart Plan" before restarting either Line CA-324 or Line CA-325.[5] Sable submitted a draft Restart Plan to OSFM on July 29, 2024.[6] OSFM has taken no final action on that Plan and it remains under review.

---

[5]    See footnote 4, supra, [Consent Decree] Appendix D, ¶¶ 1.b, 1.f.

[6]    For background information purposes, the Restart Plan is also publicly available at the same website identified in the Petition as where Cal Fire posted the State Waivers: "Cal Fire posted the State Waivers on its website *Pathways for Restarting CA-324 and CA-325,* https://osfm.fire.ca.gov/what-we-do/pipeline-safety-and-cupa/pathways-for-restarting-pipelines." (Petition, ¶ 8 [Restart Plans are available under "#6 Startup Plans"].)

4

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

**B.**     **The Petition and Meet and Confer Efforts**

On April 15, 2025, Petitioners filed their Verified Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief challenging OSFM's approval of the State Waivers. The First cause of action seeks to enforce purported requirements for public process and disclosure of a statement of reasons pursuant to 49 U.S.C. section 60118, subsections c and d. (Petition, ¶¶ 114-120.) The Second cause of action seeks to enforce a purported requirement for disclosure of "a discussion of significant factors" pursuant to Government Code section 51011(c). (*Id.*, ¶¶ 121-125.) The Third cause of action alleges that OSFM failed to comply with CEQA when it approved the State Waivers without preparing a subsequent EIR. (*Id.*, ¶¶ 126-131.)

On June 11, 2025, the parties telephonically met and conferred regarding Sable's intent to file a demurrer based on Petitioners' failure to state a cause of action. (Stanton Declaration, ¶ 3; see Code Civ. Proc., § 430.41.) Having failed to reach a resolution, Sable hereby brings this Demurrer.

## III.     LEGAL STANDARD

A demurrer tests the legal sufficiency of the factual allegations in the complaint. (*Boyle v. City of Redondo Beach* (1999) 70 Cal.App.4th 1109, 1114.) In deciding a demurrer, the court should "treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) The court may also consider matters that are judicially noticeable. (*Ibid.*) The court must determine whether the complaint, in this light, states facts sufficient to support a cause of action. (Code Civ. Proc. § 430.10, subd. (e); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the court finds that the demurrer should be sustained, it should dismiss the plaintiff's case without leave to amend where it finds there is no reasonable possibility that the defect can be cured by amendment. (*Kilgore v. Younger* (1982) 30 Cal. 3d 770, 783.)

## IV.     ARGUMENT

**A.**     **First Cause of Action:  OSFM Provided Public Notice and Was Not Required to Hold a Public Hearing.**

In the First Cause of Action, Petitioners claim OSFM violated the Pipeline Safety Act by failing to provide the public with notice and an opportunity for a hearing prior to granting the State

Waivers. (Petition, ¶¶ 115-118.) Petitioners have failed to state a claim because nothing under federal law requires public notice and an opportunity for hearing on a state waiver application pending with OSFM. Although federal regulations provide that the Safety Administration "will provide notice to the public of its intent to consider the application [on the Federal Register] and invite comment" (49 C.F.R. § 190.341(d)(1)), OSFM cannot publish in the Federal Register.

Nevertheless, OSFM created a special website devoted to Sable's State Waiver applications providing the public with notice while OSFM considered them. (See Petition, ¶ 8 [referencing OSFM's public notice website that posts the State Waivers and related materials].)[7]

Importantly, OSFM's public outreach worked – ***Petitioners and others actively participated in OSFM's (and the Safety Administration's) consideration of the State Waiver applications***. (See Petition, ¶ 68 ["Since learning of this restart plan, Petitioners have repeatedly put Cal Fire on notice of their concerns and urged the agency (through calls, emails, and letters)"].) "For example, on September 24, 2024, Petitioners submitted a letter to Cal Fire about the agency's [purported] duty to conduct a CEQA review process and requesting it prepare an environmental impact report." (*Id*.) Petitioners, therefore, have suffered no prejudice.[8] (*Fowler v. City of Lafayette* (2020) 46 Cal.App.5th 360, 371 ["We do not set aside an agency's action unless the appellants show the violation caused prejudice"]; see also *Galbiso v. Orosi Pub. Util. Dist.* (2010) 182 Cal.App.4th 652, 670-671; *Cohan v. City of Thousand Oaks* (1994) 30 Cal.App.4th 547, 556.) Hence, any allegations by Petitioners that OSFM provided no notice are contradicted by references to OSFM's public notice website (e.g., Petition, ¶ 171) and by Petitioners' attached public comment letter (*id.*, Ex. C).

Further, while public notice was provided, no formal hearing was required for OSFM to act. The use of the term "hearing" in section 60118 refers to the applicant's entitlement to an opportunity for hearing on its pending application. Where the phrase "opportunity for hearing" is used elsewhere

---

[7]    OSFM also coordinated with the Safety Administration to establish publicly accessible federal dockets for the State Waivers, where members of the public (including Petitioners) could submit comments to the Safety Administration: Docket ID PHMSA-2025-002 for CA-324 and Docket ID PHMSA-2025-003 for CA 3-325 are publicly available on www.Regulations.gov.

[8]    Further, Petitioners do not allege that any members of the public who would have participated in OSFM's process on the State Waivers were precluded from doing so.

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

in the Pipeline Safety Act, it primarily refers to the *applicant's* opportunity for hearing – not the general public's. (See, e.g., 49 U.S.C. §§ 60112, subd. (a), 60117, subd. (m), 60122, subd. (a)(1).)[9] Section 60118 should be read consistently with those provisions. (See *IBP, Inc. v. Alvarez* (2005) 546 U.S. 21, 23-24 ["identical words used in different parts of the same statute are generally presumed to have the same meaning"].) Petitioners cite no authority demonstrating their or the public's entitlement to a public hearing on the State Waivers. In addition, any such "hearing" for the applicant does not refer to a formal public hearing at which testimony may be presented on the record. (See 49 C.F.R. § 190.3; see also 74 Fed. Reg. 2893 (Jan. 2009) [waivers "already involve extensive informal (technical) consultations between PHMSA and the applicant and . . . there is also an opportunity for (paper) hearing in the [waiver] process"].)[10]

**B.    Second Cause of Action: OSFM Provided a Written Justification and Discussion of Factors Considered in its Approval of the State Waivers.**

Similarly, the Second Cause of Action fails to state a claim because nothing in the federal or state pipeline safety laws requires OSFM to adopt a detailed statement of decision containing specific findings in support of the State Waivers—but even if it did, OSFM detailed its reasons for approval.

---

[9]    These provisions are implemented by PHMSA through 49 C.F.R. Sections 190.233(c) (noting notice and opportunity for hearing of corrective action order only to operator); 190.239(b) (noting notice and opportunity for hearing of proposed safety orders only to operator); 190.221 and 190.211 (noting notice of proposed violations and opportunity for hearing only to operator). Moreover, the Pipeline Safety Act only requires that hearings under these sections be noticed to the public through [the Safety Administration's] website. (See 49 U.S.C. Section 60117, subd. (b)(2).) Here, OSFM did not just make mere mention of Sable's State Waiver application; it created a distinct, special website devoted to Sable's State Waiver applications and coordinated with PHMSA to establish a federal docket. (Petition, ¶ 171.)

[10]    Although the Pipeline Safety Act does not require that the public be afforded an opportunity for hearing, either in the context of special permits or state waivers, or in the context of enforcement (such as corrective action orders, safety orders, or notices of probable violation), even if it were construed in such manner, here, the public was given the opportunity to be heard, through submission of comments. In fact, in the federal docket that the Safety Administration created, public comments were submitted as part of the Safety Administration's consideration of the grant of the State Waivers. Moreover, Petitioners submitted correspondence to OSFM regarding its consideration of the pending State Waiver applications. The Safety Administration uses "paper hearings" in consideration of special permits, although as noted above (see, e.g., 74 Fed. Reg. 2889, 2892, Jan. 16, 2009), such procedures are not strictly required under the Pipeline Safety Act to be public-facing for it to grant special permits, with the focus instead on consultation with the applicant.

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

Petitioners seek to elevate form over substance. (Petition at ¶¶ 121-125.) The federal regulations simply provide that a decision will be provided *to the applicant*. (See 49 C.F.R. § 190.341(d)(2) [whenever a decision is made to grant or deny an application, "***notice of the decision will be provided to the applicant***."] [emphasis added].) Government Code section 51011(c) requires that "[n]otification of exemptions … include a discussion of the factors that [OSFM] considers significant to the granting of the exemption."

Here, OSFM satisfied both requirements. In granting Sable's applications, OSFM issued 15-page State Waivers to Sable with detailed requirements and conditions that Sable must meet. (See RJN, Exs. 1 & 2.) These factors include, but are not limited to, "that [Sable's] goal is to appropriately manage the risk of corrosion under insulation that may occur as a result of inadequate cathodic protection due to the shielding effects of the polyurethane foam and the polyethylene tape wrap," that Sable "provided the OSFM information from the completed in-line inspections and additional data requested by our office," that [t]he OSFM Pipeline Safety Engineers have reviewed the materials provided and have been in communication with the United States Department of Transportation (USDOT), Pipeline and Hazardous Materials Safety Administration (PHMSA) Engineering and Research Division to incorporate PHMSA's recommended conditions into the state waiver" (*id.*, Ex. 1 at p. 2, Ex. 2 at pp. 1-2), as well as the over 60 requirements and conditions imposed on Sable as part of the State Waivers (*id.*, Ex. 1 at pp. 3-14, Ex. 2 at pp. 3-14).

Courts "assume the attachments to the complaint are true, and they take precedence over any conflicting allegations." (*Fox Paine & Co., LLC v. Twin City Fire Ins. Co.* (2024) 104 Cal.App.5th 1034, 1045.) The State Waivers (and the extensive factors discussed therein) therefore take precedence over any of the Petition's conclusory allegations to the contrary.

Accordingly, Petitioners' Second Cause of Action fails to state sufficient facts to state a claim and is subject to demurrer.

### C.    Third Cause of Action: State Waivers Do Not Constitute a Project Under CEQA

In the Third Cause of Action, Petitioners allege OSFM failed to comply with CEQA when it approved the State Waivers without preparing a subsequent EIR pursuant to Public Resources Code

8

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

section 21166 and CEQA Guidelines section 15162(a). (Petition, ¶¶ 126-131.) However, as a matter of law, CEQA does not apply to OSFM's issuance of the State Waivers because OSFM was implementing a federal safety program pursuant to its delegated authority under federal law.

### *The State Waivers are federal authorizations not subject to CEQA.*

CEQA does not apply to OSFM's issuance of the State Waivers because OSFM was implementing a *federal* safety program. (See *City of Morgan Hill v. Bay Area Air Quality Management District* (2004) 118 Cal.App.4th 861, 871 ["the conclusion that the [air] permit is a federal one would seem to preclude the application of any state law such as CEQA. The [Air] District issued the permit acting on behalf of federal authorities who are not bound by state law"].)

The Pipeline Safety Act authorizes the Safety Administration to certify state agencies enforce pipeline safety within their jurisdictional borders. (49 U.S.C. § 60105.) OSFM has the "exclusive safety[,] regulatory and enforcement authority … to implement the [Safety Administration's] and federal pipeline safety regulations." (Gov. Code, § 51010; see also Cal. Code Regs., tit. 19, § 2000.) Thus, instead of applying to the Safety Administration for a waiver of federal pipeline safety standards, California pipeline owners and operators apply to OSFM. OSFM, pursuant to its delegated authority, then issues State Waivers as a federal authorization, and the Safety Administration has 60 days' notice to object. (49 U.S.C. § 60118(d).) Just as the Safety Administration is not subject to CEQA in issuing a waiver under section 60118, OSFM is not subject to CEQA in implementing its federally delegated authority to waive pipeline safety standards. (*City of Morgan Hill*, *supra*, 118 Cal.App.4th at p. 871.)

