HOLLAND & KNIGHT LLP
 Andrew Klair (Bar No. 334960)
 *andrew.klair@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
 James W. Noe (*pro hac vice* forthcoming)
 *jim.noe@hklaw.com*
 Rafe Petersen (*pro hac vice* forthcoming)
 *rafe.petersen@hklaw.com*
 Matthew Z. Leopold (*pro hac vice* forthcoming)
 *matt.leopold@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525

LATHAM & WATKINS LLP
 Jessica Stebbins Bina (Bar No. 248485)
 *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

BABST CALLAND
 Nicholas McDaniel (*pro hac vice* forthcoming)
 *nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

*Attorneys for Real Parties in Interest Sable*
*Offshore Corp. and Pacific Pipeline Company*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br> Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,<br><br> Respondents/Defendants. | Case No. 2:26-cv-05242<br><br>**NOTICE OF MOTION FOR RECONSIDERATION AND TO DISSOLVE INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: [TBD]<br>Time: [TBD]<br>Judge: [TBD]<br>Courtroom: [TBD]<br>Date Removed: May 14, 2026 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

SABLE OFFSHORE CORP., et al.,

 Real Parties in Interest

ENVIRONMENTAL DEFENSE CENTER, et al.,

 Petitioners/Plaintiffs,

 v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,

 Respondents/Defendants.

SABLE OFFSHORE CORP., et al.,

 Real Parties in Interest.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on [TBD] at [TBD], or as soon thereafter as the matter may be heard before the Honorable [TBD] in Courtroom [TBD] of the U.S. District Court for the Central District of California, Western Division, located at 350 West 1st Street, Suite 4311, Los Angeles, CA 90012, Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") pursuant to Federal Rule of Civil Procedure 24, will and hereby do respectfully move the Court for an Order reconsidering the state court's February 27, 2026 order denying reconsideration of a preliminary injunction, the state court's April 17, 2026 order denying dissolution of that preliminary injunction, and the June 29, 2025 preliminary injunction itself.

For the reasons explained in the accompanying Declaration of Rafe Petersen, Sable seeks relief from strict compliance with Local Rule 7-3. Counsel for Sable has just been retained in this matter and is filing this motion today in order to comply with the time limits of Rule 59(e) of the Federal Rules of Civil Procedure. Sable has nonetheless made efforts to meet and confer with opposing counsel, and will continue those efforts and advise the Court if any come to fruition. Sable understands, based on prior efforts to dissolve the preliminary injunction, that Plaintiffs/Petitioners will oppose this motion.

This motion is made pursuant to this Notice of Motion and Motion for Reconsideration and to Dissolve Injunction, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Jessica Stebbins Bina and Rafe Petersen, the pleadings and records on file herein, and upon all other arguments and evidence that may be presented to this Court.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

Dated: May 15, 2026

Respectfully submitted,
LATHAM & WATKINS LLP

*/s/ Jessica Stebbins Bina*[1]
Jessica Stebbins Bina (Bar No. 248485)
jessica.stebbinsbina@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501


HOLLAND & KNIGHT LLP

*/s/ Andrew Klair*
Andrew Klair (Bar No. 334960)
*andrew.klair@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
James W. Noe (*pro hac vice* forthcoming)
*jim.noe@hklaw.com*
Rafe Petersen (*pro hac vice* forthcoming)
*rafe.petersen@hklaw.com*
Matthew Z. Leopold (*pro hac vice* forthcoming)
*matt.leopold@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525

BABST CALLAND

*/s/ Nicholas McDaniel*
Nicholas McDaniel
(*pro hac vice* forthcoming)
nmcdaniel@babstcalland.com
505 Ninth St., NW, Suite 602
Washington, D.C. 20004
Tel: (202) 853.3455

*Attorneys for Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company*

---

[1] Filer attests that all signatories concur in this filing's content and have authorized the filing.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

# TABLE OF CONTENTS

I.       INTRODUCTION.................................................................................10

II.      BACKGROUND...................................................................................12

III.     LEGAL STANDARDS.........................................................................15

IV.      ARGUMENT .......................................................................................18

      A.    PHMSA's Interstate Designation Eliminated OSFM's
          State Waiver Authority and Nullified the State Waivers...................19

            i.     OSFM Lacks Independent Jurisdiction Over The
                 Pipeline.................................................................................20

            ii.    The Preliminary Injunction Cannot Collaterally
                 Enforce The Consent Decree .................................................21

            iii.   The claims underlying the Preliminary Injunction
                 are moot because the State Waivers have no legal
                 effect.....................................................................................23

      B.    The State Court Erred in Denying Sable's Motion to
          Dissolve the Preliminary Injunction Based Upon the
          DPA Order.........................................................................................24

            i.     The DPA Order preempts any underlying state
                 requirements and provides immunity to Sable. .......................25

            ii.    The Preliminary Injunction must be dissolved
                 because of the significant changed circumstances
                 of the DPA Order. .................................................................27

V.       CONCLUSION ...................................................................................28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A&M Recs., Inc. v. Napster, Inc.*,
284 F.3d 1091 (9th Cir. 2002) ...............................................................17

*Ackerman v. Nevada Dep't of Corrections*,
No. 2:11-cv-00883-GMN-PAL, 2013 WL 1874753 (D. Nev.
May 3, 2013).............................................................................................29

*Agostini v. Felton*,
521 U.S. 203, 215 (1997).........................................................................27

*California by & through Becerra v. U.S. Env't Prot. Agency*,
978 F.3d 708 (9th Cir. 2020) ....................................................17, 27, 28

*California Department of Parks and Recreation v. Sable Offshore
Corp. et al.*,
Case No. 26-cv-02946-SVW-SSC (C.D. Cal.)........................................12

*California State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*,
50 Cal. 3d 658 (1990) ..............................................................................23

*California v. Wright*,
Case No. 2:26-cv-3396m, ECF 16 (C.D. Cal. 2026)...............................15

