ROB BONTA
Attorney General of California
MYUNG J. PARK
SUPERVISING DEPUTY ATTORNEY GENERAL
MICHAEL S. DORSI (CA BAR NUMBER: 281865)
DEPUTY ATTORNEY GENERAL
  455 Golden Gate Avenue, Suite 11000
  San Francisco, California 94102
  P.O. Box 85266
  Tel: (415) 510-4400
  Fax: (619) 645-2581
  E-mail: Michael.Dorsi@doj.ca.gov

*Counsel for Respondents and Defendants
California Department of Forestry and Fire
Protection's Office of State Fire Marshal, et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,<br><br>Respondents and Defendants,<br><br>SABLE OFFSHORE CORP., et al.,<br><br>Real Parties in Interest.<br><br>ENVIRONMENTAL DEFENSE CENTER, et al.,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,<br><br>Respondents and Defendants,<br><br>SABLE OFFSHORE CORP., et al.,<br><br>Real Parties in Interest | Case No. 2:26-cv-05242<br><br>**STATEMENT OF RESPONDENTS CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, ET AL. RE: SOVEREIGN IMMUNITY**<br><br>Date: June 8, 2026<br>Dept. 10A<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Action Filed: April 15, 2025<br>Action Removed: May 15, 2026<br>Trial Date: TBD |

1

**STATEMENT**

This Court advanced the Motion to Remand, filed by Respondent California Department of Forestry and Fire Protection's Office of the State Fire Marshal, et al., (OSFM), to hearing on Monday, June 8, 2026. This schedule will prevent OSFM from filing a reply brief.

OSFM moved to remand based on two arguments: timeliness and sovereign immunity. As to timeliness, the argument is straight-forward: Sable and the U.S. had 30 days to remove but waited 62 days. OSFM does not need additional pages to address this issue and, in lieu of reply, can address any questions from the Court at the hearing on June 8, 2026. But sovereign immunity is more complicated. Counsel for OSFM conferred and reached a stipulation with the U.S. and Sable concerning the submission of this statement and their opposition briefs.

***

In response to Petitioners' Emergency Motion to Remand, ECF 45, the U.S. argued that sovereign immunity does not apply when the U.S. brings claims against a state. *See* ECF 51 at 12 n.3 (citing *West Virginia v. United States*, 479 U.S. 305, 311 (1987). *West Virginia* concerns claims by the United States arising under federal law. OSFM's assertion of sovereign immunity is based on *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97 (1984), which held that a federal court may not "order[] state officials to conform their conduct to state law." Upon review, it appears that it is a question of first impression in this Circuit whether a federal court may order a state to conform to state law if the federal government is the plaintiff.

But this Court need not resolve the apparent conflict between *West Virginia* and *Pennhurst* because this case does not present that question. While this case arises from allegations that OSFM did not comply with the California Environmental Quality Act (CEQA), those claims are asserted by petitioners Center for Biological Diversity and Environmental Defense Center (Petitioners). Upon

removal, neither the U.S., nor Sable (which alleges that it is acting at the U.S.' direction) joins Petitioners' arguments. Accordingly, this Court lacks jurisdiction to resolve Petitioners' claims against OSFM. Even if the District Court addresses the U.S.' and Sable's claims concerning the preliminary injunction, the underlying claims by Petitioners against OSFM should be remanded to the Santa Barbara County Superior Court for final resolution. *See, e.g.*, *Rohnert Park Citizens to Enforce CEQA v. California Dep't of Transp.*, No. C07 4607 TEH, 2008 WL 2157002, at *1 (N.D. Cal. May 21, 2008) (finding lack of federal jurisdiction over CEQA claim against state agency).

If this Court determines that it must resolve the seeming conflict between *West Virginia*, and *Pennhurst*, it should conclude that *Pennhurst* controls, and a federal court cannot order a state to conform its conduct to state law even if the U.S. is the plaintiff.

Although the Ninth Circuit once stated that the U.S. exception to state sovereign immunity (citing *West Virginia*) takes precedence over state sovereign immunity (citing *Pennhurst*), that decision was vacated when reviewed *en banc*. *U.S. ex rel. Fine v. Chevron, U.S.A., Inc.*, 39 F.3d 957, 962–63 (9th Cir. 1994), *opinion vacated on reh'g*, 72 F.3d 740 (9th Cir. 1995). More, *Fine* concerned a claim under federal law, not state law, and was simply citing *Pennhurst* for general principles of state sovereign immunity, not the specific principle that a federal court lacks the power to order a state to conform activity to state law.

The principles outlined in *Pennhurst* are not about the power of a litigant— they are about the power of a court. As explained in *Pennhurst*, "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106. This Court should decline the U.S.' invitation to

find an exception to this rule when the U.S. is a litigant.

OSFM acknowledges that in *United States v. Hawaii*, 832 F.2d 1116, 1117 (9th Cir. 1987), the Ninth Circuit concluded that the U.S. could bring a claim for contribution against a state in federal court, applying that state's law of contribution. The Ninth Circuit held that the U.S. could do so even when the plaintiff who sued the U.S. to initiate the case could not have sued the state in federal court. *Hawaii* is distinguishable because it concerns the proper resolution of claims for damages, not an order requiring a state to conform its conduct to state law. *Pennhurst* speaks to the power of a federal court to order a state to conform its conduct to state law. *Hawaii* does not address that issue. In fact, the Ninth Circuit's summary of Hawaii's argument indicates that Hawaii did not raise the application of *Pennhurst*. Rather, Hawaii argued that "that the eleventh amendment bars suit in federal court because the United States [was] attempting to collect on claims the Lees could not have brought in federal court." *Hawaii*, 832 F.2d at 1117.[1]

Dated:  June 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiffs California Department of Forestry and Fire Protection's Office of the State Fire Marshal, et al.*

---

[1] OSFM conferred with the U.S., and disclosed the *Fine* and *Hawaii* cases to counsel for the U.S., who indicated that the U.S. would address this in the U.S.' responding brief. The Stipulation waives OSFM's written reply. Accordingly, if the U.S. disagrees with OSFM's positions on this issue, OSFM's counsel will be prepared to discuss this issue at the hearing on June 8, 2026.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for California Department of Forestry and Fire Protection's Office of the State Fire Marshal, certifies that this statement contains 923 words, which complies with the word limit of L.R. 11-6.1.


Dated:  June 1, 2026                    Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiffs California Department of Forestry and Fire Protection's Office of the State Fire Marshal, et al.*