ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
BRADLEY CRAIGMYLE
JUSTIN D. HEMINGER
Assistant Deputy Attorneys General
RILEY WALTERS
Counsel
Environment and Natural Resources Division
STEFAN J. BACHMAN (DC Bar Number 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
150 M Street, N.E., Room 2.900
Washington, D.C. 20002
Tel: (202) 598-9566
*Counsel for United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al.,<br><br>    Petitioners/Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.,<br><br>    Respondents/Defendants.<br>_____<br><br>SABLE OFFSHORE CORP. et al.,<br><br>    Real Parties in Interest.<br>_____ | Case No. 2:26-CV-5242-SVW-SSC<br><br>**SPECIAL APPEARING PARTY UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO REMAND** |

ENVIRONMENTAL DEFENSE CENTER et al.,

          Petitioners/Plaintiffs,

          v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.,

          Respondents/Defendants.

_____

SABLE OFFSHORE CORP. et al.,

          Real Parties in Interest.

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................2

III.  LEGAL BACKGROUND ....................................................................................3

IV.   ARGUMENT .......................................................................................................4

      A.   This action is now directed to the United States...................................4

      B.   The United States timely filed its notice of removal. ...........................6

          1.   California's proposed application of § 1446(b) to the United States is wrong twice over—it misapplies the text and ignores why § 1442 exists.....................................................6

          2.   Even if § 1446(b)'s limit applies, the United States timely removed. ........................................................................8

      C.   State sovereignty does not dictate remand. ...........................................11

V.    CONCLUSION...................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Enbridge Energy, LP v. Nessel,*
146 S. Ct. 1074 (2026)...................................................................................7

*California v. Salas,*
No. 24-mc-80105, 2024 WL 3757492 (N.D. Cal. Aug. 12, 2024) .....................8

*Chevron USA Inc. v. Plaquemines Parish, La.,*
146 S. Ct. 1052 (2026)...............................................................................5, 6

*Cnty. of San Mateo v. Chevron Corp.,*
32 F.4th 733 (9th Cir. 2022) ..........................................................................8

*Dietrich v. Boeing Co.,*
14 F.4th 1089 (9th Cir. 2021) ...............................................................passim

*Durham v. Lockheed Martin Corp.,*
445 F.3d 1247 (9th Cir. 2006) .....................................................................3, 8

*Fischer v. United States,*
603 U.S. 480 (2024)....................................................................................10

*Fore Stars, Ltd. v. City of Las Vegas,*
488 F. Supp. 3d 982 (D. Nev. 2020)................................................................9

*Goncalves v. Rady Children's Hosp. San Diego,*
865 F.3d 1237 (9th Cir. 2017) .................................................................3, 5, 6

*Guidry v. Durkin,*
834 F.2d 1465 (9th Cir. 1987) .......................................................................12

*Harris v. Bankers Life & Cas. Co.,*
425 F.3d 689 (9th Cir. 2005) .........................................................................11

*Hawaii v. Abbott Labs., Inc.,*
469 F. Supp. 2d 843 (D. Haw. 2006)................................................................9

*In re State of N.Y.*,

    256 U.S. 490 (1921)........................................................................................................4

*Kocaj v. Chrysler Corp.*,

    794 F. Supp. 234 (E.D. Mich. 1992) .....................................................................10

*Land v. Dollar*,

    330 U.S. 731 (1947).................................................................................................3, 4

*Loftin v. Rush*,

    767 F.2d 800 (11th Cir. 1985) .................................................................................7

*Maine v. Alden*,

    527 U.S. 706...........................................................................................................12

