HOLLAND & KNIGHT LLP
　　Andrew Klair (Bar No. 334960)
　　*andrew.klair@hklaw.com*
560 Mission St., Suite 1900
San Francisco, CA 94105
Telephone: +1 415.743.6962
　　James W. Noe (*pro hac vice* pending)
　　*jim.noe@hklaw.com*
　　Rafe Petersen (*pro hac vice*)
　　*rafe.petersen@hklaw.com*
　　Matthew Z. Leopold (*pro hac vice* pending)
　　*matt.leopold@hklaw.com*
800 17th St., NW, Suite 1100
Washington, DC 20006
Telephone: +1 202.469.5525

LATHAM & WATKINS LLP
　　Jessica Stebbins Bina (Bar No. 248485)
　　*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

BABST CALLAND
　　Nicholas McDaniel (*pro hac vice*)
　　*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

*Attorneys for Real Parties in Interest Sable
Offshore Corp. and Pacific Pipeline Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>　　　*Petitioners/Plaintiffs,*<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,<br><br>　　　*Respondents/Defendants.* | No. 2:26-cv-05242-SVW-SSCx<br><br>**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND TO DISSOLVE INJUNCTION, ECF 43**<br><br>Date: June 29, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A<br>Date Removed: May 14, 2026 |

LATHAM&WATKINS┉┉
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

SABLE OFFSHORE CORP., et al.,

    *Real Parties in Interest.*

ENVIRONMENTAL DEFENSE CENTER, et al.,

    *Petitioners/Plaintiffs,*

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al.,

    *Respondents/Defendants.*

SABLE OFFSHORE CORP., et al.,

    *Real Parties in Interest.*

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................II

II.     ARGUMENT ......................................................................................2

    A.      The State Court Injunction Should Be Modified Or Dissolved ................................................................................2

        1.      Mootness Requires Dissolution .................................2

        2.      This Case Is An Impermissible Collateral Attempt To Enforce The Consent Decree.................................4

        3.      PHMSA Has Jurisdiction, Not OSFM......................5

        4.      The DPA Order Preempts Petitioners' State Law Claims And Immunizes Sable......................................6

        5.      The DPA Order Independently Requires Dissolution ...............................................................8

    B.      This Motion Is Proper .........................................................8

        1.      This Motion Is Proper Under Rules 54, 59, And 65.................9

        2.      Notwithstanding The Injunction's Legal Infirmities, Sable Has Made Its Best Efforts To Comply....................................................................11

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

i

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ackerman v. Nev. Dep't of Corr.*,
No. 2:11-cv-00883, 2013 WL 1874753 (D. Nev. May 3, 2013)..........................8

*Agostini v. Felton*,
521 U.S. 203 (1997).........................................................................................10

*Avco Corp. v. Aero Lodge No. 735*,
390 U.S. 557 (1968)...........................................................................................9

*Barilla v. Ervin*,
886 F.2d 1514 (9th Cir. 1989) ...........................................................................9

*Birmingham Fire Fighters Ass'n 117 v. Jefferson County*,
290 F.3d 1250 (11th Cir. 2002) .......................................................................11

*Blue Chip Stamps v. Manor Drug Stores*,
421 U.S. 723 (1975)...........................................................................................4

*California v. EPA*,
978 F.3d 708 (9th Cir. 2020) ....................................................................8, 9, 10

*Californians for Alts. to Toxics v. Troyer*,
No. Civ. S-05-1633FCDKJM, 2006 WL 464084 (E.D. Cal. Feb.
27, 2006) .......................................................................................................2, 3

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ...........................................................................10

*Credit Suisse First Bos. Corp. v. Grunwald*,
400 F.3d 1119 (9th Cir. 2005) ...........................................................................9

*Crosby v. Nat'l Foreign Trade Council*,
530 U.S. 363 (2000)...........................................................................................6

*DeFunis v. Odegaard*,
416 U.S. 312 (1974)...........................................................................................3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

