ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
BRADLEY CRAIGMYLE
JUSTIN D. HEMINGER
Assistant Deputy Attorneys General
RILEY WALTERS
Counsel
Environment and Natural Resources Division
STEFAN J. BACHMAN (DC Bar Number 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
150 M Street, N.E., Room 2.900
Washington, D.C. 20002
Tel: (202) 598-9566
*Counsel for United States of America*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and WISHTOYO FOUNDATION, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; OFFICE OF THE STATE FIRE MARSHAL; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 through 10; inclusive, <br><br> Respondents/Defendants. <br> ——————————————— <br> SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware | Case No. 2:26-CV-5242-SVW-SSC <br><br> **SPECIAL APPEARING PARTY UNITED STATES' NOTICE OF OBJECTIONS TO PLAINTIFFS' AND DEFENDANT CALIFORNIA'S OPPOSITIONS FILED AS DOCKET NOS. 89 AND 90** |

Corporation, and DOES 11 through 20, inclusive,

Real Parties in Interest.

_____

ENVIRONMENTAL DEFENSE CENTER, a California non-profit corporation; GET OIL OUT!, a California non-profit corporation; SANTA BARBARA COUNTY ACTION NETWORK, a California non-profit corporation; SIERRA CLUB, a national non-profit corporation; and SANTA BARBARA CHANNELKEEPER, a California non-profit corporation,

Petitioners/Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, an agency of the State of California; OFFICE OF THE STATE FIRE MARSHAL, an agency of the State of California; DANIEL BERLANT, in his official capacity as State Fire Marshal; and DOES 1 to 10; inclusive,

Respondents/Defendants.

_____

SABLE OFFSHORE CORP., a Delaware Corporation, PACIFIC PIPELINE COMPANY, a Delaware Corporation, and DOES 11 through 20, inclusive,

Real Parties in Interest.

The United States provides notice of its objections to certain arguments identified below that were raised in June 15, 2026 filings by the Environmental Plaintiffs (Docket No. 89) and Defendant California (Docket No. 90). Those arguments concern federal issues that directly affect the United States' interests and are currently being litigated in other proceedings before this Court and the Ninth Circuit in which the United States is a party. If the Court decides that it must reach one or more of the issues here, the United States requests that the Court enter a new briefing schedule and hearing date that gives the United States a reasonable opportunity to respond.

## BACKGROUND

On May 14, 2026, the United States and Sable removed this case from state court. Dkt. No. 1. The next day, May 15, 2026, Sable moved the Court to reconsider and dissolve an injunction entered by the state court (Motion for Reconsideration). Dkt. No. 43.

On May 29, 2026, the Court reset the briefing schedule on Sable's Motion for Reconsideration. The Court directed oppositions to the Motion to be filed June 15, 2026, and Sable's reply to be filed June 22, 2026. And the Court scheduled the Motion to be heard on June 29, 2026 at 1:30 p.m.

On June 15, 2026, the Environmental Plaintiffs and Defendant California both opposed Sable's Motion for Reconsideration. Cal. Opp., Dkt. No. 89; Envtl. Pls. Opp., Dkt. No. 90.

## OBJECTIONS

The United States objects to three arguments by Environmental Plaintiffs and California that should only be addressed and resolved in other cases before this Court or the Ninth Circuit. If the Court decides that it needs to address one or more of those issues to resolve Sable's Motion for Reconsideration, the United States requests that the Court enter a new briefing schedule and hearing date that gives the United States an opportunity to provide its views and be heard on those issues.

1

**1. The federal Consent Decree's meaning and effect.** Environmental Plaintiffs and Defendant California both ask the Court to uphold the state court's preliminary injunction based on the federal consent decree (Consent Decree) that is at the center of an entirely *separate* case pending before this Court. *See United States of America v. Plains All American Pipeline, L.P.*, Case No. 2:20-cv-02415 (C.D. Cal.). The state court's injunction is based on that court's flawed interpretation and improper enforcement of the Consent Decree. But the only place that a federal consent decree should be interpreted and enforced is before the federal court that entered the decree in the first place.

Though Environmental Plaintiffs and California claim that they are *not* seeking to collaterally litigate or enforce the Consent Decree, Envtl. Pls. Opp. 11, Cal. Opp. 6, their affirmative arguments in support of the injunction show that they are doing exactly that. *See* Envtl. Pls. Opp. 10 (defending the state court's injunction based on the Consent Decree); Cal. Opp. 6–7 (same). As this Court is aware, in the *Plains* case, the United States has moved to terminate or modify the Consent Decree, and California has cross-moved to enforce the Consent Decree. The Court held a hearing on those issues on June 8, 2026, and ordered supplemental briefing, which the United States, California, Sable, and Plains are currently on track to complete on June 25, 2026. In sum, this Court should decide the scope and effect of the Consent Decree in the *Plains* case, not in this case.

