ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
BRADLEY CRAIGMYLE
JUSTIN D. HEMINGER
Deputy Assistant Attorneys General
STEFAN J. BACHMAN (DC Bar Number 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environment and Natural Resources Division
United States Department of Justice
150 M Street, N.E., Room 2.900
Washington, DC 20002
Tel: (202) 598-9566
*Counsel for United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al.,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.,<br><br>Respondents/Defendants. | Case No. 2:26-cv-05242-SVW-SSCx<br><br>**UNITED STATES' NOTICE OF MOTION FOR LIMITED INTERVENTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: September 28, 2026<br>Time: 1:30 pm<br>Judge: Hon. Stephen V. Wilson |
| SABLE OFFSHORE CORP. et al.,<br><br>Real Parties in Interest. | |

ENVIRONMENTAL DEFENSE CENTER et al.,

Petitioners/Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION et al.,

Respondents/Defendants.

SABLE OFFSHORE CORP et al.,

Real Parties in Interest.

**NOTICE OF MOTION AND MOTION FOR LIMITED INTERVENTION TO FILE THE ATTACHED MOTION TO DISMISS**

***Please take notice*** that, pursuant to Federal Rule of Civil Procedure 24, the United States, including through the interests of the United States Department of Energy and the Federal Pipeline and Hazardous Materials Safety Administration, hereby moves for limited intervention in this case to file the attached Motion to Dismiss (Exhibit A). The United States' motion will be heard on September 28, 2026, at 1:30 pm, or as soon thereafter as it may be heard, by the Honorable Stephen V. Wilson of the United States District Court for the Central District of California, Western Division, located at 350 West 1st Street, Suite 4311, Los Angeles, California, 90012.

Real Parties in Interest Sable Offshore Corporation and Pacific Pipeline Company do not oppose this motion. Plaintiffs and Defendants have indicated they will decide whether to oppose this motion after filing. As stated in the attached declaration of Stefan J. Bachman (Exhibit B), counsel for the United States and counsel for Plaintiffs, Defendants, and Real Parties in Interest held a Local Rule 7-3 meeting by videoconference on July 2, 2026, and counsel for the United States and counsel for Defendants conferred by telephone on July 13, 2026, and by videoconference on August 6, 2026, but were unable to reach a resolution that eliminates the need for filing this motion.

This motion is made pursuant to this Notice of Motion and Motion for Limited Intervention, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Stefan J. Bachman, and all other arguments and evidence that may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. FACTUAL BACKGROUND .......... 2
III. LEGAL BACKGROUND .......... 3
IV. ARGUMENT .......... 4
A. The United States is Entitled to Limited Intervention as of Right .......... 5
1. The United States' motion is timely. .......... 5
2. The United States has "significantly protectable interests" at stake in this case .......... 7
3. Disposition may impair those interests. .......... 7
4. The United States' interests are not adequately represented by the other parties. .......... 8
B. The United States is Entitled to Limited Permissive Intervention .......... 8
V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

CASES

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) ........................4

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ........................7

*Cruise Lines Int'l Ass'n, Inc. v. Suganuma*, Civ. No. 25-00367, 2025 WL 4592298 (D. Haw. Dec. 4, 2025) ........................9

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ........................3, 7

*Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816 (9th Cir. 2021) ........................5, 7

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) ......9

*LG Elecs. Inc. v. Q-Lity Comput. Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) ................4

*Maverick Gaming LLC v. United States*, 123 F.4th 960 (9th Cir. 2024) ..................4

*Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238 (S.D. Ill. 2001) ........................4

*Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967) ........................9

*Perez v. Perry*, No. 5:11-cv-360, 2013 WL 5372882 (W.D. Tex. Sept. 24, 2013)...9

*SEC v. LADP Acquisition, Inc.*, No. 10-cv-06835, 2015 WL 13593622 (C.D. Cal. Jun. 17, 2015)........................5

*SFR Invs. Pool 1, LLC v. Newrez LLC*, No. 2:22-cv-00626, 2023 WL 3341918 (D. Nev. May 10, 2023) ........................6

*Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843 (9th Cir. 2016)........................5, 6, 7

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002)........................3

*United States v. Hewlett Packard Enter. Co.*, 826 F. Supp. 3d 1110 (N.D. Cal. 2025)........................6

*United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984)........................5, 6, 7

*W. Watersheds Project v. Haaland,* 22 F.4th 828 (9th Cir. 2022) ................3, 5, 6, 8

*Wyandotte Nation v. City of Kansas City*, 200 F. Supp. 2d 1279 (D. Kan. 2002) ....4

RULES

Fed. R. Civ. P. 24 ........................................................................................ passim

# I. INTRODUCTION

The United States seeks limited intervention, including through the interests of the United States Department of Energy and the Federal Pipeline and Hazardous Materials Safety Administration ("PHMSA"), under Federal Rule of Civil Procedure 24(a) and, independently, Rule 24(b),[1] to file the attached Motion to Dismiss.

Though California agencies and officials are the nominal defendants, this case has narrowed to a single dispute: whether a preliminary injunction entered in state court should be dissolved or enforced. Enforcing the injunction would, in practical effect, impede compliance with a Defense Production Act order issued by the Secretary of Energy (the "DPA Order"), which directs Real Parties in Interest Sable Offshore Corporation and Pacific Pipeline Company ("Sable") to immediately transport oil through the Santa Ynez Pipeline ("Pipeline"). The injunction does so by purporting to enforce this Court's consent decree in *United States v. Plains All American Pipeline, L.P.*, No. 2:20-cv-02415-SVW-SSC (C.D. Cal.) ("*Plains*"). The United States is both a party to that consent decree and the sovereign whose order is directly impeded by the injunction, and its interests will be impaired if the injunction is enforced.

Intervention as of right is warranted because the United States has significant protectable interests in ensuring compliance with the DPA Order and in the proper construction and enforcement of the *Plains* consent decree, and those interests cannot be adequately protected by any existing party. Permissive intervention is also appropriate because the dispute implicates a federal order issued under a statute administered by the United States. In either posture, the United States seeks only limited intervention to file the attached Motion to Dismiss on threshold

---

[1] To the extent necessary, Secretary of Energy Chris Wright, in his official capacity, also seeks limited intervention.

jurisdictional and justiciability grounds, not to expand the merits issues in this action.

## II. FACTUAL BACKGROUND

Plaintiffs filed this action in state court in April 2025 challenging state waivers that the California Office of the State Fire Marshal issued to Sable in December 2024 for operation of two segments of the Pipeline. *See* Dkt. Nos. 1-2, 1-3. In July 2025, the state court granted Plaintiffs a preliminary injunction prohibiting Sable from operating the segments unless and until the restart prerequisites in this Court's consent decree in *Plains* were satisfied. Dkt. No. 1-4.

Since then, intervening developments have materially altered the regulatory posture and the contours of this case. In December 2025, PHMSA confirmed the segments are interstate and therefore subject to PHMSA's sole and exclusive jurisdiction under the Pipeline Safety Act. PHMSA also approved a restart plan and issued Sable an emergency special permit (the federal equivalent of a state waiver). Sable then relinquished the state waivers that Plaintiffs challenge in this action and moved to dissolve the preliminary injunction. Dkt. No. 32 at PageID 16157–68; *see Plains*, Dkt. No. 49-2 ¶ 18 & Exs. 5–7. The state court denied Sable's request. Dkt. No. 37 at PageID 17891.

In March 2026, the Secretary of Energy issued the DPA Order directing Sable to immediately transport hydrocarbons through the Pipeline, and Sable resumed operation of the segments soon thereafter. Around the same time, Sable moved for a second time in state court to dissolve the preliminary injunction, Plaintiffs moved to enforce it, California moved to enforce the consent decree in *Plains*, and the United States moved to terminate or modify the decree. Dkt. No. 37 at PageID 17951–63, 18024–41; *Plains*, Dkt. Nos. 49, 55. The state court again denied Sable's dissolution request, reasoning that the restart terms in the *Plains* consent decree are paramount to the requirements in the DPA Order. Dkt. No. 1-5.