Indeed, Petitioners cannot have it both ways. To support their pipeline safety law claims, Petitioners argue that OSFM must issue waivers to "in the same way and to the same extent" as the Safety Administration. (See Petition, ¶ 115.) While OSFM did comply with federal pipeline safety laws, consistent with Petitioners' own logic, OSFM need not undertake CEQA review in implementing those laws.

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

***The State Waivers are a safety program to which CEQA does not apply.***

Even if state law applied to OSFM's actions implementing federal law (it does not), the State Waivers are merely a program ensuring pipelines operate safely within the boundaries of established law. Thus, CEQA still would not apply.

The State Waivers are not a "project" that triggers CEQA review. (See *Muzzy Ranch Co. v. Solano County Airport Land Use Com.* (2007) 41 Cal.4th 372, 380 ["[a]n activity that is not a 'project' . . . is not subject to CEQA."].) "Project" "means an activity which may cause either a direct physical change in the environment, or a reasonably foreseeable indirect change in the environment." (Pub. Resources Code, § 21065.) A state waiver is an order that modifies compliance with a regulatory requirement (49 U.S.C. § 60118). Thus, the State Waivers merely confirmed that what Sable proposed by way of pipeline protection is consistent with established federal pipeline safety standards. OSFM's determination that the State Waivers would be consistent with pipeline safety standards does not have the potential to result in a physical change in the environment.[11] Physical repair and maintenance work on the Pipelines was not contingent on OSFM's approval of the State Waivers, and began in May 2024 under separate authorization from the County.

Moreover, OSFM's issuance of the State Waivers is ministerial. (Pub. Resources Code, § 21080(b); CEQA Guidelines, § 15268.) OSFM assessed Sable's State Waiver applications pursuant the requirements set forth in applicable federal and state regulations. (See Petition, Exs. F & G.) This is no different than a local agency's issuance of building permit or other similar permits, which are typically ministerial. A local agency may allow a deviation from applicable codes or impose conditions without transforming the permit into a discretionary action. (See, e.g., *Sierra Club v. County of Sonoma* (2017) 11 Cal.App.5th 11, 24-31 [issuance of erosion control permit with conditions held ministerial]; *Friends of Juana Briones House v. City of Palo Alto* (2010) 190 Cal.App.4th 286, 300 [issuance of demolition permit held ministerial].) Here, too, OSFM may allow a deviation from applicable safety regulations through a state waiver without triggering CEQA. (49 U.S.C. § 60118.)

---

[11] If anything, Petitioners' dispute lies with the County, which approved the physical construction work on the Pipelines through the issuance of the final development plan, conditional use permit, coastal development permits, and other entitlements over 30 years ago.

10

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

***The State Waivers are categorically exempt from CEQA.***

Even if the State Waivers are a discretionary project triggering CEQA, the State Waivers are categorically exempt because they address an existing facility with no expansion of its former use. (CEQA Guidelines, § 15301.) The CEQA Guidelines specifically identify "[r]estoration or rehabilitation of deteriorated or damaged structures, facilities, or mechanical equipment to meet current standards of public health and safety" as exempt. (See *id.*, subd. (d).) Here, the State Waivers do not authorize any expansion of the pipelines' capacity or the permitted volume of oil that ay flow through the pipelines.[12] The State Waivers do not even authorize physical construction. They merely impose safety measures to ensure the pipelines "meet current standards of public health and safety." No unusual circumstance exists because potential harms from a pipeline rupture or spill already were analyzed under CEQA. (See *id.*, § 15300.2(c).)

***Potential environmental impacts were previously analyzed in the certified EIR/EIS.***

Here, Petitioners fail to allege that any of CEQA's statutory triggers for further environmental review have been met. (See Petition, generally.) That a spill occurred in 2015 is not a new circumstance requiring further study. A subsequent EIR is not required. (CEQA Guidelines, § 15162.) Hence, the Third cause of action for failure to prepare an EIR fails as a matter of law and is subject to demurrer.

**D.    Any Claims for Declaratory Relief.**

Despite the inclusion of the words "declaratory relief" in the Petition's title and prayer, the Petition does not contain a standalone cause of action for declaratory relief pursuant to Code of Civil Procedure section 1060. (See Petition, generally.) Nor does the Petition allege any "case of actual controversy relating to the legal rights and duties of the respective parties" as required to demonstrate a declaration is "necessary and proper at [this] time under all the circumstances" pursuant to Code of Civil Procedure sections 1060 and 1061.

Accordingly, to the extent the Petition asserts a cause of action for declaratory relief, it fails to state sufficient facts to constitute a cause of action and is subject to demurrer.

---

[12]    The appropriate baseline against which to address potential environmental impacts here is historic operations. (See CEQA Guidelines, § 15125(a)(1).)

11

## V.  CONCLUSION

For the foregoing reasons, Sable respectfully requests that the Court sustain this Demurrer in its entirety and dismiss the Petition with prejudice.

DATED: July 3, 2025          Respectfully submitted,

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER
LISA L. GARCIA
GARRETT B. STANTON

**PAUL HASTINGS LLP**
DUNCAN JOSEPH MOORE

_____
Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**

I, Isaac Walrath, declare:

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 55 Second Street, Suite 2100, San Francisco, CA 94105.

On July 3, 2025, I served the document **REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S NOTICE OF DEMURRER AND DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties stated below, by the following means of service:

**See Attached Service List**

(BY U.S. MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

(BY FACSIMILE)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Alston & Bird LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☒  BY ELECTRONIC SERVICE on the date stated below, I caused the document(s) described above to be served electronically on the recipients designated on the Transaction Receipt pursuant to the parties' stipulation establishing the authorizing e-service of documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2025, at San Francisco, California.

*/s/ Isaac Walrath*
Isaac Walrath

**SERVICE LIST**

Julie Teel Simmons, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
Center for Biological Diversity
2011 Franklin Street, Suite 375
Oakland, CA 94612

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
          dpettit@biologicaldiversity.org
          tnimmer@biologicaldiversity.org

Linda Krop, Esq.
Jeremy M. Frankel, Esq.
Tara C. Regnifo, Esq.
ENVIRONMENTAL DEFENSE CENTER
906 Garden Street
Santa Barbara, CA 93101
Phone: (805) 963-1622; Fax: (805) 962-3152

**ATTORNEYS FOR PETITIONERS**
ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: lkrop@environmentaldefensecenter.org
          jfrankel@environmentaldefensecenter.org
          trengifo@environmentaldefensecenter.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
          benjaminhanelin@paulhastings.com
          natalierogers@paulhastings.com

**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
LISA L. GARCIA, SBN 301362
lisa.garcia@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

**PAUL HASTINGS**
DUNCAN JOSEPH MOORE, SBN 233955
djmoore@paulhastings.com
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone: (310) 620-5879
Facsimile: (310) 620-5899

Attorneys for Real Parties in Interest
SABLE OFFSHORE CORP.; PACIFIC PIPELINE COMPANY

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/2025 5:53 PM
By: Terri Chavez , Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SANTA BARBARA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, | Case No. 25CV02244 |
| Petitioners and Plaintiffs, | Assigned for all purposes to: |
| v. | Hon. Donna G. Geck |
| CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERMANT, in his official capacity as State Fire Marshal; and DOES 1 to 10, inclusive, | **REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DECLARATION OF GARRETT B. STANTON** |
| Respondents and Defendants, | |
| and | |
| SABLE OFFSHORE CORP., a Delaware corporation; and PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive, | *[Filed concurrently with Notice of Demurrer and Demurrer; Proposed Order]* |

1

REAL PARTIES' REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GARRETT B. STANTON

<table>
<tr><td>Real Parties in Interest.</td><td>Hearing Date:<br>Time:<br>Department:</td><td>September 19, 2025<br>10:00 a.m.<br>4</td></tr>
<tr><td></td><td>Complaint Filed:<br>Trial Date:</td><td>April 15, 2025<br>None set</td></tr>
</table>

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Evidence Code sections 452 and 453, Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company hereby request this Court to take judicial notice of the following document in support of Real Parties' Demurrer to Petitioners and Plaintiffs' Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief ("Demurrer").

1.      Attached hereto as **Exhibit 1** is a true and correct copy of the Letter of Decision on the State Waiver Request for Limited Effectiveness of Cathodic Protection on Thermally Insulated Pipeline and Corrosion of or Along a Longitudinal Seam Weld (CA-324) dated December 17, 2024.

2.      Attached hereto as **Exhibit 2** is a true and correct copy of the Letter of Decision on the State Waiver Request for Limited Effectiveness of Cathodic Protection on Thermally Insulated Pipeline and Corrosion of or Along a Longitudinal Seam Weld (CA-325A/B) dated December 17, 2024.

In accordance with Evidence Code section 453, Real Parties give Petitioners and Plaintiffs sufficient notice of this request to enable them to meet the request, and Real Parties have also furnished the Court with sufficient information to take judicial notice of Exhibits 1 and 2. The basis for admission of Exhibits 1 and 2 is that they constitute 'official acts' of the Office of the State Fire Marshal within the meaning of Evidence Code section 452, subdivision (c). Additionally, Exhibits 1 and 2 are subject to judicial notice on the basis that they are "not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy" as they are posted online by the State Fire Marshal and are publicly available at the website identified in the Petition: "Cal Fire posted the State Waivers on its website *Pathways for Restarting CA-324 and CA-325*, https://osfm.fire.ca.gov/what-we-do/pipeline-safety-and-cupa/pathways-for-restarting-pipelines." (Petition, ¶ 8.)

REAL PARTIES' REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GARRETT B. STANTON

Further, the documents attached as Exhibits 1 and 2 are relevant to the Demurrer because they are the "State Waivers" referenced and quoted from throughout the Petition, they are the subject of each of Petitioners' causes of action, and most of Petition's prayer for relief. (See Petition, generally.) Accordingly, the Court may take judicial notice of these documents.  (*See Geraci v. United Services Automobile Assn.* (1987) 188 Cal.App.3d 1245, 1248 [in ruling on a demurrer, a court may consider "not only the contents of the complaint but also matters of which judicial notice may be taken"].)

DATED:   July 3, 2025

Respectfully Submitted,
**ALSTON & BIRD**
JEFFREY D. DINTZER
LISA L. GARCIA
GARRETT B. STANTON

By: _____
Jeffrey D. Dintzer

Attorneys for Real Parties in Interest
**SABLE OFFSHORE CORP.**
**PACIFIC PIPELINE COMPANY**

---

REAL PARTIES' REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GARRETT B. STANTON

**DECLARATION OF GARRETT B. STANTON**

I, Garrett B. Stanton, declare:

1.      I am an attorney duly licensed to practice law before all courts of the State of California and am a senior associate at Alston & Bird LLP, attorneys of record for Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company (hereinafter "Real Parties"). I make this declaration in support of Real Parties' Demurrer to Petitioners' and Plaintiffs' Verified Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief (the "Demurrer"). I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently to them.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Letter of Decision on the State Waiver Request for Limited Effectiveness of Cathodic Protection on Thermally Insulated Pipeline and Corrosion of or Along a Longitudinal Seam Weld (CA-324) dated December 17, 2024.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Letter of Decision on the State Waiver Request for Limited Effectiveness of Cathodic Protection on Thermally Insulated Pipeline and Corrosion of or Along a Longitudinal Seam Weld (CA-325A/B) dated December 17, 2024.

2.      On June 6, 2025 at 4:54 p.m., I sent a letter to counsel for Petitioners and Plaintiffs advising of Real Parties' intent to demur to the Verified Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief (the "Complaint") and requesting to meet and confer pursuant to Code of Civil Procedure section 430.031. A true and correct copy of this letter is attached as **Exhibit 3**.