*California v. Wright*,
Case No. 26-cv-3396-SVW-SSC (C.D. Cal.)...................................11, 19

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ...................................................................18

*Credit Suisse First Boston Corp. v. Grunwald*,
400 F.3d 1119 (9th Cir. 2005) .................................................................17

*CRM Collateral II, Inc. v. Tri-Cnty. Metro. Transportation Dist. of
Oregon*,
No. CV 08-1266-PK, 2009 WL 10694213 (D. Or. Nov. 13, 2009)...................17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

*Del. Valley Citizens' Council for Clean Air v. Pennsylvania*,
    755 F.2d 38 (3d Cir. 1985) ...................................................................22

*Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*,
    408 F. Supp. 2d 916 (N.D. Cal. 2006)...................................................24

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*
    *Loc. No. 70 of Alameda Cnty.*,
    415 U.S. 423 (1974) ..............................................................................16

*Greg Young Publishing, Inc. v. Zazzle, Inc.*,
    No. 2:16-CV-04587, 2018 WL 836276 (C.D. Cal. Feb. 8, 2018).....................18

*Hercules Inc. v. United States*,
    24 F.3d 188 (Fed. Cir. 1994) .................................................................26

*Hercules, Inc. v. United States*,
    516 U.S. 417 (1996)...............................................................................26

*Hill v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace*
    *Workers*,
    390 U.S. 557 (1968)...............................................................................16

*Johnson v. Tyson Foods, Inc.*,
    580 F. Supp. 3d 382 (N.D. Tex. 2022) ..................................................26

*Local No. 93, International Ass'n of Firefighters v. City of Cleveland*,
    478 U.S. 501 (1986)...............................................................................23

*McDowell v. Calderon*,
    197 F.3d 1253 (9th Cir. 1999) ...............................................................18

*McMillen v. Las Vegas Twp. Constable's Off.*,
    No. 2:14-CV-00780-APG, 2015 WL 403563 (D. Nev. Jan. 29,
    2015) .....................................................................................................24

*Murphy v. Nat'l Collegiate Athletic Ass'n*,
    584 U.S. 453 (2018)..........................................................................19, 26

*Orantes-Hernandez v. Gonzales*,
    504 F. Supp. 2d 825 (C.D. Cal. 2007).....................................................24

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

*People ex rel. Sneddon v. Torch Energy Servs., Inc.*,
  102 Cal. App. 4th 181 (2002) ...................................................................................20

*Reed v. Tyson Foods, Inc.*,
  No. 21-cv-01155, 2021 WL 5107725 (W.D. Tenn. Nov. 3, 2021) ...................26

*Sable Offshore Corp. et al. v. Quintero*,
  Case No. 26-cv-02739-SVW-SSC (C.D. Cal.)......................................................11

*Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) .....................................................................................18

*State of Cal. v. PHMSA et al.*,
  Nos. 25-8059, 26-508 (9th Cir. 2026) ...............................................11, 14, 19

*Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*,
  364 U.S. 642 (1961).................................................................................................17

*Turner v. Burlington Northern Santa Fe Railroad Co.*,
  338 F.3d 1058 (9th Cir. 2003) ...............................................................................18

*United States & People of the State of California v. Plains All
    American Pipeline, L.P. et al.*,
  Case No. 20-cv-02415-SVW-SSC (C.D. Cal.)..............................................11, 18

*United States v. Am. Soc'y of Composers, Authors & Publishers*,
  32 F.3d 727 (2d Cir. 1994) .....................................................................................22

*United States v. Swift & Co.*,
  286 U.S. 106 (1932).................................................................................................17

*United States v. Vertac Chemical Corp.*,
  46 F.3d 803 (8th Cir. 1995) ...................................................................................26

*Williams v. Atkins*,
  786 F.2d 457 (1st Cir. 1986)...................................................................................29

**STATUTES**

28 U.S.C. § 1450...........................................................................................................16

49 U.S.C. § 60104(c) ...............................................................................11, 20, 23

50 U.S.C. Appendix § 633(7) ...........................................................................27

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

50 U.S.C. § 4557 ...........................................................................................25, 27, 28, 29

Cal. Gov't Code § 51010 ..........................................................................................21

Cal. Gov't. Code § 51011 ..........................................................................................13

**RULES**

Fed. R. Civ. P. 54 .......................................................................................................16

Fed. R. Civ. P. 54(b) ............................................................................................10, 17

Fed. R. Civ. P. 59 .......................................................................................................16

Fed. R. Civ. P. 59(e) ...........................................................................................10, 18

Fed. R. Civ. P. 65 ...............................................................................................10, 16, 17

**REGULATIONS**

91 Fed. Reg. 13,698 (Mar. 20, 2026) .......................................................................24

**OTHER AUTHORITIES**

31 Comp. Gen. 408 (1952) ........................................................................................27

32 Comp. Gen. 497 (1953) ........................................................................................27

DOJ OLC Opinion, Preemptive Effect of Defense Production Act
    Order on State Law, Mar. 3, 2026, available at
    https://www.justice.gov/olc/media/1429671/dl?inline .......................................26

§ 707 .....................................................................................................................26, 27

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

Pursuant to Federal Rules of Civil Procedure 54(b), 59(e), and 65, and the Court's inherent authority, Sable Offshore Corp. and Pacific Pipeline Company (collectively, "Sable") respectfully move this Court to reconsider the state court's February 27, 2026 order denying reconsideration of a preliminary injunction, the state court's April 17, 2026 order denying dissolution of that preliminary injunction, and the June 29, 2025 preliminary injunction itself. Sable requests that the Court provide relief from those orders.