*McCormick v. Excel Corp.*,

    413 F. Supp. 2d 967 (E.D. Wisc. 2006)..............................................................9, 10

*Miami Herald Media Co. v. Fla. Dep't of Transp.*,

    345 F. Supp. 3d 1349 (N.D. Fla. 2018) .......................................................5, 6, 7, 8

*Morsani v. Major League Baseball*,

    79 F. Supp. 2d 1331 (M.D. Fla. 1999)................................................................9, 10

*Nationwide Invs. v. Miller*,

    793 F.2d 1044 (9th Cir. 1986) .................................................................................3

*Niagara Mohawk Power Corp. v. Bankers Tr. Co. of Albany*,

    791 F.2d 242 (2d Cir. 1986) ..................................................................................12

*Peabody v. Maud Van Cortland Hill Schroll Trust*,

    892 F.2d 772 (9th Cir. 1989) ...................................................................................9

*Pennhurst State School & Hospital. v. Halderman*,

    465 U.S. 89 (1984)................................................................................................. 12

*Rowland v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*,

    142 F.4th 1169 (9th Cir. 2025) ................................................................................4

iii

*State ex rel. Slatery v. Tennessee Valley Auth.*,

311 F. Supp. 3d 896 (M.D. Tenn. 2018) ...............................................................7

*Watson v. Philip Morris Cos., Inc.*,

551 U.S. 142 (2007)...............................................................................................8

*Willingham v. Morgan*,

395 U.S. 402 (1969)...............................................................................................3

*Ziegler v. Beers*,

412 F. Supp. 2d 746 (N.D Ohio 2005) ..................................................................7

**Statutes**

28 U.S.C. § 1442 (1486).................................................................................................5

28 U.S.C. § 1442 (1996).................................................................................................5

28 U.S.C. § 1442(a)(1)......................................................................................1, 3, 4, 5, 6

28 U.S.C. § 1442(c) (2011)............................................................................................5

28 U.S.C. § 1442(d)(1) (2013).......................................................................................5

28 U.S.C. § 1446(b)(3) ........................................................................................4, 6, 7, 8, 9

## I.    INTRODUCTION

This case concerns the same oil pipeline owned and operated by Sable Offshore Corporation and Pacific Pipeline Company (collectively, "Sable") that is already the subject of four related lawsuits pending in this Court. The United States removed this case from state court because intervening events—including an order from the state court misinterpreting and misapplying federal law—have so fundamentally altered the nature of this suit that it, too, now properly belongs in this Court.

Defendants California Department of Forestry and Fire Protection et al.'s ("California") motion to remand (Dkt. No. 46) should be denied. As currently postured, this case is about a conflict between (1) a U.S. Department of Energy order issued to Sable under the Defense Production Act ("DPA Order") and involving the pipeline and (2) a state court order issued on April 17, 2026 ("the April Order"), that interferes with the DPA Order and misinterprets a federal consent decree involving the pipeline. When the state court issued the April Order, it became "unequivocally clear and certain" that the case is now "against or directed to" the United States, and the United States promptly removed it to this Court under 28 U.S.C. § 1442(a)(1). *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (grounds for removal are ascertainable only when "unequivocally clear and certain").

California's motion establishes no basis for remand. The federal officer removal statute is construed broadly in favor of a federal forum to protect federal interests from potential state court interference. California does not—and cannot—dispute that this case is now directed to the United States. Its timeliness argument seeks to graft atextual requirements onto § 1442(a)(1) to impede federal review and incorrectly focuses on the DPA Order as the removal triggering event—despite precedent firmly establishing that external federal developments do not start the removal clock. California further fails to recognize that it lacks sovereign immunity

1

as to the United States. Because the United States timely and properly removed the state action, the Court should deny California's remand motion and resolve this case in the ordinary course, along with the four related cases pending before it.

## II.    FACTUAL BACKGROUND

Plaintiffs filed complaints in California Superior Court on April 15, 2025, against California, including State Fire Marshal Daniel Berlant in his official capacity ("OSFM"), challenging California's issuance of state waivers to Sable. *See generally* Dkt. No. 57 at PageID 19275–79 (providing additional factual background). Obtaining the waivers is one step in a lengthy process Sable has taken as a nonparty, contractual transferee under a consent decree entered by this Court in 2020 to resume transporting crude oil through segments CA-324 and CA-325 of the Santa Ynez Pipeline System ("the segments"). Plaintiffs' suit contends that OSFM failed to comply with state and federal laws when issuing the waivers to Sable. *See* Dkt. Nos. 1-2; 1-3.

In July 2025, the state court issued a preliminary injunction preventing Sable from resuming transportation of oil through the segments until Sable complies with all provisions of the federal consent decree. *See* Dkt. No. 1-4. Since then, Sable has twice asked the state court to dissolve the injunction: first after the federal Pipeline and Hazardous Materials Safety Administration reclassified the segments as interstate and again after the Secretary issued the DPA Order. The state court denied both requests.