*Dominguez v. Better Mortg. Corp.*,
    88 F.4th 782 (9th Cir. 2023) ........................................................................11

*Donel v. Greenbelt Res. Corp.*,
    No. 2:22-CV-07495-SVW-E, 2023 WL 4677023 (C.D. Cal. June
    8, 2023) ........................................................................................................11

*Env't Def. Ctr. v. PHMSA*,
    No. 25-8059, ECF 21 (9th Cir. Dec. 31, 2025) ...........................................6

*Forest Guardians v. U.S. Forest Serv.*,
    329 F.3d 1089 (9th Cir. 2003) .......................................................................2

*Hercules, Inc. v. United States*,
    24 F.3d 188 (Fed. Cir. 1994) .........................................................................7

*Hercules, Inc. v. United States*,
    516 U.S. 417 (1996).......................................................................................7

*In re "Agent Orange" Product Liability Litigation*,
    597 F. Supp. 740 (E.D.N.Y. 1984) ............................................................7, 8

*Johnson v. Tyson Foods, Inc.*,
    580 F. Supp. 3d 382 (N.D. Tex. 2022) .......................................................6, 7

*Kaufmann v. Kijakazi*,
    32 F.4th 843 (9th Cir. 2022) ........................................................................10

*Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*,
    9 F.4th 1201 (9th Cir. 2021) ..........................................................................2

*Noel v. Hall*,
    341 F.3d 1148 (9th Cir. 2003) ................................................................10, 11

*Nome Eskimo Cmty. v. Babbitt*,
    67 F.3d 813 (9th Cir. 1995) ............................................................................2

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
    810 F.3d 631 (9th Cir. 2015) ..........................................................................3

*Reed v. Tyson Foods, Inc.*,
    No. 21-cv-01155, 2021 WL 5107725 (W.D. Tenn. Nov. 3, 2021) .................6

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

iii

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

*Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ............................................................................10

*Searle v. Allen*,
  148 F.4th 1121 (9th Cir. 2025) ......................................................................10

*SEC v. Coldicutt*,
  258 F.3d 939 (9th Cir. 2001) ..........................................................................12

*Swett v. Schenk*,
  792 F.2d 1447 (9th Cir. 1986) ........................................................................11

*Turner v. Burlington N. Santa Fe R.R. Co.*,
  338 F.3d 1058 (9th Cir. 2003) ........................................................................10

*Turner v. Rogers*,
  564 U.S. 431 (2011) ........................................................................................12

*United States v. Plains All Am. Pipeline, L.P.*,
  No. 20-cv-02415, ECFs 49, 55 (C.D. Cal.) .....................................................5

*United States v. Vertac Chem. Corp.*,
  46 F.3d 803 (8th Cir. 1995) ..............................................................................7

*Williams v. Atkins*,
  786 F.2d 457 (1st Cir. 1986).............................................................................8

**STATUTES**

28 U.S.C. § 1450.....................................................................................................9

49 U.S.C.
  § 60101(a)(8)(B)(i) ...........................................................................................5
  § 60104(c) ....................................................................................................9, 10

50 U.S.C.
  § 4513..............................................................................................................12
  § 4557.......................................................................................................6, 7, 8

Elder California Pipeline Safety Act..................................................................10

**RULES**

C.D. Cal. Local Rule 7-18 ..................................................................................11

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

iv

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

Fed. R. Civ. P.
54(b) ................................................................................................................9
59(e) .............................................................................................................10
60(b) ................................................................................................................9
65 ....................................................................................................................9

**REGULATIONS**

49 C.F.R. pt. 195, Appendix A .......................................................................5

**OTHER AUTHORITIES**

*Comptroller Gen. Warren to the Sec'y of Com.*, 32 Comp. Gen. 497
(May 8, 1953)....................................................................................................7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

## I.    **INTRODUCTION**

This injunction began life as a state court's attempt to ensure that state agencies followed state law when issuing permits described in the Consent Decree. But state pipeline regulators no longer regulate Sable—as the Ninth Circuit made clear when it declined to stay the federal actions that divested state agencies of jurisdiction.  Yet in this procedurally remarkable case, the original petitioners, a series of environmental NGOs ("Petitioners"), now have joined forces with the original defendants, the California Department of Forestry and Fire Protection et al. ("California"), to attempt to maintain an injunction against Sable.