**2. The Defense Production Act Order's validity and effect on the Consent Decree**. Environmental Plaintiffs and California defend the state court's flawed holding that the Defense Production Act Order must give way to the Consent Decree, but this issue also has already been briefed before this Court in the *Plains* case by the United States, California, and Sable. Envtl. Pls. Opp. 13–14, 20; Cal. Opp. 7–8. Indeed, California acknowledges that "many arguments concerning the [Defense Production Act] have received extensive briefing." Cal. Opp. 8. The Court should resolve the relationship between the Defense Production

Act Order and the Consent Decree in the *Plains* case. And the Court should resolve the lawfulness and validity of the Defense Production Act Order in the *Wright* case.

**3. The PHMSA order's validity.** Finally, California transgresses clear jurisdictional rules by bringing an impermissible collateral challenge to the December 2025 order by the Pipeline Hazardous Materials Safety Administration (PHMSA). Cal. Opp. 10–21. Though California asks this Court to review the "underlying validity of the [Pipeline Safety Act] order," it omits the fact that it is challenging that very same order in a petition for review in the Ninth Circuit. And in that case, California says that the Ninth Circuit "has jurisdiction over the State's petition under 49 U.S.C. § 60119(a)(1)." Petitioner California's Opening Brief 3, *California v. PHMSA*, No. 26-508 (9th Cir. Mar. 23, 2026).

Section 60119(a)(1) of the Pipeline Safety Act grants the courts of appeals jurisdiction to review PHMSA orders: "[A] person adversely affected by . . . an order issued under this chapter may apply for review of the . . . order by filing a petition for review" in the D.C. Circuit or "in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C. § 60119(a)(1). This provision vests exclusive jurisdiction over PHMSA's orders in the courts of appeals. *See, e.g.*, *Whitney Nat. Bank in Jefferson Parish v. Bank of New Orleans & Trust Co.*, 379 U.S. 411, 421–22 (1965).

California apparently seeks to challenge the PHMSA order in *both* this Court and the Ninth Circuit, but the Supreme Court has rejected that ploy: "That Congress has not expressly provided that the statutory procedure is to be exclusive does not require a different conclusion." *Id.* at 422; *see also Pub. Utility Comm'r of Or. v. Bonneville Power Admin.*, 767 F.2d 622, 625–27 (9th Cir. 1985). And California misreads Section 60119(a)(1) by suggesting in a parenthetical that Congress "provid[ed] that petitions to federal courts of appeals are not [the] exclusive means to review orders under the [Pipeline Safety Act]." Cal. Opp. 11. The plain text of the provision says no such thing. Rather, California is attempting to bring an

3

impermissible collateral attack against the PHMSA order. *See Whitney Bank*, 379 U.S. at 421–22.

California also relies on inapposite authority. In *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 156 (2025), the Supreme Court held that "a party usually may seek judicial review of an agency's rule or order in an enforcement proceeding." But this case is *not* a proceeding to enforce the PHMSA order against California. Nor is California otherwise able to challenge the PHMSA order in this case; indeed, California is nominally the *defendant* defending its own state action in this case, though its close alignment with Environmental Plaintiffs on critical issues in the case suggests otherwise.

In short, this Court should reject California's blatant attempt to get another bite at judicial review by collaterally challenging the PHMSA order that it is already challenging in the Ninth Circuit. And this Court should accept and apply PHMSA's order as it stands.

## CONCLUSION

The United States objects to these three arguments by Environmental Plaintiffs and Defendant California. If the Court decides that it needs to address one or more of them, the United States requests that the Court enter a new briefing schedule and hearing date that gives the United States a fair opportunity to present its position.

June 22, 2026          Respectfully submitted,

Adam R.F. Gustafson
Principal Deputy Assistant Attorney General
Robert N. Stander
Bradley Craigmyle
Justin D. Heminger
Deputy Assistant Attorneys General
Riley Walters
Counsel

4

Environment and Natural Resources Division
United States Department of Justice

/s/ *Stefan J. Bachman*
Stefan J. Bachman (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566

## Certificate of Compliance with Local Rule 11-6.2

The undersigned, counsel of record for Special Appearing Party the United States of America, certifies that this brief is four pages in length and contains 1,248 words, which complies with this Court's New Case Order, Dkt. No. 70, and L.R. 11-6.1.

/s/ *Stefan J. Bachman*
Stefan J. Bachman (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566