Both Plaintiffs' motion to enforce the injunction and California's motion to enforce the consent decree in *Plains* remain pending.

On May 14, 2026, the United States and Sable timely removed this action to this Court, and Sable moved again to dissolve the preliminary injunction. Dkt. Nos. 1, 43. In practical effect, the only live dispute now concerns whether the preliminary injunction will be dissolved or enforced in a manner that both impedes compliance with the DPA Order and requires the Court to construe and apply obligations under the *Plains* consent decree.

## III. LEGAL BACKGROUND

A nonparty may intervene as of right under Rule 24(a) when it "(1) timely moves to intervene; (2) has a significantly protectable interest related to the subject of the action; (3) may have that interest impaired by the disposition of the action; and (4) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (citation modified). When weighing intervention, courts are guided by "practical and equitable considerations," and Rule 24(a) is construed "broadly in favor of proposed intervenors." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (citation modified).

Alternatively, a court may permit anyone to intervene under Rule 24(b)(1)(B) when the person "has a claim or defense that shares with the main action a common question of law or fact." A court may also permit intervention by a federal officer or agency under Rule 24(b)(2) when a party's claim or defense is "based on" a statute or executive order administered by the officer or agency or any regulation, order, requirement, or agreement issued or made under the statute or executive order. Permissive intervention is discretionary, and the Court must consider whether it will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

The Ninth Circuit recognizes limited intervention to raise a collateral issue rather than to litigate the merits. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992) (approving limited intervention to modify a protective order); *see also LG Elecs. Inc. v. Q-Lity Comput. Inc.*, 211 F.R.D. 360, 364–66 (N.D. Cal. 2002) (citing *Beckman* and permitting limited intervention to oppose a motion to amend). Consistent with that framework, the Ninth Circuit has permitted sovereigns to intervene solely to seek dismissal based on required-party principles under Rules 12(b)(7) and 19. *See, e.g.*, *Maverick Gaming LLC v. United States*, 123 F.4th 960, 978–79 (9th Cir. 2024). Other courts outside the Ninth Circuit have likewise granted limited intervention to allow sovereigns to seek dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). *See, e.g.*, *Wyandotte Nation v. City of Kansas City*, 200 F. Supp. 2d 1279, 1287–89 (D. Kan. 2002); *Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238, 239, 244 (S.D. Ill. 2001). Taken together, these authorities confirm that a sovereign may obtain limited intervention to present threshold dismissal grounds—including required-party arguments under Rules 12(b)(7) and 19 and subject-matter jurisdiction challenges under Rule 12(b)(1)—without becoming a full party or expanding the merits litigation.

## IV. ARGUMENT

Intervention is appropriate here. The operative dispute is whether the preliminary injunction should be dissolved or enforced. Enforcing the state court's injunction would impede compliance with the DPA Order, and it would do so by purporting to enforce the *Plains* consent decree to which the United States is a party. These issues directly implicate federal sovereign interests that no existing party can adequately protect. The United States therefore is entitled to intervene as of right under Rule 24(a)(2), or alternatively by permission under Rule 24(b), for the limited purpose of filing the attached Motion to Dismiss.

### **A. The United States is Entitled to Limited Intervention as of Right**

The Court should grant the United States limited intervention as of right because this motion is timely; there are "significantly protectable interest[s]" at stake; those interests may be "impaired by the disposition of this action"; and the United States is not adequately represented by the existing parties. *W. Watersheds*, 22 F.4th at 835.

1. <u>The United States' motion is timely.</u>

A motion to intervene as of right is timely when the movant "knows or has reason to know that [its] interests might be adversely affected by the outcome of litigation." *Id*. Timeliness is evaluated under the totality of the circumstances, focusing on: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to [the] other parties; and (3) the reason for and length of the delay." *Id.* at 835–36 (citation modified). Courts apply the timeliness requirement more flexibly when intervention is sought as of right. *SEC v. LADP Acquisition, Inc.*, No. 10-cv-06835, 2015 WL 13593622, at *2 (C.D. Cal. Jun. 17, 2015) (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

***Stage.*** "The mere lapse of time, without more," does not render a motion untimely. *W. Watersheds*, 22 F.4th at 836. The question is whether intervention would disrupt substantial merits proceedings. *See Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 826–27 (9th Cir. 2021); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (intervention after twenty years was timely). Timeliness also turns on whether changed circumstances have placed the litigation in a new stage. *Oregon*, 745 F.2d at 552.