3.      On June 11, 2025 at 3:00 p.m., I met and conferred by videoconference with counsel for Petitioners and Plaintiffs, where I detailed why Real Parties contend that Plaintiffs' and Petitioners' Complaint fails to state legally cognizable claims as to the Causes of Action the Real Parties proposed challenging via a demurrer. An agreement could not be reached resolving the objections raised in the Demurrer and Petitioners and Plaintiffs confirmed they would not amend the Complaint.

REAL PARTIES' REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GARRETT B. STANTON

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 3rd day of July, 2025, in Los Angeles, California.

GARRETT B. STANTON

REAL PARTIES' REQUEST FOR JUDICIAL NOTICE; DECLARATION OF GARRETT B. STANTON

# EXHIBIT 1

Docusign Envelope ID: 87418E7A-ED76-4891-96B3-BCE5F180F5D7

STATE OF CALIFORNIA—NATURAL RESOURCES AGENCY                                    Gavin Newsom, Governor



**DEPARTMENT OF FORESTRY AND FIRE PROTECTION**
**OFFICE OF THE STATE FIRE MARSHAL**
P.O. Box 944246
Sacramento, California 94244-2460
(916) 568-3800
Website: www.fire.ca.gov



---

**CERTIFIED MAIL No: 9589-0710-5270-1475-5353-08**

December 17, 2024

Lance Yearwood
Vice President
Sable Offshore Corp
845 Texas Avenue, Suite 2920
Houston, Texas 77002

**SUBJECT:**   **LETTER OF DECISION ON THE STATE WAIVER REQUEST FOR LIMITED EFECTIVENESS OF CATHODIC PROTECTION ON THERMALLY INSULATED PIPELINE AND CORROSION OF OR ALONG A LONGITUDINAL SEAM WELD (CA-324)**

**Operator:**   Sable Offshore Corp
OPID# 40851
845 Texas Avenue, # 2920
Houston, Texas 77002

**Pipeline:**   OSFM Line ID 0015 - 10.86 miles (Las Flores Canyon to Gaviota) of Sable Offshore Corp CA-324 (OSFM Line ID 0015) located in Santa Barbara County, California as described in the request of state waiver dated April 24, 2024

Dear Mr. Yearwood:

The Office of the State Fire Marshal (OSFM) received Sable Offshore Corp's (*Sable*) state waiver request (*Application*) on April 24, 2024, in accordance with the terms of the Consent Decree (CD) between Plains Pipeline, L.P. and the United States of America and the People of the State of California, DOJ Case REF. NO. 90-5-1-1-1130 (Appendix B, Article 1.1.D).

In addition, Sable requested a regulatory relief from Title 49 Code of Federal Regulations (49 C.F.R.), § 195.452(h)(4)(iii)(H) *Corrosion of or along a longitudinal seam weld* for Sable CA-324.

---

*"The Department of Forestry and Fire Protection serves and safeguards the people and protects the property and resources of California."*

Lance Yearwood
December 17, 2024
Page 2

Sable explained that its goal is to appropriately manage the risk of corrosion under insulation that may occur as a result of inadequate cathodic protection due to the shielding effects of the polyurethane foam and the polyethylene tape wrap. Sable described the measures it has taken to address this risk and implemented and proposed a number of additional measures designed to mitigate the risk of corrosion under insulation that may result from potential ineffective cathodic protection (CP).

Sable provided the OSFM with its proposed measures to mitigate the risk of corrosion under insulation. Sable also provided the OSFM information from the completed in-line inspections and additional data requested by our office. The OSFM Pipeline Safety Engineers have reviewed the materials provided and have been in communication with the United States Department of Transportation (USDOT), Pipeline and Hazardous Materials Safety Administration (PHMSA) Engineering and Research Division to incorporate PHMSA's recommended conditions into the state waiver.

The OSFM has regulatory jurisdiction over the safety standards and practices of intrastate hazardous liquid pipeline transportation within California. As a Pipeline Safety Program that is certified under 49 USC § 60105, the OSFM may grant a state waiver with a pipeline safety regulation adopted by the state of California. Title 49 C.F.R., Part 195 was adopted by reference as it relates to hazardous liquid pipelines within Title 19 California Code of Regulations (19 CCR), Section 2000.

This state waiver applies to Sable's Line CA-324 (OSFM Line ID 0015) which consists of a 10.86 mile long, 24-inch outside diameter pipeline segment with the origin and termination points as described in the application. The pipeline is located in Santa Barbara, California and shall be referred herein as *CA-324*.

The state waiver shall not become effective until (1) PHMSA issues an Order approving the waiver or stating it has no objection to the waiver or (2) PHMSA takes no action on the waiver within sixty (60) days after receiving the Letter of Decision from the OSFM.

The state waiver is limited to a term of no more than ten (10) years from the date it becomes effective, which shall be considered as the date of issuance. The OSFM may terminate the state waiver under conditions detailed below.

**Applicable Regulations**

The OSFM hereby grants this state waiver for CA-324, provided that Sable complies with the specific requirements in this state waiver and any additional conditions outlined by PHMSA. The pipeline must be operated and maintained in accordance with the CD, these state waiver conditions and 49 C.F.R. Part 195, with the exception of 49 C.F.R. §195.452(h)(4)(iii)(H). In the event of a conflict between the state waiver conditions and the applicable requirements under 49 C.F.R. Part 195, the state waiver conditions control.

Lance Yearwood
December 17, 2024
Page 3

Should additional federal or State statutory or regulatory requirements come into effect following the implementation of this state waiver, CA-324 shall be subject to those requirements except where they are in conflict with the State Waiver or the safe operation of the pipeline.

## General Conditions

1. The pipeline can only be used to transport crude oil as stated in the application.
2. The maximum operating pressure (MOP) of CA-324 cannot exceed 1003 pounds per square inch gauge (psig).
3. The maximum operating temperature of the crude oil that transports in CA-324 must not exceed 140 Fahrenheit for more than 12 consecutive hours.
4. Prior to startup, Sable must develop and implement procedures for the conditions and requirements described in the state waiver.
5. This state waiver does not relieve Sable from other requirements under 49 C.F.R. Part 195 or the Elder California Pipeline Safety Act of 1981 other than contained herein.
6. This state waiver does not relieve Sable from any requirements imposed by the Consent Decree (United States District Court Central District of California Civil Action No. 2:20-cv-02415).
7. In-line inspection must include:
   a. Use of a tool that is at least capable of reliably detecting and identifying cluster corrosion and general corrosion. Definition of cluster and general corrosion is as follows:
      i. Cluster means two or more adjacent metal loss features in the wall of the pipe or weld that may interact based on interaction criteria.
      ii. General corrosion means uniform or gradually varying loss of wall thickness over an area.
   b. Use of a tool that is at least capable of reliably detecting and sizing corrosion at a 90 percent probability of detection (POD) and probability of identification (POI).
   c. Use of a tool that is at least capable of reliably detecting and sizing cracks or crack-like anomalies at a 90 percent POD and POI.
8. Prior to placing CA-324 in operation, Sable must perform fracture toughness tests on the existing 24" pipe from CA-324 in accordance with ASTM E1820-23B Standard Test Method for Measurement of Fracture Toughness. All of the test specimens must be from the predominant existing 24" pipe, specifically API 5L X65 HF-ERW pipe with a nominal thickness of 0.344" that was manufactured by

Lance Yearwood
December 17, 2024
Page 4

Nippon Steel Corp. in the 1980s. At least three (3) separate tests must be performed to obtain the fracture toughness values of the pipe body, heat affected zone (HAZ)[1], and the HF-ERW long seam weld on the pipe to represent the fracture toughness of its CA-324 (i.e. three (3) samples for pipe body, three (3) samples for HAZ, and three (3) samples for the HF-ERW long seam weld). The lowest fracture toughness value must be applied to conditions 10, 30, 33, and 48. Sable may use pipe samples taken opportunistically during ongoing pipeline maintenance and repair efforts.[2]

9. All immediate and 180-day repair conditions that are listed in this state waiver must be evaluated and remediated prior to restarting CA-324. Sable must utilize Ultrasonic Thickness Wall Measurement (UTWM) and Ultrasonic Shear Wave Crack Detection (USCD) in-line inspection (ILI) tools within seven (7) days of achieving initial steady state operation in accordance with an ILI survey schedule approved by OSFM. Sable must utilize the most recent Ultrasonic Thickness Wall Measurement (UTWM) and Ultrasonic Shear Wave Crack Detection (USCD) in-line inspection (ILI) results when identifying these repair conditions.

10. Remaining strength of pipe calculation for all metal loss anomalies must be in accordance with the Modified B31G method as described in ASME B31G *Manual for Determining the Remaining Strength of Corroded Pipelines*. If ASME B31G 2012 Edition is used, then it must comply with the conditions in accordance with Section 1.2 and exclusions in accordance with Section 1.3 of ASME B31G 2012 Edition. However, if the metal loss anomaly intersects or is within one (1) inch (circumferentially) of the longitudinal seam weld, Sable must also calculate the predicted failure pressure of the anomaly by using the crack-like flaw evaluation method ASME FFS-1/API 579-1.

11. Sable must utilize cleaning pigs at regular intervals not to exceed a biweekly basis to maintain adequate cleanliness on the internal pipe wall of its CA-324.

**Pressure Testing**

12. Prior to placing the pipeline in operation, Sable must conduct a spike hydrostatic pressure test of the state waiver pipeline segments at a minimum pressure that is at least 1.5 times the MOP or 100% SMYS, for a minimum of 15 minutes after

---

[1] The heat affected zone (HAZ), as used in the state waiver, is defined as a 1-inch-wide area on either side of the longitudinal weld seam.

[2] Sable must submit all fracture toughness results to the OSFM prior to restarting the pipeline.

Lance Yearwood
December 17, 2024
Page 5

the spike test pressure is stabilized. Sable must field evaluate and remediate the following anomalies before performing the spike hydrostatic test on CA-324:

    a.  All metal loss anomalies that have an ILI reported depth of 40% and greater wall loss.

    b.  All anomalies that have a predicted failure pressure less than or equal to 1.6 times MOP.

13. Immediately following the spike hydrostatic pressure test, Sable must conduct an 8-hour hydrostatic pressure test of the state waiver pipeline segments at a minimum of 1.25 times the MOP.

14. Sable must obtain the Test ID from the OSFM for each hydrostatic pressure test and have the approved independent testing firm forward separately the certified test results to the OSFM.

15. Each hydrostatic pressure test must be performed in accordance with the applicable requirements of 49 C.F.R., Part 195 Subpart E – Pressure Testing and monitored by an independent testing firm listed under the OSFM approved hydrostatic testing companies.

16. Failures resulting from the spike hydrostatic pressure test or the 8-hour strength test shall be immediately reported[3] to the OSFM via email at PipelineNotification@fire.ca.gov
Subject: OSFM State Waiver - Hydrotest Failure

17. Section(s) of the state waiver pipeline segments that failed during the required hydrotesting must be repaired by removing and replacing the failed section. The OSFM reserves the right to revoke the state waiver if failure(s) raise the concern that the pipeline cannot be safely operated.

**In-Line Inspection (ILI) Assessment and Frequency**

18. At least 90 days prior to performing in-line inspections of the state waiver segment, Sable shall provide the OSFM with a written notification to PipelineNotification@fire.ca.gov describing its assessment plan with the following information:

    a)  Dates for integrity assessment

    b)  In-line inspection tool(s) selected, in accordance with API Standard 1163 Section 5 and NACE SP0102[4] to assess the integrity of the subject pipe

---

[3] In addition to the OSFM reporting, Sable shall follow all additional state reporting requirements.
[4] Industry standards that are referenced in this state waiver must utilize the editions that are incorporated by referenced in Title 49 Part 195.3 unless another edition was explicitly specified.