## I.   INTRODUCTION

The case centers on Plaintiffs' challenge to the legality of waivers from the California Office of State Fire Marshal ("OSFM") relating to Sable's operation of certain segments of an oil pipeline facility called the Santa Ynez Pipeline System ("SYPS"). Plaintiffs allege that OSFM's issuance of the state waivers was procedurally deficient under state law. On June 29, 2025, the state court enjoined Sable from resuming the transportation of crude oil through certain segments of the SYPS based on this alleged state law failure. Sable seeks relief from that injunction because the SYPS is now classified as interstate, and thus subject to federal pipeline law, not state pipeline law, so the underlying basis for the injunction no longer applies. This relief is particularly important because of the imminent threat of sanctions for conduct that federal law now compels.

To the contrary, after the injunction was issued, the federal government took two major actions that made continued compliance with the injunction impossible. First, on December 17, 2025, the federal Pipeline and Hazardous Materials Safety Administration ("PHMSA") reclassified the SYPS as *interstate* and assumed sole and exclusive jurisdiction over the SYPS pursuant to the federal Pipeline Safety Act. This meant that the SYPS was no longer subject to California's Elder California Pipeline Safety Act of 1981—the asserted basis for the court's injunction—and no longer subject to regulation by OSFM. Once a pipeline has been designated as

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

interstate, state and local authorities "may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation." 49 U.S.C. § 60104(c). OSFM no longer has jurisdiction over the pipeline and the injunction is moot.

Second, on March 13, 2026, the United States Department of Energy issued a Defense Production Act order (the "DPA Order") under delegation from the President of the United States commanding Sable to immediately commence crude oil transportation through the SYPS. *See* Dkt. 1-1. Sable cannot simultaneously comply with a federal command to immediately perform pipeline transportation services and an injunction that prohibits or conditions that same performance.

California is currently challenging PHMSA's assertion of jurisdiction in the Ninth Circuit, and challenging multiple other aspects of the United States' and Sable's actions in this Court. *See State of Cal. v. PHMSA et al.*, Nos. 25-8059, 26-508 (9th Cir. 2026); *United States & People of the State of California v. Plains All American Pipeline, L.P. et al.*, Case No. 20-cv-02415-SVW-SSC (C.D. Cal.); *California v. Wright*, Case No. 26-cv-3396-SVW-SSC (C.D. Cal.) (California's challenge to the Defense Production Act order); *Sable Offshore Corp. et al. v. Quintero*, Case No. 26-cv-02739-SVW-SSC (C.D. Cal.) (Sable's declaratory judgment action against California); *California Department of Parks and Recreation v. Sable Offshore Corp. et al.*, Case No. 26-cv-02946-SVW-SSC (C.D. Cal.) (California's state court trespass action removed to federal court). *See* Notice of Related Cases, Dkt. 42 at PageID #18943.

Both the Ninth Circuit and this Court, however, have refused Plaintiffs' and California's requests to enjoin federal supervision of the SYPS.[2] There is thus no basis to preserve an injunction whose state-law predicate has been displaced—especially when doing so would simultaneously require Sable to violate federal law.

---

[2] Two further requests are pending, as detailed *infra*.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

Because Sable's actions are consistent with federal law and compelled by the DPA Order, state law must yield and the preliminary injunction should be dissolved. Sable therefore respectfully requests that this Court reconsider the state court's orders and dissolve the preliminary injunction. Alternatively, Sable requests that this Court stay the injunction to permit Sable's continued compliance with the DPA Order pending resolution of the above related cases.

## II.    BACKGROUND

This case arises from a preliminary injunction issued before PHMSA determined it had jurisdiction over the SYPS and before the issuance of the DPA Order. At that time, Sable was working with then-regulator OSFM to acquire the California equivalent of the Special Permits it ultimately acquired from PHMSA after PHMSA assumed jurisdiction (the "State Waivers"). The State Waivers were required by a consent decree entered into by the United States, multiple California agencies, and the previous operator of a portion of the SYPS—known as Segments CA-324 and CA-325—following a 2015 oil spill (the "Consent Decree"). *See United States & People of the State of Cal. et al. v. Plains All Am. Pipeline, L.P. & Plains Pipeline, L.P.*, 2:20-cv-02415 ("*Plains*"); *See* Declaration of J. Stebbins Bina, Ex. 1 ("Declaration of J. Caldwell Flores"), ¶ 7 ("Flores Decl."). At the time the Consent Decree was entered into, the pipeline's owner did not own the entire SYPS, but only owned segments entirely within California, and had withdrawn its FERC tariffs, so in 2016 PHMSA reclassified the pipeline from interstate to intrastate, and the Consent Decree referred to OSFM as the relevant regulatory entity. *See Plains*, Dkt. No. 6-1, Appx. B ¶ 1.A, B & Appx. D ¶ 1.a, b, e, f, j; Flores Decl. ¶ 6.

OSFM analyzed Sable's request and issued the State Waivers on December 17, 2024. *See* Flores Decl. ¶ 13. Plaintiffs filed this lawsuit in state court four months later and sought a preliminary injunction alleging that OSFM had violated state and federal pipeline safety laws in issuing the State Waivers. *See* Dkt.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

12

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

1-2 at PageID #27-28. The state court concluded that Plaintiffs had not shown a likelihood of success on *any* of their federal law claims, but that the State Waivers were likely noncompliant with a state-pipeline-safety-law requirement that OSFM include a "discussion of factors that the OSFM considered significant in granting the exemption beyond conclusions." Order Granting Preliminary Injunction, No. 25CV02244, consolidated with No. 25CV02247, Dkt. 1-4 at PageID #308, 329 (Cal. Super. Ct. Santa Barbara Cnty., Jul. 29, 2025) (the "Preliminary Injunction"); *see id.* at PageID #320 (discussing the "Elder California Pipeline Safety Act of 1981"); Cal. Gov't. Code § 51011. In July 2025, the state court "narrowly" granted Plaintiff's requested preliminary injunction solely on the basis of OSFM's likely violation of the Elder California Pipeline Safety Act. *See id.* at PageID #329, 331.