The state court's second order, issued on April 17, 2026 (the April Order), is most relevant here. In that Order, the state court refused to dissolve its injunction and directed Sable to disobey the DPA Order. The court reasoned that it was simply enforcing the federal consent decree—and that Sable's obligations under the DPA Order were secondary to its obligations under the decree. *See* Dkt. No. 1-5. In the court's view, because no conflict existed between the decree and the injunction, the injunction should remain in place—despite the injunction's direct conflict with the

DPA Order. *See id.*

Less than 30 days later, on May 14, 2026, Sable and the United States jointly notified the parties and the Court that the case was removed under the federal officer removal statute. Dkt. No. 1.[1] On May 18, 2026, Plaintiffs filed their ex parte application seeking to remand the case to state court. Dkt. No. 45. That same day, California separately moved to remand the case to state court. Dkt. No. 46.

## III.    LEGAL BACKGROUND

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), permits removal of cases "against or directed to" the United States and its officers or agencies, "in an official or individual capacity, for or relating to any act under color of such office." Courts must construe § 1442(a)(1) broadly in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The policy animating the statute—providing federal officers and the federal government the protection of a federal forum—"should not be frustrated by a narrow, grudging interpretation." *Id.* (quoting *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969)).

This Court's inquiry is whether the United States is "threatened," one way or another, "with the state's coercive power." *Nationwide Invs. v. Miller*, 793 F.2d 1044, 1046 (9th Cir. 1986). When "the essential nature and effect of the proceeding" is to "interfere with the public administration," the suit is against the sovereign for purposes of the federal officer removal statute. *Land v. Dollar*, 330 U.S. 731, 738 (1947) (cleaned up). A case is directed to the United States when it would interfere with federal interests, even if the action is nominally against only private parties. *See Goncalves by and through Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1250 (9th Cir. 2017).

---

[1] Though California inaccurately states (Mot. at 4) that the United States and Sable filed the Notice of Removal on May 15, 2026, that date is also still less than 30 days after the April Order.

When a defendant seeks to remove an action, the removal "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has held that grounds for removal become ascertainable only once "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

## IV.   ARGUMENT

### A.   This action is now directed to the United States.

As an initial matter, California does not dispute that the state court action is now "against or directed to" the United States under § 1442(a)(1). *See generally* Dkt. No. 46. So California has forfeited any argument challenging removability of this case on those grounds. *See Rowland v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 142 F.4th 1169, 1172 (9th Cir. 2025); Local Rule 7-5.

Still, any attempt to resist removal on this basis would have failed because the April Order is, in fact, against or directed to the United States and the Secretary of Energy "for or relating to [an] act under color of [his] office." 28 U.S.C. § 1442(a)(1). Courts have long held that a suit may be against the United States when it targets federal operations or interests, regardless of the nominal parties named in the action. *See Land*, 330 U.S. at 738; *In re State of N.Y.*, 256 U.S. 490, 500 (1921).

In 2011, Congress expanded § 1442(a)(1) to authorize removal not only of actions brought "against" federal officers but also those "directed to" them.[2]

---

[2] From 1996 to 2011, § 1442(a)(1) required that a state court suit could be removed only to federal court if an officer of the United States or person acting thereunder was a named defendant, i.e., "sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442 (1996). Prior to 1996, and since 2011, the statutory language does not require that the officer or person acting thereunder be a named defendant to effect removal. 28 U.S.C. § 1442 (1948).

*Goncalves*, 865 F.3d at 1250. Congress' intent was to "broaden the universe of acts that enable Federal officers to remove to Federal court" and to correct what it viewed as federal courts' overly narrow reading of the statute. *Id.* (citations omitted). The changes also included defining the term "civil action" to mean proceedings that are ancillary to the original suit, if a judicial order is sought or issued that is against or directed to the United States or a federal officer. *Id.*; *compare* 28 U.S.C. § 1442(c) (2011), *with* 28 U.S.C. § 1442(d)(1) (2013). Both before and after Congress' 2011 amendments, federal courts have repeatedly sustained removal under § 1442(a)(1) where a suit interferes with federal functions, even when the United States, its officers, or its agencies are not named defendants. *See id.*; *Miami Herald Media Co. v. Fla. Dep't of Transp.*, 345 F. Supp. 3d 1349, 1363–67 (N.D. Fla. 2018); Dkt. No. 1 PageID 10–11 (collecting cases finding removal proper even where there is no federal party to the case).