As their briefing here demonstrates, Petitioners and California wish to use this case as a vehicle to resolve a host of issues being litigated elsewhere: for Petitioners, a say in enforcing the Consent Decree to which they are not a party; for California, an alternative forum for the PHMSA jurisdictional questions that are set for argument before the Ninth Circuit next month; and for both, an opportunity to collaterally attack the DPA Order and PHMSA actions in a case to which the United States is not a party.  But as this Court and the Ninth Circuit have found three times already, there is no risk of irreparable harm that would necessitate an injunction during the pendency of those other suits—yet that is exactly what the state court believed when it enjoined Sable's operations pending resolution of the Consent Decree issues.  This is the wrong case, with the wrong parties, and with the wrong requested relief, to decide those questions.

If this Court terminates the Consent Decree or modifies it to recognize PHMSA as the appropriate regulator, the injunction must be dissolved.  Even if not, the changes in jurisdictional status, Sable's abandonment of the state permits, and the DPA Order constitute changed circumstances that justify dissolution.  Sable faces a forced choice between a federal order demanding that it operate and a state court's order demanding that it wait—and has urgently sought every legal remedy

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

1

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

to resolve that conflict. This Court should dissolve the impermissible injunction.

## II.    ARGUMENT

### A.    The State Court Injunction Should Be Modified Or Dissolved

#### 1.    Mootness Requires Dissolution

Petitioners brought this action against OSFM, asking the state court to set aside the State Waivers until OSFM satisfied the alleged legal prerequisites. *See* ECF 2 at 47-48; ECF 19 at 31-32. That is the *only* issue in this case: whether the State Waivers are valid. For that reason, the "narrowly grant[ed]" preliminary injunction was based entirely on a finding that the State Waivers "d[id] not contain a discussion of factors that the OSFM considered significant," as allegedly required by state law. ECF 1-4 at 23-25. But the State Waivers are dead and gone: Sable officially relinquished them, and PHMSA entirely displaced OSFM's jurisdiction over the pipeline. Because there is no longer any live case or controversy, the injunction is moot and should be dissolved.[1]

Under Article III, federal courts lack subject matter jurisdiction to hear moot cases. *See Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021). An actual controversy must exist through all stages of the litigation, and a court must dismiss an action when it can no longer grant effectual relief to the prevailing party. *See id.* at 1208, 1210. That can occur where, as here, "the challenged agency decision at issue is rescinded, superceded [sic] or has expired." *Californians for Alts. to Toxics v. Troyer*, No. Civ. S-05-1633FCDKJM, 2006 WL 464084, at *3 (E.D. Cal. Feb. 27, 2006). The Ninth Circuit thus has dismissed appeals as moot where a challenged lease sale for offshore mining was cancelled for lack of bids, *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 814-16 (9th Cir. 1995), or where a biological opinion underlying federal cattle grazing permits had been superseded, *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1096 (9th Cir.

---

[1] California notably does not contest mootness in its opposition to Sable's motion.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

2003).  The Eastern District of California likewise dismissed as moot a case in which the California Department of Fish and Game relinquished a Clean Water Act permit that would have authorized it to undertake a challenged trout recovery project. *Californians for Alts. to Toxics*, 2006 WL 464084, at *2, *4-6.