Here, the case's focus has shifted away from the merits of Plaintiffs' challenges to Sable's now-relinquished state waivers and toward the preliminary injunction's conflict with the DPA Order and relationship to the consent decree. That shift became apparent when the state court denied Sable's second motion to dissolve the injunction and, in doing so, construed the consent decree as controlling

notwithstanding the DPA Order. The United States now seeks only limited intervention—following removal and at the outset of federal proceedings—to present threshold dismissal grounds directed to that operative dispute. Because this Court has issued no merits rulings on those issues, intervention will not disrupt completed proceedings or require relitigating questions already resolved. The stage of the case therefore presents no barrier to intervention. *See SFR Invs. Pool 1, LLC v. Newrez LLC*, No. 2:22-cv-00626, 2023 WL 3341918, at *2 (D. Nev. May 10, 2023) (collecting cases and finding stage of proceeding favored intervention because the court had ruled only on preliminary motions and had not "substantively and substantially engaged the issues in the case").

***Prejudice.*** The "only relevant 'prejudice'" is prejudice that flows from a proposed intervenor's failure to intervene after it knew, or reasonably should have known, that its interests were not being adequately represented—not prejudice from intervention itself. *W. Watersheds*, 22 F.4th at 838; *Smith*, 830 F.3d at 857. That concern is absent here. Since removal, the parties have been litigating motions to remand and to dissolve the preliminary injunction. No discovery has occurred, no scheduling order has been entered, and limited intervention to present threshold dismissal arguments will not require duplication of completed work or delay adjudication of the pending motions. This is precisely the kind of procedural posture in which courts consistently find that no prejudice exists. *See, e.g.*, *United States v. Hewlett Packard Enter. Co.*, 826 F. Supp. 3d 1110, 1116–17 (N.D. Cal. 2025) (finding no prejudice where the parties' circumstances at filing were not materially different from what they would have been had the intervenor moved months earlier) (citing *Smith*, 830 F.3d at 857; *Oregon*, 745 F.2d at 552–53).

***Reason/Length.*** This factor considers the time between when the movant learned (or had reason to know) its interests were at stake and that those interests might not be adequately represented, and it also accounts for whether intervening developments have shifted the litigation into a materially different posture. *Smith*,

830 F.3d at 859–62 (evaluating this factor under the totality of the circumstances and declining to set a bright-line rule); *Oregon*, 745 F.2d at 552. Here, the case has entered a new stage in which the operative dispute concerns the preliminary injunction's conflict with the DPA Order. Given the limited scope of intervention sought and the absence of prejudice to the existing parties, the timing of this motion is reasonable. *See Kalbers*, 22 F.4th at 826–27.

2. <u>The United States has "significantly protectable interests" at stake in this case.</u>

A nonparty has a "significant protectable interest" when it asserts an interest protected by law and there is a sufficient relationship between that interest and the subject of the action such that "the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 409–10.

The pending dispute over the state court injunction affects the implementation of a federal order and the enforcement of a federal consent decree to which the United States is a party. *See* Dkt. No. 90 at PageID 19543–50 (seeking to enforce the injunction in a manner that would condition Sable's compliance with the DPA Order on compliance with the *Plains* consent decree). Those are legally protected sovereign interests. And because the Court's resolution of the injunction dispute will directly bear on the United States' ability to defend those interests, the United States has a significantly protectable interest supporting limited intervention as of right.

3. <u>Disposition may impair those interests.</u>

A proposed intervenor satisfies the impairment requirement where it "would be substantially affected in a practical sense by the determination made in an action." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (citation omitted). Because enforcement of the injunction would impede Sable's compliance with the DPA Order and would require the Court to interpret and apply the consent decree's operation, resolving that dispute in the

United States' absence may, as a practical matter, impair the United States' ability to protect its sovereign interests and prerogatives.