Docusign Envelope ID: 87418E7A-ED76-4891-96B8-BCE5F180F5D7

Lance Yearwood
December 17, 2024
Page 6

      segment(s) in which ILIs must be capable to detect and size wall loss, dents, internal corrosion, external corrosion, cracks and crack-like indications

    c) In-line inspection tool vendor(s)

    d) Required tool specifications including operational specifications and anomaly sizing tolerances

    e) Tool validation methodology

    f) Anomaly feature identification criteria and reporting thresholds – wall loss, dents, internal corrosion, external corrosion, cracks, and crack-like indications

    g) Criteria used to identify locations for excavation and field verification

    h) Non-destructive examination

19. Within seven (7) days prior to any anticipated ILI tool run, Sable must utilize extensive brush pigs and solvents (xylene or other chemicals) to ensure that the internal pipe wall does not have any corrosive products, wax, and bacteria buildup that may affect the ILI tool performance.

20. Metal Loss Tool(s)

    a. Initial ILI tool runs – Each year, during the first two (2) years of operating CA-324, Sable shall conduct at least two (2) ILIs using a UTWM tool with an inertial measurement unit (IMU).  Sable shall compare both runs and evaluate all available information, including these tool runs and corresponding IMU data. Sable shall perform the UTWM tool run every six (6) months not to exceed nine (9) months.  If a UTWM tool run is unsuccessful, Sable shall identify the limitations that prevented the UTWM tool run from being successful, consider changes to increase the likelihood of a successful UTWM tool run, and use best efforts to rerun the UTWM tool within 30 days.

    b. Subsequent ILI tool runs – After the first two (2) years of operating CA-324, Sable shall conduct at least one (1) Ultrasonic Wall Measurement tool (UTWM) each calendar year, not to exceed 15 months or the ILI assessment must be assessed at more frequent intervals if the remaining Failure Pressure Ratio will be less than 1.39 times MOP prior to the next ILI assessment, based upon anomaly growth estimates and pressure cycling. If any UTWM tool run is deemed to be unsuccessful, Sable shall document the reasons why the UTWM tool was unsuccessful, consider changes to increase the likelihood of a successful UTWM tool run, and must reassess the pipeline within 30 days after it was deemed to be unsuccessful.  All metal loss tool runs must also utilize an Inertial Measurement Unit (IMU).

21. Crack Detection Tools - Sable shall conduct at least one (1) Ultrasonic Shear Wave Crack Detection (USCD) tool each calendar year, not to exceed 15

Lance Yearwood
December 17, 2024
Page 7

months[5] or ILI assessment must be assessed at more frequent intervals if condition 48 determined a shorter assessment interval.

    a. These crack tool runs must utilize an Inertial Measurement Unit (IMU) and must be able to detect and size axial and circumferential cracks.

    b. USCD Performance Specification Requirements

        i. The USCD tools must have a probability of detection that is ≥ 90% for axial and circumferential cracks.

        ii. The minimum crack depth that can be detected must be at least 1 mm for axial and circumferential cracks that are located in the base material.

        iii. The minimum crack depth that can be detected must be at least 2 mm for axial and circumferential cracks that are located in the weld.

        iv. The depth sizing accuracy for cracks must be ± 0.8 mm for axial cracks and ± 1 mm for circumferential cracks.

22. Dents and Pipe Deformation: Sable shall conduct a high-resolution deformation ILI tool with each UTWM.

23. Where any ILI tool fails to record data for 5% or more of the external and/or internal surface area of the inspected segment, reassess with the ILI tool to cover the area that is deemed to be inadequate data of the inspected segment. In addition, if the ILI tool travels at a speed that is outside the range of the tool velocity listed in the tool specification for 2% or more of the length of the inspected segment, Sable must rerun the ILI tool to reassess the pipeline segment in which the ILI tool velocity was outside of the specified tool velocity range.

24. All ILI tool runs must obtain the Test ID from the OSFM prior to run.

25. Sable must require its ILI tool vendor(s) to include in the vendor's inspection report all metal loss indications of 10% or greater, based on raw data, prior to adding in any correction for tool tolerance.

26. Sable must incorporate ILI tool accuracy by ensuring that each ILI tool service provider determines the tolerance of each tool, in accordance with API Standard 1163 Second Edition and includes that tolerance in determining the size of each indication reported to Sable.

27. Sable must account for ILI tool tolerance and anomaly growth rates in scheduled response times, repairs, and future reassessment intervals. Sable must

---

[5] Sable may petition the OSFM to revise the reassessment interval for Crack Detection Tool(s) when sufficient evidence is available to determine if crack growth rates could support a longer reassessment interval. Changes to the reassessment interval are subject to OSFM and PHMSA approval.

Docusign Envelope ID: 87418E7A-ED76-4891-96B3-BCE5F180F5D7

Lance Yearwood
December 17, 2024
Page 8

document and justify the values used. Sable must demonstrate ILI tool tolerance accuracy for each ILI tool run by using calibration, excavations, and unity plots[6] that demonstrate ILI tool accuracy to meet the tool accuracy specification provided by the vendor (typical for depth within +10% accuracy for 80% of the time). Sable must compare previous indications to current indications that are significantly different. If a trend is identified where the tool has been consistently over-calling or under-calling, the remaining ILI features must be re-graded accordingly.

28. Prior to the ILI final report being received, Sable must perform at least four (4) separate validation digs that do not interact with each other. At a minimum, Sable must perform validation digs in accordance with Level 2 of API Standard 1163, "In-line Inspection System Qualification" (Second Edition, April 2013).

## Discovery of Condition

29. The discovery date must be within 180 days of any ILI tool run for each type of ILI tool.

## Immediate Repair Conditions[7]

30. A crack or crack-like anomaly that meets any of the following criteria:
    a. Crack or crack-like anomaly that is equal to or greater than 50% of pipe wall thickness.
    b. Crack or crack-like anomaly that has predicted failure pressure of less than 1.39 times the MOP as calculated using crack-like flaw evaluation method ASME FFS-1/API 579-1.

31. Internal or external metal loss anomalies where the remaining strength of pipe shows a predicted failure pressure less than 1.39 times the MOP.

32. Any external cluster corrosion or external general corrosion that is located on the bottom half of the pipeline (below the 3 and 9 o'clock positions) where the

---

[6] A minimum of four (4) independent direct examination excavations must be used for unity plots.

[7] The criteria outlined in the state waiver is supplemental to the requirements set forth in §195.452(h)(4)(i) *Immediate repair conditions* and does not relieve Sable from complying with §195.452(h)(4)(i). All immediate repair conditions must be remediated with a permanent repair method.

Lance Yearwood
December 17, 2024
Page 9

remaining strength of pipe shows a predicted failure pressure less than 1.5 times the MOP.[8]

### 180-Day Repair Conditions[9]

33. A crack or crack-like anomaly that has predicted failure pressure of less than 1.5 times the MOP.
34. Internal or external metal loss anomalies where the remaining strength of pipe shows a predicted failure pressure less than 1.5 times the MOP.
35. All internal or external metal loss anomalies that have an ILI reported depth of 40% or greater wall loss, including tool sizing tolerance for depth.[10]
36. For any crack (likely crack or possible crack) or crack-like anomaly, regardless of its dimensions, that interacts with metal loss anomalies and are within one (1) inch (circumferentially) of the longitudinal seam weld, Sable must integrate the ILI results from the most recent crack tool run and the most recent metal loss tool run before the discovery date deadline.

### Corrosion Growth Rate Analysis (CGRA)

37. Sable must develop a CGRA procedure to annually calculate corrosion growth rates between successive ILI's (using most recent ILI compared to prior ILI) and perform pipeline remediations needed to assure the integrity of the pipeline is maintained.[11] The timing of pipeline remediations under this condition shall be based on the most recent calculation of short-term corrosion rates.
38. The CGRA procedure must include ILI data matching methods[12] to analyze data from successive ILI's, methodologies for growth rate calculations and errors from comparing ILI data.

---

[8] Cluster means two or more adjacent metal loss features in the wall of the pipe or weld that may interact based on interaction criteria. General corrosion means uniform or gradually varying loss of wall thickness over an area.

[9] The criteria outlined in the state waiver is supplemental to the requirements set forth in *§195.452(h)(4)(iii) 180-day conditions* and does not relieve Sable from complying with §195.452(h)(4)(iii). All 180-day repair conditions must be remediated with a permanent repair method.

[10] For example, if the ILI tool reports a 31% metal loss anomaly and the tool sizing tolerance is ±10 for depth, then this anomaly is a 180-day repair condition since it can be considered as an external metal loss anomaly with 41% metal loss depth. If Sable is unable to remediate such indications within 180 days of discovery, Sable must notify the OSFM, temporarily reduce the operating pressure, and take further remedial action in accordance with 49 C.F.R. §195.452 until the indication is remediated or until otherwise authorized by OSFM.

[11] At a minimum, Sable must include signal matching between ILI data sets.

[12] If there are several matching techniques that can be used, Sable must utilize the most accurate method of comparing ILI data sets.

Docusign Envelope ID: 87418E7A-ED76-4891-96B8-BCE5F180F5D7

Lance Yearwood
December 17, 2024
Page 10

39. Sable must identify the projected date when remaining metal loss indications will reach a depth of 70% or greater wall loss.

40. When determining the projected date when remaining metal loss indications will reach a depth of 70% or greater wall loss, Sable must account for reported ILI depth, tool tolerance and corrosion growth rates[13].

41. All metal loss indications that are projected to reach a depth of 70% or greater wall loss prior to the next ILI, will become actionable and must be remediated before the next ILI.

**Pressure Reduction**

42. If Sable is unable to perform field evaluation and remediation of any required conditions within the time limit conditions specified in the state waiver, Sable must temporarily implement a minimum 20 percent or greater operating pressure reduction, based on actual operating pressure for two (2) months prior to the date of inspection, until the anomaly is repaired.

**In Field Direct Examination of Pipe**

43. Direct examinations[14] of pipe must include appropriate non-destructive examination methods for cracking such as magnetic particle inspection (MPI), shear wave technology or phased array ultrasonic testing (PAUT).[15] PAUT must be used for sizing any crack or crack-like anomaly lengths and depths.

44. Permanent repairs of metal loss anomalies are required for any section of pipe with wall loss equal to or greater than 40% in accordance with repair method 1, 4b, or 5 of Table 451.6.2(b)-1 of ASME B31.4 2006 Edition. However, the following additional conditions are applied if Sable chooses repair method 5 for metal loss anomalies:

   a. Method 5 must not be used on metal loss anomalies that are in the HAZ, girth weld, or longitudinal seam weld.

---

[13] Growth projections must use corrosion rates determined in accordance with the CGRA procedure. A default corrosion rate of 32 mpy must be used in determining projections, if corrosion rates determined by CGRA are less than the default value.

[14] Any time the pipeline is exposed for direct examination of an indication or to perform a repair, Sable must document the condition of the coating and carrier pipe (including anomalies) with photographs.

[15] Direct examinations for ILI reported crack or crack-like indications must include a magnetic particle inspection complimented by shear wave technology or inspection by phased array ultrasonic testing.

Lance Yearwood
December 17, 2024
Page 11

      b. Sable must increase the metal loss anomaly's depth by 20% when they input it into the formula for calculating the number of wraps needed for repair method 5.

      c. After the anomaly is repaired via repair method 5, Sable must monitor the anomaly's wall loss depth in subsequent UTWM tool runs. If the anomaly's wall loss depth increases by more than 15% of the wall thickness in the subsequent UTWM tool runs, Sable must repair this anomaly via repair method 1 or 4b of Table 451.6.2(b)-1 of ASME B31.4 2006 Edition.