The state court's preliminary injunction enjoined restart of the SYPS until ten court days after Sable had filed and served notice that it had received all necessary approvals and permits to restart Segments CA-324 and CA-325 and that Sable intended to commence "restart" as defined under the Consent Decree. *See id.* at PageID #292, 308 ("'Restart' shall have the same meaning as in the Federal Consent Decree").

Two events then intervened, both of which mooted the basis for the preliminary injunction.

*First,* in December 2025 PHMSA determined that it had exclusive jurisdiction over the SYPS, including Segments CA-324 and CA-325, because the SYPS is an interstate pipeline as defined in the Pipeline Safety Act. *See* Flores Decl. ¶¶ 25-27. Plaintiffs have filed a petition for review of PHMSA's decision that is currently pending in the Ninth Circuit, with oral argument set for July 7. *See State of Cal. v. PHMSA et al.*, Nos. 25-8059, 26-508 (9th Cir. 2026). Plaintiffs also filed an emergency motion to stay PHMSA's jurisdictional determination pending appeal, which the Ninth Circuit denied on December 31, 2025—leaving PHMSA with

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

13

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

jurisdiction. *See id* at Dkt. 21-1. Following the Ninth Circuit's denial of the stay, Sable applied for an emergency Special Permit from PHMSA (the federal version of a state waiver) and relinquished the State Waivers. *See* Flores Decl. ¶¶ 13-14. PHMSA granted the emergency Special Permit. *See id.* ¶¶ 29-30.

Sable also moved for the state court to reconsider and dissolve the preliminary injunction on the basis of PHMSA's determination that it had jurisdiction and that the federal Pipeline Safety Act, and not California's Elder Act, governed, and thus that the basis for the preliminary injunction—the state court's determination that OSFM had likely failed to follow California law in granting the no-longer-needed State Waivers—was moot. *See* Dkt 32 at PageID #16157–68. However, the state court denied Sable's reconsideration motion on February 27, 2026, concluding that despite PHMSA's assertion of jurisdiction and the federal Pipeline Safety Act, under the "Consent Decree, the [SYPS] may not be restarted (as defined therein) without obtaining a State Waiver from the OSFM." *See* Order Denying Motion for Reconsideration, No. 25CV02244, consolidated with No. 25CV02247 (Cal. Super. Ct. Santa Barbara Cnty. Feb. 27, 2026) (the "February 27 Order"). The United States has moved to terminate the Consent Decree, *see* United States' Notice of Mot. to Terminate or Modify the Consent Decree, *see Plains All Am. Pipeline*, Dkt. 49 (C.D. Cal. Mar. 30, 2026), and California has moved to enforce it, *see* California Pl.'s Notice of Mot. and Mot. to Enforce Consent Decree, *Plains All Am. Pipeline*, Dkt. 55 (C.D. Cal. Apr. 13, 2026). The hearing for these motions is scheduled for June 1, 2026. *See id.*

*Second,* on March 13, 2026, the United States Secretary of Energy, acting under delegated authority from the President, issued the DPA Order directing Sable to immediately begin transporting hydrocarbons through the SYPS under pain of civil and criminal penalties. *See* Dkt. 1-1. The following day, Sable complied with the DPA Order and resumed transportation of hydrocarbons through the SYPS under

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

14

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

PHMSA's supervision. *See* Dkt. 1 at PageID #7. California is challenging the validity of the DPA Order and has moved for a preliminary injunction; the hearing on this motion is again scheduled for June 1, 2026. *See California v. Wright*, Case No. 2:26-cv-3396m, Dkt. 16 (C.D. Cal. 2026).

Following the issuance of the DPA Order, Sable again moved for the state court to reconsider and dissolve the preliminary injunction. *See* Dkt. 1 at PageID #9. On April 17, 2026, the state court again denied Sable's reconsideration motion on the same rationale as its first denial—i.e., that despite PHMSA's determination that it has jurisdiction—which the Ninth Circuit declined to stay for the pendency of Plaintiffs' appeal—and despite the fact that an analysis of the Consent Decree went beyond what Plaintiffs pleaded or their requested relief, the state court believed that "Sable continues to be obligated" to obtain and follow State Waivers from OSFM. Order Denying Real Parties' Ex Parte Application for Immediate Rescission of Preliminary Injunction, No. 25CV02244, consolidated with No. 25CV02247, Dkt. No. 1-4, at PageID #351 (Cal. Super. Ct. Santa Barbara Cnty. Apr. 17, 2026) (the "April 17 Order"). Plaintiffs simultaneously moved for an order to show cause regarding contempt of the preliminary injunction, which the state court continued to May 22, 2026. *See* Dkt. 1 at PageID #9.

Sable and the United States have removed this case to federal court to ensure that these related actions are considered in one federal forum, in light of a federal agency's determination that it has exclusive jurisdiction and that the pipeline is subject to federal law, and in light of the federal DPA Order requiring Sable to transport hydrocarbons through the SYPS.

## III.   LEGAL STANDARDS

Federal courts may reconsider, modify, or dissolve a preliminary injunction issued by a state court prior to removal. 28 U.S.C. § 1450 provides that "[a]ll injunctions, orders, and other proceedings had in such [state] action prior to its

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. The Supreme Court has confirmed that § 1450 "implies" the "court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974); *Hill v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 561 n.4 (1968) ("there is, of course, no question of the power of the District Court to dissolve the injunction" issued by the state court prior to removal). Federal Rules of Civil Procedure Rules 54, 59, and 65 supply the procedural framework through which that authority is exercised.

Upon removal, a state court preliminary injunction is federalized and governed by Federal Rule of Civil Procedure 65. *See Granny Goose*, 415 U.S. at 439-40. "The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Id.* at 438. District courts have accordingly held that a pre-removal injunction "is now to be construed as though it had been granted in federal court" and treated as a preliminary injunction issued under Rule 65. *CRM Collateral II, Inc. v. Tri-Cnty. Metro. Transportation Dist. of Oregon*, No. CV 08-1266-PK (LEAD), 2009 WL 10694213, at *4 (D. Or. Nov. 13, 2009).