The U.S. Supreme Court recently reaffirmed the principle of broad federal-officer removal when it construed § 1442(a)(1)'s phrase "relating to any act under color of such office" in favor of expansive removal authority. *Chevron USA Inc. v. Plaquemines Par., La.*, 146 S. Ct. 1052, 1060–62 (2026). This interpretation, in a case brought against a crude oil producer, reinforces that § 1442(a)(1) is not limited to actions formally brought against a federal officer. By construing the phrase "relating to" broadly, the Court recognized that federal-officer removal extends to suits that bear a sufficient connection to federal operations or conduct undertaken under federal authority. *Id.* at 1060–61. That interpretation is consistent with the statute's purpose of ensuring a federal forum for disputes that implicate federal interests and the performance of federal functions.

Those principles apply with particular force here. Although neither the United States nor the Secretary is a named party, the practical effect of the state court's April Order is to restrain and nullify the DPA Order's effect. The April

Order therefore now implicates not just the nominal defendant, California, but the Secretary of Energy's exercise of authority under the DPA and the federal interests embodied in the DPA Order—thus indisputably directing the suit to the United States and the Secretary. *Goncalves*, 865 F.3d at 1245–51; *Miami Herald*, 345 F. Supp. 3d at 1363. And there is no question that the April Order "relat[es] to" an "act" by the Secretary "under color of" his office, particularly given the Supreme Court's recent broad reading of that statutory requirement. 28 U.S.C. § 1442(a)(1); *Chevron USA*, 146 S. Ct. at 1060–62. Because the April Order threatens to subvert an order issued under federal authority, removal under § 1442(a)(1) is not merely permissible—it is precisely the circumstance for which the statute was designed.

     B.     <u>The United States timely filed its notice of removal.</u>

Contrary to California's assertions, the United States timely removed this action to federal court. When, as here, the United States is not a party to the underlying state action, 28 U.S.C. § 1446(b)'s 30-day limitation does not apply. But even if it did, the United States properly removed within 30 days of the April Order—the first "amended pleading, motion, order, or other paper" from which it first became "unequivocally clear and certain" that the action is now directed to the United States. *Dietrich*, 14 F.4th at 1091 (interpreting 28 U.S.C. § 1446(b)(3)).

     1.     *California's proposed application of § 1446(b) to the United States is wrong twice over—it misapplies the text and ignores why § 1442 exists.*

By its plain terms, § 1446(b)(3)'s 30-day deadline applies only to "a defendant." Because the United States is not a defendant in this case, it is not subject to that deadline.

The cases California cites in its motion, Dkt. No. 46 at PageID 19097–98, do not alter this conclusion. *Enbridge Energy, LP v. Nessel* addressed whether equitable tolling could excuse a private defendant's untimely removal. 146 S. Ct. 1074, 1082–84 (2026). The case says nothing about whether § 1446(b)(3)'s

deadline binds the federal government when removing under § 1442(a) as a nonparty in the underlying state suit. The other cases California relies on likewise have no bearing on timeliness here because federal agencies were defendants in each of those cases such that § 1446(b)(3)'s time limit applied. *See Loftin v. Rush*, 767 F.2d 800, 801 (11th Cir. 1985) (noting the U.S. Navy's obligation to file an answer); *State ex rel. Slatery v. Tennessee Valley Auth.*, 311 F. Supp. 3d 896, 899–901 (M.D. Tenn. 2018) (noting the state filed a complaint against TVA and TVA answered); *Ziegler v. Beers*, 412 F. Supp. 2d 746, 747 (N.D. Ohio 2005) (describing complaint filed against Mission of the United States and the United States' answer). California cites no example of a court applying § 1446(b)'s limits to a non-defendant, and it cites no case where the federal government was shut out of federal court when a state court case threatened to nullify a federal action.

More, California misreads and misapplies *Miami Herald*, a case the United States cited in its notice of removal. Contrary to California's assertions, the United States was <u>not</u> a party, and the question of removal by a federal nonparty <u>was</u> briefed in that case. *See* Government's Consolidated Brief on Pending Motions, *Miami Herald*, Case No. 4:18-CV-00392 (N.D. Fla. Sep. 10, 2018), Dkt. No. 12 at PageID 21–52 (arguing in support of removal under § 1442 by nonparty United States). It is also not true, as California contends, that *Miami Herald* simply applied Eleventh Circuit precedent to § 1446(g) rather than addressing § 1446(b)'s limits. *See* Dkt. No. 46 at PageID 19099. California ignores that *Miami Herald* expressly said that § 1446(b) "does not address removal by a non-party to the case." 345 F. Supp. 3d at 1366. And it said the plaintiffs' argument that the 30-day clock started when the federal agency received "informal notice about the lawsuit," rather than formal service of process, was "misplaced." *Id.* Finally, as discussed above, California's arguments that the time limitations for removal apply to the United States <u>as a nonparty</u> rely on a misreading of *Loftin* and *Enbridge*.