The same circumstances are present here.  Sable relinquished the State Waivers.  *See* ECF 37 at 6-7.  And OSFM acknowledged that action by stating that Sable would be required to submit new applications if it desired State Waivers in the future.  *See* ECF 38 at 51.  There is therefore no basis to maintain an injunction based on the State Waivers.  Petitioners' argument that the case is not moot merely because Sable has continued operating the SYPS allegedly in violation of the Consent Decree is inapt.  Petitioners' complaint challenges the *State Waivers*.  Any injunction must be *based on the complaint*, not another case or a general equitable proposition.  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").[2]

Petitioners' contrary authority is state law cases elucidating mootness doctrine in California courts, *see* Pet'rs' Opp'n at 18-20, but "under Art. III '[e]ven in cases arising in the state courts, the question of mootness is a federal one.'"  *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (finding Article III mootness even though case was not moot under state law).  Nor would those cases help Petitioners, even if they reflected federal principles: there, the real parties in interest gave no indication that they intended to abandon the challenged approvals—unlike Sable, who *has* abandoned the State Waivers.  The possibility that Sable could hypothetically reapply for the State Waivers, if OSFM regains jurisdiction over the SYPS, does not create a live controversy.  OSFM has already notified Sable that it would require

---

[2] Neither Petitioners nor California argue that an exception to mootness applies, and any such argument would be forfeited.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

3

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

*new* State Waivers if this series of speculative events ever came to pass. *See* ECF 38 at 51. And OSFM might process those hypothetical requests in a way that resolves Petitioners' objections—or Petitioners could renew their challenge then. Because this case is moot, Sable and the United States intend to seek full dismissal in the near future. But for now, Sable simply requests that the Court recognize the lack of a live case or controversy and dissolve the preliminary injunction.

### 2. **This Case Is An Impermissible Collateral Attempt To Enforce The Consent Decree**

Rather than recognize that the underlying facts supporting the preliminary injunction no longer exist, Petitioners and California—the original defendant—acted in concert to turn this case into an impermissible collateral attempt to enforce the Consent Decree in state court. As an initial matter, neither California nor the Petitioners contest that it would be improper for a state court to enforce the Consent Decree, if that is what the injunction does. Moreover, Petitioners lack standing to enforce the Consent Decree, *see Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975), and California has already moved to "enforce" the Decree (in violation of its exclusive dispute resolution procedures, *see* ECF 4 at 77-79) in the only case where the Court actually has jurisdiction to entertain that challenge.

Thus, California twists itself in knots trying to frame the injunction as the state court simply "aligning its rulings" with the Decree. But this Court can cut through the noise and recognize the obvious: the state court was clearly enforcing its understanding of the Consent Decree when it refused to dissolve the injunction. The preliminary injunction is untethered to the pleaded claims and now is based solely on the state court's understanding (and attempted enforcement) of the Consent Decree terms. Rather than having a collateral fight in which Petitioners (who have no interest in the Consent Decree) are parties, while the United States (which has a very great interest in the Consent Decree) is not, the Court should dissolve this

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

injunction, and address the Consent Decree issues that have now been fully briefed in the appropriate case. *See United States v. Plains All Am. Pipeline, L.P.*, No. 20-cv-02415, ECFs 49, 55 (C.D. Cal.) (cross-motions to enforce and terminate).

### 3.    PHMSA Has Jurisdiction, Not OSFM

California's opposition also attempts another collateral attack on yet *another* case against the United States (a non-party here)—devoting a remarkable eleven pages to disputing PHMSA's jurisdiction over the onshore pipeline segments. As Sable has explained in other briefs to this Court, *see, e.g.*, *Plains*, ECF 61 at 27, the SYPS is an interstate pipeline. For thirty years prior to 2016 (and indeed, during all periods when oil was actually flowing), the pipeline segments at issue were considered interstate and regulated by PHMSA. *See* ECF 38 at 132. The segments were classified as intrastate only when they were not flowing oil. In late 2025, PHMSA conducted a full audit of the pipeline facilities and concluded that the entire SYPS is interstate because it moves oil between a place outside a state (here, federal waters in the Outer Continental Shelf) and a place in a state (here, Pentland Station in California). *Id.*; *see also* 49 U.S.C. § 60101(a)(8)(B)(i); 49 C.F.R. pt. 195, app. A.