In addition, the dispute over the injunction substantially overlaps with (1) the relief the United States seeks in *Plains*, where it is asking the Court to terminate or modify the consent decree, and (2) California's pending enforcement motion in *Plains*. *See Plains*, Dkt. Nos. 49, 55. Resolving these overlapping issues without the United States would also prejudice its interests.

4. <u>The United States' interests are not adequately represented by the other parties.</u>

The burden to show inadequate representation is "minimal" and is satisfied if the applicant shows representation "may be" inadequate. *W. Watersheds*, 22 F.4th at 840. No existing party can adequately represent the United States' sovereign interests in implementation of the DPA Order, protection of sovereign prerogatives (including immunity), and the proper construction and enforcement of the *Plains* consent decree. Plaintiffs' interests are adverse to the United States' interests. And though California is the nominal defendant in this case, it has aligned itself with Plaintiffs on several critical issues, including remand and continuing the preliminary injunction. Dkt. Nos. 46, 89. Finally, Sable's interests are commercial and operational, unlike the United States' distinct sovereign interests in ensuring compliance with the DPA Order and consent decree.

For these and the foregoing reasons, the United States is entitled to intervention as of right under Rule 24(a)(2) for the limited purpose of moving to dismiss.

**B. The United States is Entitled to Limited Permissive Intervention**

Alternatively, the Court should grant the United States permissive intervention under Rule 24(b)(1)(B) or Rule 24(b)(2) for the limited purpose of filing the attached Motion to Dismiss. Rule 24(b)(1)(B) is satisfied because the United States' grounds for dismissal share common questions of law with the

injunction dispute—specifically, whether this action may proceed in the United States' absence and whether the case is moot now that Sable has relinquished the challenged waivers and PHMSA has exclusive jurisdiction over the Pipeline.

Rule 24(b)(2) is also satisfied because the operative injunction dispute implicates federal action administered by the United States, including the Secretary's DPA Order directing Sable to immediately transport oil through the Pipeline and PHMSA's exclusive jurisdiction under the Pipeline Safety Act. *See* Dkt. No. 1 at PageID 7–8; *see also Perez v. Perry*, No. 5:11-cv-360**,** 2013 WL 5372882, at *1–2 (W.D. Tex. Sept. 24, 2013) (Rule 24(b)(2) "expands the concept of 'claim or defense' insofar as intervention by a governmental officer or agency is concerned") (quoting *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967)).

Courts apply the same timeliness factors to permissive intervention as to intervention as of right, but "analyze the timeliness element more strictly." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). Even under that stricter standard, the motion is timely for the reasons set forth above, including the case's current posture and the absence of prejudice to the existing parties.

Allowing limited intervention will not cause undue delay or prejudice. *See* Fed. R. Civ. P. 24(b)(3). No discovery has occurred, no scheduling order has been entered, and this Court has issued no merits rulings on the operative dispute over the preliminary injunction. The United States seeks intervention solely to present threshold dismissal grounds—required-party, sovereign immunity principles, and mootness—which will streamline rather than expand the issues for decision. *See Cruise Lines Int'l Ass'n, Inc. v. Suganuma*, Civ. No. 25-00367, 2025 WL 4592298, at *2–3 (D. Haw. Dec. 4, 2025).

## V. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion and allow it to intervene in this case for the limited purpose of moving to dismiss the suit.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
BRADLEY CRAIGMYLE
JUSTIN D. HEMINGER
Deputy Assistant Attorneys General

/s/ *Stefan J. Bachman*
STEFAN J. BACHMAN (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environment and Natural Resources Division
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566

**L.R 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the United States of America, certifies that this brief does not exceed 25 pages and contains 2,848 words, which complies with this Court's New Case Order, Dkt. No. 70, and the word limit of L.R. 11-6.1.

/s/ *Stefan J. Bachman*
STEFAN J. BACHMAN (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Environment and Natural Resources Division
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566