45. Permanent repairs are required for all cracks and/or crack-like anomalies discovered during direct examination, regardless of crack depth or crack length in accordance with repair method 1 or 4b of Table 451.6.2(b)-1 of ASME B31.4 2006 Edition.

46. Sable must develop a coating repair procedure for excavated or remediated corrosion anomalies that prevents further external corrosion and seals transition areas from currently insulated pipe to newly coated sections. Any time a shrink sleeve or coating is exposed, remove the shrink sleeve and coating, investigate circumferentially and longitudinally along the pipe for external corrosion and coating deterioration, and recoat with two-part epoxy. Sable must recoat in accordance with their coating repair procedure.[16]

47. All external polyurethane foam and the polyethylene tape wrap on buried pipe that are exposed during the field evaluation must not be replaced with new insulation or polyethylene tape wrap.

**Integrity Management**

48. A fracture mechanics and pressure cycling evaluation is required for un-remediated cracks and crack-like indications detected by ILI or indirect inspection tools.

      a. Sable must determine the predicted failure pressure, failure stress pressure and crack growth of un-remediated cracks and crack-like anomalies in accordance with 49 C.F.R. §192.712(d)(1).

      b. Sable must perform a fatigue analysis using an applicable fatigue crack growth law or other technically appropriate engineering methodology in accordance with 49 C.F.R. §192.712(d)(2).

49. Sable must analyze a sample of additional indications of varying amounts of metal loss between 10% and 40% for validation. The sample size shall be at least ten (10), unless fewer than ten (10) indications are reported within that range, in which case Sable would examine the number of indications called.

50. When sizing metal loss indications, apply interaction/clustering criteria of 6t by 6t for applicable ILI tool(s).

---

[16] The coating procedure must be submitted to the OSFM prior to the prior to the effective date of the state waiver.

Lance Yearwood
December 17, 2024
Page 12

51. Sable must send all field measurements to the ILI tool vendor within 90 days of completing direct examinations and require the ILI vendor to validate the accuracy of the tool. Sable must conduct annual meetings with the ILI tool vendor to discuss tool performance and incorporate lessons learned.
52. Sable must utilize a third-party expert to review all ILI reports, verification of digs, data integration, ILI tool tolerances, development of unity plots, measured field findings, failure pressure ratios and any other finding that could affect the integrity of the pipeline. The review must be conducted within six (6) months of each ILI assessment. The third-party expert must be approved by the OSFM prior to being selected.
53. Within one (1) year from date of issuance, Sable must use a NACE-certified expert to conduct an evaluation and determine if alternating current (AC) interference or direct current (DC) interference or shorting that could contribute to external corrosion is occurring. The expert must recommend the frequency of subsequent interference surveys. All evaluations must be approved and signed by the NACE-certified expert.

**Data Requirements for Predicted Failure Analysis**

54. Unless the defect dimensions have been verified using a direct examination measurements, Sable must explicitly analyze uncertainties in reported assessment results including but not limited to tool tolerance, detection threshold, probability of detection, probability of identification, sizing accuracy, conservative anomaly, interaction criteria, location accuracy, anomaly findings, and unity chart plots or equivalent for determining uncertainties and verifying tool performance, in identifying and characterizing the type and dimensions of anomalies or defects used in the analyses.
55. The analyses performed in accordance with this state waiver must utilize pipe and material properties of the pipe body and longitudinal weld seam that are documented in *traceable, verifiable, and complete* records.

**Recordkeeping**

56. Procedures, records of investigations, data, analyses, and other actions made in accordance with the requirements of this state waiver shall be kept for the life of the pipeline and must be submitted to the OSFM, in the manner requested (electronic, hardcopy, or other format) within 30 days.
57. Sable must maintain the following records:
    a. Technical approach used for the analysis
    b. All data used and analyzed
    c. Pipe and longitudinal weld seam properties
    d. Procedures used to implement state waiver conditions

Lance Yearwood
December 17, 2024
Page 13

    e.  Evaluation methodology used
    f.  Models used
    g.  Direct in situ examination data
    h.  All in-line inspection tool assessments information evaluated
    i.  Pressure test data and results
    j.  All in-the-ditch assessments performed on the pipeline segments
    k.  All measurement tool, assessment, and evaluation accuracy specifications and tolerances used in technical and operations results
    l.  All finite element analysis results
    m.  The number of pressure cycles to failure, the equivalent number of annual pressure cycles, and the pressure cycle counting methodology
    n.  The predicted fatigue life and predicted failure pressure from the required fatigue life models and fracture mechanics evaluation methods
    o.  Safety factors used for fatigue life and/or predicted failure pressure calculations
    p.  Reassessment time interval and safety factors
    q.  The date of the review
    r.  Confirmation of the results by qualified technical subject matter expert(s)
    s.  Approval by responsible Sable management personnel
    t.  Records of additional preventive and mitigative (P&M) measures performed
    u.  Reports required by this State Waiver.

## Reporting

58. Any release on the pipeline shall be reported to the OSFM at the earliest practicable moment following discovery but no later than 24 hours from the time of discovery via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Accident Notification.*[17]

59. An email notification shall be made at least three (3) days prior to the pipeline being exposed for non-emergency purposes of field evaluation and repair via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Pipeline Repair CA-324.* The email notification shall include, if applicable:
    a.  Tool type and run date
    b.  Unique identifier (e.g. Dig Number, Joint Number, Flaw ID, Condition Type)
    c.  Dig sheets
    d.  Field contact information for Sable
    e.  Time and location of the field evaluation and repair.

60. Sable shall provide a Summary of Conditions Report within 210 days of the last date of an ILI run via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Summary of Conditions CA-324* and include:

---

[17] This requirement does not relieve Sable from spill reporting requirements that might exist under local, state or federal regulations.

Lance Yearwood
December 17, 2024
Page 14

        a. Tool type
        b. Run date
        c. Summary of Conditions Report[18]
        d. Final Vendor Report and Pipe Tally

61. Sable shall provide a report to the OSFM by June 15th of every year for the duration of the state waiver. The report shall be addressed to the OSFM Assistant Deputy Director, Chief of Pipeline Safety via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Annual Report CA-324*. At a minimum, the annual report shall contain the following, if applicable:
        a. A Closure Report for the previous calendar (CY) which contains:
            i. Features that were remediated in previous CY
                1. Provide documentation for the in-the-ditch assessments and repairs
            ii. Identify features that remain to be assessed
            iii. Unity Plots for previous ILI runs
        b. Fracture mechanics and pressure cycling analyses in accordance with Condition 48
        c. The third-party ILI expert reviews in accordance with Condition 52
        d. AC and DC Interference surveys that are due in accordance with Condition 53
        e. A copy of the CGRA for prior year including:
            i. Mean corrosion growth rate for the pipeline
            ii. Distribution graph of the corrosion growth rate for the pipeline (e.g. occurrences (#) vs. corrosion rate (mpy)

## Limitations

62. This state waiver is limited to a term of no more than (10) years from the date of issuance. If Sable elects to seek renewal of this state waiver, it must submit a renewal request to the OSFM at least 180 days prior to the expiration date, including a justification for continuation of the waiver.
63. Should Sable fail to comply with any conditions of this state waiver or should the OSFM determine that this state waiver is no longer appropriate or is inconsistent with pipeline safety, the OSFM may revoke the state waiver and require Sable to comply with all appropriate regulatory requirements.
64. The OSFM may order the pipeline shutdown at any time.
65. The OSFM may issue a compliance order or may initiate proceedings to determine the nature and extent of the violations and appropriate civil penalty for

---

[18] The OSFM may stipulate specific formatting or other information (e.g. Condition Type, Anomaly Details, Remaining Strength Calculation Method, Failure Pressure, CGRA, etc.) to be included in the Summary of Conditions Reports, Closure Report and Annual Reports if information provided is not deemed sufficient.

Lance Yearwood
December 17, 2024
Page 15

failure to comply with this state waiver. The terms and conditions of any compliance order shall take precedence over the terms of the state waiver.

66. In the event of conflict between the state waiver conditions and industry standards, the state waiver conditions shall prevail.

67. If Sable sells, merges, transfers or otherwise disposes of all or part of the assets covered by the state waiver, Sable must provide the OSFM written notice of the change within 30 days of the consummation date. In the event of such transfer, the OSFM reserves the right to revoke, suspend, or modify the state waiver.

Should you have any questions, please contact Alin Podoreanu, Supervising Pipeline Safety Engineer at (916) 212-8891.

Sincerely,

DocuSigned by:

*James Hosler*

980F8D3AE95C42E...

JAMES HOSLER
Assistant Deputy Director
Chief of Pipeline Safety and CUPA Programs

Enclosure(s): (1) Pacific Pipeline Company State Waiver Application for CA-324

cc:    Doug Allen, Supervising Pipeline Safety Engineer, OSFM
       Andy Chau, Supervising Pipeline Safety Engineer, OSFM
       Brendan Feery, Supervising Pipeline Safety Engineer, OSFM
       Huy Nguyen, Supervising Pipeline Safety Engineer, OSFM
       Alin Podoreanu, Supervising Pipeline Safety Engineer, OSFM
       Tuan Tran, Pipeline Safety Engineer, OSFM
       Josh Cleaver, Staff Counsel, CAL FIRE
       Max Kieba, Engineering and Research Division, PHMSA
       Joshua Johnson, Engineering and Research Division, PHMSA

# EXHIBIT 2

STATE OF CALIFORNIA—NATURAL RESOURCES AGENCY                                        Gavin Newsom, Governor



**DEPARTMENT OF FORESTRY AND FIRE PROTECTION**
**OFFICE OF THE STATE FIRE MARSHAL**
P.O. Box 944246
Sacramento, California 94244-2460
(916) 568-3800
Website: www.fire.ca.gov



**CERTIFIED MAIL No: 9589-0710-5270-1475-5353-15**

December 17, 2024

Lance Yearwood
Vice President
Sable Offshore Corp
845 Texas Avenue, Suite 2920
Houston, Texas 77002

**SUBJECT:**   **LETTER OF DECISION ON THE STATE WAIVER REQUEST FOR
LIMITED EFECTIVENESS OF CATHODIC PROTECTION ON
THERMALLY INSULATED PIPELINE AND CORROSION OF OR ALONG
A LONGITUDINAL SEAM WELD (CA-325A/B)**

**Operator:**   Sable Offshore Corp
OPID# 40851
845 Texas Avenue, Suite 2920
Houston, Texas 77002

**Pipeline:**   OSFM Line ID 0001 - 113.56 miles (Gaviota to Sisquoc to Pentland) of
Sable Offshore Corp CA-325A/B (OSFM Line ID 0001) located in Santa
Barbara County, San Luis Obispo County, and Kern County, California as
described in the request of state waiver dated April 24, 2024

Dear Mr. Yearwood:

The Office of the State Fire Marshal (OSFM) received Sable Offshore Corp's (*Sable*) state
waiver request (*Application*) on April 24, 2024, in accordance with the terms of the
Consent Decree (CD) between Plains Pipeline, L.P. and the United States of America and
the People of the State of California, DOJ Case REF. NO. 90-5-1-1-1130 (Appendix B,
Article 1.1.D).

In addition, Sable requested a regulatory relief from Title 49 Code of Federal Regulations
(49 C.F.R.), § 195.452(h)(4)(iii)(H) *Corrosion of or along a longitudinal seam weld* for
Sable CA-325 A/B.

Sable explained that its goal is to appropriately manage the risk of corrosion under
insulation that may occur as a result of inadequate cathodic protection due to the

*"The Department of Forestry and Fire Protection serves and safeguards the people and protects the property and resources of California."*

Lance Yearwood
December 17, 2024
Page 2

shielding effects of the polyurethane foam and the polyethylene tape wrap. Sable described the measures it has taken to address this risk and implemented and proposed a number of additional measures designed to mitigate the risk of corrosion under insulation that may result from potential ineffective cathodic protection (CP).