Where intervening federal law has displaced the legal predicate for an injunction and rendered continued enforcement inequitable, modification or dissolution under Rule 65 is required, not merely permitted. *California by & through Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 713 (9th Cir. 2020) (refusal to modify an injunction "when a change in law dissolved the legal basis for its order[] is an abuse of discretion"). Rule 65 reflects the long-settled principle that injunctive relief is provisional and remains subject to the court's continuing supervision. *See* Fed. R. Civ. P. 65; *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

(concluding that a "continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need"); *see also Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) (concluding that "sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen"). The Ninth Circuit has applied that principle directly to preliminary injunctions, holding that "[a] district court has inherent authority to modify a preliminary injunction in consideration of new facts." *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002).

Federal Rule of Civil Procedure 54(b) supplies an independent procedural mechanism for reconsideration. Because a preliminary injunction is a non-final interlocutory order, it is subject to revision at any time before final judgment. *See* Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). "[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (emphasis original); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate upon "newly discovered evidence," "clear error," or "intervening change in controlling law").

Federal Rule of Civil Procedure 59(e) provides a parallel avenue to alter or amend a judgment for legal or factual error, new evidence, changed law, or to prevent injustice. *See Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The district court "enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

17

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

Courts also retain common law authority over interlocutory orders, and may "reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 885; *see also Greg Young Publishing, Inc. v. Zazzle, Inc.*, No. 2:16-CV-04587, 2018 WL 836276, at *1 n.3 (C.D. Cal. Feb. 8, 2018) (recognizing common law basis for reconsideration).

## IV.    ARGUMENT

The state court entered the Preliminary Injunction to ensure that the parties complied with the conduct "directed by the Federal Consent Decree," which at the time everyone understood to mean resumption of hydrocarbon transport under the jurisdiction of OSFM. Dkt. 1-5 at 12. As the court put it, "[b]y design, performance consistent with the Federal Consent Decree is performance permitted under the preliminary injunction." Dkt. 1-5 at PageID #349. But that is nothing more than a motion to enforce the Consent Decree by another name, and California is already seeking to enforce the Consent Decree in this Court. *See United States & People of the State of California v. Plains All American Pipeline, L.P. et al.*, Case No. 20-cv-02415-SVW-SSC (C.D. Cal.). Plaintiffs and California are also seeking to invalidate PHMSA's determination of jurisdiction in the Ninth Circuit. *See State of Cal. v. PHMSA et al.*, Nos. 25-8059, 26-508 (9th Cir. 2026). And California is independently seeking to invalidate the DPA Order, again before this Court. *See California v. Wright*, Case No. 26-cv-3396-SVW-SSC (C.D. Cal.). The state court's preliminary injunction impermissibly prejudges the Ninth Circuit and this Court's pending decisions in all three cases, assumes a complete victory in each case for Plaintiffs or California, and collaterally enforces a Consent Decree based on these assumptions. This preliminary injunction is both unnecessary and pre-judges the outcome without the benefit of full briefing and adjudication on the merits of any of the underlying issues, and wholly fails to take into account the harm to the United States' interests.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

Moreover, the Preliminary Injunction requires something that has become unlawful (compliance with state pipeline laws) due to new and changed circumstances (the DPA Order). Impossibility preemption applies with respect to the DPA Order, as Sable cannot operate the SYPS as federal law now requires and also comply with the state court injunction. Where "Congress enacts a law that imposes restrictions or confers rights on private actors," and "a state law confers rights or imposes restrictions that conflict with the federal law[,] . . . federal law takes precedence and the state law is preempted." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 477 (2018).

### A. PHMSA's Interstate Designation Eliminated OSFM's State Waiver Authority and Nullified the State Waivers

The preliminary injunction—and the state court's April 17 Order failing to reconsider it—were both in error. Once PHMSA determined that the SYPS is interstate and subject to exclusive federal pipeline safety jurisdiction, and once Sable completely relinquished the state waivers being challenged in the case, there was no longer a valid basis to condition restart based on the mooted OSFM approvals. The state court nevertheless declined to dissolve the Preliminary Injunction and, in an apparent attempt to enforce the federal Consent Decree, continued to treat OSFM's approvals as controlling. This was error for two reasons. First, the adequacy of OSFM's approval findings under state law for the State Waivers are irrelevant now that OSFM has been divested of the authority to grant those State Waivers. Second, the state court improperly used the Preliminary Injunction as a vehicle to enforce the Consent Decree, which was beyond the scope of the state court's jurisdiction, to which neither Plaintiffs nor Sable are parties, and which was neither pled by Plaintiffs nor a part of their requested relief. This Court has jurisdiction over the matter, and—given the Ninth Circuit's express declination to stay PHMSA's jurisdiction, the intervening DPA Order, and the pending proceedings before this

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

19

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

Court over the Consent Decree—should dissolve the injunction, or, at minimum, stay it.

### i. OSFM Lacks Independent Jurisdiction Over The Pipeline

The Preliminary Injunction impermissibly seeks to enforce an OSFM regulatory regime that no longer applies. Under the Pipeline Safety Act ("PSA"), PHMSA possesses exclusive jurisdiction over interstate pipelines, and "[a] State authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation." 49 U.S.C. § 60104(c). "[T]he PSA clearly expresses the intent of Congress to fully occupy the field of oil and gas operations and interstate pipeline safety so that any state law that touches upon the area, even consistent state law, is preempted." *People ex rel. Sneddon v. Torch Energy Servs., Inc.*, 102 Cal. App. 4th 181, 187 (2002). PHMSA has assessed that the SYPS is properly classified as interstate and accordingly asserted exclusive federal jurisdiction. *See Plains*, Dkt. 49-2 at PageID #1439-41 (Dec. 17, 2025 Determination of Interstate Classification). While California has challenged that determination, the Ninth Circuit declined to stay PHMSA's assertion of jurisdiction, so the SYPS is currently classified as an interstate—and thus federally regulated— pipeline. *See State of Cal.*, Nos. 25-8059, 26-508 at Dkt. 21.1.