7

That misreading is compounded by California's disregard for the well-established principle that § 1442 is construed broadly—and the compelling reasons why. Federal officer removal serves a fundamentally different purpose than removal under general provisions because it reflects Congress' determination that federal officers and the federal government itself need a federal forum to protect themselves from potential state court interference. *See Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 150 (2007); *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755–56 (9th Cir. 2022). Even when a federal officer or agent is a defendant in the state action, courts extend § 1442's liberal construction to § 1446(b)'s time limits. *See Durham*, 445 F.3d at 1253; *California v. Salas*, No. 24-mc-80105, 2024 WL 3757492, *4–6 (N.D. Cal. Aug. 12, 2024). It cannot follow, then, that a court should interpret § 1446(b) as containing a silent time limit on a nonparty sovereign to defeat the presumption in favor of removal. The Court should reject California's attempt to graft such a requirement onto the statutory text.

2.    *Even if § 1446(b)'s limit applies, the United States timely removed.*

If the United States is subject to § 1446(b)(3)'s 30-day time limit for "the defendant," its removal is timely. The United States removed within 30 days of the state court's April Order, which purported to nullify the effect of the DPA Order. This was the first "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Until the April Order, the United States had no reason, let alone an unequivocally clear and certain one, to view the case as "directed to" the United States.

At the outset, California fails to acknowledge, both in its Legal Standards and Argument, that the Ninth Circuit has held that grounds for removal are ascertainable only when "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1091. Indeed, California neither cites *Dietrich* nor explains how it was

"unequivocally clear and certain" *before* the April Order that the case was removable.

Setting aside its failure to cite the correct legal standard, California's timeliness arguments are flawed. California asserts that the Secretary of Energy's March 13 DPA Order started the removal clock, but that assertion fails at the threshold because § 1446(b) does not contemplate unilateral federal action *outside the state-court proceedings* as a triggering event. Instead, § 1446(b)(3) permits filing a notice of removal within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

And the Ninth Circuit has held that the "record of the state court" is the only source relevant to determining removability. *Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 772, 775 (9th Cir. 1989). Thus, district courts examining § 1446(b)(3)'s text consistently find that the terms "order or other paper" apply only to documents filed in the underlying state action. *Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 843, 848 (D. Haw. 2006) ("Within the Ninth Circuit, the phrase 'other paper' has been interpreted as documents generated within the state court litigation.") (cleaned up) (citations omitted); *McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 970–71 (E.D. Wisc. 2006) (applying doctrine of ejusdem generis to find "order or other paper" applies only to documents filed in case under review); *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333 n.4 (M.D. Fla. 1999) (collecting cases and stating terms "receipt by defendant" suggests order or other paper must be found within state court proceeding). In fact, not even filings in other lawsuits or orders issued by circuit courts or the U.S. Supreme Court are generally considered an "order or other paper" under the statute. *See, e.g.*, *Fore Stars, Ltd. v. City of Las Vegas*, 488 F. Supp. 3d 982, 993 (D. Nev. 2020); *Morsani*, 79 F. Supp. 2d at 1334; *Kocaj v. Chrysler Corp.*, 794 F. Supp. 234, 236 (E.D. Mich. 1992).

This conclusion aligns with basic principles of statutory interpretation, which require that the phrase "other paper" be construed considering the terms just before it. *See Fischer v. United States*, 603 U.S. 480, 487 (2024) ("a general phrase can be given a more focused meaning by the terms linked to it"); *McCormick*, 413 F. Supp. 2d at 970. And the terms preceding "other paper"—"amended pleading, motion, order"—each refer to *court filings*. The text, then, does not extend to orders issued outside of court, such as orders issued by the Executive Branch. So if any event started the removal clock for the United States, it was the April Order filed in the state-court proceeding—not the DPA Order or the other filings California points to in its motion (Dkt. No. 46 at PageID 19095–96).

California not only misinterprets § 1446(b)(3), but, by focusing on the wrong events, it asks the wrong question. The issue here is not when federal authority underlying a potential conflict with the state court's orders was first exercised, but when it became ascertainable that the state action was "directed to" the United States within the meaning of § 1442. Grounds for removal become ascertainable only once "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1091.