California argues that because Sable acknowledged PHMSA's resumption of regulation over the pipeline, it somehow has the burden to defend PHMSA's jurisdiction in this case. This is nonsense. As California previously told this Court, "the question of interstate versus intrastate status is presently before the Ninth Circuit," *Plains*, ECF 55 at 36, and California's challenge there is set for hearing in three weeks.[3] That court ***declined*** to stay PHMSA's approval of a Restart Plan or its issuance of an emergency Special Permit governing restart of the segments—meaning that, as of today, PHMSA has jurisdiction, its approvals govern these pipeline segments, and the Ninth Circuit did not see any basis to enjoin pipeline

---

[3] If the Court is inclined to entertain arguments about the merits of PHMSA's jurisdiction, additional briefing—and the participation of the United States—would be necessary.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

5

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

operation. *See* Order, *Env't Def. Ctr. v. PHMSA*, No. 25-8059, ECF 21 (9th Cir. Dec. 31, 2025). The Court should dissolve the preliminary injunction here, and let these other disputes be decided in the forums where they actually belong.

4.    **The DPA Order Preempts Petitioners' State Law Claims And Immunizes Sable**

The DPA Order's preemptive effect likewise warrants dissolving the injunction. When the DPA Order was issued, it: 1) preempted the state-law requirements on which the Preliminary Injunction rested as preventing Sable's compliance with the DPA Order, and 2) protected Sable from noncompliance with conflicting directives when acting in furtherance of the DPA Order, 50 U.S.C. § 4557. *See Johnson v. Tyson Foods, Inc.*, 580 F. Supp. 3d 382, 388-89 (N.D. Tex. 2022) (holding that "[o]nce the President makes critical infrastructure determinations, 'state law is naturally preempted to the extent of any conflict with a federal statute'" (quoting *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000))); *Reed v. Tyson Foods, Inc.*, No. 21-cv-01155, 2021 WL 5107725, at *6 (W.D. Tenn. Nov. 3, 2021). Because the DPA Order preempts the underlying State Waiver requirement—even absent mootness—there is no basis for injunction.

Petitioners and California raise the same "sky is falling" argument from other cases: bald assertions that "the U.S. is asserting the power to have federal commands take the place of state law in nearly any industry." Cal. Opp'n at 16; Pet'rs' Opp'n at 21 (similar). But the preemption here, and the accompanying protection from state action for compliance, are authorized by the DPA and tailored to the DPA Order. First, there *is* conflict preemption. *Johnson*, 580 F. Supp. 3d at 388-89. Petitioners incorrectly argue that "the Consent Decree[] precludes restart without authorization from OSFM," and so "the Injunctions . . . cannot be preempted" by the DPA Order. Pet'rs' Opp'n at 20-21; *see* ECF 1-5 at 14. But the claims in this case *are not based on the Consent Decree*. The injunction is based solely on state pipeline

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

6

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

law waiver requirements, and *even if* OSFM were still the proper regulator—which it is not, *see supra* at 5-6—the DPA Order *preempted the state-law requirements on which the Preliminary Injunction rested. See* ECF 43 at 25-27.

Second, under Section 4557 of the DPA, Sable enjoys protection from liability for "any act or failure to act resulting directly or indirectly from compliance with a[n] … order issued pursuant to this chapter." 50 U.S.C. § 4557. California argues that giving this language its plain meaning would upset established understandings. *See* Cal. Opp'n at 16. In fact, the opposite is true: Shortly after the DPA was enacted, the Comptroller General—responsible for implementation of Korean War-era DPA contracts—recognized that "the provisions of [§ 4557] deal with damages for *any act or failure to act*, whether under a Government or a private contract, **or even if unrelated to any contract**." *Comptroller Gen. Warren to the Sec'y of Com.*, 32 Comp. Gen. 497, 498 (May 8, 1953) (emphasis added). Indeed, California's and Petitioners' two primary cases both acknowledged that Section 4557's immunity provision may sweep broadly. *See Hercules, Inc. v. United States*, 24 F.3d 188, 203 n.15 (Fed. Cir. 1994); *United States v. Vertac Chem. Corp.*, 46 F.3d 803, 812 n.11 (8th Cir. 1995). And the U.S. Supreme Court expressly *declined* to agree with the argument Petitioners and California now advance: that "the liability shield [of § 4557] . . . only appl[ies] to change the risk of loss in contract liability, [and does] not create broader preemption." Cal. Opp'n at 17; *see Hercules, Inc. v. United States,* 516 U.S. 417, 429-30 & n.14 (1996).