Sable provided the OSFM with its proposed measures to mitigate the risk of corrosion under insulation.  Sable also provided the OSFM information from the completed in-line inspections and additional data requested by our office. The OSFM Pipeline Safety Engineers have reviewed the materials provided and have been in communication with the United States Department of Transportation (USDOT), Pipeline and Hazardous Materials Safety Administration (PHMSA) Engineering and Research Division to incorporate PHMSA's recommended conditions into the state waiver.

The OSFM has regulatory jurisdiction over the safety standards and practices of intrastate hazardous liquid pipeline transportation within California. As a Pipeline Safety Program that is certified under 49 USC § 60105, the OSFM may grant a state waiver with a pipeline safety regulation adopted by the state of California. Title 49 C.F.R., Part 195 was adopted by reference as it relates to hazardous liquid pipelines within Title 19 California Code of Regulations (19 CCR), Section 2000.

This state waiver applies to Sable's Line CA-325A/B (OSFM Line ID 0001) which consists of a 113.56 mile long, 30-inch outside diameter pipeline segment with the origin and termination points as described in the application. The pipeline is located in Santa Barbara County, San Luis Obispo County, and Kern County, California and shall be referred herein as CA-325A/B. CA-325A/B consists of two shorter pipeline segments, CA-325A and CA-325B.  The pipeline segment CA-325A, located completely in Santa Barbara County, starts in Gaviota and ends at Sisquoc.  CA-325A is approximately 38.72 miles long.  The other pipeline segment, CA-325B, which is directly downstream of CA-325A, begins at Sisquoc and terminates in Pentland. CA-325B is approximately 74.84 miles long and traverses Santa Barbara County, San Luis Obispo County, and Kern County, California. The state waiver shall not become effective until (1) PHMSA issues an Order approving the waiver or stating it has no objection to the waiver or (2) PHMSA takes no action on the waiver within sixty (60) days after receiving the Letter of Decision from the OSFM.

The state waiver is limited to a term of no more than ten (10) years from the date it becomes effective, which shall be considered as the date of issuance. The OSFM may terminate the state waiver under conditions detailed below.

**Applicable Regulations**

The OSFM hereby grants this state waiver for CA-325 A/B, provided that Sable complies with the specific requirements in this state waiver and any additional conditions outlined by PHMSA. The pipeline must be operated and maintained in accordance with the CD, these

Docusign Envelope ID: 166BEFF3-211E-476E-8D10-BAFB95600F53B

Lance Yearwood
December 17, 2024
Page 3

state waiver conditions and 49 C.F.R. Part 195, with the exception of 49 C.F.R. §195.452(h)(4)(iii)(H). In event of a conflict between the state waiver conditions and the applicable requirements under 49 C.F.R. Part 195, the state waiver conditions control. Should additional federal or State statutory or regulatory requirements come into effect following the implementation of this state waiver, CA-325 A/B shall be subject to those requirements except where they are in conflict with the State Waiver or the safe operation of the pipeline.

## General Conditions

1. The pipeline can only be used to transport crude oil as stated in the application.
2. The maximum operating pressure (MOP) cannot exceed:
    a. 1000 pounds per square inch gauge (psig) for CA-325A.
    b. 1292 psig for CA-325B.
3. The maximum operating temperature of the crude oil must not exceed:
    a. 125 Fahrenheit for more than 12 consecutive hours for CA-325A. Temperature transmitters must be installed on CA-325A at Gaviota station to monitor the temperature of CA-325A/B at this facility.
    b. 110 Fahrenheit for more than 12 consecutive hours for CA-325B. Temperature transmitters must be installed on CA-325A/B at Sisquoc station to monitor the temperature of CA-325A/B at this facility.
4. Prior to startup, Sable must develop and implement procedures for the conditions and requirements described in the state waiver.
5. This state waiver does not relieve Sable from other requirements under 49 C.F.R. Part 195 or the Elder California Pipeline Safety Act of 1981 other than contained herein.
6. This state waiver does not relieve Sable from any requirements imposed by the Consent Decree (United States District Court Central District of California Civil Action No. 2:20-cv-02415).
7. In-line inspection must include:
    a. Use of a tool that is at least capable of reliably detecting and identifying cluster corrosion and general corrosion. Definition of cluster and general corrosion is as follows:
        i. Cluster means two or more adjacent metal loss features in the wall of the pipe or weld that may interact based on interaction criteria.
        ii. General corrosion means uniform or gradually varying loss of wall thickness over an area.
    b. Use of a tool that is at least capable of reliably detecting and sizing corrosion at a 90 percent probability of detection (POD) and probability of identification (POI)
    c. Use of a tool that is at least capable of reliably detecting and sizing crack or crack-like anomalies at a 90 percent POD and POI

Docusign Envelope ID: 166BEFF3-211E-476E-8D10-8AF89560053B

Lance Yearwood
December 17, 2024
Page 4

8.  Prior to placing CA-325A/B in operation, Sable must perform fracture toughness tests on the existing 30" pipe from CA-325A/B in accordance with ASTM E1820-23B Standard Test Method for Measurement of Fracture Toughness. All of the test specimens must be from both of the two following predominant existing 30" pipe specifications:
    a.  API 5L X70 pipe with a nominal thickness of 0.281" that was manufactured by the various pipe mills in the 1980s.
    b.  API 5L X65 pipe with a nominal thickness of 0.344" that was manufactured by the various pipe mills in the 1980s.
    At least three (3) separate tests must be performed from each pipe mill, for both of the two pipe specifications listed above, to obtain the fracture toughness values of the pipe body, heat affected zone (HAZ)[1], and the DSAW long seam weld on the pipe to represent the fracture toughness of CA-325A/B (i.e. three (3) samples for pipe body, three (3) samples for HAZ, and three (3) samples for the DSAW long seam weld). The lowest fracture toughness value must be applied to conditions 10, 31, 34, and 49. Sable may use pipe samples taken opportunistically during ongoing pipeline maintenance and repair efforts.[2]
9.  All immediate and 180-day repair conditions that are listed in this state waiver must be evaluated and remediated prior to restarting CA-325A/B. Sable must utilize Ultrasonic Thickness Wall Measurement (UTWM) and Ultrasonic Shear Wave Crack Detection (USCD) in-line inspection (ILI) tools within seven (7) days of achieving initial steady state operation in accordance with an ILI survey schedule approved by the OSFM. Sable must utilize the most recent Ultrasonic Thickness Wall Measurement (UTWM) and Ultrasonic Shear Wave Crack Detection (USCD) in-line inspection (ILI) results when identifying these repair conditions.
10. Remaining strength of pipe calculation for all metal loss anomalies must be in accordance with the Modified B31G method as described in ASME B31G *Manual for Determining the Remaining Strength of Corroded Pipelines*. If ASME B31G 2012 Edition is used, then it must comply with the conditions in accordance with Section 1.2 and exclusions in accordance with Section 1.3 of ASME B31G 2012 Edition. However, if the metal loss anomaly intersects or is within one (1) inch (circumferentially) of the longitudinal seam weld, Sable must also calculate the predicted failure pressure of the anomaly by using the crack-like flaw evaluation method ASME FFS-1/API 579-1.
11. Sable must utilize cleaning pigs at regular intervals not to exceed a biweekly basis to maintain adequate cleanliness on the internal pipe wall of its CA-325A/B.

---

[1] The heat affected zone (HAZ), as used in the state waiver, is defined as a 1-inch-wide area on either side of the longitudinal weld seam.
[2] Sable must submit all fracture toughness results to the OSFM prior to restarting the pipeline.

Docusign Envelope ID: 166BEFF3-211E-476E-8D10-BAFB95600F53B

Lance Yearwood
December 17, 2024
Page 5

## Pressure Testing

12. Prior to placing the pipeline in operation, Sable must conduct a spike hydrostatic pressure test of the state waiver pipeline segment *CA-325A* at a minimum pressure that is at least 1.39 times the MOP, for a minimum of 15 minutes after the spike test pressure is stabilized. Sable must ensure that the spike hydrostatic pressure at the highest elevation of each testable segment is at least 1.39 times the MOP. Sable must field evaluate and remediate the following anomalies before performing the spike hydrostatic test on CA-325A:
    a. All metal loss anomalies that have an ILI reported depth of 40% and greater wall loss.
    b. All anomalies that have a predicted failure pressure less than or equal to 1.5 times MOP.
13. Immediately following the spike hydrostatic pressure test, Sable must conduct an 8-hour hydrostatic pressure test of the state waiver pipeline segment *CA-325A* at a minimum of 1.25 times the MOP.
14. Prior to placing the pipeline in operation, Sable must conduct a hydrostatic pressure test of the state waiver pipeline segment *CA-325B* at a minimum pressure of 1.25 times the MOP, for a minimum of 8 hours. Sable must ensure that the hydrostatic pressure at the highest elevation of each testable segment is at least 1.25 times the MOP. Sable must field evaluate and remediate the following anomalies before performing the hydrostatic test on CA-325B:
    a. All metal loss anomalies that have an ILI reported depth of 40% and greater wall loss.
    b. All anomalies that have a predicted failure pressure less than or equal to 1.4 times MOP.
15. Sable must obtain the Test ID from the OSFM for each hydrostatic pressure test segment and have the approved independent testing firm forward the certified test results to the OSFM.
16. Each hydrostatic pressure test must be performed in accordance with the applicable requirements of 49 C.F.R., Part 195 E – Pressure Testing and monitored by an independent testing firm listed under the OSFM approved hydrostatic testing companies.
17. Failures resulting from the spike hydrostatic pressure test or the 8-hour strength test shall be immediately reported[3] to the OSFM via email at PipelineNotification@fire.ca.gov
    Subject: OSFM State Waiver - Hydrotest Failure.
18. Section(s) of the state waiver pipeline segments that failed during the required hydrotesting must be repaired by removing and replacing the failed section. The OSFM reserves the right to revoke the state waiver if failure(s) raise the concern that the pipeline cannot be safely operated.

---

[3] In addition to the OSFM reporting, Sable shall follow all additional state reporting requirements.

Lance Yearwood
December 17, 2024
Page 6

**In-Line Inspection (ILI) Assessment and Frequency**

19. At least 90 days prior to performing in-line inspections of the state waiver segment, Sable shall provide the OSFM with a written notification to PipelineNotification@fire.ca.gov describing its assessment plan with the following information:
    a) Dates for integrity assessment
    b) In-line inspection tool(s) selected, in accordance with API Standard 1163 Section 5 and NACE SP0102[4] to assess the integrity of the subject pipe segment(s) in which ILIs must be capable to detect and size wall loss, dents, internal corrosion, external corrosion, cracks and crack-like indications
    c) In-line inspection tool vendor(s)
    d) Required tool specifications including operational specifications and anomaly sizing tolerances
    e) Tool validation methodology
    f) Anomaly feature identification criteria and reporting thresholds – wall loss, dents, internal corrosion, external corrosion, cracks, and crack-like indications
    g) Criteria used to identify locations for excavation and field verification
    h) Non-destructive examination
20. Within seven (7) days prior to any anticipated ILI tool run, Sable must utilize extensive brush pigs and solvents (xylene or other chemicals) to ensure that the internal pipe wall does not have any corrosive products, wax, and bacteria buildup that may affect the ILI tool performance.
21. Metal Loss Tool(s)
    a. Initial ILI tool runs – Each year, during the first two (2) years of operating CA-325 A/B, Sable shall conduct at least two (2) ILIs using a UTWM tool with an inertial measurement unit (IMU). Sable shall compare both runs and evaluate all available information, including these tool runs and corresponding IMU data. Sable shall perform the UTWM tool run every six (6) months not to exceed nine (9) months. If a UTWM tool run is unsuccessful, Sable shall identify the limitations that prevented the UTWM tool run from being successful, consider changes to increase the likelihood of a successful UTWM tool run, and use best efforts to rerun the UTWM tool within 30 days.
    b. Subsequent ILI tool runs – After the first two (2) years of operating CA-325 A/B, Sable shall conduct at least one (1) Ultrasonic Wall Measurement tool (UTWM) each calendar year, not to exceed 15 months or the ILI assessment must be assessed at more frequent intervals if the remaining Failure Pressure Ratio will be less than 1.39 times MOP prior to the next ILI assessment, based upon anomaly growth estimates and pressure cycling. If,

---

[4] Industry standards that are referenced in this state waiver must utilize the editions that are incorporated by referenced in Title 49 Part 195.3 unless another edition was explicitly specified.