Once PHMSA determined that the entirety of the SYPS was interstate, OSFM's authority to issue State Waivers ceased to be a predicate for restart. Whether or not OSFM properly complied with the Elder Act in the course of regulating the SYPS—the *only* grounds on which the state court found a likelihood of success on the merits, *see* Dkt. 1-4 at PageID #328-30—is now entirely irrelevant. The Elder Act does not apply to interstate pipelines. *See* Cal. Gov't Code § 51010 ("It is the intent of the Legislature, in enacting this chapter, that the State Fire Marshal shall exercise exclusive safety regulatory and enforcement authority over

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

*intrastate* carbon dioxide and hazardous liquid pipelines[.]" (emphasis added)). Sable does not require State Waivers for a pipeline that is not regulated by the State. And to underscore that point, Sable has now relinquished the State Waivers and recognized that only PHMSA's orders—which mirror[s]" the requirements of the State Waivers with only minor modifications, *Plains*, Dkt. 43 at 17-18—are controlling for the SYPS.

### ii. The Preliminary Injunction Cannot Collaterally Enforce The Consent Decree

Petitioner-Plaintiffs have argued that the preliminary injunction is proper because (1) the State Waivers remain required and subject to state pipeline law by the Consent Decree, notwithstanding the PSA, or (2) the preliminary injunction may permissibly enforce compliance with the terms of the Consent Decree—in an unrelated case and against different parties. Both justifications suffer from the same flaw: they impermissibly attempt to collaterally litigate issues that may only be— and in fact are—raised in the Consent Decree proceeding itself. In California's motion to enforce the Consent Decree, the State has squarely presented the first issue: whether "the Consent Decree requires Sable to obtain approval from the state regulator, OSFM, prior to restarting Lines CA-324/325." *Plains*, Dkt. 55 at 21. And the second is merely a remedies question that follows from the first: California has requested, in its Consent Decree motion, that Sable be "ordered to come into immediate compliance with the Consent Decree," until "it has complied with restart requirements consistent with the Consent Decree." *Id.* at 39. That is exactly the relief Plaintiffs improperly secured here.

Plaintiffs, with the acquiescence of the state court, sought to short-circuit this Court's review in the Consent Decree docket—which all *parties* to the Consent Decree recognize as the appropriate forum—by instead pursuing a collateral challenge. But federal courts have "exclusive jurisdiction" to adjudicate enforcement

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

proceedings related to federal consent decrees, because "if left to the state courts to decide," collateral review in state court "would frustrate the federal court's continuing jurisdiction over and implementation of [a] consent judgment...." *United States v. Am. Soc'y of Composers, Authors & Publishers*, 32 F.3d 727, 731 (2d Cir. 1994). "Only the federal courts have the power to determine the authority of federal court litigants, bringing suit under federal law, to enter into consent decrees approved by a federal court." *Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 755 F.2d 38, 44 (3d Cir. 1985). Whether the Consent Decree remains enforceable notwithstanding PHMSA's interstate designation, and whether the Consent Decree's procedures were followed, belongs before the federal court that entered it, not in a state court enforcement challenge.

The procedural history of this case demonstrates why. The Consent Decree was entered between a collection of governmental plaintiffs—including the United States, California, and a host of federal and state agencies—and Plains All American Pipeline as defendant. Sable is not a party to the Consent Decree. Unsurprisingly, the briefing on the United States' Motion to Terminate and California's Motion to Enforce has involved all the parties (and Sable). This Court will decide those motions after all parties have had an opportunity to be heard. By contrast, this case involves *nonparty* Plaintiffs without *any* rights under the Consent Decree who wish to enjoin *some* of the parties (plus Sable)—and to do so without soliciting the input of, or attempting to bind, the federal parties or Plains. This patchwork attempt at supposed Consent Decree enforcement demonstrates why this case, whether in state or federal court, is an inappropriate vehicle.

In any event, as the parties have briefed at length in the Consent Decree docket, the Consent Decree did not preserve—contrary to the PSA—a continuing role for OSFM. The state court held that its Preliminary Injunction remained valid because "the Federal Consent Decree by its terms requires authorization from the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

22

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

OSFM, whether that authorization is couched in regulatory, contract, or collateral estoppel terms." Dkt. 1-5 at PageID#347. In support of its holding, the state court cited two cases. However, neither supports its conclusion. *Firefighters* acknowledges that consent decrees have "attributes both of contracts and of judicial decrees"—a point not in dispute—and does not discuss the preemptive effect of intervening federal action. *Local No. 93, International Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 519 (1986) (internal quotation marks and citation omitted). The same is true of *California State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 50 Cal. 3d 658, 664 (1990). These cases do not hold that a consent decree can preserve a state regulator's authority after federal law removes that authority, or that a state court may use injunctive power to enforce a federal decree. In short, giving the Preliminary Injunction continued force would accomplish what Congress forbade in the Pipeline Safety Act: it would impermissibly "continue[] in force" state "safety standards for interstate pipeline facilities or interstate pipeline transportation." 49 U.S.C. § 60104(c).

### iii. The claims underlying the Preliminary Injunction are moot because the State Waivers have no legal effect.

The Preliminary Injunction rests on allegations that OSFM failed to comply with state law procedures when issuing the State Waivers. Subsequent developments have mooted this dispute. After resuming jurisdiction over the SYPS, PHMSA granted Sable an emergency special permit containing substantially identical terms to those in the challenged State Waivers (the "Special Permit").[3] Because PHMSA's resumption of jurisdiction over the SYPS has displaced OSFM's regulatory role, the State Waivers lost all legal effect. Accordingly, on February 26, 2026, Sable's

---

[3] PHMSA is currently reviewing Sable's application for a non-emergency special permit, which was published for public comment, the period for which closed on April 3, 2026. *See Pipeline Safety: Request for Special Permit; Sable Offshore Corp. (Sable)*, 91 Fed. Reg. 13,698 (Mar. 20, 2026) (Docket No. PHMSA-2026-046).