That did not occur, as California argues, when the DPA Order was issued or when Plaintiffs moved to enforce the preliminary injunction (Dkt. No. 46 at PageID 19096). At those points, the state court could have denied Plaintiffs' motion, harmonized the injunction with the DPA Order, modified the injunction, or dissolved the injunction entirely. Until the state court held otherwise, any conflict between the preliminary injunction and the DPA Order was speculative. And § 1446(b)(3) does not require the United States to file anticipatory or protective removal notices based on the mere possibility that a state court might later construe its orders in a manner adverse to federal interests. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (holding removability is not based on subjective knowledge and defendant has no duty to inquire beyond the pleadings). In fact, refraining from such preemptive removals respects state judicial power and

10

basic principles of federalism. *See Dietrich*, 14 F.4th at 1094 (recognizing that the brightline unequivocally clear and certain standard "ensure[s] respect for the jurisdiction of state courts") (citation and quotation marks omitted).

In sum, the state court's April Order fundamentally transformed the nature of the state action and the preliminary injunction. Only when the state court denied Sable's motion to dissolve the injunction, directed Sable to disobey the DPA Order, and purported to enforce the federal consent decree did the state action become one objectively interfering with federal authority and the execution of federal duties. *That* was the triggering event for the United States' removal under § 1442 because it placed the United States' interests squarely in controversy and made the United States' grounds for removal "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1095.

Put differently, California confuses awareness of a potential federal issue with ascertainment of removability. The United States removed this case not because the state court issued the preliminary injunction in July 2025 but because the April Order interpreted the relationship between the state injunction, the federal consent decree, and the subsequent DPA Order in a manner that directly interferes with the Secretary of Energy's delegated authority. Because the United States filed its notice of removal within 30 days of the April Order, removal would be timely even if § 1446(b)(3) applied.

C.    State sovereignty does not dictate remand.

California briefly raises another irrelevant issue by asserting that its Eleventh Amendment immunity precludes this Court from evaluating whether it complied with state law. Dkt. No. 46 at PageID 19099–100. But the grounds for the United States' removal here is the April Order against Sable. Sovereign immunity is plainly irrelevant to the April Order and the removal question presently before the Court.

Further, sovereign immunity would be a basis to dismiss this case, not

remand it to state court. This Court has subject matter jurisdiction over this case because the federal officer removal statute is jurisdiction-conferring, and this case was properly removed to this Court under § 1442(a). *See, e.g.*, *Guidry v. Durkin*, 834 F.2d 1465, 1468 (9th Cir. 1987); *see also Niagara Mohawk Power Corp. v. Bankers Tr. Co. of Albany*, 791 F.2d 242, 244 (2d Cir. 1986). California's arguments for remand are not based on the federal officer removal statute. Nor has California cited a case in which removal was otherwise proper but was rejected on sovereign immunity grounds.

California's reliance on *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), is misplaced. The Supreme Court in *Pennhurst* held that the doctrine of *Ex Parte Young* does not apply to claims for prospective relief against state officers based on state law. 465 U.S. at 104–06. The April Order was directed to Sable, not California or its agencies or officers. *Pennhurst* thus is irrelevant.

Finally, California is wrong in arguing in its supplemental brief that *Pennhurst* operates as a limitation on the power of this Court independent of the State's sovereign immunity. *Pennhurst* is rooted in state sovereign immunity, not an independent limit on Article III judicial power. *See Penhurst*, 465 U.S. at 97–103. The relevant holding in *Pennhurst* flowed from an intrusion on state sovereignty based on sovereign immunity, *id.*, which was part of the constitutional structure and design at its founding. *See Maine v. Alden*, 527 U.S. 706, 712–30. The Eleventh Amendment served only to confirm that the States' sovereign immunity remained part of the constitutional design, not to expand it. *See id.* at 722–23.

## V.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny California's motion to remand.

Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General
Robert N. Stander
Bradley Craigmyle
Justin D. Heminger
Deputy Assistant Attorneys General
Riley Walters
Counsel
Environment and Natural Resources Division
United States Department of Justice

/s/ *Stefan J. Bachman*
Stefan J. Bachman (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566

## Certificate of Compliance with Local Rule 11-6.2

The undersigned, counsel of record for the United States of America, certifies that this brief does not exceed 25 pages and contains 4,077 words, which complies with this Court's New Case Order, Dkt. No. 70, and the word limit of L.R. 11-6.1.

/s/ *Stefan J. Bachman*
Stefan J. Bachman (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566

13