COVID-19-era caselaw continues to recognize that Section 4557 extends, at least, to state-law tort actions. *See, e.g., Johnson,* 580 F. Supp. 3d at 388-89. The only additional case that Petitioners and California raise is *In re "Agent Orange" Product Liability Litigation*, 597 F. Supp. 740 (E.D.N.Y. 1984), but that forty-two-year-old case is not on point—there, the tort claims were not frustrating compliance with a currently-operative DPA Order, as in *Johnson* and *Reed*, but instead

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

7

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

concerned tertiary effects a decade later. *See id.* at 747. Even there the court recognized Section 4557's breadth and further acknowledged that its interpretation was at odds with the "full literal effect" of the actual language. *Id.* at 845. The consistent thread is that Section 4557 sweeps broadly, and accordingly the DPA Order preempts state laws that contravene the actions it directs.[4]

### 5. The DPA Order Independently Requires Dissolution

Even if the injunction was not directly preempted, and even if it was not moot, the injunction should nonetheless be dissolved as a matter of equity: the DPA Order, based on national and economic security, requires the conduct the injunction prohibits. *See California v. EPA*, 978 F.3d 708, 713-15 (9th Cir. 2020); *Williams v. Atkins*, 786 F.2d 457, 460 (1st Cir. 1986); *Ackerman v. Nev. Dep't of Corr.*, No. 2:11-cv-00883, 2013 WL 1874753, at *9 (D. Nev. May 3, 2013). This Court need not reach the merits of the ultimate validity of the DPA Order or its preemptive effects, because it can consider those issues in the cases in which they are squarely presented. Here, this Court need only ask whether continued prospective enforcement of an injunction based on relinquished State Waivers remains equitable in light of the intervening events. This Court can, and should, lift the injunction pending resolution of the merits of these related issues.

### B. This Motion Is Proper

A good portion of both opposition briefs are devoted to procedural attacks. None change the underlying merits: the injunction is moot and maintaining it is directly contrary to the DPA Order. Since "mootness is a jurisdictional defect," "this court cannot be divested of its obligation to consider the issue of mootness on the grounds that the timing or manner in which a party has raised the issue is somehow

---

[4] Further, as Sable has repeatedly reiterated, "Sable has argued the DPA provides a defense to certain specific state law claims; it has not argued that it is free to ignore all state laws that touch on any aspect of the SYPS." Sable's Opp'n to California's Mot. for a Prelim. Inj. at 26, *California v. Wright*, ECF 24-4; Pls.' Opp'n to Def.'s Mot. to Dismiss at 25, *Sable v. Quintero*, ECF 28 (same).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

procedurally improper." *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989). Similarly, no procedural defect, no matter how extreme, justifies maintaining an injunction that gives OSFM jurisdiction it lacks as a matter of federal statute. *See* 49 U.S.C. § 60104(c). In any event, these procedural arguments are wrong, too.

### 1.    **This Motion Is Proper Under Rules 54, 59, And 65**

Where an "action ha[s] been removed," there is "no question of the power of the District Court to dissolve [an] injunction" previously issued by a state court. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 561 n.4 (1968); *see also* 28 U.S.C. § 1450. That is in keeping with "the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Neither California nor Petitioners challenge this Court's statutory authority to act—nor could they, because multiple rules provide an independent procedural basis for this motion.