Lance Yearwood
December 17, 2024
Page 7

any UTWM tool run is deemed to be unsuccessful, Sable shall document the reasons why the UTWM tool was unsuccessful, consider changes to increase the likelihood of a successful UTWM tool run, and must reassess the pipeline within 30 days after it was deemed to be unsuccessful. All metal loss tool runs must also utilize an Inertial Measurement Unit (IMU).

22. Crack Detection Tools - Sable must run at least one (1) Ultrasonic Shear Wave Crack Detection (USCD) tool each calendar year, not to exceed 15 months[5] or the ILI assessment must be assessed at more frequent intervals if Condition 49 determined a shorter assessment interval.

   a. These crack tool runs must utilize an Inertial Measurement Unit (IMU) and must be able to detect and size axial and circumferential cracks.

   b. USCD Performance Specification Requirements

      i. The USCD tools must have a probability of detection that is ≥ 90% for axial and circumferential cracks.

      ii. The minimum crack depth that can be detected must be at least 1 mm for axial and circumferential cracks that are located in the base material.

      iii. The minimum crack depth that can be detected must be at least 2 mm for axial and circumferential cracks that are located in the weld.

      iv. The depth sizing accuracy for cracks must be ± 0.8 mm for axial cracks and ± 1 mm for circumferential cracks.

23. Dents and Pipe Deformation: Sable shall conduct a high-resolution deformation ILI tool with each UTWM.

24. Where any ILI tool fails to record data for 5% or more of the external and/or internal surface area of the inspected segment, reassess with the ILI tool to cover the area that is deemed to be inadequate data of the inspected segment. In addition, if the ILI tool travels at a speed that is outside the range of the tool velocity listed in the tool specification for 2% or more of the length of the inspected segment, Sable must rerun the ILI tool to reassess the pipeline segment in which the ILI tool velocity was outside of the specified tool velocity range.

25. All ILI tool runs must obtain the Test ID from the OSFM prior to run.

26. Sable must require its ILI tool vendor(s) to include in the vendor's inspection report all metal loss indications of 10% or greater, based on raw data, prior to adding in any correction for tool tolerance.

27. Sable must incorporate ILI tool accuracy by ensuring that each ILI tool service provider determines the tolerance of each tool, in accordance with API Standard 1163 Second Edition and includes that tolerance in determining the size of each indication reported to Sable.

---

[5] Sable may petition the OSFM to revise the reassessment interval for Crack Detection Tool(s) when sufficient evidence is available to determine if crack growth rates could support a longer reassessment interval. Changes to the reassessment interval are subject to the OSFM and PHMSA approval.

Docusign Envelope ID: 166BEFF3-211E-47CE-8D10-BAFB9560053B

Lance Yearwood
December 17, 2024
Page 8

28. Sable must account for ILI tool tolerance and anomaly growth rates in scheduled response times, repairs, and future reassessment intervals. Sable must document and justify the values used. Sable must demonstrate ILI tool tolerance accuracy for each ILI tool run by using calibration, excavations, and unity plots[6] that demonstrate ILI tool accuracy to meet the tool accuracy specification provided by the vendor (typical for depth within +10% accuracy for 80% of the time). Sable must compare previous indications to current indications that are significantly different. If a trend is identified where the tool has been consistently over-calling or under-calling, the remaining ILI features must be re-graded accordingly.

29. Prior to the ILI final report being received, Sable must perform at least four (4) separate validation digs that do not interact with each other. At a minimum, Sable must perform validation digs in accordance with Level 2 of API Standard 1163, "In-line Inspection System Qualification" (Second Edition, April 2013).

## Discovery of Condition

30. The discovery date must be within 180 days of any ILI tool run for each type of ILI tool.

## Immediate Repair Conditions[7]

31. A crack or crack-like anomaly that meets any of the following criteria:
    a. Crack or crack-like anomaly that is equal to or greater than 50% of pipe wall thickness.
    b. Crack or crack-like anomaly that has predicted failure pressure of less than 1.39 times the MOP as calculated using crack-like flaw evaluation method ASME FFS-1/API 579-1.

32. Internal or external metal loss anomalies where the remaining strength of pipe shows a predicted failure pressure less than 1.39 times the MOP.

33. Any external cluster corrosion or external general corrosion that is located on the bottom half of the pipeline (below the 3 and 9 o'clock positions) where the remaining strength of pipe shows a predicted failure pressure less than 1.5 times the MOP.[8]

---

[6] A minimum of four (4) independent direct examination excavations must be used for unity plots.

[7] The criteria outlined in the state waiver is supplemental to the requirements set forth in *§195.452(h)(4)(i) Immediate repair conditions* and does not relieve Sable from complying with §195.452(h)(4)(i). All immediate repair conditions must be remediated with a permanent repair method.

[8] Cluster means two or more adjacent metal loss features in the wall of the pipe or weld that may interact based on interaction criteria. General corrosion means uniform or gradually varying loss of wall thickness over an area.

Docusign Envelope ID: 166BEFF3-211E-476E-8D10-8AFB95600F53B

Lance Yearwood
December 17, 2024
Page 9

## 180-Day Repair Conditions[9]

34. A crack or crack-like anomaly that has predicted failure pressure of less than 1.5 times the MOP.
35. Internal or external metal loss anomalies where the remaining strength of pipe shows a predicted failure pressure less than 1.5 times the MOP.
36. All internal or external metal loss anomalies that have an ILI reported depth of 40% or greater wall loss, including tool sizing tolerance for depth.[10]
37. For any crack (likely crack or possible crack) or crack-like anomaly, regardless of its dimensions, that interacts with metal loss anomalies and are within one (1) inch (circumferentially) of the longitudinal seam weld, Sable must integrate the ILI results from the most recent crack tool run and the most recent metal loss tool run before the discovery date deadline.

## Corrosion Growth Rate Analysis (CGRA)

38. Sable must develop a CGRA procedure to annually calculate corrosion growth rates between successive ILI's (using most recent ILI compared to prior ILI) and perform pipeline remediations needed to assure the integrity of the pipeline is maintained.[11] The timing of pipeline remediations under this condition shall be based on the most recent calculation of short-term corrosion rates.
39. The CGRA procedure must include ILI data matching methods[12] to analyze data from successive ILI's, methodologies for growth rate calculations and errors from comparing ILI data.
40. Sable must identify the projected date when remaining metal loss indications will reach a depth of 70% or greater wall loss.
41. When determining the projected date when remaining metal loss indications will reach a depth of 70% or greater wall loss, Sable must account for reported ILI depth, tool tolerance and corrosion growth rates[13].

---

[9] The criteria outlined in the state waiver is supplemental to the requirements set forth in §195.452(h)(4)(iii) 180-day conditions and does not relieve Sable from complying with §195.452(h)(4)(iii). All 180-day repair conditions must be remediated with a permanent repair method.

[10] For example, if the ILI tool reports a 31% metal loss anomaly and the tool sizing tolerance is ±10 for depth, then this anomaly is a 180-day repair condition since it can be considered as an external metal loss anomaly with 41% metal loss depth. If Sable is unable to remediate such indications within 180 days of discovery, Sable must notify OSFM, temporarily reduce the operating pressure, and take further remedial action in accordance with 49 C.F.R. §195.452 until the indication is remediated or until otherwise authorized by the OSFM.

[11] At a minimum, Sable must include signal matching between ILI data sets.

[12] If there are several matching techniques that can be used, Sable must utilize the most accurate method of comparing ILI data sets.

[13] Growth projections must use corrosion rates determined in accordance with the CGRA procedure. A default corrosion rate of 32 mpy must be used in determining projections, if corrosion rates determined by CGRA are less than the default value.

Lance Yearwood
December 17, 2024
Page 10

42. All metal loss indications that are projected to reach a depth of 70% or greater wall loss prior to the next ILI, will become actionable and must be remediated before the next ILI.

## Pressure Reduction

43. If Sable is unable to perform field evaluation and remediation of any required conditions within the time limit conditions specified in the state waiver, Sable must temporarily implement a minimum 20 percent or greater operating pressure reduction, based on actual operating pressure for two (2) months prior to the date of inspection, until the anomaly is repaired.

## In Field Direct Examination of Pipe

44. Direct examinations[14] of pipe must include appropriate non-destructive examination methods for cracking such as magnetic particle inspection (MPI), shear wave technology or phased array ultrasonic testing (PAUT).[15] PAUT must be used for sizing any crack or crack-like anomaly lengths and depths.

45. Permanent repairs of metal loss anomalies are required for any section of pipe with wall loss equal to or greater than 40% in accordance with repair method 1, 4b, or 5 of Table 451.6.2(b)-1 of ASME B31.4 2006 Edition. However, the following additional conditions are applied if Sable chooses repair method 5 for metal loss anomalies:
    a. Method 5 must not be used on metal loss anomalies that are in the HAZ, girth weld, or longitudinal seam weld.
    b. Sable must increase the metal loss anomaly's depth by 20% when they input it into the formula for calculating the number of wraps needed for repair method 5.
    c. After the anomaly is repaired via repair method 5, Sable must monitor the anomaly's wall loss depth in subsequent UTWM tool runs. If the anomaly's wall loss depth increases by more than 15% of the wall thickness in the subsequent UTWM tool runs, Sable must repair this anomaly via repair method 1 or 4b of Table 451.6.2(b)-1 of ASME B31.4 2006 Edition.

46. Permanent repairs are required for all cracks and/or crack-like anomalies discovered during direct examination, regardless of crack depth or crack length in accordance with repair method 1 or 4b of Table 451.6.2(b)-1 of ASME B31.4 2006 Edition.

---

[14] Any time the pipeline is exposed for direct examination of an indication or to perform a repair, Sable must document the condition of the coating and carrier pipe (including anomalies) with photographs.
[15] Direct examinations for ILI reported crack or crack-like indications must include a magnetic particle inspection complimented by shear wave technology or inspection by phased array ultrasonic testing.

Lance Yearwood
December 17, 2024
Page 11

47. Sable must develop a coating repair procedure for excavated or remediated corrosion anomalies that prevents further external corrosion and seals transition areas from currently insulated pipe to newly coated sections. Any time a shrink sleeve or coating is exposed, remove the shrink sleeve and coating, investigate circumferentially and longitudinally along the pipe for external corrosion and coating deterioration, and recoat with two-part epoxy.  Sable must recoat in accordance with their coating repair procedure.[16]

48. All external polyurethane foam and the polyethylene tape wrap on buried pipe that are exposed during the field evaluation must not be replaced with new insulation or polyethylene tape wrap.

## Integrity Management

49. A fracture mechanics and pressure cycling evaluation is required for un-remediated cracks and crack-like indications detected by ILI or indirect inspection tools.
    a. Sable must determine the predicted failure pressure, failure stress pressure and crack growth of un-remediated cracks and crack-like anomalies in accordance with 49 C.F.R. §192.712(d)(1).
    b. Sable must perform a fatigue analysis using an applicable fatigue crack growth law or other technically appropriate engineering methodology in accordance with 49 C.F.R. §192.712(d)(2).