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

23

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

counsel sent OSFM a letter relinquishing, surrendering, and abandoning the State Waivers. *See* Dkt. 37 at PageID #18096. On March 16, 2026, OSFM has recognized that the State Waivers are no longer in effect. *See* Dkt. 38 at PageID #18355.

"Where a problem has been resolved or mooted by changed circumstances, then equity and the public's interest in the 'sound and efficient operation of its institutions' demands the injunction's dissolution." *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825, 831 (C.D. Cal. 2007) (internal citation omitted). Courts routinely vacate preliminary injunctions when supervening events eliminate the underlying controversy. *See, e.g., Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 408 F. Supp. 2d 916, 920-21 (N.D. Cal. 2006) (vacating preliminary injunction after Forest Service withdrew decision memorandum authorizing challenged timber sale); *McMillen v. Las Vegas Twp. Constable's Off.*, No. 2:14-CV-00780-APG, 2015 WL 403563, at *7 (D. Nev. Jan. 29, 2015) (dissolving preliminary injunction as moot after defendants waived fee at issue). Because state law no longer applies, Sable has disclaimed all rights and benefits under the State Waivers, and no live controversy remains to support the Preliminary Injunction. Accordingly, the Preliminary Injunction has outlived its purpose and should be dissolved as moot.[4]

**B.    The State Court Erred in Denying Sable's Motion to Dissolve the Preliminary Injunction Based Upon the DPA Order.**

The DPA Order is a federally enforceable directive that requires Sable to immediately commence transportation of hydrocarbons from the SYU through the SYPS. Rather than recognizing the conflict between this directive and the Preliminary Injunction's restrictions on resuming oil flow, the April 17 Order mistakenly described the conflict as one between the DPA Order and the Federal Consent Decree. *See* Dkt. 1-5 at PageID #349. (holding that the conflict was not

---

[4] In the near future Sable and/or the United States may seek dismissal of the case on this and other bases.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

24

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

"between state law and federal law, but [] between the DPA Order. . . and the Federal Consent Decree"). The state court held that "Sable continues to be obligated to the requirements of the Federal Consent Decree" such that the "DPA Order [] does not constitute a basis for dissolving or modifying the preliminary injunction." *Id*. at PageID #351.

The state court committed clear error on this point for two reasons: (1) The state court failed to recognize that the DPA Order preempts the state-law requirements that underlay the injunction and protects Sable from any alleged noncompliance with conflicting requirements when acting in furtherance of the DPA Order's directives; and (2) The state court failed to take into account the significant changed circumstances flowing from the DPA Order.

### i.     <u>The DPA Order preempts any underlying state requirements and provides immunity to Sable.</u>

The state court uses the wrong lens to evaluate the effects of the DPA Order. Section 707 of the DPA, 50 U.S.C. § 4557, is an express preemption provision that provides that "[n]o person shall be held liable for damages or penalties for any act or failure to act resulting directly or indirectly from compliance with a rule, regulation, or order issued pursuant to this chapter." As the Office of Legal Counsel has explained, § 707 "is an express preemption provision," because it "'confers on private entities. . . a federal right to engage in certain conduct – conduct required by a DPA order—subject only to certain (federal) constraints,' not constraints imposed by state law." DOJ OLC Opinion, Preemptive Effect of Defense Production Act Order on State Law, Mar. 3, 2026, at 11–12[5] (the "OLC Opinion") (citing *Murphy,* 584 U.S. at 478–79). And § 707's reference to acts resulting "indirectly" from compliance demonstrates that Congress "anticipated that DPA orders might engender conflict with other legal obligations, even where dual compliance remains

---

[5] Available at https://www.justice.gov/olc/media/1429671/dl?inline

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

25

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

technically possible." *Id.* at 18 n.7. The DPA's text thus presupposes broad preemptive operation. *See, e.g., Johnson v. Tyson Foods, Inc.,* 580 F. Supp. 3d 382, 388–89 (N.D. Tex. 2022) (holding that a DPA order requiring meat processing plants to remain operational during the COVID-19 pandemic preempted conflicting state requirements); *Reed v. Tyson Foods, Inc.,* No. 21-cv-01155, 2021 WL 5107725, at *6 (W.D. Tenn. Nov. 3, 2021) (same).

The state court mistakenly limited § 707 "to the risk imposed by section 4511(a) in prioritizing contracts with the United States pursuant to a DPA order."[6] Dkt. 1-5 at PageID #351. This is wrong as a matter of law. The Second War Powers Act, which preceded the DPA, protected against liability only for "default under any contract or order." 50 U.S.C. app. § 633(7). When Congress enacted § 707 of the DPA, however, it used broader language, protecting against liability for "***any*** act or failure to act" resulting from compliance with a DPA rule, regulation, or order. *See* 50 U.S.C. § 4557 (emphasis added). The Comptroller General has recognized this distinction between § 707 and its predecessor, explaining that "[t]he relief granted by the earlier provision was limited to cases of default 'under any contract or order,' while the broader language of section 707 gives relief from damages or penalties 'for any act or failure to act.'" 31 Comp. Gen. 408, 411 (1952). Congress then broadened Section 707 further by deleting "his" from the compliance language to "make it entirely clear" that the immunity section's "broader effect is intended." 32 Comp. Gen. 497, 498 (1953). The Comptroller General concluded that "the

---

[6] The state court relied on *Hercules Inc. v. United States*, 24 F.3d 188 (Fed. Cir. 1994) (*Hercules I*) and *United States v. Vertac Chemical Corp.*, 46 F.3d 803 (8th Cir. 1995). *See* April 17 Order at 15. *Vertac* held that § 707 would not supply a right to immunity under CERCLA, and both cases held that § 707 would not supply a right to indemnity from the United States. Both courts nonetheless left open the possibility that § 707 might provide immunity in other circumstances. *Hercules I,* 24 F.3d at 203 n.15, *Vertac,* 46 F.3d at 812 n.11. Notably, the Supreme Court declined to adopt those courts' limitation on § 707 in an appeal from *Hercules I*, holding that that section "plainly provides immunity, not indemnity," and thus it did not need to reach the question of scope. *Hercules, Inc. v. United States,* 516 U.S. 417, 430 and n.14 (1996) (*Hercules II*).