First, this Court may dissolve the injunction under Rules 60(b) and 65. Neither California nor Petitioners dispute that Sable timely invoked Rules 60 and 65—which have no time limit—and, as explained above, both the PHMSA jurisdictional change and the DPA Order constitute "exigencies" that satisfy Rule 60's "malleable standard for modifying an injunction." *California v. EPA*, 978 F.3d at 713. The Court may dissolve the preliminary injunction on this basis alone.

Sable's motion is also timely and procedurally proper under Rule 54(b), which permits revision of any interlocutory order "*at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). As Petitioners concede, motions to dissolve an injunction "are cognizable under Rule 54." Pet'rs' Opp'n at 14. And the Ninth Circuit has held that a district court "possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order" under the changed

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

9

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

circumstances described above. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration warranted for newly discovered evidence, clear error, or intervening change in controlling law).

This Court may also dissolve the injunction under Rule 59(e), which requires filing "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Sable's motion was filed on May 15, 2026, exactly twenty-eight days after entry of the April 17 Order. And because the April 17 Order expressly reaffirmed the February 27 Order, reconsideration of one necessarily reaches the other. Sable also satisfies the substantive conditions for Rule 59(e) relief, which include "newly discovered evidence," "clear error," or "an intervening change in the controlling law." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (district courts have "considerable discretion" in deciding Rule 59(e) motions). The preliminary injunction's sole legal predicate is OSFM's alleged noncompliance with the Elder California Pipeline Safety Act. PHMSA's December 2025 interstate classification divested OSFM of authority over the SYPS, 49 U.S.C. § 60104(c), and the Ninth Circuit declined to stay that determination. The elimination of the injunction's regulatory foundation is a change in controlling law that independently warrants dissolution. *See Agostini v. Felton*, 521 U.S. 203, 215 (1997) (a court "errs when it refuses to modify an injunction or consent decree" in light of changed law); *California v. EPA*, 978 F.3d at 713 (refusal to modify when "a change in law dissolved the legal basis for its order[] is an abuse of discretion").

Lastly, Petitioners make several other unavailing arguments.

1. This motion is not an improper "de facto appeal" of the state court's orders. Pet'rs' Opp'n at 15-16. Petitioners cite *Searle v. Allen*, 148 F.4th 1121 (9th Cir. 2025), and *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003), two cases concerning the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

10

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

*Rooker-Feldman* doctrine, which does not allow federal-court appeals of the final judgments of state courts. *Id.* at 1154. But since removed cases definitionally lack a final judgment, "the *Rooker-Feldman* doctrine has no application to a properly removed case." *Donel v. Greenbelt Res. Corp.*, No. 2:22-CV-07495-SVW-E, 2023 WL 4677023, at *1 (C.D. Cal. June 8, 2023) (Wilson, J.) (citing cases).

2. This motion is also not "impermissibly successive." Pet'rs' Opp'n at 15. Petitioners cite an out-of-circuit case involving the scope of a party's appellate rights under the Federal Rules of Appellate Procedure. *See Birmingham Fire Fighters Ass'n 117 v. Jefferson County*, 290 F.3d 1250, 1253 (11th Cir. 2002). That has no bearing on whether a district court may entertain successive motions. And in any event, the motions here respond to changed circumstances and do not simply rehash the issues previously litigated.

3. Petitioners are incorrect that Local Rule 7-18's 14-day time limit supersedes Rule 59(e)'s 28-day time limit, *see* Pet'rs' Opp'n at 16, because "the Central District of California's Local Rules . . . cannot shorten the 28-day time limit." *Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 789 n.4 (9th Cir. 2023). In any event, since Sable filed the motion within one day of removal and could not have filed 13 days earlier, there was "good cause" for late filing under Local Rule 7-18. *See, e.g.*, *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (concluding federal employee could remove *after* being held in contempt by state court, because "a contempt action against a federal official for failure to comply with a state court order[] . . . may be removed").

2. **Notwithstanding The Injunction's Legal Infirmities, Sable Has Made Its Best Efforts To Comply**

California and Petitioners repeatedly fault Sable for not complying with the state court's injunction. *See* Cal. Opp'n at 11-13; Pet'rs' Opp'n at 14-15. But Sable complied to the best of its ability, including its unquestioned compliance between

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

June 29, 2025 and March 13, 2026. The situation changed on March 13, however, when the DPA Order put Sable in an impossible position. As California has elsewhere acknowledged, "[t]he DPA Order expressly require[d] Sable's *immediate compliance* with its directions," which are to "'immediately commence . . . hydrocarbon transportation capacity'" through the SYPS. Cal. Br. at 19, 21, *Plains*, ECF 43 (C.D. Cal. Mar. 16, 2026) (emphasis added). On March 13, Sable faced a federal order requiring it to "immediately commence" use of the pipeline, and a state court order requiring it to wait ten days. And just as the court order was backed by the threat of contempt, the DPA—as California has acknowledged—"imposes criminal penalties" for noncompliance. *Id.* at 21; 50 U.S.C. § 4513.

Faced with this dilemma, Sable decided to obey the DPA Order and seek next-day relief from the state court. Petitioners suggest that Sable should have "obtain[ed] the approvals the Injunctions require, then report[ed] them to the State Court and wait[ed] ten days thereafter," Pet'rs' Opp'n at 26, but waiting an indeterminate period—at least ten days and very likely far longer—is hardly "immediately commenc[ing]" operations, as the DPA Order requires. Likewise, California's suggestion that Sable should have "sought relief from the district court" and waited, Cal. Opp'n at 12, would have required disobeying the directive for "immediate compliance." In short, Petitioners and California assert that Sable should have defied the DPA Order. Petitioners' and California's view that Sable should have risked *different* civil and criminal liability does not make the conflict any less real. As one of California's cases recognizes, "an order must be modified if compliance becomes legally impermissible." *SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001); *see also Turner v. Rogers*, 564 U.S. 431, 442 (2011) (explaining that courts regularly excuse noncompliance where a party "is unable to comply"). This Court should recognize the conflict that California has elsewhere conceded and dissolve the injunction.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

12

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

Dated:  June 22, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Jessica Stebbins Bina*
   Jessica Stebbins Bina
   *jessica.stebbinsbina@lw.com*
   10250 Constellation Blvd., Suite 1100
   Los Angeles, CA 90067
   Telephone:  +1 424.653.5500
   Facsimile:   +1 424.653.5501

BABST CALLAND
   Nicholas McDaniel (*pro hac vice*)
   *nmcdaniel@babstcalland.com*
   505 Ninth St., NW, Suite 602
   Washington, DC 20004
   Telephone:  +1 202.853.3455
   Facsimile:   +1 202.853.3491

HOLLAND & KNIGHT LLP
   Andrew Klair (Bar No. 334960)
   *andrew.klair@hklaw.com*
   560 Mission St., Suite 1900
   San Francisco, CA 94105
   Telephone: +1 415.743.6962
   James W. Noe (*pro hac vice* pending)
   *jim.noe@hklaw.com*
   Rafe Petersen (*pro hac vice*)
   *rafe.petersen@hklaw.com*
   Matthew Z. Leopold (*pro hac vice* pending)
   *matt.leopold@hklaw.com*
   800 17th St., NW, Suite 1100
   Washington, DC 20006
   Telephone: +1 202.469.5525

*Attorneys for Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Real Parties in Interest Sable Offshore Corp. and Pacific Pipeline Company, hereby certifies that this Reply in Support of the Motion for Reconsideration and to Dissolve Injunction contains 4,071 words and is not more than 12 pages, which complies with the word limits under Local Rule 11-6.1 and the page limits under this Court's New Case Order, ECF 70 § 3.A.

Dated: June 22, 2026

/s/ *Jessica Stebbins Bina*
Jessica Stebbins Bina

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

NO. 2:26-cv-05242-SVW-SSCx
REPLY ISO MOTION FOR RECONSIDERATION
AND TO DISSOLVE INJUNCTION