50. Sable must analyze a sample of additional indications of varying amounts of metal loss between 10% and 40% for validation. The sample size shall be at least ten (10), unless fewer than ten (10) indications are reported within that range, in which case Sable would examine the number of indications called.

51. When sizing metal loss indications, apply interaction/clustering criteria of 6t by 6t for applicable ILI tool(s).

52. Sable must send all field measurements to the ILI tool vendor within 90 days of completing direct examinations and require the ILI vendor to validate the accuracy of the tool. Sable must conduct annual meetings with the ILI tool vendor to discuss tool performance and incorporate lessons learned.

53. Sable must utilize a third-party expert to review all ILI reports, verification of digs, data integration, ILI tool tolerances, development of unity plots, measured field findings, failure pressure ratios and any other finding that could affect the integrity of the pipeline. The review must be conducted within six (6) months of each ILI assessment. The third-party expert must be approved by the OSFM prior to being selected.

54. Within one (1) year from date of issuance, Sable must use a NACE-certified expert to conduct an evaluation and determine if alternating current (AC)

---

[16] The coating procedure must be submitted to the OSFM prior to the prior to the effective date of the state waiver.

Docusign Envelope ID: 166BEFF3-211E-470E-8D10-8AFB95600E3B

Lance Yearwood
December 17, 2024
Page 12

interference or direct current (DC) interference or shorting that could contribute to external corrosion is occurring. The expert must recommend the frequency of subsequent interference surveys. All evaluations must be approved and signed by the NACE-certified expert.

## Data Requirements for Predicted Failure Analysis

55. Unless the defect dimensions have been verified using a direct examination measurements, Sable must explicitly analyze uncertainties in reported assessment results including but not limited to tool tolerance, detection threshold, probability of detection, probability of identification, sizing accuracy, conservative anomaly, interaction criteria, location accuracy, anomaly findings, and unity chart plots or equivalent for determining uncertainties and verifying tool performance, in identifying and characterizing the type and dimensions of anomalies or defects used in the analyses.

56. The analyses performed in accordance with this state waiver must utilize pipe and material properties of the pipe body and longitudinal weld seam that are documented in *traceable, verifiable, and complete* records.

## Recordkeeping

57. Procedures, records of investigations, data, analyses, and other actions made in accordance with the requirements of this state waiver shall be kept for the life of the pipeline and must be submitted to the OSFM, in the manner requested (electronic, hardcopy, or other format) within 30 days.

58. Sable must maintain the following records:
    a. Technical approach used for the analysis
    b. All data used and analyzed
    c. Pipe and longitudinal weld seam properties
    d. Procedures used to implement state waiver conditions
    e. Evaluation methodology used
    f. Models used
    g. Direct in situ examination data
    h. All in-line inspection tool assessments information evaluated
    i. Pressure test data and results
    j. All in-the-ditch assessments performed on the pipeline segments
    k. All measurement tool, assessment, and evaluation accuracy specifications and tolerances used in technical and operations results
    l. All finite element analysis results
    m. The number of pressure cycles to failure, the equivalent number of annual pressure cycles, and the pressure cycle counting methodology

Lance Yearwood
December 17, 2024
Page 13

     n. The predicted fatigue life and predicted failure pressure from the required fatigue life models and fracture mechanics evaluation methods
     o. Safety factors used for fatigue life and/or predicted failure pressure calculations
     p. Reassessment time interval and safety factors
     q. The date of the review
     r. Confirmation of the results by qualified technical subject matter expert(s)
     s. Approval by responsible Sable management personnel
     t. Records of additional preventive and mitigative (P&M) measures performed
     u. Reports required by this State Waiver.

## Reporting

59. Any release on the pipeline shall be reported to the OSFM at the earliest practicable moment following discovery but no later than 24 hours from the time of discovery via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Accident Notification.*[17]

60. An email notification shall be made at least three (3) days prior to the pipeline being exposed for non-emergency purposes of field evaluation and repair via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Pipeline Repair CA-325 A/B.* The email notification shall include, if applicable:
     d. Tool type and run date
     e. Unique identifier (e.g. Dig Number, Joint Number, Flaw ID, Condition Type)
     f. Dig sheets
     g. Field contact information for Sable
     h. Time and location of the field evaluation and repair.

61. Sable shall provide a Summary of Conditions Report within 210 days of the last date of an ILI run via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Summary of Conditions CA-325 A/B* and include:
     i. Tool type
     j. Run date
     k. Summary of Conditions Report[18]
     l. Final Vendor Report and Pipe Tally

62. Sable shall provide a report to the OSFM by June 15th of every year for the duration of the state waiver. The report shall be addressed to the OSFM Assistant Deputy Director, Chief of Pipeline Safety via email at PipelineNotification@fire.ca.gov, *Subject: OSFM State Waiver – Annual Report*

---

[17] This requirement does not relieve Sable from spill reporting requirements that might exist under local, state or federal regulations.

[18] The OSFM may stipulate specific formatting or other information (e.g. Condition Type, Anomaly Details, Remaining Strength Calculation Method, Failure Pressure, CGRA, etc.) to be included in the Summary of Conditions Reports, Closure Report and Annual Reports if information provided is not deemed sufficient.

Docusign Envelope ID: 166BEFF3-211E-476E-8D10-BAFB95600F53B

Lance Yearwood
December 17, 2024
Page 14

*CA-325 A/B.* At a minimum, the annual report shall contain the following, if applicable:

a. A Closure Report for the previous calendar (CY) which contains:
   i. Features that were remediated in previous CY
      1. Provide documentation for the in-the-ditch assessments and repairs
   ii. Identify features that remain to be assessed
   iii. Unity Plots for previous ILI runs
b. Fracture mechanics and pressure cycling analyses in accordance with Condition 49
c. The third-party ILI expert reviews in accordance with Condition 53
d. AC and DC Interference surveys that are due in accordance with Condition 54
e. A copy of the CGRA for prior year including:
   i. Mean corrosion growth rate for the pipeline
   ii. Distribution graph of the corrosion growth rate for the pipeline (e.g. occurrences (#) vs. corrosion rate (mpy)

## Limitations

63. This state waiver is limited to a term of no more than ten (10) years from the date of issuance. If Sable elects to seek renewal of this state waiver, it must submit a renewal request to the OSFM at least 180 days prior to the expiration date, including a justification for continuation of the waiver.
64. Should Sable fail to comply with any conditions of this state waiver or should the OSFM determine that this state waiver is no longer appropriate or is inconsistent with pipeline safety, the OSFM may revoke the state waiver and require Sable to comply with all appropriate regulatory requirements.
65. The OSFM may order the pipeline shutdown at any time.
66. The OSFM may issue a compliance order or may initiate proceedings to determine the nature and extent of the violations and appropriate civil penalty for failure to comply with this state waiver. The terms and conditions of any compliance order shall take precedence over the terms of the state waiver.
67. In the event of conflict between the state waiver conditions and industry standards, the state waiver conditions shall prevail.
68. If Sable sells, merges, transfers or otherwise disposes of all or part of the assets covered by the state waiver, Sable must provide the OSFM written notice of the change within 30 days of the consummation date. In the event of such transfer, the OSFM reserves the right to revoke, suspend, or modify the state waiver.

Docusign Envelope ID: 166BEFF3-2115-476E-8D10-BAFB95600053B

Lance Yearwood
December 17, 2024
Page 15

Should you have any questions, please contact Alin Podoreanu, Supervising Pipeline Safety Engineer at (916) 212-8891.

Sincerely,

JAMES HOSLER
Assistant Deputy Director
Chief of Pipeline a Safety and CUPA Programs

Enclosure(s): (1) Pacific Pipeline Company State Waiver Application for CA-325 A/B

cc:    Doug Allen, Supervising Pipeline Safety Engineer, OSFM
       Andy Chau, Supervising Pipeline Safety Engineer, OSFM
       Brendan Feery, Supervising Pipeline Safety Engineer, OSFM
       Huy Nguyen, Supervising Pipeline Safety Engineer, OSFM
       Alin Podoreanu, Supervising Pipeline Safety Engineer, OSFM
       Tuan Tran, Pipeline Safety Engineer, OSFM
       Josh Cleaver, Staff Counsel, CAL FIRE
       Max Kieba, Engineering and Research Division, PHMSA
       Joshua Johnson, Engineering and Research Division, PHMSA

# EXHIBIT 3

# ALSTON & BIRD

350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
213-576-1000 | Fax: 213-576-1100

**Jeffrey D. Dintzer**                    Direct Dial: **213-576-1063**                    Email: **jeffrey.dintzer@alston.com**

<u>**VIA E-MAIL**</u>

June 6, 2025

Linda Krop
Environmental Defense Center
906 Garden Street
Santa Barbara, CA 93101
lkrop@environmentaldefensecenter.org

Julie Teel Simmonds
Center For Biological Diversity
2100 Franklin St., Suite 375
Oakland, CA 94612
jteelsimmonds@biologicaldiversity.org

Re:        *Center for Biological Diversity et al. v. Office of State Fire Marshall et al.*
           *Environmental Defense Center et al. v. Office of State Fire Marshall et al.*
           (Santa Barbara County Superior Court Case Nos. 25CV02244 & 25CV02247)

Dear Counsel:

We write on behalf of Real Parties in Interest Sable Offshore Corp. ("Sable") and Pacific Pipeline Company ("PPC") (collectively, "Real Parties") concerning the Operative Complaints in Case Nos. 25CV02244 and 25CV02247.

Real Parties intend to demur to the Complaints and formally request to meet and confer. Please let us know next week when you may be available to remotely meet and confer per Code of Civil Procedure section 430.31.

We look forward to your prompt response.

Very Truly Yours,

Jeffrey D. Dintzer

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Century City | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

**PROOF OF SERVICE**

I, Isaac Walrath, declare:

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 55 Second Street, Suite 2100, San Francisco, CA 94105.

On July 3, 2025, I served the document(s) described as **REAL PARTIES IN INTEREST SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S DEMURRER TO VERIFIED PETITION FOR WRIT OF MANDATE AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DECLARATION OF GARRETT B. STANTON** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: *See* Attached Service List.

☒    BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒    [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2025, at San Francisco, California.

*/s/ Isaac Walrath*

Isaac Walrath

**SERVICE LIST**

Julie Teel Simmonds, Esq.
David Pettit, Esq.
Talia Nimmer, Esq.
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 93101

**ATTORNEYS FOR PETITIONERS**
CENTER FOR BIOLOGICAL DIVERSITY
and WISHTOYO FOUNDATION

Tel.:    (510) 844-7100
Fax:    (510) 844-7150
Email: jteelsimmonds@biologicaldiversity.org
dpettit@ biologicaldiversity.org
tnimmer@ biologicaldiversity.org

Michael S. Dorsi, Esq.
California Attorney General's Office
55 Golden Gate Ave, Ste 11000,
San Francisco, CA 94102

**ATTORNEYS FOR RESPONDENTS/ DEFENDANTS**
California Department of Forestry and Fire Protection, Office of the State Fire Marshal; Daniel Berlant, in his official capacity as State Fire Marshal

Tel.:    (415) 510-3802
Email: Michael.dorsi@doj.ca.gov

Duncan Joseph Moore, Esq.
Benjamin J. Hanelin, Esq.
Natalie C. Rogers, Esq.
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067

**ATTORNEYS FOR REAL PARTIES IN INTEREST**
Sable Offshore Corp.; Pacific Pipeline Company

Tel.:    (310) 620-5879
Email: djmoore@paulhastings.com
benjaminhanelin@paulhastings.com
natalierogers@paulhastings.com