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

26

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

provisions of Section 707 deal with damages for any act or failure to act, whether under a Government or a private contract, ***or even if unrelated to any contract***." *Id.* (emphasis added). Section 707 accordingly forecloses the imposition of any damages, penalties, or fines resulting from Sable's compliance with the DPA Order.

The significance of § 707 is thus at least twofold. *First*, it means that the DPA Order preempts the state-law requirements on which the Preliminary Injunction rests, including any requirement to obtain state-law permits from OSFM. *Second*, it means that Sable is protected from noncompliance with conflicting directives when acting in furtherance of the DPA Order's directives. *See* 50 U.S.C. § 4557 (providing immunity "notwithstanding that any such rule, regulation, or order shall thereafter be declared by judicial or other competent authority to be invalid"). Under *Agostini v. Felton*, a court "errs when it refuses to modify an injunction or consent decree in light of such changes," 521 U.S. 203, 215 (1997), and under *California by & through Becerra*, refusal to modify an injunction "when a change in law dissolved the legal basis for its order[] is an abuse of discretion," 978 F.3d at 713. By failing to take the significant change effected by the DPA Order into account, the April 17 Order did exactly that.

## ii. The Preliminary Injunction must be dissolved because of the significant changed circumstances of the DPA Order.

The Secretary of Energy found that "[a]n affordable and reliable domestic supply of energy is a fundamental requirement for the national and economic security of any nation," that energy supply problems "are most pronounced in our Nation's West Coast," and that the SYPS is a "critical energy resource on the West Coast" able to "address the shortages identified in EO 14156 and the resulting vulnerabilities, including adversarial dependence." Dkt. 1-1 at PageID #22-23. The DPA Order directs Sable "to ***immediately*** prioritize and allocate pipeline

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

transportation services for hydrocarbons from the SYU [Santa Ynez Unit] through the SYPS [Santa Ynez Pipeline System]" and "*immediately* commence performance under contracts or orders for services… for hydrocarbon transportation capacity in the SYPS[.]" *Id.* at PageID #24 (emphasis added).

The Court need not adjudicate the ultimate validity of the DPA Order or its preemptive effects to reconsider the April 17 Order and dissolve the Preliminary Injunction. The relevant question on reconsideration is whether continued prospective enforcement of the injunction remains equitable after an intervening federal order—based on national and economic security—requires the conduct the injunction prohibits. The DPA Order is, at minimum, a significant intervening circumstance requiring dissolution or modification of the injunction, and that conclusion does not require this Court to decide whether the DPA Order would survive every possible legal challenge brought against it.[7] *California by & through Becerra*, 978 F.3d at 713–14 (explaining that a court abuses its discretion by refusing to modify an injunction where its legal basis has been removed); *Williams v. Atkins*, 786 F.2d 457, 460 (1st Cir. 1986); *Ackerman v. Nevada Dep't of Corrections*, No. 2:11-cv-00883-GMN-PAL, 2013 WL 1874753 at *9 (D. Nev. May 3, 2013) (dissolving injunction where its continuation would place inequitable financial burden on defendant government and its citizens).

## V.   CONCLUSION

For the foregoing reasons, Sable respectfully requests this Court (1) reconsider the state court's February 27, 2026 and April 17, 2026 Orders, (2)

---

[7] The Department of Justice's Office of Legal Counsel ("OLC") explained that Section 4557 "makes explicit that orders issued pursuant to the Act displace state-law liability," and characterized the provision as "an express preemption provision." Preemptive Effect of Defense Production Act Order on State Law, OLC Opinion at 11. Addressing the SYPS specifically, OLC concluded that Section 4557 would likely immunize Sable from penalties under contrary Federal Consent Decree provisions and from civil contempt sanctions imposed for conduct resulting from compliance with a DPA order. *See id.* at 21–22. That analysis applies with equal force here.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

dissolve the Preliminary Injunction, or in the alternative, suspend or modify it to permit Sable's continued compliance with the DPA Order.

Dated: May 15, 2026

Respectfully submitted,
LATHAM & WATKINS LLP

/s/ *Jessica Stebbind Bina*[8]
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: +1 424.653.5500
Facsimile: +1 424.653.5501

HOLLAND & KNIGHT LLP

Andrew Klair (Bar No. 334960)
*andrew.klair@hklaw.com*
James W. Noe (pro hac vice forthcoming)
*jim.noe@hklaw.com*
Rafe Petersen (pro hac vice forthcoming)
*rafe.petersen@hklaw.com*
Matthew Z. Leopold (pro hac vice forthcoming)
*matt.leopold@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525

BABST CALLAND

/s/ *Nicholas McDaniel*
Nicholas McDaniel (PHV forthcoming)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, D.C. 20004
Tel: (202) 853.3455

*Attorneys for Real Parties in Interest*
*Sable Offshore Corp. and Pacific Pipeline*
*Company*

---

[8] Filer attests that all signatories concur in this filing's content and have authorized the filing.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company, hereby certifies that this Memorandum of Points and Authorities in Support of the Motion For Reconsideration and to Dissolve Injunction contains 6,218 words, which complies with the word limit for Local Rule 11-6.1.

Dated: May 15, 2026

/s/ *Jessica Stebbins Bina*
Jessica Stebbins Bina

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

30

CASE NO. 2:26-cv-05242
NOTICE OF MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCT.